UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MERIAL LIMITED<br>27 Knightsbridge<br>London SW1X 7QT<br>United Kingdom;<br><br>MERIAL SAS<br>29, Avenue Tony Garnier<br>69007 Lyon<br>France;<br><br>THE QUEENS'S UNIVERSITY OF<br>BELFAST; and UNIVERSITY OF<br>SASKATCHEWAN,<br><br>　　　　Defendants. | Civil Action No. 1:06-cv-00658 (HHK) |

**ANSWER AND COUNTERCLAIMS OF MERIAL LIMITED AND MERIAL SAS IN RESPONSE TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT**

　　　　DEFENDANTS MERIAL LIMITED AND MERIAL SAS (collectively "Merial") hereby files their Answer and Counterclaims in response to the Complaint for Declaratory Judgment filed by Plaintiff Intervet, Inc. ("Intervet") as follows:

**PARTIES**

　　　　1.　　Merial admits the allegations in Paragraph 1.

　　　　2.　　Merial admits that it is a company limited by shares registered in England and Wales with a registered office in England, and domesticated in the state of Delaware as Merial LLC. Merial also admits that its North American Operational Headquarters is located in Duluth, Georgia. Merial also admits that it sells and/or offers for sale veterinary pharmaceuticals or

1

vaccines in this judicial district. Merial denies the remaining allegations contained in Paragraph 2.

3. Merial admits the allegations in Paragraph 3.

4. Merial admits the allegations in Paragraph 4.

5. Merial admits the allegations in Paragraph 5.

## NATURE OF THE ACTION

6. Merial admits that the Complaint purports to bring an action for a declaratory judgment of patent noninfringement, invalidity, and unenforceability, and that what appears to be a copy of the '601 patent was attached to the Complaint. Merial denies that Intervet has asserted any viable claims in the Complaint.

## JURISDICTION AND VENUE

7. Merial admits that the Complaint purports to bring an action for a declaratory judgment, but denies that Intervet has any viable claims thereunder.

8. Merial admits that this Court has subject matter jurisdiction over this action as it pertains to Merial Limited, but denies that it has subject matter jurisdiction over the action as it pertains to Merial SAS, The Queen's University of Belfast ("Belfast"), and the University of Saskatchewan ("Saskatchewan").

9. Merial admits that venue in this District is proper as to Merial Limited, but denies that venue in this District is proper as to Merial SAS, Belfast, and Saskatchewan.

## BACKGROUND

10. Merial admits the allegations in Paragraph 10.

11. Merial admits that Intervet is manufacturing and selling a Porcine Circovirus Vaccine Type 2 for use in immunizing pigs from PMWS. Merial is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 and on that basis denies them.

12. Merial admits the allegations in Paragraph 12.

13. Merial admits that the '601 patent is entitled PORCINE CIRCOVIRUS VACCINE AND DIAGNOSTICS REAGENTS and was issued on April 9, 2002. Merial admits that the assignees on the face of the '601 patent are Merial SAS, the Queen's University of Belfast, and the University of Saskatchewan, but denies the remaining allegations contained in Paragraph 16.

## EXISTENCE OF AN ACTUAL CONTROVERSY

14. Merial admits than actual and justiciable controversy exists between Merial Limited and Intervet, but denies that an actual and justiciable controversy exists between Intervet and Merial SAS, Belfast, and Saskatchewan.

15. Merial admits the allegations in Paragraph 15.

16. Merial admits that Intervet filed a Motion to Dismiss in the Northern District of Georgia, but denies the remaining allegations contained in Paragraph 16.

17. Merial admits that Intervet denies infringement of the '601 patent and disputes its validity and enforceability, but denies the validity of Intervet's claims.

## FIRST COUNT
## DECLARATORY JUDGMENT OF PATENT NONINFRINGEMENT

18. Merial incorporates by reference its responses to Paragraphs 1 through 17 above, as if fully repeated and restated herein.

19. Merial denies the allegations in Paragraph 19.

## SECOND COUNT
## DECLARATORY JUDGMENT OF PATENT INVALIDITY

20. Merial incorporates by reference its responses to Paragraphs 1 through 19 above, as if fully repeated and restated herein.

21. Merial denies the allegations in Paragraph 21.

## THIRD COUNT
## DECLARATORY JUDGMENT OF UNENFORCEABILITY

22. Merial incorporates by reference its responses to Paragraphs 1 through 21 above, as if fully repeated and restated herein.

23. Merial denies the allegations in Paragraph 23.

24. Merial admits that each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the United States Patent and Trademark Office. Merial denies the remaining allegations in Paragraph 24.

25. Merial admits the allegations contained in Paragraph 25.

26. Merial admits that in order for a particular claim of a US patent application or of a US patent to have the benefit of the filing date of a priority document, the priority document should satisfy the requirements of 35 U.S.C. § 112 as applied to that particular claim. Merial is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 26 and on that basis denies them.

27. Merial denies the allegations contained in Paragraph 27.

28. Merial denies the allegations contained in Paragraph 28.

29. Merial denies the allegations contained in Paragraph 29.

## GENERAL DENIAL

Except as specifically admitted herein, Merial denies each and every allegation contained in the Complaint, and denies that Intervet is entitled to any of the relief requested in its Prayer for Relief.

## COUNTERCLAIMS

## NATURE OF ACTION

1.      This is an action in which Defendants/Counterclaim-plaintiffs Merial Limited and Merial SAS (collectively "Merial") seek damages and an injunction under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* against Plaintiff/Counterclaim-defendant Intervet for its infringement of U.S. Patent No. 6,368,601, entitled Porcine Circovirus Vaccine and Diagnostic Reagents ("the '601 patent").

## PARTIES

2.      Merial is one of the world's leading animal healthcare companies. Merial develops, produces and sells veterinary pharmaceuticals and vaccines for livestock, pets and wildlife. Of particular relevance here, Merial has contributed to and continues to contribute to research in the Swine Health field. Merial has products for treating diseases in pigs, products for preventing diseases in pigs, and other products for controlling and preventing diseases in pigs and for alleviating pain and inflammation in pigs. Merial Limited is a company limited by shares registered in England and Wales with a registered office in England, and domesticated in the state of Delaware as Merial LLC. Merial Limited's North American Operational Headquarters is located in Duluth, Georgia. Merial SAS (a société par actions simplifiée of France) is located in Lyon, France. Merial SAS is wholly-owned by Merial Limited.

3. Intervet is a corporation, having its principal place of business located at 29160 Intervet Lane, in Millsboro, Delaware.

## JURISDICTION VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. On information and belief, Intervet sells or causes to be sold veterinary pharmaceuticals or vaccines in this District and is thereby doing business in this District.

6. This Court has personal jurisdiction over Intervet by virtue of Intervet's filing of its Complaint in this District.

7. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

8. On December 15, 2005, Merial Limited filed suit in the United States District Court for the Northern District of Georgia (05-CV-3168), alleging infringement of the '601 patent by Intervet. On April 27, 2006, the court entered judgment dismissing that action without prejudice.

## COUNT 1

## CLAIM FOR INFRINGEMENT OF U.S. PATENT NO. 6,368,601

9. The allegations in Paragraphs 1 through 7 of this Counterclaim are incorporated herein by reference as if set forth in their entirety.

10. The United States Patent and Trademark Office duly and legally issued the '601 patent on April 9, 2002.

11. On its face, the '601 patent is assigned to Merial SAS, Belfast, and Saskatchewan. Merial, however, has the exclusive right to sue to enforce the '601 patent, including the right to recover damages for past infringement.

12. The '601 patent generally relates to Porcine Circovirus vaccines. Porcine Circovirus is a causative agent of post-weaning multisystemic wasting syndrome (PMWS) in pigs. PMWS is an infection of young pigs (usually 8-16 weeks old). PMWS tends to be a slow and progressive disease with a high fatality in affected pigs. PMWS or Porcine Circovirus infection can have devastating economic consequences. Mortality in acutely infected herds varies from 5 to 50%, and chronically infected herds may sustain losses of 15% from weaning to slaughter, on average.

13. Merial's business activities include PCV vaccines. Indeed, Merial has been and continues to be involved in research involving PCV and PMWS. Merial Limited publishes a quarterly Swine Bibliographical Bulletin and has also sponsored the publication of a book on Porcine Circovirus and PMWS. Furthermore, Merial Limited owns or has the exclusive rights under numerous patents worldwide in the field of Porcine Circovirus and PMWS. Through its wholly-owned subsidiary Merial SAS, Merial Limited makes a Porcine Circovirus vaccine called CIRCOVAC®. CIRCOVAC® is approved for use in sows in Europe and Canada. Merial Limited is seeking authorization to market CIRCOVAC® in the United States. Over 350,000 sows in Europe have been vaccinated with CIRCOVAC®. CIRCOVAC® was introduced into the Canadian market on or about March 20, 2006. CIRCOVAC® has been reported to be effective. CIRCOVAC® is believed to be the first approved Porcine Circovirus vaccine. Therefore, Merial Limited develops, has developed, makes, has made, uses, has used, sells, or has sold, or causes to be developed, made, used, or sold, Porcine Circovirus vaccines.

14. Upon information and belief, Intervet has infringed, contributed to the infringement of, and/or actively induced the infringement of claims of the '601 patent by

7

making, using, selling, and/or offering for sale products, including, but not limited, to a Porcine Circovirus vaccine, in the United States (Intervet's "infringing acts").

15. Upon information and belief, Intervet has had notice of the '601 patent, and its infringement of the '601 patent has been deliberate and willful.

16. Intervet's infringing acts have not been authorized by Merial, and are in violation of Merial's patent rights.

17. As a direct result of Intervet's infringing acts, Merial has suffered and continues to suffer damage and irreparable harm.

18. Merial has no adequate remedy at law for Intervet's infringing acts. Unless and until Intervet's infringing acts are enjoined by this Court, Merial will continue to be damaged and irreparably harmed.

## PRAYER FOR RELIEF

**WHEREFORE**, Merial prays that the Court:

(a) Dismiss all of Intervet's claims with prejudice;

(b) Enter judgment that Intervet has infringed, either directly, by contribution or inducement, one or more claims of the '601 patent;

(c) Permanently enjoin Intervet and those in privity with it from further acts of direct infringement, contributory infringement and inducement of infringement of the '601 patent;

(d) Award Merial damages adequate to compensate it for Intervet's infringement of the '601 patent;

(e) Declare that Intervet's infringement of the '601 patent has been knowing and willful;

(f) Treble the award of damages pursuant to 35 U.S.C. § 284 and in view of the willful nature of Intervet's infringement;

(g) Declare this to be an exceptional case pursuant to 35 U.S.C. § 285;

(h) Award Merial its attorneys' fees, costs and expenses in this action; and

(i) Award Merial prejudgment interest, and such further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Merial demands a trial by jury of all issues so triable in this action.

Dated: May 22, 2006

Respectfully submitted,

/s/ Timothy A. Ngau
ALSTON & BIRD, LLP
Timothy A. Ngau
DC Bar No. 339333
Jill Williamson
DC Bar No. 487469
950 F Street, NW
Washington, DC 20004
Phone: 202-756-3300
Fax: 202-756-3333

Judy Jarecki-Black, Ph.D.
Merial Limited
3239 Satellite Blvd.
Duluth, GA 30096-4640
Tel.: (678) 638-3805
Fax: (678) 638-3350

Thomas J. Kowalski
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, New York 10151
Tel.: (212) 588-0800
Fax: (212) 588-0500

                Frank G. Smith, III
                Robert L. Lee
                J. Patrick Elsevier, Ph.D.
                Elizabeth K. Haynes
                Alston & Bird, LLP
                1201 West Peachtree Street
                Atlanta, Georgia 30309-3424
                Tel.: (404) 881-7000
                Fax: (404) 881-7777

                Counsel for Merial Limited and
                Merial SAS

# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET, INC., <br><br> Plaintiff, <br><br> v. <br><br> MERIAL LIMITED; MERIAL SAS; THE QUEENS'S UNIVERSITY OF BELFAST; and UNIVERSITY OF SASKATCHEWAN, <br><br> Defendants. | Civil Action No. 1:06-cv-00658 (HHK) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 22nd day of May 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

John R. Hutchins
Kenyon & Kenyon
1500 K Street N.W., Suite 700
Washington, D.C. 20005

/s/ Timothy A. Ngau
ALSTON & BIRD, LLP
Timothy A. Ngau
DC Bar No. 339333
950 F Street, NW
Washington, DC  20004
Phone: 202-756-3300
Fax: 202-756-3333

Counsel for Merial Limited and Merial SAS