UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET INC.<br><br>   *Plaintiff,*<br><br>v.<br><br>MERIAL LIMITED;<br>MERIAL SAS;<br>THE QUEEN'S UNIVERSITY OF<br>BELFAST; and<br>UNIVERSITY OF SASKATCHEWAN<br><br>   *Defendants.* | Civil Action No. 1:06-cv-00658 (HHK) |

## REPLY AND AFFIRMATIVE DEFENSES OF INTERVET INC. TO COUNTERCLAIMS AND JURY DEMAND OF MERIAL LIMITED AND MERIAL SAS

For its Answers to the Counterclaims of Defendants Merial Limited and Merial SAS (collectively "Merial"), Plaintiff Intervet Inc. ("Intervet") responds to the numbered paragraphs thereof as follows:

1. This is an action in which Defendants/Counterclaim-plaintiffs Merial Limited and Merial SAS (collectively "Merial") seek damages and an injunction under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* against Plaintiff/Counterclaim-defendant Intervet for its infringement of U.S. Patent No. 6,368,601, entitled Porcine Circovirus Vaccine and Diagnostic Reagents ("the '601 patent").

REPLY:

Intervet admits only that this purports to be an action arising under the United States Patent Act for damages and injunctive relief. Any other allegations in this paragraph are denied.

2. Merial is one of the world's leading animal healthcare companies. Merial develops, produces and sells veterinary pharmaceuticals and vaccines for livestock, pets and wildlife. Of particular relevance here, Merial has contributed to and continues to contribute to research in the Swine Health field. Merial has products for treating diseases in pigs, products for preventing diseases in pigs, and other products for controlling and preventing diseases in pigs and for alleviating pain and inflammation in pigs. Merial Limited is a company limited by shares registered in England and Wales with a registered office in England, and domesticated in the state of Delaware as Merial LLC. Merial Limited's North American Operational Headquarters is located in Duluth, Georgia. Merial SAS (a société par actions simplifiée of France) is located in Lyon, France. Merial SAS is a wholly-owned by Merial Limited.

REPLY:

Intervet admits only that Merial Limited is a company limited by shares registered in England and Wales and that Merial's North American Operational Headquarters is located in Duluth, Georgia. Intervet is without knowledge or information sufficient to form a belief as to the truth of any other allegations of this paragraph and, therefore, denies them.

3. Intervet is a corporation having its principal place of business located at 29160 Intervet Lane, in Millsboro, Delaware.

REPLY:

Admitted.

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

REPLY:

Admitted.

5. On information and belief, Intervet sells or causes to be sold veterinary pharmaceuticals or vaccines in this District and is thereby doing business in this District.

REPLY:

Admitted.

6. This Court has personal jurisdiction over Intervet by virtue of Intervet's filing of its Complaint in this District.

REPLY:

Admitted.

7. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

REPLY:

Intervet only admits that venue is proper under 28 U.S.C. §§ 1391. Any other allegations in this paragraph are denied.

8. On December 15, 2005, Merial Limited filed suit in the United States District Court for the Northern District of Georgia (05-CV-3168), alleging infringement of the '601 patent by Intervet. On April 27, 2006, the court entered judgment dismissing that action without prejudice.

REPLY:

Admitted.

9. The allegations in Paragraphs 1 through 7 of this Counterclaim are incorporated herein by reference as if set forth in their entirety.

REPLY:

As to the allegations of this paragraph, Intervet refers to its responses of paragraphs 1 through 7 of its Reply and incorporates them as if fully set forth herein.

10. The United States Patent and Trademark Office duly and legally issued the '601 patent on April 9, 2002.

REPLY:

Intervet admits only that U.S. Patent No. 6,368,601 (the "'601 patent") states on its face that it issued on April 9, 2002, but denies that the patent was "duly and legally" issued. To the extent the allegations of this paragraph purport to go further, they are denied.

11. On its face, the '601 patent is assigned to Merial SAS, Belfast, and Saskatchewan. Merial, however, has the exclusive right to sue to enforce the '601 patent, including the right to recover damages for past infringement.

REPLY:

Intervet admits only that the '601 patent states the assignees as Merial SAS, The Queen's University of Belfast, and the University of Saskatchewan. Intervet is without knowledge or information sufficient to form a belief as to the truth of any other allegations of this paragraph and, therefore, denies them.

12.     The '601 patent generally relates to Porcine Circovirus vaccines. Porcine Circovirus is a causative agent of post-weaning multisystemic wasting syndrome (PMWS) in pigs. PMWS is an infection of young pigs (usually 8-16 weeks old). PMWS tends to be a slow infection and progressive disease with a high fatality in affected pigs. PMWS or Porcine Circovirus infection can have devastating economic consequences. Mortality in acutely infected herds varies from 5 to 50%, and chronically infected herds may sustain losses of 15% from weaning to slaughter, on average.

REPLY:

Intervet admits only that the '601 patent purports to relate to Porcine Circovirus vaccines. Intervet is without knowledge or information sufficient to form a belief as to the truth of any other allegations of this paragraph and, therefore, denies them.

13.     Merial's business activities include PCV vaccines. Indeed, Merial has been and continues to be involved in research involving PCV and PMWS. Merial Limited publishes a quarterly Swine Bibliographical Bulletin and has also sponsored the publication of a book on Porcine Circovirus and PMWS. Furthermore, Merial Limited owns or has the exclusive rights under numerous patents worldwide in the field of Porcine Circovirus and PMWS. Through its wholly-owned subsidiary Merial SAS, Merial Limited makes a Porcine Circovirus vaccine called CIRCOVAC®. CIRCOVAC® is approved for use in sows in Europe and Canada. Merial Limited is seeking authorization to market CIRCOVAC® in the United States. Over 350,000 sows in Europe have been vaccinated with CIRCOVAC®. CIRCOVAC® was introduced in the Canadian market on or about March 20, 2006. CIRCOVAC® has been reported to be effective. CIRCOVAC® is believed to be the first approved Porcine Circovirus vaccine. Therefore, Merial Limited develops, has developed, makes, has made, uses, has used, sells, or has sold, or causes to be developed, made, used, or sold, Porcine Circovirus vaccines.

REPLY:

Intervet is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

14. Upon information and belief, Intervet has infringed, contributed to the infringement of, and/or actively induced the infringement of claims of the '601 patent by making, using selling, and/or offering for sale products, including, but not limited, to a Porcine Circovirus vaccine, in the United States (Intervet's "infringing acts").

REPLY:

Denied.

15. Upon information and belief, Intervet has had notice of the '601 patent, and its infringement of the '601 patent has been deliberate and willful.

REPLY:

Intervet admits only that it has received a copy of the '601 patent attached to correspondence received from Merial on or about December 19, 2005. To the extent the allegations of this paragraph purport to go further, they are denied.

16. Intervet's infringing acts have not been authorized by Merial, and are in violation of Merial's patent rights.

REPLY:

Denied.

17. As a direct result of Intervet's infringing acts, Merial has suffered and continues to suffer damage and irreparable harm.

REPLY:

Denied.

18. Merial has no adequate remedy by law for Intervet's infringing acts. Unless and until Intervet's infringing acts are enjoined by this Court, Merial will continue to be damaged and irreparably harmed.

REPLY:

Denied.

## MERIAL IS NOT ENTITLED TO THE RELIEF REQUESTED

The "WHEREFORE" paragraph following paragraph 18 of the Counterclaims states Merial's prayer for judgment for which no response is required. To the extent a response is required, Intervet denies that Merial is entitled to the relief requested or to any relief whatsoever, and prays for a judgment in its favor dismissing Merial's Counterclaims with prejudice and awarding Intervet its reasonable attorneys' fees pursuant to 35 U.S.C. § 285, interest, and costs of this action, and such other and further relief as this Court may deem just and proper.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth in its Reply, without admitting any allegations of the Counterclaims not otherwise admitted, and without undertaking any of the burdens imposed by law on Merial, Intervet avers and asserts the following specifically plead defenses to the Counterclaims.

### First Affirmative Defense

Intervet's manufacture, importation, use, offer for sale, or sale of Intervet's Porcine Circovirus Vaccine Type 2 does not infringe any claim of the '601 patent under 35 U.S.C. § 271.

### Second Affirmative Defense

All or at least some of the claims of the '601 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Patent Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

**Third Affirmative Defense**

The '601 patent is unenforceable due to inequitable conduct by the applicants for the '601 patent during prosecution of the application leading to the patent.

Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the United States Patent and Trademark Office ("Patent Office"). 37 C.F.R. § 1.56. On information and belief, the '601 patentees failed in their duty of candor and good faith to the Patent Office by misrepresenting that the '601 patent application is entitled to claim benefit of priority to French Patent Application FR 97 12382 ("FR 97 12382"), which was filed October 3, 1997.

During prosecution of the '601 patent application the Patent Office rejected pending claims in the application as anticipated under 35 U.S.C. § 102(a) by Genbank Accession No. 027217 ("Hamel"), which, according to the applicants for the '601 patent, was publicly available December 17, 1997, *i.e.*, after the filing date of FR 97 12382.

To be an effective priority document for the pending claims of the '601 patent application, the patent law requires that FR 97 12382 satisfy the requirements of 35 U.S.C. § 112, and, for example, provide a written description of the invention claimed in the '601 patent. Failure of FR 97 12382 to satisfy the requirements of § 112 would have precluded the applicants for the '601 patent from claiming the benefit of the October 1997 filing date of FR 97 12382 as a priority date for the pending claims of the '601 patent application, and, therefore, would have precluded them from removing Hamel as a prior art reference on that basis.

On information and belief, FR 97 12382 plainly does not satisfy the requirements of 35 U.S.C. § 112 for either the claims of the '601 patent application pending before the examiner at

the time of the rejection over Hamel, or the issued claims of the '601 patent. For example, although the claims recite the terms "porcine circovirus type II" and "ORFs 1-13," FR 97 12382 fails to mention either of these terms, much less provide an adequate written description of the terms as required by § 112.

On information and belief, individuals associated with the filing and prosecution of the '601 patent application were aware that FR 97 12382 failed to satisfy the requirements of 35 U.S.C. § 112. Nevertheless, those individuals claimed the benefit of priority to FR 97 12382 in order to obtain allowance of the claims of the '601 patent. For example, in order to remove Hamel as a prior art reference, the applicants stated that "Hamel is not available as a section 102(a) reference in this application because the publication date of Hamel, i.e [sic] December 17, 1997, was after the October 3, 1997 priority date of this application." At no time during prosecution did the applicants apprise the Patent Office of the inadequacy of FR 97 12382 under § 112. On information and belief, the Patent Office would have found this information material to the patentability of the '601 patent claims because it refutes and is inconsistent with the applicants' position in, for example, opposing the rejection over Hamel. 37 C.F.R. § 1.56(b)(2).

On information and belief, the applicants intentionally and inequitably concealed from the Patent Office this information regarding the '601 patent's entitlement to priority with an intent to deceive the Patent Office. Such intentional acts constitute inequitable conduct before the Patent Office and render the '601 patent unenforceable.

## PRAYER FOR RELIEF

Intervet incorporates by reference its Prayer for Relief from its Complaint, and Intervet further respectfully requests the Court deny Merial all the relief it requested in its Counterclaims and dismiss the Counterclaims in its entirety with prejudice.

Date: June 12, 2006                    Respectfully Submitted,

                                                  /s/ John R. Hutchins, Esq.
John R. Hutchins, Esq. (D.C. Bar # 456749)
KENYON & KENYON
1500 K Street N.W., Suite 700
Washington, D.C. 20005-1257
(202) 220-4200 (telephone)
(202) 220-4201 (facsimile)
Attorneys for Plaintiff
Intervet Inc.