## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

INTERVET, INC.,

     Plaintiff,

     v.

MERIAL LIMITED; MERIAL SAS;
THE QUEEN'S UNIVERSITY OF
BELFAST; and UNIVERSITY OF
SASKATCHEWAN,

     Defendants.

Civil Action No. 1:06-cv-00658 (HHK)

## DEFENDANTS THE QUEEN'S UNIVERSITY OF BELFAST'S AND THE
## UNIVERSITY OF SASKATCHEWAN'S MOTION
## TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Pursuant to Fed. R. Civ. P. 12(b)(1), Defendants the Queen's University of

Belfast ("QUB") and the University of Saskatchewan ("USASK") (collectively

"the Universities") move this Court for an order dismissing, with prejudice, the

Complaint of Intervet, Inc. ("Intervet") against them. As set forth in the

accompanying Memorandum of Law, no case or controversy exists between the

Universities and Intervet. Therefore, no subject matter jurisdiction exists with

respect to Intervet's declaratory judgment claims against the Universities.

Accordingly, the Universities respectfully request that Intervet's claims against

them be dismissed with prejudice.

Respectfully submitted, this 26th day of June, 2006.

/s/ Timothy Ngau
ALSTON & BIRD, LLP
Timothy Ngau
DC Bar No. 339333
950 F Street, NW
Washington, DC  20004
Phone: 202-756-3300
Fax: 202-756-3333

Judy Jarecki-Black, Ph.D.
Merial Limited
3239 Satellite Blvd.
Duluth, GA  30096-4640
Tel.: (678) 638-3805
Fax: (678) 638-3350

Thomas J. Kowalski
Steven M. Amundson
DC Bar No. 412196
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, New York 10151
Tel.: (212) 588-0800
Fax: (212) 588-0500

Frank G. Smith, III
Robert L. Lee
J. Patrick Elsevier, Ph.D.
Elizabeth K. Haynes
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel.: (404) 881-7000
Fax: (404) 881-7777

Counsel for the Queen's University of
Belfast and the University of
Saskatchewan

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| INTERVET, INC.,<br>    Plaintiff,<br><br>    v.<br><br>MERIAL LIMITED; MERIAL SAS;<br>THE QUEEN'S UNIVERSITY OF<br>BELFAST; and UNIVERSITY OF<br>SASKATCHEWAN,<br>    Defendants. | Civil Action No. 1:06-cv-00658 (HHK) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS THE QUEEN'S UNIVERSITY OF BELFAST'S AND THE UNIVERSITY OF SASKATCHEWAN'S MOTION TO DISMISS <u>FOR LACK OF SUBJECT MATTER JURISDICTION</u>

Judy Jarecki-Black, Ph.D.
MERIAL LIMITED
3239 Satellite Blvd.
Duluth, GA  30096-4640
Tel.: (678) 638-3805
Fax: (678) 638-3350

Thomas J. Kowalski, Esq.
Steven M. Amundson
DC Bar No. 412196
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, New York 10151
Tel.: (212) 588-0800
Fax: (212) 588-0500

Timothy Ngau
DC Bar No. 339333
ALSTON & BIRD LLP
950 F Street, NW
Washington, DC  20004
Tel: 202-756-3300
Fax: 202-756-3333

Frank G. Smith
Robert L. Lee
J. Patrick Elsevier, Ph.D.
Elizabeth K. Haynes
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel.: (404) 881-7000
Fax: (404) 881-7777

Counsel for the Queen's University of Belfast and the University of Saskatchewan

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

STATEMENT OF FACTS............................................................................................... 2

    **I.**    The Tripartite Agreement and Exclusive License and Assignment
         Agreement Vest Title to the '601 Patent Solely in Merial......................... 2

    **II.**   The Georgia Action by Merial Limited. .................................................. 4

    **III.** The Present Action: Intervet's Declaratory Judgment Action Names
          the Universities, Even Though There Has Been No Threat or
          Apprehension of Suit by the Universities, or Any Allegation Thereof
          in the Complaint. ...................................................................................... 5

ARGUMENT AND CITATION OF AUTHORITIES.................................................... 1

    **I.**    No Case or Controversy Exists Between the Universities and Intervet...... 1

    **II.**   The Universities Never Created a Reasonable Apprehension of Suit. ....... 3

    **III.** The Universities Cannot be Sued Because They Now Indisputably
          Have No Right to Enforce the '601 Patent Against Intervet...................... 6

CONCLUSION................................................................................................................ 8

# TABLE OF AUTHORITIES

## Cases

*Ag-Tronic, Inc. v. Frank Paviour Ltd.*, 70 F.R.D. 393 (D. Neb. 1976)...........................................5

*Boler Co. v. Raydan Mfg., Inc.*, 415 F. Supp. 2d 896 (N.D. Ill. 2006)...........................................5

*Bowhead Info. Tech. Services, LLC v. Catapualt Tech., Ltd.*, 377 F. Supp.2d 166 (D.D.C. 2005) 2

*BP Chems. Ltd. v. Union Carbide Corp.*, 4 F.3d 975 (Fed. Cir. 1993)................................ 2, 6, 8

*Bowhead Info. Tech. Services, LLC v. Catapualt Tech., Ltd.*, 377 F. Supp.2d 166 (D.D.C. 2005) 2

*Cylink Corp. v. Schnorr*, 939 F. Supp. 39 (D.D.C. 1996) ............................................................5

*DMP Corp. v. Rederiaktiebolaget Nordstjernan*, 223 U.S.P.Q. (BNA) 560, (D.D.C. 1983).........4

*EMC Corp. v. Norand Corp.*, 89 F.3d 807 (Fed. Cir. 1996)........................................................1

*FilmTec Corp. v. Allied-Signal Inc.*, 939 F.2d 1568 (Fed. Cir. 1991) .........................................7

*Foseco, Inc. v. Consol. Aluminum Corp.*, 12 U.S.P.Q.2d (BNA) 1226 (E.D. Mo. 1989).............7

*Int'l Med. Prosthetics Research Assocs., Inc. v. Gore Enter. Holdings, Inc.,* 787 F.2d 572 (Fed. Cir. 1986) ..................................................................................................................... 2, 7

*Lans v. Digital Equip. Corp.*, 252 F.3d 1320 (Fed. Cir. 2001) ....................................................7

*N. Telecom Inc. v. Wang Labs., Inc.*, 543 F. Supp. 1026 (D. Mass. 1982)...................................7

*Pharmachemie B.V. v. Pharmacia S.p.A.*, 934 F. Supp. 484 (D. Mass. 1996) ............................7

*Preiser v. Newkirk*, 422 U.S. 395 (1975)................................................................................ 2, 7

*Sherman Treaters, Ltd. v. Ahlbrandt*, 607 F. Supp. 939 (D.D.C. 1985)...........................1, 2, 3, 5

*Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245 (Fed. Cir. 2000) .................................................6

*Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995) ...........1, 2, 6, 8

## Statutes

28 U.S.C. § 2201(a).....................................................................................................................1

U.S. Const. art. III, § 2.................................................................................................................1

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

INTERVET, INC.,

    Plaintiff,

    v.

MERIAL LIMITED; MERIAL SAS;
THE QUEEN'S UNIVERSITY OF
BELFAST; and UNIVERSITY OF
SASKATCHEWAN,

    Defendants.

Civil Action No. 1:06-cv-00658 (HHK)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS THE
QUEEN'S UNIVERSITY OF BELFAST'S AND THE UNIVERSITY OF
SASKATCHEWAN'S MOTION TO DISMISS
<u>FOR LACK OF SUBJECT MATTER JURISDICTION</u>**

Pursuant to Fed. R. Civ. P. 12(b)(1), Defendants the Queen's University of

Belfast ("QUB") and the University of Saskatchewan ("USASK") (collectively

"the Universities") move this Court for an order dismissing, with prejudice, the

Complaint of Intervet, Inc. ("Intervet") against them.

**INTRODUCTION**

On April 11, 2006, Intervet commenced this patent declaratory judgment

action against Merial Limited ("Merial Limited") and Merial SAS ("SAS")

(individually or collectively "Merial"), as well as the Universities.  Intervet,

however, has no Constitutional standing to sue the Universities for a declaratory judgment because there is no case or controversy with respect to them.

Intervet's Complaint in this Action fails to allege any threat of suit by the Universities or any facts that would give rise to a reasonable apprehension of suit by the Universities. In fact, the Universities have never threatened to sue Intervet for infringement of US Patent No. 6,368,601 ("the '601 patent")—the patent-in-suit—or done anything to give Intervet any reasonable apprehension of being sued by them for infringement of the '601 patent. The Universities do not even own or have the right to enforce the '601 patent.

Because there is no case or controversy between the Universities and Intervet, there is no subject matter jurisdiction with respect to Intervet's declaratory judgment claims against the Universities. Therefore, Intervet's Complaint against the Universities should be dismissed, with prejudice.

## STATEMENT OF FACTS

### I. The Tripartite Agreement and Exclusive License and Assignment Agreement Vest Title to the '601 Patent Solely in Merial.

QUB, USASK, and Merial SAS ("SAS") collaborated to isolate and characterize the causative agent for Post-Weaning Multisystemic Wasting Syndrome in young pigs. (Gill Decl., ¶2; Graham Decl., ¶2).[1] As part of that

---

[1] The Declaration of Mr. Douglas Gill ("Gill Decl.") is attached hereto as Exhibit A. The Declaration of Dr. Philip Graham ("Graham Decl.") is attached hereto as Exhibit B.

collaboration, on February 6, 1998, USASK, QUB, and SAS entered into an agreement ("the Tripartite Agreement") that described certain research and development that was being carried out jointly among these parties as well as the ownership and maintenance of any intellectual property that might result from such research and development. (Gill Decl., ¶2; Graham Decl., ¶2). The work that was done by scientists at USASK, QUB, and SAS with respect to the identification and characterization of porcine circovirus type II ("PCV-2") was under the Tripartite Agreement and is included in the '601 Patent, which was issued by the US Patent and Trademark Office on April 9, 2002. (Gill Decl., ¶2; Graham Decl., ¶2; *see also* the '601 patent). The Inventors assigned their rights in the '601 Patent to SAS, QUB, and USASK. (Gill Decl., ¶2; Graham Decl., ¶2).

Under the Tripartite Agreement, the Universities believed that Merial had the sole right to enforce the '601 patent. (Gill Decl., ¶3; Graham Decl., ¶3). However, to clarify SAS' rights, USASK, QUB, and SAS executed an amendment to the Tripartite Agreement–the Exclusive License and Assignment Agreement– which clearly assigned all right to enforce the '601 patent, including any right to recover for past damages, to SAS. (*See* Gill Decl., ¶3; Graham Decl., ¶3). SAS,

in turn, has granted an exclusive license in the '601 patent to Merial Limited.

Accordingly, the '601 patent is solely owned by Merial. [2]

## II.    The Georgia Action by Merial Limited.

On December 15, 2005, Merial Limited filed suit against Intervet in the

United States District Court for the Northern District of Georgia (hereinafter the

"Georgia Action") alleging that Intervet's Porcine Circovirus Vaccine, Type 2,

Killed Baculovirus Vector product infringed the '601 patent.  At the time, in good

faith, Merial Limited believed it had the sole right to enforce the '601 patent based

on its license under the '601 patent from SAS[3] and the Tripartite Agreement.

On April 11, 2006, Intervet filed a Motion to Dismiss Merial Limited's

complaint in the Georgia Action alleging that Merial Limited lacked standing to

enforce the '601 patent.  The Court in the Georgia Action found that the Tripartite

Agreement did not grant SAS (and hence Merial Limited by virtue of its license

---

[2] The Assignments from the '601 patent inventors to QUB, USASK and SAS, and the Exclusive License and Assignment Agreement from QUB and USASK to SAS have been recorded at the USPTO, at: Reel 009488, Frame 0060 (Allan and Meehan to QUB, September 10, 1998); Reel 009488, Frame 0639 (Clark, Ellis, Haines, Hassard, and Harding to USASK, September 10, 1988); Reel 009917, Frame 0471 and Reel 009488, Frame 0632 (Charreyre and Chappuis to SAS, April 7, 1999 and September 10, 1998); Reel 017507, Frame 0072 (McNeilly to QUB, USASK  and SAS, April 21, 2006); Reel 017759, Frame 0553 (QUB and USASK to SAS, June 12, 2006).  The Patent Assignment Abstract of Title for the '601 patent is publicly available online at the USPTO website:
http://assignments.uspto.gov/assignments/q?db=pat&qt=pat&reel=&frame=&pat=6368601&pub=&asnr=&asnri=&asne=&asnei=&asns.

[3] At the time of filing its complaint in the Georgia Action, Merial Limited had an oral exclusive license from SAS under the '601 patent.  On April 14, 2006, Merial Limited and SAS executed a written Exclusive License Agreement confirming the prior oral license.

with SAS) the exclusive right to enforce the '601 patent. Therefore, the Court

dismissed the Georgia Action without prejudice on April 27, 2006.[4]

In light of the Georgia Court's decision, USASK, QUB, and SAS

subsequently executed the amendment to the Tripartite Agreement–the Exclusive

License and Assignment Agreement–to clearly assign all rights to enforce the '601

patent, including any right to recover for past damages, to SAS.

### III.    The Present Action: Intervet's Declaratory Judgment Action Names the Universities, Even Though There Has Been No Threat or Apprehension of Suit by the Universities, or Any Allegation Thereof in the Complaint.

On the same day that Intervet filed its Motion to Dismiss Merial Limited's

complaint in the Georgia Action, Intervet initiated this Action by filing a

Complaint for declaratory judgments of non-infringement, invalidity and

unenforceability of the '601 patent. Intervet's declaratory judgment suit named as

defendants Merial Limited, SAS, and the Universities.

Intervet's Complaint in this Action, however, fails to allege any threat by the

Universities or any facts that would give rise to a reasonable apprehension of suit

by the Universities. Rather, Intervet's Complaint asserts that the Georgia Action

was by "Merial Limited, alone," and specifically mentions that QUB and USASK

were not a part of the Georgia Action:

---

[4] A true and correct copy of the April 27, 2006 Order is attached hereto as Exhibit C.

    15.    On December 15, 2005, Merial Limited, alone filed, filed suit in the United States District Court for the Northern District of Georgia (05-CV-3168) against Intervet alleging that Intervet has infringed, contributed to the infringement of, and/or actively induced the infringement of claims of the '601 patent by making, using selling and/or offering to sell Intervet's Porcine Circovirus Vaccine Type 2. …

    16.    … Merial Limited … failed to include … in that action … Belfast [QUB] and Saskatchewan [USASK].

(Complaint, Dkt. 1, ¶¶ 15, 16).

To the extent that there may be any allegations in Intervet's complaint with respect to Universities, those allegations are limited to the general conclusory assertion in paragraph 14 that "[t]here is an actual and justiciable controversy between Intervet and Defendants regarding whether the commercial manufacture use, sale . . . into the United States of Intervet's . . . Vaccine . . . infringes one or more claims of the '601 patent." Complaint, Dkt. 1, ¶ 14. Nothing more is said that may pertain to Intervet's grounds for naming the Universities as defendants to Intervet's Declaratory Judgment Action.

Indeed, the Universities have never threatened suit against Intervet over the '601 Patent or any other patent. (Gill Decl., ¶4; Graham Decl., ¶4). The Universities have made no contact with Intervet regarding the '601 Patent, nor have they done anything else which could have caused Intervet to have a reasonable apprehension that either or both of the Universities would sue Intervet for infringing the '601 patent. (*See* Gill Decl., ¶4; Graham Decl., ¶4).

## ARGUMENT AND CITATION OF AUTHORITIES

**I.    No Case or Controversy Exists Between the Universities and Intervet.**

Article III of the Constitution limits the subject matter jurisdiction of the federal courts by requiring the presence of a case or controversy between the parties for jurisdiction to attach.  U.S. Const. art. III, § 2.  The Declaratory Judgment Act only supports jurisdiction in the event of an "actual controversy." 28 U.S.C. § 2201(a).  This requirement effectuates Article III of the Constitution, which only authorizes the federal judiciary to hear justiciable cases and controversies.  *See EMC Corp. v. Norand Corp.*, 89 F.3d 807, 810 (Fed. Cir. 1996); *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995) (declaratory judgment is to resolve an actual controversy between interested parties).  "The distinction is between a case 'appropriate for judicial determination' on the one hand, and a 'difference or dispute of a hypothetical or abstract character' on the other."  *Sherman Treaters, Ltd. v. Ahlbrandt*, 607 F. Supp. 939, 942 (D.D.C. 1985) (citation omitted).

The Federal Circuit has developed a two-part test for determining whether a case or controversy exists in patent-based declaratory judgment suits.  A party that files a declaratory judgment suit must show: "both (1) an explicit threat or other action by the patentee, which creates a ***reasonable*** apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) ***present*** activity

which could constitute infringement or concrete steps taken with the intent to conduct such activity." *Super Sack*, 57 F.3d at 1058 (emphasis in original). *Accord BP Chems. Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 978 (Fed. Cir. 1993).

The burden is on the declaratory-judgment plaintiff "***to establish*** that ***jurisdiction*** over its declaratory judgment action existed ***at, and*** has continued ***since, the time the complaint was filed***." *Int'l Med. Prosthetics Research Assocs., Inc. v. Gore Enter. Holdings, Inc.,* 787 F.2d 572, 575 (Fed. Cir. 1986) (emphasis added). *Accord Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) ("actual controversy must be extant at all stages of review"); *Super Sack*, 57 F.3d at 1058; *see also Bowhead Info. Tech. Services, LLC v. Catapualt Tech., Ltd.*, 377 F. Supp.2d 166, 173 (D.D.C. 2005) ("An 'actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'"). And "[t]o establish an actual controversy and thereby protect the patentee, plaintiff must show a reasonable apprehension of an infringement suit 'by the defendant *presently before the court.'*" *Sherman Treaters*, 607 F. Supp. at 943 (citation omitted).

For the reasons set forth herein, the Court has no subject matter jurisdiction over Intervet's claims as they relate to the Universities because:

> ➢ no justiciable case or controversy existed between the Universities and Intervet at the time the Complaint was filed, and

     ➢ no justiciable case or controversy between the Universities and

        Intervet exists now.

As a result, Intervet's Complaint against the Universities must be dismissed. *See*

*id.* at 942 (dismissing a case for lack of jurisdiction where no justiciable

controversy exists between the parties to the action).

## II.    The Universities Never Created a Reasonable Apprehension of Suit.

A patentee or assignee of patent rights cannot be subjected to a declaratory

judgment action for a charge of infringement which he did not level himself or

permit another to level on his behalf. *Sherman Treaters,* 607 F. Supp. at 943. In

this case, the complaint does not allege that the Universities (i) ever accused

Intervet of infringing the '601 patent, (ii) ever indicated that they had any intention

of filing a suit against Intervet for infringement of the '601 patent, or (iii) ever

contacted Intervet, directly or indirectly, about the '601 patent. In fact, the

Universities did none of these things. (*See* Gill Decl., ¶4; Graham Decl., ¶4).

Indeed, the Universities believed that Merial had been given the exclusive rights to

enforce the '601 patent by virtue of the Tripartite Agreement, which was executed

on February 6, 1998. (Gill Decl., ¶3; Graham Decl., ¶3). Believing they had no

rights to enforce the '601 Patent, the Universities never created in Intervet a

reasonable apprehension of suit by them over the '601 Patent.

The only party that could be said to have caused Intervet to have a reasonable apprehension of suit is Merial Limited.  Indeed, in its Complaint, Intervet based its support for the existence of a case or controversy on the actions of "Merial Limited, alone."  (Complaint, Dkt. 1, at ¶ 15; *see also id. at* ¶16 (alleging that QUB and USASK were not included in the Georgia Action)).

Merial Limited did not threaten suit on behalf of the Universities.  Rather, as admitted by Intervet in the Complaint, Merial Limited filed suit in the Georgia Action in its name only, without joining the Universities as parties.  And Merial Limited's conduct cannot be imputed to the Universities.  *Sherman Treaters,* 607 F. Supp. at 943 ("The conduct of a licensee may not be imputed automatically to the patentee.").  "If the licensee had neither actual nor apparent authority to charge others with infringement, then plaintiff's apprehension of suit by that party would be unreasonable and unfounded."  *DMP Corp. v. Rederiaktiebolaget Nordstjernan*, 223 U.S.P.Q. (BNA) 560, 562 (D.D.C. 1983).

Merial Limited had no actual or apparent authority to act on behalf of the Universities; and, the Complaint does not allege any authority by Merial Limited to act on behalf of the Universities.[1]  In fact, the Complaint alleges the contrary.  The

---

[1] As noted, the most Intervet's Complaint states is that there is an actual controversy between it and "Defendants."  Complaint, Dkt. 1, ¶ 14.  With respect to the Universities particularly, however, there are no factual allegations that describe what this "actual controversy" is based upon.

Complaint explicitly states that Merial Limited acted alone, and did not include the Universities in the Georgia Action.

Moreover, Merial Limited believed it had been granted an exclusive license by SAS to enforce the patents on its own behalf and in its own name, not in the name of the Universities. "'[A]pparent authority results from conduct by the principal which causes a third person reasonably to believe that a particular person, who may or may not be the principal's agent, has authority to enter into negotiations or make representations as his agent.'" *Sherman Treaters,* 607 F. Supp. at 944 (quoting *Ag-Tronic, Inc. v. Frank Paviour Ltd.,* 70 F.R.D. 393, 397 (D. Neb. 1976)). The proper inquiry is not whether it was reasonable for a plaintiff to assume that an agent was speaking on behalf of a principal, but rather whether the appearance of authority was created by the principal itself. *Boler Co. v. Raydan Mfg., Inc.*, 415 F. Supp. 2d 896, 903 (N.D. Ill. 2006).

Here, the Universities never gave Intervet any reason to believe that Merial Limited had any authority to act on their behalf. Thus, Merial Limited's actions cannot be imputed to the Universities. *See Sherman Treaters,* 607 F. Supp. at 944. Further, since the Universities never engaged in *any* conduct that could have created a reasonable apprehension of suit, no case or controversy exists between Intervet and the Universities. *See, e.g., Cylink Corp. v. Schnorr*, 939 F. Supp. 39, 42 (D.D.C. 1996).

In sum, the Complaint is fatally defective because (i) the Universities never threatened Intervet or gave Intervet any reasonable apprehension of suit, and (ii) it alleges that Merial Limited acted alone in the Georgia Action and not on behalf of the Universities, which was, in fact, the case. Intervet has therefore failed to meet its burden under *BP Chemicals Ltd.*, 4 F.3d at 978 and *Super Sack*, 57 F.3d at 1058, of showing an explicit threat or other action by the Universities which created a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit.

### III.    The Universities Cannot be Sued Because They Now Indisputably Have No Right to Enforce the '601 Patent Against Intervet.

In May and June, 2006, the Universities and SAS executed an Exclusive License and Assignment Agreement that clearly assigned to SAS all right, title, and interest in the '601 patent, including the right to sue in its own name solely for past, present, and future infringement. (*See* Gill Decl., ¶3; Graham Decl., ¶3). Accordingly, regardless of whether the Universities had the right to enforce the '601 Patent at the time Intervet filed suit, they do not have that right now.

Ownership of a patent is a requisite to the right to sue for patent infringement. *Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1249-50 (Fed. Cir. 2000). "A party that has been granted all substantial rights under the patent is considered the owner regardless of how the parties characterize the transaction that conveyed those rights." *Id*. at 1250. If, however, a party lacks title to a patent, that

party "'has no standing to bring an infringement action'" under that patent. *Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001) (citing *FilmTec Corp. v. Allied-Signal Inc.*, 939 F.2d 1568, 1571 (Fed. Cir. 1991)).

Here, the Universities assigned all rights they may have had in the '601 Patent to SAS. The fact that this assignment may have taken place after Intervet filed the instant action is of no consequence. *Pharmachemie B.V. v. Pharmacia S.p.A.*, 934 F. Supp. 484, 489 (D. Mass. 1996) ("[T]his Court cannot disregard the fact that the assignment of title to the patents divests this Court of declaratory judgment jurisdiction regardless of the motive behind the assignment."); *Foseco, Inc. v. Consol. Aluminum Corp.*, 12 U.S.P.Q.2d (BNA) 1226, 1227 (E.D. Mo. 1989) ("The fact that the assignment occurred during the course of this litigation also does not affect the case or controversy requirement, for an actual controversy must be present at all stages of review, not merely when the complaint is filed." (citing *Preiser*, 422 U.S. at 401)); *see also Int'l Med. Prosthetics Research Assocs., Inc.,* 787 F.2d at 575 (burden is on the declaratory-judgment plaintiff "to establish that jurisdiction over its declaratory judgment action existed at, and has continued since, the time the complaint was filed"); *N. Telecom Inc. v. Wang Labs., Inc.*, 543 F. Supp. 1026, 1028 (D. Mass. 1982) (time for determining whether an actual controversy, and thus subject matter jurisdiction, exists under the Declaratory Judgment Act is when a court hears argument). Since the Universities have no title

to the '601 patent and cannot sue to enforce it, Intervet cannot have any present

apprehension that it will face an infringement suit by the Universities as to the '601

patent as required by *BP Chemicals Ltd.*, 4 F.3d at 978 and *Super Sack*, 57 F.3d at

1058 for jurisdiction.  As a result, the Complaint as to the Universities should be

dismissed with prejudice.

## CONCLUSION

For the reasons set forth herein and on the authorities cited, the Universities

respectfully request that Intervet's claims against them be dismissed with

prejudice.

Respectfully submitted, this 26th day of June, 2006.

/s/ Timothy Ngau
ALSTON & BIRD LLP
Timothy Ngau
DC Bar No. 339333
950 F Street, NW
Washington, DC  20004
Phone: 202-756-3300
Fax: 202-756-3333

Judy Jarecki-Black, Ph.D.
Merial Limited
3239 Satellite Blvd.
Duluth, GA  30096-4640
Tel.: (678) 638-3805
Fax: (678) 638-3350

Thomas J. Kowalski
Steven M. Amundson
DC Bar No. 412196

Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, New York 10151
Tel.: (212) 588-0800
Fax: (212) 588-0500

Frank G. Smith, III
Robert L. Lee
J. Patrick Elsevier
Elizabeth K. Haynes
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel.: (404) 881-7000
Fax: (404) 881-7777

Counsel for the Queen's University of
Belfast and the University of
Saskatchewan

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

INTERVET, INC.,
     Plaintiff,

       v.

MERIAL LIMITED; MERIAL SAS;
THE QUEEN'S UNIVERSITY OF
BELFAST; and UNIVERSITY OF
SASKATCHEWAN,
     Defendants.

Civil Action No. 1:06-cv-00658 (HHK)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 26th day of June 2006, I served foregoing

the by hand on the following attorneys of record:

<u>**Counsel for Intervet, Inc.**</u>

John R. Hutchins
Kenyon & Kenyon
1500 K Street, N.W.
Suite 700
Washington, DC 20005-1257

          <u>/s/ Timothy A. Ngau</u>
          ALSTON & BIRD, LLP
          Timothy A. Ngau
          DC Bar No. 339333
          950 F Street, NW
          Washington, DC  20004
          Phone: 202-756-3300
          Fax: 202-756-3333

          Counsel for the Queen's University of Belfast
          and the University of Saskatchewan