## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>MERIAL LIMITED; MERIAL SAS; THE QUEENS'S UNIVERSITY OF BELFAST; and UNIVERSITY OF SASKATCHEWAN,<br><br>        Defendants. | Civil Action No. 1:06-cv-00658 (HHK) |

## DECLARATION OF MR. DOUGLAS S. GILL

Pursuant to 28 U.S.C. § 1746, I, Mr. Douglas S. Gill, declare as follows:

1.    I am of legal age and under no legal disability. I have personal knowledge of the facts stated in this Declaration and know them to be true and correct. I am employed by the University of Saskatchewan ("USASK") as the Managing Director of the Industry Liaison Office of USASK. In this role, I am involved in decisions about research and intellectual property, and I am authorized to speak on behalf of USASK regarding these matters. This Declaration is submitted in support of USASK's Motion to Dismiss for Lack of Subject Matter Jurisdiction in the above captioned action.

2.    USASK, The Queen's University of Belfast ("QUB"), and Merial SAS ("SAS") collaborated to isolate and characterize the causative agent for Post-Weaning Multisystemic Wasting Syndrome. As part of that collaboration, on February 6, 1998, USASK, QUB and SAS entered into an agreement ("the Tripartite Agreement") that described certain research and development that was being carried out jointly between these parties as well as the ownership

and maintenance of any intellectual property that might result from such research and development. The work that was done by the scientists of USASK, QUB, and SAS with respect to the identification and characterization of porcine circovirus type II ("PCV-2") was under the Tripartite Agreement and is included in United States Patent No. 6,368,601 ("the '601 Patent"), which was issued by the U.S. Patent and Trademark Office on April 9, 2002. The Inventors assigned their rights in the '601 Patent to Merial SAS, QUB, and USASK.

3. Regarding the '601 patent, it has been USASK's belief since February 1998 that Merial SAS and/or Merial Limited had the sole right to enforce the '601 patent. However, to clarify Merial SAS' rights, on May 24, 2006, USASK executed an amendment to the Tripartite Agreement which clearly assigned all right to enforce the '601 Patent, including any right to recover for past damages, to Merial SAS.

4. USASK has never threatened to sue Intervet, Inc. ("Intervet") over the '601 Patent or any other patent. USASK has made no contact with Intervet regarding the '601 Patent, and has done nothing which could have caused Intervet to have a reasonable apprehension that USASK would file suit against Intervet for infringement of the '601 patent. In my position at USASK, I would have been involved in any such discussion or conduct by USASK if it had occurred.

5. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 8th day of June, 2006, in Saskatoon, Saskatchewan, Canada.

_____
MR. DOUGLAS S. GILL