UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET, INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MERIAL LIMITED; MERIAL SAS; THE QUEENS'S UNIVERSITY OF BELFAST; and UNIVERSITY OF SASKATCHEWAN,<br><br>　　　　Defendants. | Civil Action No. 1:06-cv-00658 (HHK) |

### DECLARATION OF DR. PHILIP GRAHAM

Pursuant to 28 U.S.C. § 1746, I, Dr. Philip Graham, declare as follows:

1. I am of legal age and under no legal disability. I have personal knowledge of the facts stated in this Declaration and know them to be true and correct. I am employed by The Queen's University of Belfast ("QUB") as an IP Manager in the Research & Regional Services of QUB. In this role, I am involved in decisions about research and intellectual property, and I am authorized to speak on behalf of QUB regarding these matters. This Declaration is submitted in support of QUB's Motion to Dismiss for Lack of Subject Matter Jurisdiction in the above captioned action.

2. QUB, University of Saskatchewan ("USASK") and Merial SAS ("SAS") collaborated to isolate and characterize the causative agent for Post-Weaning Multisystemic Wasting Syndrome. As part of that collaboration, on February 6, 1998, USASK, QUB and SAS entered into an agreement ("the Tripartite Agreement") that described certain research and development that was being carried out jointly between these parties as well as the ownership

and maintenance of any intellectual property that might result from such research and development. The work that was done by the scientists of USASK, QUB, and SAS with respect to the identification and characterization of porcine circovirus type II ("PCV-2") was under the Tripartite Agreement and is included in United States Patent No. 6,368,601 ("the '601 Patent"), which was issued by the U.S. Patent and Trademark Office on April 9, 2002. The Inventors assigned their rights in the '601 Patent to Merial SAS, QUB, and USASK.

3. Regarding the '601 patent, it has been QUB's belief since February 1998 that Merial SAS and/or Merial Limited had the sole right to enforce the '601 patent. However, to clarify Merial SAS' rights, on May 30, 2006, QUB executed an amendment to the Tripartite Agreement which clearly assigned all right to enforce the '601 Patent, including any right to recover for past damages, to Merial SAS.

4. QUB has never threatened to sue Intervet, Inc. ("Intervet") over the '601 Patent or any other patent. QUB has made no contact with Intervet regarding the '601 Patent, and has done nothing which could have caused Intervet to have a reasonable apprehension that QUB would file suit against Intervet for infringement of the '601 patent. In my position at QUB, I would have been involved in any such discussion or conduct by QUB if it had occurred.

5. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 9 day of June, 2006, in Belfast, Belfast, Northern Ireland.

DR. PHILIP GRAHAM