UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>MERIAL LIMITED; MERIAL SAS; THE QUEEN'S UNIVERSITY OF BELFAST; and UNIVERSITY OF SASKATCHEWAN,<br><br>  Defendants. | Civil Action No. 1:06-cv-00658 (HHK) |

## LOCAL CIVIL RULE 16.3(d) REPORT

Pursuant to Local Civil Rule 16.3(d), the parties submit this Report to the Court with respect to their positions on the matters set forth in Local Civil Rule 16.3(c):

(1)  Defendants submit that The Queen's University of Belfast and the University of Saskatchewan ("the Universities") should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff opposes the dismissal of the Universities. The parties have agreed that there shall be no discovery requests of the Universities before September 8, 2006, unless the Universities' Motion to Dismiss is decided prior thereto, in which case discovery of the Universities shall be consistent with the decision on that Motion and shall not commence prior to August 11, 2006.

(2)  Other parties should be joined or the pleadings amended by September 27, 2006.

- 2 -

(3) The case should not be assigned to a Magistrate Judge for all purposes, including trial.

(4) Although the parties may engage in settlement discussions, they believe that settlement is unlikely at this time.

(5) The case would not benefit from the Court's ADR procedures at this time.

(6) Defendants believe that the Universities should be dismissed under Federal Rule of Civil Procedure 12(b)(1) and filed a motion to that effect on June 26, 2006. Plaintiff opposes this motion and will file and serve its brief in opposition on July 24, 2006. The parties also believe that motions for summary judgment or partial summary judgment may be appropriate.

(7) The parties will exchange initial disclosures under Federal Rule of Civil Procedure 26(a)(1) pursuant to the scheduling order entered by this Court.

(8) The parties believe that discovery should be conducted in accordance with the proposed scheduling orders submitted herewith. In general, the parties believe that fact discovery should take place first, to be followed by discovery of experts. The parties believe that the limits placed on discovery in the Federal Rules of Civil Procedure and the Local Rules of this Court should apply, except the parties agree that each side should be permitted to take up to 15 depositions of fact witnesses and may depose each testifying expert designated by the opposing party for up to seven hours per expert. The parties also believe that a protective order is appropriate and intend to negotiate such an order and submit it to the Court.

(9) The parties propose that submittal of expert reports and the depositions of experts should be conducted in accordance with the proposed scheduling orders submitted herewith. The parties believe that the reports should be governed by Federal Rule of Civil Procedure 26(a)(2) and that the party having the burden of proof on an issue should submit the report(s) of its expert(s) on these issue(s) and the opposing party should thereafter submit its report(s) in opposition.

(10) Not applicable.

(11) The trial and discovery (except as to fact witnesses and experts) should not be bifurcated or phased.

(12) A status conference should be held on or about October 3, 2007, to discuss matters concerning any remaining dispositive motions, the final pretrial conference and a trial date. Plaintiff believes that any *Markman* hearing should occur after fact and expert discovery have been completed, and that the scheduling of any such hearing should be discussed at the October 3, 2007 status conference. Defendants believe that a *Markman* hearing should be set during fact discovery, in accordance with their proposed scheduling order. Aside from the timing of the *Markman* hearing and its associated briefing, the parties have reached agreement on all other dates contained in the proposed scheduling orders.

(13) The Court should set a firm trial date at the October 3, 2007 status conference.

(14) The matters which the parties believe should be included in the scheduling order are set forth in the proposed scheduling orders submitted herewith.

This 20th day of July, 2006.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| By: /s/ Timothy A. Ngau<br>Timothy A. Ngau, Esq.<br>Jill Williamson, Esq.<br>ALSTON & BIRD, LLP<br>950 F Street, NW<br>Washington, DC 20004<br>Tel: (202) 756-3300<br>Fax: (202) 756-3333<br><br>Judy Jarecki-Black, Ph.D., Esq.<br>Merial Limited<br>3239 Satellite Blvd.<br>Duluth, GA 30096-4640<br>Tel: (678) 638-3805<br>Fax: (678) 638-3350<br><br>Thomas J. Kowalski, Esq.<br>Steven M. Amundson, Esq.<br>Frommer Lawrence & Haug LLP<br>745 Fifth Avenue<br>New York, New York 10151<br>Tel: (212) 588-0800<br>Fax: (212) 588-0500<br><br>Frank G. Smith, III, Esq.<br>Robert L. Lee, Esq.<br>J. Patrick Elsevier, Ph.D., Esq.<br>Elizabeth K. Haynes, Esq.<br>Alston & Bird, LLP<br>1201 West Peachtree Street<br>Atlanta, Georgia 30309-3424<br>Tel: (404) 881-7000<br>Fax: (404) 881-7777<br><br>*Attorneys for MERIAL LIMITED, MERIAL SAS, THE QUEEN'S UNIVERSITY OF BELFAST, and THE UNIVERSITY OF SASKATCHEWAN* | By: /s/ John R. Hutchins<br>John R. Hutchins, Esq.<br>KENYON & KENYON, LLP<br>1500 K Street, NW, Suite 700<br>Washington, DC 20005-1257<br>Tel:  (202) 220-4200<br>Fax: (202) 220-4201<br><br>Michael D. Loughnane, Esq.<br>Richard L. DeLucia, Esq.<br>KENYON & KENYON, LLP<br>One Broadway<br>New York, NY, 10004<br>Tel: (212) 425-7200<br>Fax: (212) 425-5288<br><br>*Attorneys for INTERVET INC.* |