UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>MERIAL LIMITED; MERIAL SAS; THE QUEEN'S UNIVERSITY OF BELFAST; and UNIVERSITY OF SASKATCHEWAN,<br><br>    Defendants. | Civil Action No. 1:06-cv-00658 (HHK) |

**NOTICE OF AUTHORITIES IN SUPPORT OF THE DECLARATORY JUDGMENT DEFENDANTS' PROPOSED SCHEDULING**

**I.   INTRODUCTION**

The parties have conferred regarding the Scheduling Order that each side proposes should be entered by the Court. Despite agreeing to nearly all other aspects of the proposed Scheduling Order, the parties have been unable to reach agreement on the timing for the briefing and hearing on claim construction. Merial Limited, Merial SAS, The Queen's University of Belfast, and The University of Saskatchewan ("the Declaratory Judgment Defendants")[1] believe that claim construction should take place before fact discovery concludes, while Intervet, Inc. ("Intervet") believes it should occur after the close of both fact and expert discovery. Copies of the parties'

---

[1] Two of the Declaratory Judgment Defendants – The Queen's University of Belfast and The University of Saskatchewan (the "Universities") – have a pending motion to dismiss for lack of subject matter jurisdiction over them. The other two Declaratory Judgment Defendants – Merial Limited and Merial SAS (the "Merial parties") – were, as discussed below, previously in litigation with Intervet in the United States District Court for the Northern District of Georgia over the same patent at issue here.

LEGAL02/30025149v4

1

proposed Scheduling Orders are attached to the Local Civil Rule 16.3(d) Report filed with this Court on July 20, 2006.

## II.     BACKGROUND

### A.     The Prior Georgia Action

In December, 2005, Merial Limited sued Intervet for infringement of U.S. Patent No. 6,368,601 (the "'601 Patent") in the United States District Court for the Northern District of Georgia, Civil Case No. 1:05-cv-3168-CAP (the "Georgia Action").  In the Georgia Action, Merial Limited filed a Motion for Preliminary Injunction, and a hearing on that motion was held on April 24, 2006.  In connection with that Motion, the parties thoroughly briefed and thereafter argued many of the substantive issues that are present in this case in order to address Merial Limited's likelihood of success on the merits.  In opposing Merial's Injunction Motion, Intervet proffered a Declaration of its purported expert Fernando A. Osorio and explicitly briefed claim construction, citing to the Osorio Declaration.  Further, during the litigation of the Georgia Action, it became apparent that (i) only a handful of claims in the '601 patent are in issue; (ii) these claims are not lengthy; (iii) only a few of the terms in these claims are at issue; and (iv) the parties have well developed positions, briefs and expert opinion evidence on these claim terms.

While Merial Limited's Motion for a Preliminary Injunction was pending, Intervet filed a Motion to Dismiss or to Transfer the Georgia Action on April 11, 2006.  On the same day, Intervet filed its Complaint for Declaratory Judgment in this Court.  The Georgia Action was dismissed without prejudice on April 27, 2006, based on the Court's findings that Merial Limited

lacked standing to sue. The parties are now litigating in this Court the same dispute that was the subject of the Georgia Action.

### B.     The Action Before This Court

In this action, the same parties are litigating the same patent claims that they litigated in the Georgia Action. Just as the merits of the Georgia Action turned largely on claim construction so too does this action, and the parties well developed positions on the merits – and the evidence in support of those positions – should be the same here as they were in the Georgia Action. The Declaratory Judgment Defendants believe that an early claim construction would benefit the interests of justice and streamline this case; Intervet proposes a much later claim construction, i.e., one that takes place after the close of all discovery and which thus permits no discovery to take place after the parties learn the Court's position on claim construction.

## III.    AUTHORITIES

### A.     Claim Construction Generally

Claim construction is the process by which the meanings of terms in the claims of a patent are determined. In *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996), the Supreme Court held that claim construction is an issue of law to be determined by the courts. Since then, claim construction has been one of the key issue in patent infringement suits. *See* Federal Circuit Bar Association*, Patent Litigation Committee Markman Project; Guidelines for Patent Claim Construction Post-Phillips, The Basics of a "Markman" Hearing*; May 2006, a copy of which is attached as Exhibit A ("*Markman Guidelines*").

In the 2005 *en banc Phillips* decision, the Federal Circuit affirmed many of the existing claim construction procedures and clarified others. *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed.

Cir. 2005). The *Phillips* Court examined the relative importance and role of the tools that courts use to construe claims, and spoke to the role of courts in the claim construction process. *Id.* at 1312-1324. Subsequent to *Phillips*, the Federal Circuit Bar Association Patent Litigation Committee Markman Project published its *Markman Guidelines*. The *Markman Guidelines* discuss at length the timing of claim construction in a patent infringement suit and provide a number of factors to consider in order to determine the timing of claim construction. Here, consideration of those factors dictates that early claim construction is appropriate.

### B. Timing of Claim Construction

Claim construction may occur at various stages of a case, including before substantial discovery has occurred, while discovery is ongoing, or at any point up to the submission of the case to the jury or a decision from the bench. *Markman Guidelines* at 3. Because district courts have flexibility with regard to the timing of claim construction, the claim construction process varies from one district court to another. *See Markman Guidelines* at 3.

#### 1. Early Claim Construction is Generally Favored

Many district courts have adopted local patent rules that control the timing of the claim construction process. For example, the United States District Courts for the Eastern District of Texas, the Northern District of California, and the Northern District of Georgia, among others, have adopted local patent rules that initiate disclosures and briefing on claim construction shortly after the initial scheduling conference and that permit Courts to render their claim construction rulings while discovery is ongoing.[2] *The Markman Guidelines* discuss a number of other factors

---

[2] *See United States District Court for the Easter District of Texas, Patent Rules, available at* http://txeduscourts.gov/.; *United States District Court for the Northern District of California, Patent Local Rules, available at* http://www.cand.uscourts.gov/.; *United States District Court for the Northern District of Georgia,*

which may affect the appropriate timing of claim construction in cases where it is not predetermined by local patent rules. Many of these factors are relevant here, and virtually all of them mitigate in favor of an early *Markman* ruling.

### 2. Early Claim Construction is Especially Appropriate in This Action

The majority of factors discussed in the Guidelines favor an early claim construction in this case. *First*, the limited number of patents and claim terms should be considered. Here, there is only one patent at issue with relatively few claims that need construction. Thus, this factor weighs in favor of an early construction. *See Markman Guidelines* at 7 (stating that multiple patents and/or multiple claims in need of construction may favor delaying claim construction). *Second*, the claims of patent-in-suit are short, clear, and many are defined in the specification. It is therefore unlikely that the Court will need to consider much, if any, extrinsic evidence to construe the claims. These factors also weigh heavily in favor of early claim construction. *Id.* at 4-7. *Third*, this action is unique because the parties have already developed and argued significant portions of their respective cases in the Georgia Action in connection with Merial Limited's Motion for Preliminary Injunction. The fact that the parties have developed the record and identified the issues in a dispute weighs heavily in favor of early claim construction. *Id.* at 4.

When early claim construction is appropriate, it provides the parties and Court with a number of benefits that can streamline a case. As became apparent in the Georgia Action, claim construction is the central issue here, and this case should turn on this Court's claim construction. When claim construction may be dispositive of the case, an early claim construction has the obvious benefit of conserving the resources of the Court and the parties. *Id.*

---

*Patent Local Rules*, available at http://www.gand.uscourts.gov/.

LEGAL02/30025149v4

at 4, 8.  Even if claim construction were not dispositive, it likely will narrow the issues in the case.  *Id.* at 8.  Again, narrowing issues early in the case conserves resources, because an early claim construction may "provide guidance to the parties as to which issues are significant and what evidence is needed for discovery and/or at trial."  *Id.* at 4.  Additionally, in many cases an early claim construction enhances the potential for settlement, avoiding the need for a full trial on the merits.  *Id.* at 4, 8.

This dispute involves only one patent, and the claims of that patent are clear, relatively short, and their construction will not require the consideration of much, if any, extrinsic evidence.  In this situation, and especially because the parties also have already developed the merits of their cases to a significant degree – including the identification of the claims at issue and the claim terms that require construction – an early claim construction process is appropriate.

Respectfully submitted, this 27th day of July, 2006.

/s/ *Timothy A. Ngau*
ALSTON & BIRD, LLP
Timothy Ngau
DC Bar No. 339333
950 F Street, NW
Washington, DC 20004
Phone: 202-756-3300
Fax: 202-756-3333

Judy Jarecki-Black, Ph.D.
Merial Limited
3239 Satellite Blvd.
Duluth, GA 30096-4640
Tel.: (678) 638-3805
Fax: (678) 638-3350

Thomas J. Kowalski
Steven M. Amundson
DC Bar No. 412196
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, New York 10151
Tel.: (212) 588-0800
Fax: (212) 588-0500

Frank G. Smith, III
Robert L. Lee
J. Patrick Elsevier, Ph.D.
Elizabeth K. Haynes
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel.: (404) 881-7000
Fax: (404) 881-7777

*Counsel for Merial Limited, Merial SAS, The Queen's University of Belfast, and The University of Saskatchewan*

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET, INC.,<br>　　　Plaintiff,<br><br>　　　v.<br><br>MERIAL LIMITED; MERIAL SAS;<br>THE QUEEN'S UNIVERSITY OF<br>BELFAST; and UNIVERSITY OF<br>SASKATCHEWAN,<br>　　　Defendants. | Civil Action No. 1:06-cv-00658 (HHK) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 27th day of July 2006, I filed the foregoing

NOTICE OF AUTHORITIES IN SUPPORT OF THE DECLARATORY JUDGMENT

DEFENDANTS' PROPOSED SCHEDULING via the Court's CM/ECF system, which

constitutes service upon:

**Counsel for Intervet, Inc.**

John R. Hutchins
Kenyon & Kenyon
1500 K Street, N.W.
Suite 700
Washington, DC 20005-1257

　　　　　　　　　　　　　　　　/s/ *Timothy A. Ngau*
　　　　　　　　　　　　　　　　ALSTON & BIRD, LLP
　　　　　　　　　　　　　　　　Timothy A. Ngau
　　　　　　　　　　　　　　　　DC Bar No. 339333
　　　　　　　　　　　　　　　　950 F Street, NW
　　　　　　　　　　　　　　　　Washington, DC  20004
　　　　　　　　　　　　　　　　Phone: 202-756-3300
　　　　　　　　　　　　　　　　Fax: 202-756-3333

　　　　　　　　　　　　　　　　*Counsel for Merial Limited, Merial SAS, The
　　　　　　　　　　　　　　　　Queen's University of Belfast, and University
　　　　　　　　　　　　　　　　of Saskatchewan*

LEGAL02/30025149v4

1