UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>MERIAL LIMITED; MERIAL SAS; THE QUEEN'S UNIVERSITY OF BELFAST; and UNIVERSITY OF SASKATCHEWAN,<br><br>    Defendants. | Civil Action No. 1:06-cv-00658 (HHK) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
THE DECLARATORY JUDGMENT DEFENDANTS'
MOTION TO REALIGN THE PARTIES**

**I.    INTRODUCTION**

Declaratory Judgment Defendants[1] should be the named plaintiffs in this action and Intervet Inc. ("Intervet") should be named defendant. Such realignment of the parties is appropriate because this is not a typical declaratory judgment case in which an alleged patent infringer has been threatened with litigation and must take steps to protect its interests. Rather, Merial Limited first sued Intervet for infringement of United States Patent No. 6,368,601 (the "'601 Patent") – the patent-in-suit – in December, 2005. Only months later, in April, 2006, did Intervet file this Declaratory Judgment action involving the same patent in an attempt to deny Merial Limited and Merial SAS their "natural" role as plaintiffs in this dispute.

---

[1] Merial Limited, Merial SAS, The Queen's University of Belfast, and The University of Saskatchewan are herein collectively referred to as the "Declaratory Judgment Defendants." The Queen's University of Belfast and The University of Saskatchewan ("the Universities") join in this motion to realign the parties in this case without prejudice to the positions taken by the Universities in their Motion to Dismiss and their defense of lack of subject matter jurisdiction.

LEGAL02/30004512v1

The Declaratory Judgment Defendants, which include Merial Limited and Merial SAS as the only parties asserting affirmative patent infringement claims, are the natural plaintiffs in this action. All of the claims that Intervet has brought as part of its declaratory judgment action are merely defenses to the Declaratory Judgment Defendants' patent infringement claims. Realigning the parties to their proper positions – with Merial Limited and Merial SAS as named plaintiffs and Intervet as named defendant – would make clear the true posture of this case, streamline the case, allow for a more logical and efficient presentation of evidence at trial, and best serve the interests of justice.

## II.   STATEMENT OF FACTS

On December 15, 2005, Merial Limited filed suit against Intervet in the United States District Court for the Northern District of Georgia for infringement of the '601 Patent, Civil Case No. 1:05-cv-3168-CAP ("the "Georgia Action").[2] On April 11, 2006, Intervet filed a motion to transfer or to dismiss the Georgia Action for lack of standing to sue.[3] On the same day, Intervet also filed its Complaint for Declaratory Judgment in this Court over the same dispute over the same patent. While the Declaratory Judgment Defendants had each operated with the understanding that Merial Limited had the right to enforce the '601 Patent, the Court in the Georgia Action disagreed, and dismissed the Georgia Action without prejudice on April 27, 2006. *See Merial Ltd. v. Intervet Inc.*, 430 F. Supp. 2d 1357 (N.D. Ga. 2006). Thus, there can be

---

[2] 2005 WL 3776397 (Trial Pleading: Complaint for Patent Infringement and Demand for Jury Trial (N.D. Ga. Dec. 15, 2005)). Merial Limited was the original plaintiff in the Georgia Action, and Merial SAS was added as a party plaintiff in order to cure any defects in prudential standing that might have existed prior to the filing of an Answer by Intervet. *See* 2006 WL 1389364 (Trial Pleading: Amended Complaint for Patent Infringement and Demand for Jury Trial (N.D.Ga. Apr. 17, 2006).
[3] 2006 WL 1678847 (Trial Motion, Memorandum and Affidavit; Memorandum in Support of Intervet's Motion to Dismiss Or, in the Alternative, to Transfer (N.D. Ga. Apr. 11, 2006).

LEGAL02/30004512v1

2

no dispute that one of the Declaratory Judgment Defendants, i.e., Merial Limited, was the first to initiate litigation against Intervet over the '601 Patent.

### III.   ARGUMENT

#### A.   This Court has Discretion to Realign the Parties.

It is well established that federal district courts have the authority to realign the parties before them. The Supreme Court has said that it is the "duty" of the federal courts to "'look beyond the pleadings and arrange the parties according to their sides in a dispute.'" *City of Indianapolis v. Chase Nat'l Bank of City of N.Y.*, 314 U.S. 63, 69 (1941) (quoting *Dawson v. Columbia Trust Co.*, 197 U.S. 178, 180, 25 S.Ct. 420, 421, 49 L.Ed. 713 (1905)); *see also Lloyd v. Pendleton Land & Exploration, Inc.*, 22 F.3d 623, 625 (5th Cir. 1994) (stating that the "[a]lignment of the parties lies in the sound discretion of the court"). Although courts often realign parties for purposes of deciding whether diversity jurisdiction exists, courts also realign parties in a variety of circumstances, including cases where the natural plaintiff in a dispute is named as a defendant in a declaratory judgment action. *See, e.g., TI Group Auto. Sys., Inc. v. VDO N. Am., L.L.C.*, 375 F.3d 1126, 1132 (Fed. Cir. 2004); *BMC Res., Inc. v. Paymentech, L.P.*, No. 3-03-CV-1927-M, 2006 WL 306289, at *1 (N.D. Tex. Feb. 9, 2006); *Plumtree Software, Inc. v. Datamize LLC,* No. C-02-5693 VRW, slip. op. (N.D. Cal. Oct. 6, 2003) (attached as Exhibit A). Thus, courts examine the propriety of declaratory judgment actions and "realign the parties to reflect the actual controversy underlying the action." *BASF Corp. v. Symington*, 50 F.3d 555, 557 (8th Cir. 1995) (citing *Pub. Serv. Comm'n v. Wycoff Co., Inc.,* 344 U.S. 237, 248 (1952); *see also St. Paul Mercury Ins. Co. v. Lexington, Ins. Co.,* 888 F. Supp. 1372, 1376 (S.D.

Tex. 1995) (realigning parties "to better represent the real claims and interests in the case");

*Schendiman Partners, LLC v. Hurt,* 71 F. Supp. 2d 983, 988 n.4 (D. Neb. 1999) ("In determining the propriety of a declaratory judgment action in circumstances like those presented in this case, the court will realign the parties to reflect the actual controversy underlying the action and determine who is the natural plaintiff.") (citation and quotation omitted).

    B.    **The Court Should Realign The Parties In This Case.**

        1.    **The Declaratory Judgment Act Was Not Intended to Address Disputes of This Nature.**

The Declaratory Judgment Act (the "Act"), as it pertains to patents, was intended to address situations in which:

> [a] patent owner engages in a *danse macabre*, brandishing a Damoclean threat with a sheathed sword… Guerrila-like, the patent owner attempts extra-judicial patent enforcement with the scare-the-customer-and-run tactics that infect the competitive environment of the business community with uncertainty and insecurity… Before the Act, competitors victimized by that tactic were rendered helpless and immobile so long as the patent owner refused to grasp the nettle and sue. After the Act, those competitors were no longer restricted to an *in terrorem* choice between the incurrence of a growing potential liability for patent infringement and abandonment of their enterprises; they could clear the air by suing for judgment that would settle the conflict of interests.

*EMC Corp. v. Norand Corp.*, 89 F.3d 807, 814-15 (Fed. Cir. 1996) (quoting *Arrowhead Indus. Water, Inc., v. Ecolochem, Inc.*, 846 F.2d 731, 734-35 (Fed. Cir. 1988). The purpose of the Act is to enable a party that has been threatened with patent infringement to initiate resolution of that dispute rather than awaiting "the commencement of legal action" by the patentee. *EMC Corp.*, 89 F.3d at 815 (quoting *BP Chems. Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 977 (Fed. Cir.

1993)). Such is not the case here since Intervet filed its declaratory judgment action months after Merial Limited had initiated litigation over Intervet's infringement of the '601 Patent. Thus, when it filed this action, Intervet was not under the cloud of potential litigation that a patentee had threatened but not initiated. Because Intervet already had a forum in which its rights would be adjudicated at the time it filed its action, this is not a situation that the Declaratory Judgment Act was intended to address.

In cases in which declaratory judgment actions were filed for purposes other than those for which the Act was intended, courts have declined jurisdiction over the declaratory judgment actions because doing otherwise would "creat[e] an incentive structure…inconsistent with the public interest in preserving declaratory proceedings for cases closer to the central objectives of declaratory proceedings. . . ." *EMC Corp.*, 89 F.3d at 814. Specifically, declaratory judgment suits have been dismissed when they were filed as preemptory strikes or merely to deprive a true plaintiff of its choice of forum. *See Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 10 F.3d 425, 431 (7th Cir. 1993) (stating "a suit for declaratory judgment aimed solely at wresting the choice of forum from the 'natural' plaintiff will normally be dismissed"); *see also BASF Corp. v. Symington*, 50 F.3d 555, 558-59 (8th Cir. 1995). The relief the Declaratory Judgment Defendants request from this Court is much less drastic. The Declaratory Judgment Defendants ask not that the jurisdiction over this action be denied or that the case be dismissed or transferred, but merely that the parties be realigned so they may resume their natural positions in this dispute.

In summary, Intervet filed this declaratory judgment action not because its business was "infect[ed]" with "uncertainty and insecurity." *See EMC Corp.*, 89 F.3d at 814-15. Indeed, at

the time Intervet filed suit, it had already been sued for infringement of the '601 Patent. The Court should therefore realign the parties to reflect the actual controversy underlying this action, i.e., infringement of the '601 Patent by Intervet, with Intervet named as the defendant and the parties asserting patent infringement – Merial Limited and Merial SAS – named as the plaintiffs.

### 2. Merial Was The First To File.

Merial Limited originally sued Intervet for infringement of the '601 Patent in Georgia, where Merial Limited is based.[4] Although the Georgia Court dismissed that action based on a finding that Merial Limited did not have standing to sue, Merial Limited had a reasonable, good faith belief that it had standing to sue Intervet at the time it filed the Georgia Action, and thereafter believed, in good faith, that any deficiency in prudential standing could be cured. The Georgia Court confirmed the bona fides of Merial Limited's conduct in bringing suit when it denied Intervet's Motion for attorneys' fees and found that "Merial and its counsel also did not unreasonably and vexatiously multiply the proceedings or otherwise act in bad faith." *Merial Ltd. v. Intervet Inc.*, -- F. Supp. 2d --, 2006 WL 1946412, at *2 (N.D. Ga. July 10, 2006). Thus, Merial Limited was the first to file suit with respect to infringement of the '601 Patent.

The fact that a defendant in a declaratory judgment action was actually the first to file suit over the dispute, weighs heavily in favor of realignment of the parties. *See, e.g., Plumtree Software, Inc. v. Datamize LLC,* No. C-02-5693 VRW, slip. op. (N.D. Cal. Oct. 6, 2003) (realigning parties so declaratory judgment defendant, who first filed regarding the patent

---

[4] *See* 2005 WL 3776397 (Trial Pleading: Complaint for Patent Infringement and Demand for Jury Trial (N.D. Ga. Dec. 15, 2005)); 2006 WL 1389364 (Trial Pleading: Amended Complaint for Patent Infringement and Demand for Jury Trial (N.D. Ga. Apr. 17, 2006)).

infringement at issue, could resume its position as plaintiff).  Conversely, in declaratory judgment actions involving patent infringement in which courts have declined to realign the parties, the primary consideration is often that the patentee either had not filed suit or had filed suit but later voluntarily dismissed its suit.  *See Ericsson Inc. v. Harris Corp.*, No. CIV A3:98CV2903D, 1999 WL 604827, at *2 (N.D. Tex. Aug. 11, 1999) (declining to realign parties where Harris engaged in inequitable conduct and voluntarily dismissed its suit so it could assert counterclaims in the declaratory judgment action)*; see also Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.,* No. C 03-01431 SBA (EDL), 2006 WL 1646110, at *3 (N.D. Cal. June 12, 2006) (distinguishing *Plumtree* and declining to realign parties, citing the lack of a previously filed suit over the same dispute by the patentee-defendant)*; GMIS, Inc. v. Health Payment Review, Inc.*, Civ. A. No. 94-576, 1995 WL 33101, at *2 (E.D. Pa. Jan. 21, 1995) (declining to realign parties where patentee had not sued to enforce its patent).   In short, the fact that Merial Limited sued first to enforce its patent rights weighs heavily in favor of realigning the parties in this action.

      3.      **Merial Is The Natural Plaintiff.**

Where one party is claiming injury by another, the party claiming injury is the "natural plaintiff."  *BASF Corp. v. Symington*, 50 F.3d 555, 557 (8th Cir. 1995).  Even where there may be "actual and substantial ancillary or secondary issues to the primary issue, the parties should be aligned in accordance with the primary issue in an action."  *U.S. Fid. & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992).

The primary dispute in this action is Merial's assertion of patent infringement claims against Intervet. *See* 6 Donald D. Chism *Chism on Patents* § 19.01 (1), at 19-14 (1993) ("In traditional terms, infringement constitutes the case-in-chief of the patent owner.") All of Intervet's claims in this action are affirmative defenses that were asserted by it in the Georgia Action and are generally considered defenses in any action involving the infringement of a patent. *See* 35 U.S.C. § 282 (designating noninfringement, unenforceability, and invalidity as defenses to patent infringement). Merial Limited's and Merial SAS' affirmative position makes them the natural plaintiffs in this suit, while Intervet's defensive position makes it the natural defendant. *See Plumtree Software, Inc. v. Datamize LLC,* No. C-02-5693 VRW, slip. op. at 7-8 (N.D. Cal. Oct. 6, 2003). Accordingly, the parties should be realigned to resume their natural positions on the primary issue in this action.

### 4. Realigning The Parties Would Restore The Natural Order And Would Allow For A More Logical Presentation Of The Evidence.

"[I]n a typical patent infringement declaratory judgment case where the plaintiff seeks a holding of non-infringement, the patent holder retains the burden of proof despite being the nominal defendant." *MedImmune, Inc. v. Centocor, Inc.*, 271 F. Supp. 2d 762, 769 (D. Md. 2003); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g., Inc.*, 200 F.3d 795, 802 (Fed. Cir. 1999) ("in patent cases, 'courts have generally recognized that any role reversal occasioned by declaratory relief should not shift the burden of proof from the manner in which it would be assigned in a coercive infringement suit'")(quoting 12 James Wm. Moore, *Moore's Federal Practice* ¶ 57.62[2][d] (3d ed. 1997)).

Because the Declaratory Judgment Defendants bear the burden of proof on the primary issue in this dispute, proceeding with the infringement case first at trial would result in a more logical presentation of the evidence and would facilitate juror comprehension. Allowing Intervet to open its case by trying to show that it does not infringe the '601 Patent or that the '601 Patent is invalid would put the cart before the horse and invite confusion on the part of the jury. In order to streamline this case and to allow it to proceed in the most logical manner, the parties should be realigned.

## IV.   CONCLUSION

For the foregoing reasons and on the authorities cited, the Declaratory Judgment Defendants respectfully request that the Court realign the parties such that the Declaratory Judgment Defendants proceed as plaintiffs (subject to the Universities' Motion to Dismiss) and Intervet proceeds as the defendant.

Respectfully submitted, this 27th day of July, 2006.

/s/ *Timothy A. Ngau*
ALSTON & BIRD, LLP
Timothy Ngau
DC Bar No. 339333
950 F Street, NW
Washington, DC 20004
Phone: 202-756-3300
Fax: 202-756-3333

Judy Jarecki-Black, Ph.D.
Merial Limited
3239 Satellite Blvd.
Duluth, GA 30096-4640
Tel.: (678) 638-3805
Fax: (678) 638-3350

Thomas J. Kowalski
Steven M. Amundson
DC Bar No. 412196
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, New York 10151
Tel.: (212) 588-0800
Fax: (212) 588-0500

Frank G. Smith, III
Robert L. Lee
J. Patrick Elsevier, Ph.D.
Elizabeth K. Haynes
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel.: (404) 881-7000
Fax: (404) 881-7777

*Counsel for Merial Limited, Merial SAS, The Queen's University of Belfast, and The University of Saskatchewan*