UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>MERIAL LIMITED; MERIAL SAS; THE QUEEN'S UNIVERSITY OF BELFAST; and UNIVERSITY OF SASKATCHEWAN,<br><br>    Defendants. | Civil Action No. 1:06-cv-00658 (HHK) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DECLARATORY JUDGMENT DEFENDANTS'
MOTION FOR ENTRY OF A PROTECTIVE ORDER**

**I.     INTRODUCTION**

Entry of a protective order is customary in patent infringement cases (particularly where competitors are among the litigants) and can usually be accomplished by agreement of the parties. In this case, even though all parties agree that a protective order similar to the one attached as Exhibit A to the accompanying motion is appropriate, a dispute exists because Intervet insists on excluding in-house attorneys – including counsel of record – from access to information expected to be produced.

**II.    BACKGROUND**

    **A.     The Parties' Attempts to Negotiate a Protective Order.**

In December 2005, Merial Limited sued Intervet in the United States District Court for the Northern District of Georgia for infringement of U.S. Patent No. 6,368,601 (the "'601 Patent"). On April 11, 2006, Intervet filed its Complaint for Declaratory Judgment in this Court over the same dispute. The parties are now litigating the dispute over the '601 Patent in this

LEGAL02/30015015v4

Court, and have conferred pursuant to Local Civil Rule 16.3(c)(8) regarding the need for a protective order.

The parties are in agreement that a protective order is necessary. Initially, the Declaratory Judgment Defendants[1] proposed a 2-tiered protective order, including designations of materials as "Confidential" and "Attorneys' Eyes Only," while Intervet proposed a 3-tiered order, the third tier of which was designated "Litigation Counsels' Eyes Only." To compromise, the Declaratory Judgment Defendants accepted Intervet's proposal for a third tier. However, the parties have been unable to reach an agreement on the issue of whether in-house counsel for Merial Limited and Merial SAS (collectively "Merial"), Dr. Judy Jarecki-Black (who is also counsel of record) should have access to the Intervet's information labeled "Litigation Counsels' Eyes Only".

    **B.**    **Dr. Jarecki-Black's Role In The Litigation.**

As set forth in the Declaration of Dr. Jarecki-Black attached as Exhibit B to the accompanying motion, she is Global Head of Intellectual Property for Merial and is responsible for coordinating all patent legal matters for all Merial companies. Jarecki-Black Decl. at ¶¶ 1, 3. Merial requires her active participation in all patent litigation matters in which any Merial company is a party, which includes her being an attorney of record in U.S. patent litigation matters. *Id.* at ¶ 3. Dr. Jarecki-Black represents and advises Merial on patent and legal strategy, including the litigation and settlement of legal matters, and is the interface for all outside counsel on patent matters to Merial. *Id.*

---

[1] The Queen's University of Belfast and The University of Saskatchewan have filed a motion to dismiss Intervet's complaint against them and appear here subject to that motion and their defense of lack of subject matter jurisdiction over this dispute as it pertains to them.

LEGAL02/30015015v4

2

Dr. Jarecki-Black's responsibilities within Merial end with her role as patent counsel. Dr. Jarecki-Black does not participate in any of Merial's business decisions. *Id.* at ¶ 6. She does not participate in, nor does she counsel on, any decisions regarding the pricing or design of any Merial product. Dr. Jarecki-Black is not involved in the development of Merial products. *Id.* Dr. Jarecki-Black has no role in any sales or competitive decision making within Merial. *Id.*

In the context of other litigations and business dealings, Intervet has supplied confidential business information to Merial without restricting Dr. Jarecki-Black's access. *Id.* at ¶ 4. To Merial's knowledge, there has never been even a suggestion that Dr. Jarecki-Black has deliberately or accidentally failed to comply with any protective order or agreement not to disclose materials in any matter. *Id.* at ¶ 4.

The subject of this litigation is Intervet's infringement of the '601 Patent. The subject of the '601 Patent is a "Porcine Circovirus Vaccine, Type 2, Killed Baculovirus Vector." The '601 Patent issued April 9, 2002, and claims priority from a patent application filed October 3, 1997. Thus, the '601 patent portfolio is fairly mature, at nine years old. The technology and invention that are at the center of this action are well-established at this point. Both parties have developed and sold their related products. The information that Merial will seek from Intervet is that which goes to establish the extent to which Intervet's products overlap the subject of the '601 Patent, i.e., the details and extent of Intervet's infringement.

III. **ARGUMENT AND AUTHORITIES**

A. **Dr. Jarecki-Black Should Not Be Excluded From "Litigation Counsels' Eyes Only" Information Based On Her Status As In-house Patent Counsel.**

Courts have uniformly found that it is improper to deny an attorney of record access to "confidential" or "attorneys' eyes only" information pursuant to a protective order because of the attorney's in-house status. *See Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465 (9th Cir. 1992); *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1467-68 (Fed. Cir. 1984); *Glaxco, Inc. v. Genpharm Pharm., Inc.,* 796 F. Supp. 872 (E.D.N.C. 1992); *Boehringer Ingelheim Pharm., Inc. v. Hercon Lab. Corp.*, 18 U.S. P. Q. 2d 1166 (D. Del. 1990). The U.S. Court of Appeals for the Federal Circuit has specifically held that "access to confidential information could not be denied solely because of in-house status." *Matsushita Elec. Indus. Co. v. United States*, 929 F.2d 1577, 1579 (Fed. Cir. 1991) (restating this holding in *U.S. Steel*, *730 F.2d* at 1469). The Federal Circuit reasoned that "[d]enial or grant of access . . . cannot rest on a general assumption that one group of lawyers are more likely or less likely inadvertently to breach their duty under a protective order." *U.S. Steel*, *730 F.2d* at 1468. The Court found that:

> [l]ike retained counsel, . . . in-house counsel are officers of the court, are bound by the same Code of Professional Responsibility, and are subject to the same sanctions. In-house counsel provide the same services and are subject to the same type of pressures as retained counsel. The problem and importance of avoiding inadvertent disclosure is the same for both.

*Id.* Here, Intervet has offered no factual basis to exclude Dr. Jarecki-Black from having access to any materials exchanged in discovery, other than her status as in-house counsel for Merial. As noted above, Dr. Jarecki-Black's status as in-house counsel is not, in and of itself, a sufficient reason to deny her access to materials under the protective order.

### B.     Dr. Jarecki-Black Does Not Participate in Competitive Decisionmaking.

The Federal Circuit found in *U.S. Steel* that relevant inquiry into whether counsel should be excluded from access to confidential information relates to the likelihood that she will be involved in an inadvertent disclosure of the confidential material, and "the factual circumstances surrounding each individual counsel's activities, association, and relationship with a party. . . ." *U.S. Steel*, 730 F.2d at 1468. One factor considered by courts in deciding whether an attorney is likely to be involved in an inadvertent disclosure, and therefore denied access to certain materials in a case, is that counsel's participation in, or role in giving advice regarding, "competitive decisionmaking." *Id.*; *Matsushita*, 929 F.2d 1577, 1579. "Competitive decisionmaking," is defined as "shorthand for a counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor." *U.S. Steel*, 730 F.2d at n.3; *Matsushita*, 929 F.2d 1577, 1579.

Dr. Jarecki-Black is not involved in the type of "competitive decision making" at Merial which would warrant excluding her from access to materials under the protective order. Jarecki-Black Decl. at ¶ 6. As described above, Dr. Jarecki-Black does not participate in, nor counsel Merial on, the pricing, design, or development of Merial's products. *Id.* Dr. Jarecki-Black's role within Merial is limited to patent and related legal matters, and she has no role in business decisions or decisions that relate to sales or competition. *Id.* Accordingly, Dr. Jarecki-Black does not participate in the type of activities that courts have indicated may exclude her from access to materials in this case.

### C. Dr. Jarecki-Black Needs Access to All Information in Order to Adequately Advise Her Client, Merial.

Dr. Jarecki-Black is Merial's primary counsel for all of its patent litigation matters. Jarecki-Black Decl. at ¶ 3. Dr. Jarecki-Black is the interface for all outside counsel and generally manages all of Merial's patent litigation. *Id.* She is a crucial member of any litigation team representing Merial, but she will not be able to advise her client adequately on all matters, including settlement, without access to all information that is available in the case.

### D. Specific Provisions in the Declaratory Judgment Defendants' Proposed Protective Order Guard Against Inadvertent Disclosure.

Dr. Jarecki-Black is an officer of the court, subject to the same code of professional responsibility as any other attorney in this action. Jarecki-Black Decl. at ¶ 1. Even so, the Declaratory Judgment Defendants have included in the Protective Order extra safeguards to protect against any inadvertent disclosure of confidential materials.

"Meaningful increments of protection are achievable in the design of a protective order." *U.S. Steel*, 730 F.2d at 1468. Here, as an additional precaution, the Declaratory Judgment Defendants have added a layer to the Protective Order which controls where certain materials can be stored. Specifically, hard copies of documents designated as "Litigation Counsels' Eyes Only" may not be stored at any offices or other premises of any party, and electronic copies of documents designated as "Litigation Counsels' Eyes Only" may not be generally stored or accessible on the network hard drive of any party. Exhibit A, at ¶ 9. Under such provisions, materials marked "Litigation Counsels' Eyes Only" would be strictly contained to the extent they are ever present on any Merial (or Intervet) premises, leaving very little room for any inadvertent or accidental disclosure.

Additionally, because Dr. Jarecki-Black is not involved in any competitive decisionmaking at Merial Limited or Merial SAS, she is not in a situation in which she might inadvertently use information gained in this case for competitive purposes. With this double barrier to the inadvertent disclosure of any confidential information disclosed in the course of discovery in this action, the exclusion of Dr. Jarecki-Black from access to any documents in this case would be improper.

## IV. CONCLUSION

For the foregoing reasons and on the authorities cited, the Declaratory Judgment Defendants respectfully move this Court for entry of Declaratory Judgment Defendants' Proposed Protected Order attached to the accompanying motion as Exhibit A.

Respectfully submitted, this 28th day of July, 2006.

/s/ *Timothy A. Ngau*
ALSTON & BIRD, LLP
Timothy Ngau
DC Bar No. 339333
950 F Street, NW
Washington, DC 20004
Phone: 202-756-3300
Fax: 202-756-3333

Judy Jarecki-Black, Ph.D.
Merial Limited
3239 Satellite Blvd.
Duluth, GA 30096-4640
Tel.: (678) 638-3805
Fax: (678) 638-3350

Thomas J. Kowalski
Steven M. Amundson
DC Bar No. 412196
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, New York 10151
Tel.: (212) 588-0800
Fax: (212) 588-0500

Frank G. Smith, III
Robert L. Lee
J. Patrick Elsevier, Ph.D.
Elizabeth K. Haynes
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel.: (404) 881-7000
Fax: (404) 881-7777

*Counsel for Merial Limited, Merial SAS, The Queen's University of Belfast, and The University of Saskatchewan*