UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>MERIAL LIMITED; MERIAL SAS; THE QUEENS'S UNIVERSITY OF BELFAST; and THE UNIVERSITY OF SASKATCHEWAN,<br><br>    Defendants. | Civil Action No. 1:06-cv-00658 (HHK) |

**DECLARATION OF JUDY JARECKI-BLACK, Ph.D., ESQ.
IN SUPPORT OF DEFENDANTS' MOTION TO ENTER PROTECTIVE ORDER**

Pursuant to 28 U.S.C. § 1746, I, Judy Jarecki-Black, Ph.D., Esq., declare as follows:

1. I am the Global Head of Intellectual Property for Defendants and counterclaim patent infringement Plaintiffs Merial Limited ("Merial Limited") and Merial SAS ("SAS") (collectively "Merial"). I am a registered patent attorney with the United States Patent & Trademark Office ("USPTO"), and am admitted to practice before, and am a member in good standing of, *inter alia*, the Bars of the courts of the States of Georgia and South Carolina, the United States District Court for the Northern District of Georgia, and the Federal Circuit. I am also an attorney of record in the above-captioned action (the "Action") on behalf of Merial, having been admitted to practice *pro hac vice*.

2. I make this Declaration in good faith, in support of the Declaratory Judgment Defendants' Motion For Entry of a Protective Order, and without waiver of any protections afforded by the attorney-client privilege, work product doctrine or any other legally recognized protection from discovery.

### I Am Merial's Counsel Of Choice; My Full Participation is Critical

3. As Global Head of Intellectual Property for Merial, I am responsible for coordinating all patent legal matters for all Merial companies, globally, including instructing all outside counsel on all Merial patent legal matters. Outside counsel on all Merial patent legal matters interfaces with me, directly. My client, Merial, has me take an active role in all patent litigation matters in which any Merial company is a party, including being an attorney of record in US patent litigation matters. I am Merial's counsel of choice for all patent litigation matters in which any Merial company is a party. Merial considers it imperative that I be fully involved in all patent litigation matters in which any Merial company is a party, including having full access to all documents and information produced in the litigation, so that I may duly and fully represent and advise Merial, including as to settlement. Thus, if I am not provided full access to all documents and information produced in the Action, Merial will not be allowed access to all non-privileged information reasonably calculated to lead to the discovery of admissible evidence, and Merial will be seriously disadvantaged in this litigation. Moreover, in all litigated matters in which I have been previously involved, there has never been any restriction on the information to which I have been permitted access.

### Intervet Has Never Before Restricted My Access To Information Or Documents

4. In the context of other litigation and other business dealings, including patent infringement litigation, Intervet has supplied to Merial highly sensitive, highly confidential, information and documents, without restricting access that I may have to that information or those documents. To my knowledge, there has never been even a suggestion that I have deliberately or even accidentally failed to comply with any protective order entered in any

– 2 –

litigation in which I have appeared as counsel of record.

**I Am Not A Competitive Decisionmaker In Or To Merial**

5. Merial Limited is jointly owned by Merck and Co., Inc. and sanofi-aventis; they are Merial Limited's sole shareholders. Merial SAS is a wholly-owned subsidiary of Merial Limited. Decisions within Merial are made by the Management Leadership Team of Merial Limited, headed by the Executive Chairman.

6. In my position as Global Head of Intellectual Property, I do not participate in any of Merial's business decisions. I am not a member of the Management Leadership Team. I hold no decision-making position in Merial SAS. I likewise hold no decision making position within Merck and Co., Inc. Nor do I hold any decision-making position within sanofi-aventis. I am not involved in the pricing of any Merial product. I do not give advice to Merial on the pricing of any Merial product. I am not involved in the design of any Merial product, and do not advise on the design of Merial products. Likewise, I am not involved in and do not advise on the development of Merial products. In short, I do not participate in, or give advice on, any sales or competitive decision making, or product pricing, design, or development. I am not a competitive decisionmaker within or to Merial.

**Information I Receive Cannot Put Merial At Any Competitive Advantage**

7. The subject matter of the Action is infringement of US Patent No. 6,368,601 ("the '601 patent") by Intervet's making, using, selling and offering for sale of its "Porcine Circovirus Vaccine, Type 2, Killed Baculovirus Vector."

8. The '601 patent issued April 9, 2002, and claims priority from a first patent application filed October 3, 1997. Thus, the '601 patent portfolio is nearly 9 years old; and it is a

– 3 –

rather mature, well-developed portfolio. Indeed, numerous patents throughout the world in the '601 patent portfolio have already been granted. In the US, there is only one (1) pending application directly descended from the application from which the '601 patent issued; and the status of that application is that it is allowed. Furthermore, the disclosure in the '601 patent portfolio is fixed; it cannot be expanded or added to. Moreover, in stark contrast to the situation of only just a few years ago, patent prosecution globally - including in the United States - is publicly accessible; and, the public accessibility is nearly instantaneous via the internet. Patent offices tend to post papers filed within one (1) to three (3) days of their filing. Intervet can therefore readily monitor Merial's patent filings throughout the world, via the internet. Thus, any remaining pending applications in the '601 patent portfolio can readily be monitored - in real time - by Intervet.

9. Clearly, in view of the maturity of the '601 patent portfolio, and Intervet's ability to monitor the '601 patent portfolio globally, in real time, Merial cannot gain any competitive advantage from any information I may receive in the Action. Accordingly, there should be no impediment to my access to all documents and information exchanged during discovery.

10. Furthermore, it takes many, many years for an animal vaccine to be developed and approved by governmental regulatory agencies, e.g., the USDA, for sale. For instance, the causative agent of a disease condition must be first identified. Then the causative agent must be investigated to ascertain how it, or a portion of it, may generate protection against the disease condition (without giving rise to the disease condition or other undesired results). Thereafter there must be laboratory trials and field trials to ascertain and demonstrate efficacy - the ability to provide protection against the disease condition – and safety. And a change to a vaccine -

– 4 –

either in development or already approved - can give rise to the need to perform further laboratory and field trials which cause significant delays in implementing any change to a vaccine. Against this background, Merial's Vaccine - CIRCOVAC® - is an already-developed and commercialized inactivated PCV2 vaccine.

11. In view of the significant time it takes to develop a vaccine and to obtain marketing approval for a vaccine or for any change to a vaccine, and because Merial's vaccine is an already-developed and commercialized inactivated PCV2 vaccine, I respectfully assert that nothing that I may learn from discovery in this Action could ever provide any competitive advantage to Merial. Accordingly, there should be no impediment to my access to all documents and information in the Action.

\* \* \*

12. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 28 July 2006

_____
Dr. Judy Jarecki-Black