UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET INC.,<br><br>   *Plaintiff*,<br><br>  v.<br><br>MERIAL LIMITED, MERIAL SAS, THE QUEEN'S UNIVERSITY OF BELFAST, and UNIVERSITY OF SASKATCHEWAN,<br><br>   *Defendants*. | Civil Action No. 1:06-cv-00658 (HHK) |

## PLAINTIFF INTERVET'S OPPOSITION TO DEFENDANTS' MOTION TO REALIGN THE PARTIES

Plaintiff Intervet Inc. ("Intervet") hereby opposes Defendants Merial Limited's, Merial SAS's, The Queen's University of Belfast's and the University of Saskatchewan's (collectively "Defendants") motion to realign the parties. Realignment is unwarranted because Intervet bears the burdens of proof on the critical issues of invalidity and unenforceability of the patent-in-suit, U.S. Patent No. 6,368,601 ("'601 patent"). The fact that Defendants bear the burden of proof on infringement does not make them a more natural plaintiff in this action. Further, the present declaratory judgment action is without doubt the first properly-filed action between the relevant parties, and thus Intervet—not Defendants—is the proper plaintiff. Intervet was forced by Defendants' maneuverings in the Northern District of Georgia to bring the present declaratory judgment action in this district in order to properly establish jurisdiction over all owners of the patent. Finally, the requested realignment of the parties would not help the logical procession of this case. Intervet is the proper and natural plaintiff in this action and Defendants' motion to realign the parties should be denied.

## TABLE OF CONTENTS

                                                                                            **Page**

STATEMENT OF FACTS ................................................................................................. 1

ARGUMENT ..................................................................................................................... 2

I.    Intervet Bears the Greater Burdens of Proof on Critical Issues
       in this Action .................................................................................................. 4

II.   Intervet Was the First to File a Proper Action ................................................. 5

III.  The Declaratory Judgment Act Is Intended to Address Disputes of
       the Present Nature .......................................................................................... 7

IV.  Logical Presentation of the Evidence in the Case Is Accomplished
       Without Realignment of the Parties ................................................................ 8

CONCLUSION ...................................................................................................................9

## TABLE OF AUTHORITIES

**Cases**                                                                                                               **Pages**

\* *Alloc, Inc. v. Unilin Decor N.V.*, No. 02-C-1266, 2005 WL 3448060
(E.D. Wisc. Dec. 15, 2005) .................................................................................. 3, 4, 5

\* *Anheuser-Busch, Inc. v. John Labatt, Ltd.*, 89 F.3d 1339
(8th Cir. 1996) ..................................................................................................... 3, 4, 8

\* *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83 (1993) ...................... 4, 7, 8, 9

*Dishman v. Am. Gen. Assurance Co.*, 193 F. Supp. 2d 1119 (N.D. Iowa 2002) ........... 8

\* *Ericsson, Inc. v. Harris Corp.*, No. CIV A3:98CV2903D, 1999 WL 604827
(N.D. Tex. Aug. 11, 1999) ....................................................................................... 3, 4

\* *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C 03-01431 SBA
(EDL), 2006 WL 1646110 (N.D. Cal. June 12, 2006) ............................................. 3, 4

*GFI, Inc. v. Franklin Corp.*, 265 F.3d 1268 (Fed. Cir. 2001) ......................................... 8

\* *GMIS, Inc. v. Health Payment Review, Inc.*, No. 94-576, 1995 WL
33101 (E.D. Pa. Jan. 21, 1995) ................................................................................... 3

*Kingsdown Med. Consultants, Ltd. v. Hollister, Inc.*, 863 F.2d 867 (Fed. Cir. 1988) (en banc) .... 5

*L-3 Communs. Corp. v. OSI Sys., Inc.*, 418 F. Supp. 2d 380 (S.D.N.Y. 2005) .............. 8

*Merial Ltd. v. Intervet, Inc.*, 430 F. Supp. 2d 1357 (N.D. Ga. 2006) ................... 1, 2, 6, 7

*Plumtree Software, Inc. v. Datamize LLC*, No. C-02-5693 VRW
(N.D. Cal. Oct. 6, 2003) .............................................................................................. 5

*Skogen v. Dow Chem. Co.*, 375 F.2d 692 (8th Cir. 1967) ............................................ 3

*Sunny Fresh Foods, Inc. v. Michael Foods, Inc.*, No. 00-2117 (DSD/JMM),
2002 U.S. Dist. LEXIS 27762 (D. Minn. Apr. 17, 2002) ............................................. 9

*Typeright Keyboard Corp. v. Microsoft Corp.*, 374 F.3d 1151 (Fed. Cir. 2004) ........... 8

*Westvaco Corp. v. Int'l Paper Co.*, 991 F.2d 735 .......................................................... 5

**Statutes**

35 U.S.C. §293 .............................................................................................................. 2, 6

**STATEMENT OF FACTS**

In the predecessor case in the Northern District of Georgia ("Georgia Action"), Merial Limited improperly and unfairly attempted to sue Intervet for patent infringement without including the necessary owners of the patent-in-suit, *i.e.*, The Queen's University of Belfast, the University of Saskatchewan (collectively "the Universities"), and Merial SAS. All ten of the inventors of the '601 patent are affiliated with one of those owners. Thus, the Georgia Action was strategically filed in a manner that could have obstructed Intervet's access to essential parties, witnesses and information. Despite Merial Limited's claims that it was "exclusively licensed" under the '601 patent, the Georgia Court ruled that Merial Limited had no enforceable interest in the '601 patent and that the real owners of the patent were necessary, yet notably absent, parties. *Merial Ltd. v. Intervet, Inc.*, 430 F. Supp. 2d 1357, 1360-64 (N.D. Ga. 2006). In light of Merial Limited's clear lack of standing to bring suit, Intervet moved to dismiss the Georgia Action.

In response to Intervet's motion to dismiss, Defendants struggled to maintain the Georgia Action while still keeping the Universities out of the case.[1] Defendants worked in concert and submitted numerous recently-drafted but allegedly retroactive licenses in a futile attempt to shore up Merial Limited's dubious rights under the patent-in-suit. Merial Limited also submitted declarations from the Universities in an attempt to secure their absence. The Northern District of Georgia, however, rejected these efforts and found the Universities and Merial SAS to be

---

[1] At that point, Merial Limited first indicated a willingness to add Merial SAS, but not the foreign Universities, as a party. This occurred after Intervet filed the present action. The Georgia Court, however, never entered the proposed amended complaint that would have added Merial SAS as a party because that complaint failed to also name the foreign Universities. *Merial*, 430 F. Supp. 2d at 1363 n.4.

necessary parties, and therefore dismissed the Georgia Action for lack of standing. *Merial*, 430 F. Supp. 2d at 1360-64.

Unlike the Georgia Action, this case properly names all necessary parties. Intervet filed this action in this District because it was the only jurisdiction in which the owners of the '601 patent, all of whom were foreign, were subject to personal jurisdiction.[2] 35 U.S.C. § 293. Having the owners listed as parties is not a trivial requirement, since almost all evidence related to the development of the patent-in-suit is possessed by these foreign entities. In this properly-filed action, Intervet seeks a declaratory judgment of invalidity, unenforceability, and noninfringement of the '601 patent. (D.I. 1 at 2.) In response, only Defendants Merial Limited and Merial SAS have asserted a counterclaim against Intervet for infringement of the '601 patent. (D.I. 7 at 6-8.)

## ARGUMENT

The parties to a declaratory judgment action involving patents are very rarely realigned. In fact, according to Lexis records, over 1300 declaratory judgment patent actions have been brought since 1984. Of these over 1300 cases, Defendants cite only five cases in which the parties were realigned so that the declaratory judgment defendant could resume its "natural" position as the plaintiff. (D.I. 28-1 at 3.) Suffice it to say, in the overwhelming majority of these cases the parties are never realigned.[3]

---

[2] In addition to the Universities, the third owner of the '601 patent, Merial SAS, is based in France.

[3] Defendants' argument that this Court has a "duty" to "look beyond the pleadings" and realign the parties is misplaced. The cases that Defendants cite for this "duty" are ones that involve diversity jurisdiction, where alignment of the parties can create or destroy subject matter jurisdiction. (D.I. 28-1 at 3.) In patent cases such as this, where there is federal question subject matter jurisdiction, these considerations and this "duty" are inapplicable.

In the rare instance that a declaratory judgment defendant seeks realignment for tactical purposes, the decision on such a motion lies in the discretionary powers of the district court. *See Anheuser-Busch, Inc. v. John Labatt, Ltd.*, 89 F.3d 1339, 1344 (8th Cir. 1996) (citing *Skogen v. Dow Chem. Co.*, 375 F.2d 692, 704, 706 (8th Cir. 1967)). Nonetheless, courts more often deny such motions to realign in declaratory judgment patent actions. *See, e.g.*, *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C 03-01431 SBA (EDL), 2006 WL 1646110, at *3 (N.D. Cal. June 12, 2006) (denying patentee's motion to realign the parties in a patent declaratory judgment suit); *Alloc, Inc. v. Unilin Decor N.V.*, No. 02-C-1266, 2005 WL 3448060, at *6-*7 (E.D. Wisc. Dec. 15, 2005) (same); *Ericsson, Inc. v. Harris Corp.*, No. CIV A3:98CV2903D, 1999 WL 604827, at *2 (N.D. Tex. Aug. 11, 1999) (same); *GMIS, Inc. v. Health Payment Review, Inc.*, No. 94-576, 1995 WL 33101, at *2 (E.D. Pa. Jan. 21, 1995) (same).[4]

In considering whether to realign a declaratory judgment plaintiff, the courts take into consideration and balance issues such as the relative burdens of proof, equitable considerations including potential forum shopping, whether the case is proper under the Declaratory Judgment Act, and the logical presentation of proofs at trial. *See Fresenius*, 2006 WL 1646110 at *1-*3. Here, none of these considerations weighs in favor of realigning the parties.

---

[4] In their motion, Defendants misstate the holdings of the *Ericsson* and *Fresenius* cases when they assert that in refusing to realign parties "the *primary* consideration is often that the patentee had not filed suit or had filed suit but had voluntarily dismissed its suit." (D.I. 28-1 at 7) (emphasis added). In *Ericsson*, the primary consideration for the court in refusing to realign appears to have been the fact that the party that filed the action had the burden of proof on the issues for which it sought declaratory relief. *Ericsson*, 1999 WL 604827 at *2-*3. In *Fresenius*, failure of the party seeking realignment to file an action first was considered *only after* the court weighed the relative burdens of proof and whether realignment would clarify issues for the jury. *Fresenius*, 2006 WL 1646110 at *1-*3. Instead of a "primary" consideration in that case, whether the party seeking realignment had previously filed suit was only one of the "other arguments" that the court rejected. *Id.* at *3.

**I.      Intervet Bears the Greater Burdens of Proof on Critical Issues in this Action**

"Where both parties in a declaratory judgment case bear burdens of proof, it is proper for a court to deny a motion for realignment." *Fresenius*, 2006 WL 1646110 at *2. Other courts have held similarly. *See, e.g.*, *Anheuser-Busch, Inc.,* 89 F.3d at 1344 (denying a request to realign because both parties bore the burden of proof on distinct counts of their causes of action); *Alloc*, 2005 WL 3448060 at *6 (same). As stated by one court: "[a] court normally will not realign the parties from their original designations unless the plaintiff no longer retains the burden to prove at least one of its claims or if subsequent events in the case significantly shift the ultimate burden of proof from the plaintiff to the defendant." *Ericsson*, 1999 WL 604827 at *2.

Intervet bears the burden of proof on the issues of invalidity and unenforceability alleged in this declaratory judgment action. Thus, as prior courts have held, there is no justification for realigning the parties. *Fresenius*, 2006 WL 1646110 at *2. Defendants, on the other hand, bear the burden of proof only on the issue of infringement. *Id.* Because each party bears the burden of proof on its respective issues and no events in this case have significantly changed or shifted these burdens, no justification exists for realigning the parties and Defendants' motion should be denied on this basis alone.

Similarly, Defendants' attempts to paint Intervet's patent invalidity challenge as an "ancillary or secondary issue" to their charge of patent infringement should be rejected. (D.I. 28-1 at 7-8.) The Supreme Court has expressly held that "[a] party seeking a declaratory judgment of invalidity presents a claim independent of the patentee's charge of infringement." *Cardinal Chem. Co. v. Morton Int'l, Inc*., 508 U.S. 83, 95-103 (1993). Thus, in light of the Supreme Court's holding rejecting the idea that charges of invalidity are merely ancillary to charges of infringement, Defendants' assertion that infringement is the chief issue in this action is incorrect.

4

(D.I. 28-1 at 8.) This is particularly true here because at the July 31 hearing Merial announced it was asserting only 5 of its 35 patent claims against Intervet in this lawsuit. Intervet's claims for a declaratory judgment of invalidity and unenforceability are not so limited and, if successful, could nullify all 35 claims. *See Westvaco Corp. v. Int'l Paper Co.*, 991 F.2d 735, 741 n.3 (affirming a district court's ruling on the validity of non-asserted claims where the declaratory plaintiff received cease-and-desist letters alleging general infringement); *Kingsdown Med. Consultants, Ltd. v. Hollister, Inc.*, 863 F.2d 867, 877 (Fed. Cir. 1988) (en banc) ("When a court has finally determined that inequitable conduct occurred in relation to one or more claims during prosecution of the patent application, the entire patent is rendered unenforceable.").

## II.     Intervet Was the First to File a Proper Action

Much of Defendants' motion is based on their argument that they should be realigned as plaintiffs because they were "first to file." (D.I. 28-1 at 6-7.) However, this case is the first properly-filed action naming all of the parties with rights in the patent, not the Georgia Action. Defendants' reliance on the case of *Plumtree Software, Inc. v. Datamize LLC*, No. C-02-5693 VRW, slip. op. at 11 (N.D. Cal. Oct. 6, 2003) is misplaced. The equities that resulted in realignment of the parties in *Plumtree* simply are not present in this case.

In *Plumtree*, realignment was ordered in part to mitigate the effects of forum-shopping. *See Plumtree* No. C-02-5693 VRW, slip. op. at 11 (D.I. 28-3 at 11); *see also Alloc*, 2005 WL 3448060 at *7 ("The motion [in *Plumtree*] was granted because the court expressly found that Plumtree had engaged in a blatant form of forum shopping.") (internal quotations omitted). Unlike in *Plumtree,* by pursuing the present action in this District, Intervet did not endeavor to gain an undue tactical advantage or deny Defendants their choice of forum. This District was the

5

only district court in which personal jurisdiction could be established over all necessary parties, including the foreign Universities and French-based Merial SAS. *See* 35 U.S.C. § 293. By statute, the District of Columbia is the appropriate forum for this dispute. Contrary to Defendants' assertions, this action was not "an attempt to deny Merial Limited and Merial SAS their 'natural' role as plaintiffs."[5] Had Merial SAS and the foreign Universities been willing to act as named plaintiffs in Georgia, they would not now find themselves as proper defendants in the present action at all.

Moreover, the equities in this case favor maintaining the present alignment of the parties because if any party is attempting to forum shop or manipulate the system here, it is Merial Limited and the other defendants. In spite of not having an enforceable interest in the patent-in-suit, Merial Limited improperly attempted to initiate this case in the Northern District of Georgia, its home district. *Merial*, 430 F.2d at 1360-64. Further, after filing suit in its backyard, Merial Limited then tried to continue that lawsuit even as it actively worked to hide the real parties in interest who could not be sued there. *Id.* These efforts were squarely rejected when the court in the Georgia Action dismissed Merial Limited's suit for lack of standing. *Id.* This Court should likewise not reward Defendants for their inappropriate efforts in the Georgia Action by granting them a do-over in realigning the parties in this district. Defendants are properly named defendants in the current action through no one's fault but their own.

---

[5] Intervet did not deny Merial SAS its "natural" role as plaintiff in the Georgia Action at the time the present action was filed, nor could it because Merial SAS was not a party to the Georgia Action when Intervet filed the present action. Merial Limited only proposed adding Merial SAS to the Georgia Action after the present action was filed. This was part of Merial Limited's unsuccessful attempt to save the Georgia Action from dismissal.

**III.    The Declaratory Judgment Act Is Intended to Address Disputes of the Present Nature**

The requirement for jurisdiction under the Declaratory Judgment Act is that there be an actual case or controversy. *See Cardinal*, 508 U.S. at 96. In the present case, a case or controversy existed between Intervet and the Defendants when Intervet filed the present action. (D.I. 26 at 5-7.) The Universities and Merial SAS were the indisputable owners of the '601 patent at the time that the present action was filed. *Merial*, 430 F. Supp. 2d at 1360-64. The prior suit in Georgia by Merial Limited did nothing to mitigate the unresolved case or controversy between Intervet and the actual owners of the '601 patent.

Intervet's reasons for bringing the present suit are fully consistent with the traditional purposes of the Declaratory Judgment Act – to force a threatening patent owner into court to actually defend its patent. The owners of the '601 patent—Merial SAS and the foreign Universities—were willing to threaten Intervet with their '601 patent (via the stalking horse of Merial Limited), yet were unwilling to appear in Court to enforce their threats. They were forced into Court only by Intervet's filing of the present suit. As already stated by the Georgia Court, the Georgia Action did not include all of the necessary owners of the '601 patent and Intervet's rights could never be fully adjudicated there. Intervet was left in the position of waiting (and hoping) for Merial Limited to voluntarily involve the necessary parties, because Intervet could not assert counterclaims in that district against the foreign entities due to a lack of personal jurisdiction.

In order for Intervet to alleviate its fears over the continued threat of patent infringement and obtain some certainty with respect to its rights vis-à-vis the '601 patent, Intervet necessarily had to file the present declaratory judgment action on invalidity, unenforceability and non-infringement of the '601 patent. In so doing, Intervet was using the Declaratory Judgment Act in

7

exactly the way it was intended – to force a threatening, but litigation-shy patent owner to step up to the plate and participate in a litigation that will resolve this patent dispute once and for all.

### IV. Logical Presentation of the Evidence in the Case Is Accomplished Without Realignment of the Parties

Realigning the parties would not result in a more logical presentation of the case or facilitate comprehension by the trier of facts. Traditionally, the trial court extends the privilege of opening and closing the case to the party that has the burden of proof. *See Dishman v. Am. Gen. Assurance Co.*, 193 F. Supp. 2d 1119, 1128 (N.D. Iowa 2002) (citing *Anheuser-Busch, Inc.*, 89 F.3d at 1344). And where both parties bear the burden of proof on distinct counts of their causes of action, as is true in the present case, courts allow "the actual plaintiff, the party that filed the lawsuit, to proceed first." *Anheuser-Busch*, 89 F.3d at 1344; *see also L-3 Communs. Corp. v. OSI Sys., Inc.*, 418 F. Supp. 2d 380, 383 (S.D.N.Y. 2005). Here, Intervet seeks a declaratory judgment of invalidity and unenforceability which are both causes of action independent of Defendants' charge of infringement. *See Cardinal*, 508 U.S. at 96. Because Intervet carries the burdens of proving its independent causes of action, the Court should allow it to retain its position as plaintiff and proceed first at trial. *See, e.g.*, *Anheuser-Busch, Inc.,* 89 F.3d at 1344.

Allowing Intervet to proceed first on its invalidity and unenforceability challenges also has the potential to streamline this case. Any finding of invalidity or unenforceability of the '601 patent would render Defendants' counterclaim for patent infringement moot and simplify the issues for trial and appeal. *See Typeright Keyboard Corp. v. Microsoft Corp.*, 374 F.3d 1151, 1157 (Fed. Cir. 2004) ("a judgment of invalidity necessarily moots the issue of infringement"); *see also GFI, Inc. v. Franklin Corp.*, 265 F.3d 1268, 1275 (Fed. Cir. 2001) ("because the . . .

8

patent is unenforceable . . . we do not reach the remaining claims regarding infringement which are moot"). The reverse, however, is not true because allowing Defendants to present their case on infringement first would not render Intervet's invalidity and unenforceability challenges moot. *See Cardinal*, 508 U.S. at 95-103.

Finally, nothing prevents the Court from later rearranging the presentation of evidence and allowing Defendants to present their case first at trial. *See Sunny Fresh Foods, Inc. v. Michael Foods, Inc*., No. 00-2117 (DSD/JMM), 2002 U.S. Dist. LEXIS 27762, at *3-*5 (D. Minn. Apr. 17, 2002) (denying a motion to realign because offer of proofs is not dependent upon which party is listed as plaintiff and the court could decide at a later date which party would present proofs first based on the progression of the litigation). Even then, however, there would be no need to realign the parties. *Id.*

## CONCLUSION

For the aforementioned reasons, the Court should deny Defendants' motion to realign the parties.


Dated: August 10, 2006                                    Respectfully Submitted,


    /s/ John Hutchins
John R. Hutchins (D.C. Bar # 456749)
KENYON & KENYON LLP
1500 K Street N.W., Suite 700
Washington, DC 20005
(202) 220-4200 (telephone)
(202) 220-4201 (facsimile)
Attorneys for Plaintiff
Intervet Inc.

9

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET INC., <br><br> *Plaintiff*, <br><br> v. <br><br> MERIAL LIMITED, MERIAL SAS, THE QUEEN'S UNIVERSITY OF BELFAST, and UNIVERSITY OF SASKATCHEWAN, <br><br> *Defendants*. | Civil Action No. 1:06-cv-00658 (HHK) |

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August, 2006, I electronically filed *Plaintiff Intervet's Opposition to Defendants' Motion To Realign the Parties* with the Clerk of the Court using the CM/ECF system which will automatically e-mail notice of this filing to the following attorneys of record:

>Judy Jarecki-Black, Ph.D.
>MERIAL LIMITED
>3239 Satellite Blvd.
>Duluth, GA 30096-4640
>Tel: (678) 638-3805
>Fax: (678) 638-3350

Thomas J. Kowalski, Esq.
Steven M. Admundson, Esq.
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue, NY NY 10151
Tel: (212) 588-0800
Fax: (212) 588-0500

Timothy A. Ngau, Esq.
ALSTON & BIRD LLP
950 F. Street, NW
Washington, DC 20004
Tel: (202) 756-3300
Fax: (202) 756-3333

Patrick J. Elsevier, Ph.D.
Elizabeth K. Haynes, Esq.
Robert L. Lee, Esq.
Frank G. Smith III, Esq.
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Tel: (404) 881-7000
Fax: (404) 881-7777

_____
Thomas J. Terebesi
Litigation Paralegal
Kenyon & Kenyon LLP
1500 K Street, NW
Washington, DC 20005-1257
(202) 220-4200