DECLARATION OF PATRICE P. JEAN, PH.D.

# EXHIBIT 2

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET, INC., <br><br> Plaintiff, <br><br> v. <br><br> MERIAL LIMITED; MERIAL SAS; THE QUEEN'S UNIVERSITY OF BELFAST; and UNIVERSITY OF SASKATCHEWAN, <br><br> Defendants. | Civil Action No. 1:06-cv-00658 (HHK) |

## DEFENDANTS MERIAL SAS' AND MERIAL LIMITED'S FIRST REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF INTERVET, INC.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants Merial SAS ("SAS") and Merial Limited ("Limited") (collectively "Merial") request that Plaintiff Intervet, Inc. ("Intervet") produce the documents described below within thirty days of the date of service of these requests. The documents shall be produced at the offices of Alston & Bird, 950 F Street, NW, Washington, DC 20004, or in the alternative at the office of Frommer Lawrence and Haug, LLP, 1667 K Street NW, Suite 500, Washington, DC 20006, or at such other place as may be agreed upon by the parties.

## DEFINITIONS

Merial incorporates in these production requests the definitions contained in Defendants Merial SAS' and Merial Limited's First Set of Interrogatories to Plaintiff Intervet, Inc.

## INSTRUCTIONS

1.     These requests and the terms used in these production requests shall be construed to require the fullest and most complete disclosure permitted by law.

2.     Responses to these requests should include all documents in your possession custody or control, including, but not limited to, documents in the possession, custody or control of your attorneys, as well anyone investigating any matter relating to this lawsuit on your or your attorneys' behalf.

3.     Documents are to be produced in full and in their unexpurgated form.

4.     In the event that documents called for by these requests were formerly in your possession, custody or control, but are no longer in your possession, custody or control, those documents are to be identified in writing by specifying the following for each such document: the type of document; a general description of the information contained within the document; the identities of the author(s), addresser(s), addressee(s), or any indicated or blind copy recipients; the date of creation or transmittal; the date of loss or destruction; and, if destroyed, the manner of destruction, reason for destruction, the identities of the persons authorizing destruction and persons participating in the destruction.

5.     Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, you are to produce all documents as they are kept in the usual course of business or organize and label them so as to correspond to the requests set forth in these production requests.  You are to produce documents from any single file in the same order as they were found in such file.  If copies of documents are produced, such copies should be legible and bound or stapled in the same manner as the original.

LEGAL02/30003245v1

6.      If you find the meaning of any term in these requests to be unclear, you should assume a reasonable meaning, state what the assumed meaning is, and produce documents on the basis of that assumed meaning.

7.      If you withhold any documents or information that are otherwise responsive to these requests on a claim of privilege or subject to protection as trial preparation material or work product immunity or other immunity from discovery, provide a written statement in compliance with Rule 26(b)(5) that describes the nature of the withheld information in a manner that will enable the Court and counsel for Defendants to assess the applicability of the privilege or protection including the type of document; a general description of the information contained within the document; the identities of the author(s), addresser(s), addressee(s), or any indicated or blind copy recipients; the date of creation or transmittal; the name of the person who has custody of the document; and the statute, rule or decision which is claimed to give rise to the privilege or immunity.

8.      These requests are continuing and in the event you discover or receive additional documents that are responsive to these requests, you are to immediately produce to Defendants' counsel all such additional documents.

## DOCUMENT REQUESTS

**REQUEST NO. 1.**: Documents sufficient to identify the commercial trade name of and any other designation used by Intervet for each Intervet PCV-2 vaccine.

**REQUEST NO. 2.**: Documents sufficient to identify the DNA sequence of each Intervet PCV-2 vaccine.

**REQUEST NO. 3.**: Representative samples of each Intervet PCV-2 vaccine made, used, sold, or offered for sale in the United States, or imported into the United States.

3

**REQUEST NO. 4.**:  Representative samples of each instruction sheet or product description materials supplied to customers, consumers, and/or retailers concerning Intervet's PCV-2 vaccine.

**REQUEST NO. 5.**:  All documents mentioning or referring to Intervet's PCV-2 vaccine.

**REQUEST NO. 6.**:  All documents concerning the research and development of each Intervet PCV-2 vaccine, including, but not limited to, all development notebooks, formulas, sequences, design meeting notes and minutes, presentations, approvals, trials, tests and studies.

**REQUEST NO. 7.**:  Documents sufficient to identify all individuals who participated in the research and/or development of each Intervet PCV-2 vaccine, including, but not limited to, identification of each such person by title and/or position during such dates of participation.

**REQUEST NO. 8.**:  All documents that support or relate to Intervet's contention that the '601 patent is invalid.

**REQUEST NO. 9.**:  All documents which support or relate to Intervet's contention that it has not infringed the '601 patent.

**REQUEST NO. 10.**:  All documents which support or relate to Intervet's contention that the '601 patent is unenforceable.

**REQUEST NO. 11.**:  All documents concerning any differences or similarities between Intervet's PCV-2 vaccine and the invention described in the '601 patent, including, but not limited to, any sequence comparisons, including, but not limited to, the "sequence comparison" reviewed by William James II for Intervet on 4/12/06.

**REQUEST NO. 12.**:  All documents discussing, analyzing, or opining on whether any product, composition, or DNA isolation of Intervet infringes the '601 patent, including, without limitation, opinions of counsel.

**REQUEST NO. 13.**: All documents discussing, analyzing, or opining on the validity, invalidity, enforceability or unenforceability of the '601 patent, including, without limitation, opinions of counsel.

**REQUEST NO. 14.**: All documents relating to Intervet's PCV-2 vaccine provided to any third party or government agency, including, but not limited to, the USDA.

**REQUEST NO. 15.**: Documents concerning any prior art searches including validity, patentability, and infringement studies, conducted by or for Intervet or any third party with respect to the '601 patent.

**REQUEST NO. 16.**: All documents and things that Intervet believes to be prior art to the '601 patent.

**REQUEST NO. 17.**: All patents, printed publications, or other documents identified in any prior art search related to the '601 patent.

**REQUEST NO. 18.**: All documents and things referring to any of the Defendants in relation to any of the subject matter of this lawsuit, including, but not limited to, any Porcine Circovirus, the swine market, any Porcine Circovirus Vaccine, post-weaning multisystemic wasting syndrome or PMWS, and/or the '601 patent.

**REQUEST NO. 19.**: All documents and things referring to any of the named inventors of the '601 patent.

**REQUEST NO. 20.**: All documents relating to the '601 patent.

**REQUEST NO. 21.**: All documents and things concerning any PCV-2 vaccine of Merial.

**REQUEST NO. 22.**: All documents and things concerning Intervet's first knowledge of the invention(s) claimed and/or described in the '601 patent.

LEGAL02/30003245v1

**REQUEST NO. 23.**:  All documents and things concerning Intervet's first knowledge of the '601 patent.

**REQUEST NO. 24.**:  All documents and things concerning any attempts by Intervet or third parties to design around the claims of the '601 patent.

**REQUEST NO. 25.**:  All documents and things relating to any opinion, decision, determination, communication, discussion, evaluation, consideration, analysis, test, experiment, or study, conducted by or on behalf of Intervet, related to the comparison of any Intervet PCV-2 vaccine, or any DNA sequence thereof, or part thereof, to the subject matter or claims of the '601 patent.

**REQUEST NO. 26.**:  Any documents or things related to trade, sales, or product literature; brochures; promotional materials; advertisements; journal articles; scientific presentations; demonstrations; papers; abstracts; speeches; videotapes; and other descriptive materials concerning Intervet's PCV-2 vaccine.

**REQUEST NO. 27.**:  Any articles reviewed by William James II on or about 4/12/06 concerning any PCV-2 vaccine or PCV-2 DNA.

**REQUEST NO. 28.**: All documents that refer to post-weaning multisystemic wasting syndrome or PMWS.

**REQUEST NO. 29.**:  Documents sufficient to describe and identify the dates and places of manufacture, offers for sale, sales, or distribution of each Intervet PCV-2 vaccine.

**REQUEST NO. 30.**:  All documents concerning any licenses, assignments, or grants of patent rights which cover or relate to any Intervet PCV-2 vaccine.

**REQUEST NO. 31.**:  All documents concerning any applications for a patent relating to any Intervet PCV-2 vaccine and any prosecution thereof.

**REQUEST NO. 32.**: All documents concerning any decision to market, launch, introduce, import, offer for sale or sell Intervet's PCV-2 vaccine.

**REQUEST NO. 33.**: All documents and communications between Intervet and any customer or potential customer of Intervet's PCV-2 vaccine or any other PCV-related product of Intervet.

**REQUEST NO. 34.**: Sales records, sale summaries and similar documents maintained in the regular course of business, showing all sales of Intervet's PCV-2 vaccine.

**REQUEST NO. 35.**: All documents that in any way reflect the profitability, anticipated profit margins, or the cost of goods Intervet's PCV-2 vaccine.

**REQUEST NO. 36.**: All lists or compilations of customers who have purchased PCV-2 or Intervet PCV-2 vaccine, and documents sufficient to show all orders for PCV-2 or Intervet PCV-2 vaccine, including but not limited to those "orders for PCV II" reviewed by Michael Loughnane on 4/11/06.

**REQUEST NO. 37.**: All financial records, business records, and other documents that evidence, summarize, analyze, forecast, project, refer to, or relate to the amount of each Intervet PCV-2 vaccine sold (or to be sold).

**REQUEST NO. 38.**: All financial records, business records, and other documents that evidence, summarize, analyze, forecast, project, refer to, or relate to the amount of each Intervet PCV-2 vaccine manufactured by or for Intervet (or to be manufactured by or for Intervet).

**REQUEST NO. 39.**: All financial records, business records, and other document that evidence, summarize, analyze, forecast, project, refer to, or relate to Intervet's gross, net, incremental, or other type of profit (including any such profits per unit) on any sales or projected sales of the Intervet PCV-2 vaccine.

**REQUEST NO. 40.:** All financial records, business records, and other documents that evidence, summarize, analyze, forecast, project, refer to, or relate to the nature or amount of Intervet's costs to market or sell Intervet's PCV-2 vaccine, including without limitation costs per unit.

**REQUEST NO. 41.:** All of Intervet's business plans, marketing plans, marketing analysis, and studies relating to the manufacture or sale of Intervet's PCV-2 vaccine.

**REQUEST NO. 42.:** All documents that relate to the royalty rate or rates Intervet contends would constitute a "reasonable royalty" under 35 U.S.C. § 284, assuming infringement of the '601 patent is found, including without limitation all documents that relate to: (a) any facts, circumstances, legal contentions, and other factors upon which the defendants base this contention; (b) the relevant time periods during which the rate or rates should be applied; and (c) any assumptions, estimates, circumstances, and calculations upon which Intervet bases this contention.

**REQUEST NO. 43.:** Documents sufficient to show the number of unit sales, revenues, costs, and profits for Intervet's PCV-2 vaccine.

**REQUEST NO. 44.:** All sales projections or forecasts for Intervet's PCV-2 vaccine.

**REQUEST NO. 45.:** All documents constituting executed or proposed contracts or agreements for purchase or trial of Intervet's PCV-2 vaccine.

**REQUEST NO. 46.:** All documents identifying products that compete with, or that Intervet expects to compete with, Intervet's PCV-2 vaccine.

**REQUEST NO. 47.:** All financial records, business records, and other documents that evidence, summarize, analyze, forecast, project, refer to, or relate to any aspect of the business of manufacturing or selling Intervet's PCV-2 vaccine.

LEGAL02/30003245v1

**REQUEST NO. 48.**: All documents that relate to Intervet's share or projected share of the swine vaccine market in the United States.

**REQUEST NO. 49.**: All documents that relate to Intervet's share or projected share of the PCV-2 vaccine market in the United States.

**REQUEST NO. 50.**: All documents referring to or describing the financial status or condition of Intervet including without limitation, annual reports, SEC filings, auditor's letters and board packages since 2000.

**REQUEST NO. 51.**: All of Intervet's financial statements since 2000, including without limitation, balance sheets, income statements, and cash flow statements.

**REQUEST NO. 52.**: All documents prepared in connection with this civil action by each person whom Intervet may or will call as an expert witness at the trial of this civil action.

**REQUEST NO. 53.**: All documents identified in Intervet's answers to Defendants Merial SAS' and Merial Limited's First Set of Interrogatories.

**REQUEST NO. 54.**: All documents and things that were relied upon, referred to, or otherwise considered in preparing Intervet's answers to Defendants Merial SAS' and Merial Limited's First Set of Interrogatories.

**REQUEST NO. 55.**: All documents Intervet intends to rely upon at trial.

**REQUEST NO. 56.**: All documents identified in Intervet's Initial Disclosures.

**REQUEST NO. 57.**: Each document or thing (including any communications) concerning (a) Dr. Fernando Osario's April 20, 2006 declaration or opinions in the Georgia action, (b) Dr. James McKean's April 20, 2006 declaration or opinions in the Georgia action, or (c) Dick Hesse's April 20, 2006 declaration or opinions in the Georgia action, including but not

limited to all communications with Kenyon & Kenyon attorneys (e.g., William James II, Michael Loughnane, Nicholas Nowak, or John Hutchins).

**REQUEST NO. 58.:** Each document or thing (including any communications concerning D. McNairn's positions or opinions on open reading frames and the '601 patent, including but not limited to all communications with Kenyon & Kenyon attorneys (e.g., William James II, Michael Loughnane, Nicholas Nowak, or John Hutchins).

**REQUEST NO. 59.:** Each document or thing (including any communications) concerning any search for experts in the Georgia action, including but not limited to all communications with Kenyon & Kenyon attorneys (e.g., William James II, Michael Loughnane, Nicholas Nowak, or John Hutchins).

**REQUEST NO. 60.:** Each document or thing (including any communications) concerning articles sent by Marieke van Gent and/or M. van Gent, and Hans Mestrom and/or Hans Mestrum, to Kenyon & Kenyon attorneys (e.g., William James II, Michael Loughnane, Nicholas Nowak, or John Hutchins).

**REQUEST NO. 61.:** Each document or thing (including any communications) concerning any review of the prior art in the Georgia action, including but not limited to all communications with Kenyon & Kenyon attorneys (e.g., William James II, Michael Loughnane, Nicholas Nowak, or John Hutchins).

**REQUEST NO. 62.:** All notes, memoranda, and other written records of communications between Intervet or its agents and any veterinarian or animal husbandry personnel concerning Intervet's PCV-2 vaccine.

**REQUEST NO. 63.:** Each document or thing concerning the marketing of Intervet's PCV-2 vaccine, including but not limited to:

(a)    all tactical plans, strategic plans, marketing plans, distribution plans, and launch plans;

(b)    all manuals, presentations, product monographs, brochures, and other sales-training materials provided to or used to train sales representatives or detail personnel;

(c)    all market research materials (including but not limited to surveys conducted by or on behalf of Intervet, scripts used, and results obtained);

(d)    all communications between or among any persons at Intervet's corporate headquarters, persons in district or regional management, and sales representatives or detail personnel;

(e)    all notes, handouts, slides, and other presentation materials used at any plan-of-action (POA), launch, and/or other meeting, including but not limited to any launch binders;

(f)    all product forecasts and sales forecasts;

(g)    all launch budgets and marketing budgets;

(h)    all field bulletins from Intervet to its sale representatives or detail personnel.

**REQUEST NO. 64.**: Any document concerning a market definition for a swine vaccine, including but not limited to the market including any Intervet or Merial product.

**REQUEST NO. 65.**: Any document concerning a market analysis for a swine vaccine, including but not limited to how the presence of Intervet's PCV-2 vaccine on the market will affect sales of any Merial PCV-2 vaccine.

**REQUEST NO. 66.**: Any document concerning a license negotiation involving a swine vaccine product or a patent relating to a swine vaccine product, including but not limited to documents reflecting licensing inquiries.

11

**REQUEST NO. 67.**:  Any document concerning a royalty paid or a contemplated royalty for a swine vaccine product or a patent relating to a swine vaccine product.

**REQUEST NO. 68.**:  Any document concerning the compensation base for the '601 patent.

**REQUEST NO. 69.**:  Any document concerning the royalty rate that should be used to determine the amount of a reasonable royalty for the '601 patent.

**REQUEST NO. 70.**:  Any document concerning the applicability or inapplicability of any of the fifteen factors set forth in *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), for determining the amount of a reasonable royalty for the '601 patent.

**REQUEST NO. 71.**:  Each license or agreement concerning any patent alleged to be comparable to the '601 patent for purposes of determining the amount of a reasonable royalty.

**REQUEST NO. 72.**:  Audited and unaudited balance sheets or equivalent documentation for Intervet from January 2000 to the present.

**REQUEST NO. 73.**:  Each document or thing concerning (a) profit margins on any swine vaccine, including Intervet's PCV-2 vaccine, or (b) industry standard profit margins on any swine vaccine.

**REQUEST NO. 74.**:  Each document or thing concerning Intervet's historic, current, or projected market share in connection with sales of any swine vaccine, including Intervet's PCV-2 vaccine.

**REQUEST NO. 75.**:  Each document or thing concerning levels of historic, present, or forecasted market-penetration rates of any swine vaccine, including Intervet's PCV-2 vaccine.

**REQUEST NO. 76.**: Each document or thing concerning any royalties paid or received by Intervet for any patent license, including but not limited to any royalty reports or results of any royalty examinations.

**REQUEST NO. 77.**: Documents sufficient to identify any factor affecting prices (negatively or positively) that Intervet was able to charge for any swine vaccine, including Intervet's PCV-2 vaccine.

**REQUEST NO. 78.**: Each document or thing concerning the price elasticity of any swine vaccine, including Intervet's PCV-2 vaccine.

**REQUEST NO. 79.**: Each document or thing concerning any damages analysis for any alleged infringement of the '601 patent.

**REQUEST NO. 80.**: Each document or thing concerning any valuation of the '601 patent.

**REQUEST NO. 81.**: All business plans, strategic-planning documents, and organizational reviews for any business entity or business unit involved with any swine vaccine, including Intervet's PCV-2 vaccine.

**REQUEST NO. 82.**: A copy of each page that is or has been posted on the Web site <www.intervet.com> or <www.intervetusa.com> concerning Intervet's PCV-2 vaccine.

**REQUEST NO. 83.**: Each document or thing concerning Intervet's organizational structure, including but not limited to the organizational structure of any business entity or business unit involved with any commercial embodiment of Intervet's PCV-2 vaccine.

**REQUEST NO. 84.**: Each document or thing concerning Intervet's practice, policy, or procedure for the retention of documents and/or classes or categories of documents, including but not limited to e-mail communications, spreadsheets, presentation materials, and word-

LEGAL02/30003245v1

processing materials.

LEGAL02/30003245v1

This 11th day of August, 2006.

/s/ ALSTON & BIRD, LLP
Timothy Ngau
DC Bar No. 339333
950 F Street, NW
Washington, DC  20004
Phone: 202-756-3300
Fax: 202-756-3333

Judy Jarecki-Black, Ph.D.
Merial Limited
3239 Satellite Blvd.
Duluth, GA  30096-4640
Tel.: (678) 638-3805
Fax: (678) 638-3350

Thomas J. Kowalski
Steven M. Amundson
DC Bar No. 412196
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, New York 10151
Tel.: (212) 588-0800
Fax: (212) 588-0500

Frank G. Smith, III
Robert L. Lee
J. Patrick Elsevier, Ph.D.
Elizabeth K. Haynes
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel.: (404) 881-7000
Fax: (404) 881-7777

*Counsel for Merial SAS and Merial Limited*

LEGAL02/30003245v1

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the undersigned caused a true and correct copy of the foregoing to

be served via <u>hand-delivery</u> and <u>email</u> on the following counsel of record for Intervet at their

address(es) listed below:

> John R. Hutchins (jhutchins@kenyon.com)
> William G. James, II (wjames@kenyon.com)
> Cedric C. Y. Tan (ctan@kenyon.com)
> Kenyon & Kenyon
> 1500 K Street, N.W.
> Suite 700
> Washington, DC 20005-1257

and via <u>email only</u> to the following counsel of record for Intervet:

> Richard L. DeLucia (rdelucia@kenyon.com)
> Michael Douglas Loughnane (mloughnane@kenyon.com)
> Kenyon & Kenyon
> One Broadway
> New York, NY 10004

This 11th day of August 2006.

> ALSTON & BIRD, LLP
> Timothy Ngau
> DC Bar No. 339333
> 950 F Street, NW
> Washington, DC 20004
> Phone: 202-756-3300
> Fax: 202-756-3333