UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET, INC., <br><br> Plaintiff, <br><br> v. <br><br> MERIAL LIMITED; MERIAL SAS; THE QUEEN'S UNIVERSITY OF BELFAST; and UNIVERSITY OF SASKATCHEWAN, <br><br> Defendants. | Civil Action No. 1:06-cv-00658 (HHK) |

**REPLY BRIEF OF THE DECLARATORY JUDGMENT DEFENDANTS IN
SUPPORT OF THEIR MOTION TO REALIGN THE PARTIES**

**Introduction**

Intervet correctly acknowledges that four factors relevant to realignment of the parties in a patent infringement declaratory judgment action are:

- the relative burdens of proof;
- equitable considerations, including forum shopping;
- whether the case is properly brought under the Declaratory Judgment Act; and
- the logical presentation of proof at trial.

Intervet Brief at 3 citing *Fresenius Med. Care Holdings Inc. v. Baxter Int'l., Inc.*, No. C 03-01431 SBA (EDL), 2006 WL 1646110, at *3 (N.D. Cal. June 12, 2006)). However, in arguing against realignment, Intervet misapplies each of these four factors, ignores the importance of Merial's[1] first-filed infringement case, and mischaracterizes many of the cases it cites.

---

[1] "Merial" is used herein to refer collectively to both Merial Limited and Merial SAS.

- 2 -

**Argument and Authorities**

Intervet misapplies the *Fresenius* four-factor test:

## I. The burden of proof at trial favors realignment.

Intervet argues that this Court should not realign the parties because Intervet bears the "greater" burden of proving the invalidity and unenforceability of the '601 patent by the clear and convincing evidentiary standard. That an accused infringer has the burden to prove invalidity by clear and convincing evidence is a truism in any patent case in which the validity of the asserted patent is questioned, no matter who brought suit. With respect to unenforceability based on inequitable conduct, that is a "purely equitable" defense, which can be resolved by the Court without a jury.[2] Thus, Intervet once again stands in no different a posture than any other infringer who raises unenforceability as a defense.

In contrast, Merial has the burden of proving to the jury infringement, willfulness, and damages. These are the primary issues in this case, not Intervet's claims of invalidity and unenforceability, which Intervet asserted as affirmative defenses and counterclaims in the original suit filed by Merial. Indeed, the issue which originally brought the dispute between the parties to court was Intervet's infringement of the '601 patent. Because Merial is the party claiming injury as a result of Intervet's infringement of the '601 patent, it is therefore the "natural plaintiff." *BASF Corp. v. Symington*, 50 F.3d 555, 557 (8th Cir. 1995) (stating that the party who is claiming injury by another is the "natural plaintiff" in an action).

## II. Equitable considerations also favor realignment.

Without question, Merial initiated litigation over the '601 patent. Only months later did Intervet file its declaratory judgment action in the forum of its choosing. Any "equitable

---

[2] *Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F. 2d 1209, 1213 (Fed. Cir. 1987); *see also Agfa Corp. v. Creo Prods. Inc.*, 451 F.3d 1366, 1375 (Fed. Cir. 2006).

- 3 -

considerations" concerning where the parties' dispute over the '601 patent will be heard have been resolved in Intervet's favor since the court of Intervet's choosing will hear this case. In a nearly identical circumstance, in which an alleged infringer filed a declaratory judgment action in a different forum from the one in which an infringement suit on the same patent was already pending, the court in which the declaratory judgment action was filed cited this fact as a basis on which to realign the parties so they could reassume their "natural positions" in the dispute. *Plumtree Software, Inc. v. Datamize LLC,* No. C-02-5693 VRW, slip. op. at 8-9 (N.D. Cal. Oct. 6, 2003). The *Plumtree* Court also found that because the alleged infringer had deprived the patentee of its choice of forum, it was "equitable to allow [the patentee] to retain its status as plaintiff, despite the loss of its choice of forum." *Plumtree*, No. C-02-5693 VRW, slip. op. at 11. The act of filing a declaratory judgment action while an infringement suit on the same issue was already pending—conduct identical to Intervet's—has been characterized by yet another court as in and of itself constituting "a blatant form of forum shopping." *Datamize, Inc. v. Fid. Brokerage Servs., LLC*, No. 2:03-CV-321-DF, 2004 WL 1683171, at *7 (E.D. Tex. Apr. 22, 2004).

Intervet attempts to portray this factor as weighing in its favor by reasserting its legally and factually erroneous contention that failure to include the Universities as parties to the litigation over the '601 patent somehow prejudices Intervet's discovery rights. *First*, the Universities were not "litigation shy," as Intervet improperly characterizes them. Rather, the Universities are not properly before this Court because they never threatened Intervet with suit over the '601 patent, the Complaint fails to allege any such threat by Intervet, and the Universities have assigned their rights in the '601 patent to Merial SAS. *See* Docket Entries 21 and 36, (Defendants The Queen's University of Belfast's and The University of Saskatchewan's

Motion to Dismiss for Lack of Subject Matter Jurisdiction and Reply Brief in Support Thereof). *Second*, Intervet's ability to obtain discovery from the Universities (or the inventors, all of whom are foreign nationals) may be governed by the Hague Convention, which does not distinguish between whether the Universities are, or are not, parties to the litigation over the '601 patent. *Société Nationale Industirelle Aérospatiale v. U. S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 541 (1987) ("the text of the Convention draws no distinction between evidence obtained from third parties and that obtained from the litigants themselves").

### III. The Declaratory Judgment Act was not intended to apply here and thus realignment is again favored.

Intervet was not faced with the threat of an infringement suit from Merial and then left to wonder if, when, or where Merial would file suit. To the contrary, Merial clearly "teed up" the issue by bringing suit in December 2005, a suit which was in fact pending at the time Intervet filed its declaratory judgment action. Intervet cites no case in which realignment was denied in similar circumstances, i.e., where a declaratory judgment action was filed while there was a suit for infringement pending[3]. Further, Intervet ignores the significance of Merial's first-filed infringement suit and misconstrues the cases Intervet cites.

#### A. Intervet improperly downplays the importance of Merial's first-filed infringement suit.

Intervet completely disregards the significance of Merial's first-filed suit against Intervet for infringement of the '601 patent. Intervet attempts to confuse the significance of Merial's initial filing of its infringement suit by claiming that Merial was "hiding" proper parties to the Georgia suit. However, the parties which Intervet cites as being "hidden," i.e., the Universities,

---

[3] While there was an infringement suit pending when the declaratory judgment action in *Ericsson v. Harris Corp.*, was filed, the patentee voluntarily dismissed the infringement suit and engaged in inequitable conduct, which the court cited as the basis for its decision not to realign the parties. *Ericsson Inc. v. Harris Corp.*, No. CIV A3:98CV2903D, 1999 WL 604827, at *2 (N.D. Tex. Aug. 11, 1999). Here, Merial did not voluntarily dismiss the Georgia suit, and has not engaged in inequitable conduct.

have never asserted, nor believed they had the right to assert, the '601 patent. When Intervet injected issues of patent ownership into the Georgia suit, the Universities represented to the Court their understanding of the Tripartite Agreement, i.e., that they believed they had granted Merial SAS the exclusive right to enforce the '601 patent since before the filing of the Georgia suit. The Universities also took further steps to clarify their grant of the right to enforce the '601 patent to Merial SAS. If Intervet's true concern were securing the necessary parties to the litigation of the '601 patent, then issues of patent ownership and requests for joinder of the Universities could have been dealt with as part of the Georgia suit. Instead, Intervet was intent on depriving Merial of its choice of forum. Further, Intervet's contention that Merial was improperly forum shopping by bringing suit in Georgia is absurd. The cases are legion that a plaintiff's choice of forum is entitled to deference, *especially* when it is the plaintiff's home forum. *See, e.g., Brannen v. Nat'l R.R. Passenger Corp.*, 403 F. Supp. 2d 89, 93 (D.D.C. 2005) (considering plaintiff's choice of forum and whether it was plaintiff's home forum in analysis of proper forum for an action and citing additional cases in support thereof).

> 2. **Intervet misconstrues the cases it cites.**

Intervet cites a number of patent declaratory judgment cases in which parties were not realigned, as if to suggest that the very different facts in these cases should dictate the results here.[4] See Intervet Brief at 3. Intervet fails to address, however, that in virtually every instance the accused infringer, not the patentee, was the first to file suit. Specifically:

---

[4] Intervet attempts to make an issue of Merial's citation of five cases that were realigned when, Intervet claims, Lexis records show "over 1300 declaratory judgment patent actions" brought over the past 22 years. Intervet Brief at 2. Merial made no attempt to cite to this Court every federal case in which realignment was granted. Further, Intervet's attempt at statistical analysis falls short in many respects, not the least of which are its failure to mention how many of the 1300 declaratory judgment cases cited in Lexis were first-filed actions (in contrast to the instant case which was filed second by Intervet) or how many of them considered the issue of realignment of the parties.

- 5 -

- In *Fresenius Medical Care Holdings, Inc., v. Baxter International, Inc.*, No. C-03-01431 SBA (EDL), 2006 WL 1646110 (N.D. Cal. June 12, 2006), the Court pointed out that the patentee in that case "did not choose to file this lawsuit to assert any of its patents. It was [the alleged infringer] that chose to file this declaratory judgment action to clear the air." *Fresenius*, 2006 WL 164110 at * 2. The primary reason cited for not realigning these parties was that the patentee had not previously filed suit on the patent. Accordingly, the alleged infringer was afforded the role of plaintiff. *Id.*

- In *GMIS, Inc. v. Health Payment Review, Inc.*, No. 94-576, 1995 WL 33101 (E.D. Pa. Jan. 21, 1995), the Court noted that "it was not [the patentee] that chose to come to court to protect its patent. Rather, [the alleged infringer] elected to clear the air and avoid potential further liability by using the Declaratory Judgment Act … as it was intended to be used to preclude [the patentee] from 'engaging in a danse macabre, brandishing a Damoclean threat with a sheathed sword.'" *GMIS,* 1995 WL 33101, at *2 (citing *Japan Gas Lighter Ass'n v. Ronson Corp.,* 257 F. Supp. 219, 237 (D.N.J. 1966)). The *GMIS* Court found that, because the patentee "did not elect to sue for patent infringement," it was only fair that the alleged infringer should be able to retain the position of plaintiff in the declaratory judgment action. *GMIS,* 1995 WL 33101, at *2.

- In *Alloc, Inc. v. Unilin Décor N.V.,* No. 02-C-1266, 2005 WL 3448060 (E.D. Wis. Dec. 15, 2005), a complex case that involved multiple parties and the consolidation of several separately filed cases, the Court declined to realign the parties and distinguished that case from *Plumtree* because, unlike both *Plumtree*

and this case, no forum shopping took place in *Alloc*. As discussed above, the alleged infringer's conduct in *Plumtree* was subsequently described by the *Fidelity* Court as "a blatant form of forum shopping" when the alleged infringer filed a declaratory judgment action while an infringement suit was pending. *Datamize, Inc. v. Fid. Brokerage Servs., LLC*, No. 2:03-CV-321-DF, 2004 WL 1683171, at *7 (E.D. Tex. Apr. 22, 2004).

- In *Ericsson Inc. v. Harris Corp.,* No. CIV A3:98CV2903D, 1999 WL 604827, at *2 (N.D. Tex. Aug. 11, 1999), a patent infringement suit was pending when the declaratory judgment action was filed. However, the patentee engaged in inequitable conduct when it voluntarily dismissed its patent infringement suit so it could file counterclaims in the later-filed declaratory judgment action, which the Court cited as the reason for not realigning the parties.

### IV. Logical presentation of proof at trial favors realignment.

Intervet contests the allegations that it infringes the '601 patent. Thus, Merial's proof that Intervet infringes that patent is central and logically comes first, to be followed by proof of Intervet's willful infringement and the damages caused by Intervet's infringement. Only then does it makes sense to introduce evidence to show that the '601 patent is allegedly invalid. Indeed, nowhere does Intervet provide any suggestion that juror comprehension of invalidity considerations logically precedes Merial's explanation of what the '601 patent covers, why Intervet infringes it, and the consequent damages. Without an initial presentation by Merial of its proof of infringement, the presentation of Intervet's allegations of invalidity and non-infringement put the "cart before the horse" by presenting issues out of both context and logical order. As the *Plumtree* Court explained:

it is simply more logical to present the affirmative case for infringement first, rather than presenting the case for noninfringement first.  To require [the patentee] to present second might invite juror confusion on the issue of burden of proof, as [the patentee] essentially would be put in the position of rebutting [the alleged infringer's] defensive claims.

*Plumtree*, No. C-02-5693 VRW, slip. op. at 10 (N.D. Cal. Oct. 6, 2003);  *See also Fresenius*, 2006 WL 164110, at *3.

As for Intervet's argument that it should "go first" because it also bears the burden on its (unfounded) accusation of unenforceability, that claim, as noted above, is equitable and can be decided by the Court separate and apart from the jury trial on infringement, willful infringement, damages, and invalidity.  *Gardco Mfg., Inc., v. Herst Lighting Co.*, 820 F. 2d 1209, 1213 (Fed. Cir. 1987); *see also Agfa Corp. v. Creo Prods. Inc.*, 451 F.3d 1366, 1375 (Fed. Cir. 2006).  Since Merial has the burden of proof on three of the four issues that must be decided by the jury, the "logical presentation of proof" factor clearly favors realignment.

### Conclusion

For the reasons and on the authorities set forth herein and in the Declaratory Judgment Defendants' first brief, the Motion to Realign the Parties should be granted.

Respectfully submitted, this 21st day of August, 2006.

/s/ Timothy A. Ngau
ALSTON & BIRD, LLP
Timothy A. Ngau
DC Bar No. 339333
950 F Street, NW
Washington, DC 20004
Phone: 202-756-3300
Fax: 202-756-3333

Judy Jarecki-Black, Ph.D.
Merial Limited
3239 Satellite Blvd.
Duluth, GA 30096-4640
Tel.: (678) 638-3805
Fax: (678) 638-3350

Thomas J. Kowalski
Steven M. Amundson
DC Bar No. 412196
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, New York 10151
Tel.: (212) 588-0800
Fax: (212) 588-0500

Frank G. Smith, III Robert L. Lee
J. Patrick Elsevier, Ph.D.
Elizabeth K. Haynes
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel.: (404) 881-7000
Fax: (404) 881-7777

Counsel for the Declaratory Judgment Defendants

Judy Jarecki-Black, Ph.D.
Merial Limited
3239 Satellite Blvd.
Duluth, GA 30096-4640
Tel.: (678) 638-3805
Fax: (678) 638-3350

Thomas J. Kowalski
Steven M. Amundson
DC Bar No. 412196
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, New York 10151
Tel.: (212) 588-0800
Fax: (212) 588-0500

Frank G. Smith, III Robert L. Lee
J. Patrick Elsevier, Ph.D.
Elizabeth K. Haynes
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel.: (404) 881-7000
Fax: (404) 881-7777

Counsel for the Declaratory Judgment Defendants