UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET INC., <br><br> *Plaintiff*, <br><br> v. <br><br> MERIAL LIMITED, MERIAL SAS, THE QUEEN'S UNIVERSITY OF BELFAST, and UNIVERSITY OF SASKATCHEWAN, <br><br> *Defendants*. | Civil Action No. 1:06-cv-00658 (HHK/JMF) |

**PLAINTIFF INTERVET'S OPPOSITION TO DEFENDANTS' REQUEST FOR HEARING ON MOTION FOR ENTRY OF A PROTECTIVE ORDER**

Plaintiff Intervet Inc. ("Intervet") submits this response to Defendants' request for a hearing on its motion for a protective order. To the extent that the requested hearing would be limited to oral argument by counsel, Intervet opposes the request. The Magistrate Judge can enter an appropriate protective order in this case based solely on the papers submitted to the Court, which thoroughly detail the parties' legal positions. Oral argument to rehash these positions is unnecessary. However, if the Magistrate Judge considers a hearing to be necessary, Intervet submits that it should be an evidentiary hearing for the purpose of requiring Dr. Judy Jarecki-Black (Merial's in-house counsel and Global Head of Intellectual Property), who has already provided direct testimony through a declaration, to be available for examination by Intervet and the Court.

As noted in its substantive briefing, Intervet submits that Dr. Jarecki-Black's declaration is insufficient on its face to support the disclosure to her of all of Intervet's confidential and competition-sensitive materials. Nonetheless, if the Court is inclined to hold a hearing, then an

evidentiary hearing would provide Intervet and the Court a fair opportunity to fully examine Dr. Jarecki-Black regarding the subject of her artfully-worded declaration.  Merial and Intervet are two of the largest animal health companies in the world, and they compete head-to-head in virtually every sector of the animal health industry.  This examination would provide the Court a fuller picture of Dr. Jarecki-Black's work for Merial and supposed need for her to have access to *all* of Intervet's production documents, including its trade secrets and its most highly confidential technical and commercial information.  In conjunction with Merial's business people, Dr. Jarecki-Black has always represented Merial against Intervet when intellectual property matters arise between the companies, and her position as Global Head of Intellectual Property suggests she plays a similar role with other competitors of Intervet.  Only through examination can the Court fully understand Dr. Jarecki-Black's role at Merial and the potential harm to Intervet of a person in her position having access to all of Intervet's information.

      Accordingly, Intervet requests that the Court deny Defendants' request for a hearing on Defendants' motion for a protective order or, if the Court it is inclined to grant the motion for a hearing, Intervet requests that the Court order an evidentiary hearing, which would allow Intervet and the Court the opportunity to examine Dr. Jarecki-Black.

Dated: September 25, 2006                           Respectfully Submitted,

                                                         /s/ John R. Hutchins
                                                         John R. Hutchins (D.C. Bar # 456749)
                                                         William G. James, II
                                                         Cedric C. Y. Tan (D.C. Bar # 464848)
                                                         KENYON & KENYON LLP
                                                         1500 K Street N.W., Suite 700
                                                         Washington, DC. 20005
                                                         (202) 220-4200 (telephone)
                                                         (202) 220-4201 (facsimile)

Richard L. DeLucia
Michael D. Loughnane
KENYON & KENYON LLP
One Broadway
New York, NY 10004
(212) 425-7200 (telephone)
(212) 425-5288 (facsimile)

*Attorneys for Plaintiff*
*Intervet Inc.*