UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET INC., <br><br> *Plaintiff*, <br><br> v. <br><br> MERIAL LIMITED, MERIAL SAS, THE QUEEN'S UNIVERSITY OF BELFAST, and UNIVERSITY OF SASKATCHEWAN, <br><br> *Defendants.* | Civil Action No. 1:06-cv-00658 (HHK) |

**PLAINTIFF INTERVET'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL DEFENDANTS THE UNIVERSITY OF SASKATCHEWAN AND THE QUEEN'S UNIVERSITY OF BELFAST TO RESPOND TO INTERVET'S DISCOVERY REQUESTS**

Pursuant to Fed. R. Civ. P. 37(a), Plaintiff Intervet Inc. ("Intervet") hereby submits this memorandum in support of its *Motion to Compel Defendants the University of Saskatchewan and The Queen's University of Belfast to Respond to Intervet's Discovery Requests* ("Motion"). In its August 4, 2006 scheduling order, the Court specifically permitted discovery of the University of Saskatchewan and The Queen's University of Belfast (collectively "Universities") to commence on September 8, 2006. To date, however, the Universities have objected and refused to properly respond to Intervet's discovery requests, forcing Intervet to file this Motion. For the reasons set forth below, the Court should grant Intervet's Motion and order the Universities to fully respond to Intervet's discovery requests.

## TABLE OF CONTENTS

                                                    **Page**

INTRODUCTION ....................................................................................................................... 1

STATEMENT OF FACTS ......................................................................................................... 1

ARGUMENT ............................................................................................................................... 3

    A.    The Discovery Requests Seek Relevant Information Possessed by the Universities ................................................................................................... 4

    B.    Intervet Will Suffer Prejudice if the Universities are not Compelled to Respond to its Discovery Requests ....................................................................... 5

    C.    Compelling The Universities to Fully Respond to Intervet's Discovery Requests Is not Unduly Burdensome, Even if the Universities Are Eventually Dismissed .......................................................................................... 6

CONCLUSION ............................................................................................................................ 7

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Daniel J. Hartwig Assoc., Inc. v. Kanner*, 913 F.2d 1213 (7th Cir. 1990) ...................................... 3

*Hachette Distribution, Inc. v. Hudson County News Co.*, Inc., 136 F.R.D. 356
 (E.D.N.Y. 1991) ........................................................................................................................ 6

*SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936 (7th Cir. 1988) .................................. 3

*Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598 (C.D. Cal. 1995) ......................... 3, 6

**Statutes**

Fed. R. Civ. P. 37(a) ...................................................................................................................... 4

## INTRODUCTION

The Universities' recent improper objections and refusal to respond to Intervet's discovery requests continues the Universities' pattern of obstructive behavior in this case. First, the Universities filed a motion to dismiss in order to make it as hard as possible for Intervet to obtain relevant information possessed by the Universities that could support Intervet's defenses of patent non-infringement, invalidity, and unenforceability in this case. Now, despite the provision in the Scheduling Order allowing Intervet to serve discovery on the Universities beginning on September 8, 2006, the Universities continue to thwart Intervet's efforts to gain access to the most basic and relevant information related to the development of the patent-in-suit, U.S. Patent No. 6,368,601 (the "'601 patent"). Not only is the Universities' brash refusal to provide any discovery improper, it lays bare their sole motivation for seeking dismissal in the first place – to hinder Intervet's ability to defend itself against Merial's charges of infringement of the very patent that the Universities developed.

## STATEMENT OF FACTS

Eight of the ten named inventors of the '601 patent are or were affiliated with the Universities. Thus, it appears as though the great majority of the work that led to the patent-in-suit was conducted by the Universities. Despite this, on June 26, 2006, the Universities moved to dismiss themselves from this litigation. (D.I. 21.) Approximately a month later, on August 4, 2006, the Court issued the Scheduling Order in this case ("Scheduling Order"). (D.I. 35.) In the Scheduling Order, the Court addressed how the discovery schedule and the Universities' pending motion to dismiss would coexist. (D.I. 35 at ¶ 1.) Specifically, the Court provided as follows: "[t]here shall be no discovery requests of The Queen's University of Belfast and The University

1

of Saskatchewan ('Universities') prior to September 8, 2006, unless the Universities' motion to dismiss is decided prior thereto . . ..."  (*Id.*).

The Court did not rule on the Universities' motion to dismiss prior to September 8, and accordingly Intervet on that date served *Plaintiff Intervet's First Set of Interrogatories to Defendants the University of Saskatchewan and The Queen's University of Belfast* ("First Set of Interrogatories") and *Plaintiff Intervet's First Request for the Production of Documents and Things to Defendants the University of Saskatchewan and The Queen's University of Belfast* ("First Set of Document Requests") (collectively "Intervet's Discovery Requests").  *See* Intervet's Discovery Requests (attached as Exhibits A and B to the Declaration of Cedric Tan in Support of This Motion ("Tan Declaration")).  These requests are proper, and seek basic discovery about issues that are fundamental to this case, such as "documents concerning the subject matter disclosed in the '601 patent …" or "[w]ith respect to the '601 patent, identify each person who has knowledge or information, as well as the person most knowledgeable, concerning the work which led to the subject matter disclosed and claimed in the '601 patent."  *See* Tan Declaration at Exhibit A (Interrogatory No. 1) and at Exhibit B (Production Request No. 3).

On October 11, 2006, the Universities responded to all of Intervet's Discovery Requests by refusing to provide substantive responses until the Court ruled on their motion to dismiss.  *See* October 11 Letter from Timothy A. Ngau (attached as Exhibit C to the Tan Declaration); *see also* Universities' Responses (attached as Exhibits D and E to the Tan Declaration).  Notwithstanding the improper refusal to provide discovery, Merial Limited and Merial SAS (collectively "Merial") did *say* that they were "endeavoring to identify and produce documents

2

of the Universities . . .." [1] *See* Tan Declaration at Exhibit C. This was an empty statement, however, and to date, no such documents have been produced by either Merial or the Universities. Further, no substantive answers to Intervet's First Set of Interrogatories have been provided.

In response to the Universities' objections, Intervet explained that the Universities' position was improper and indicated that Intervet would file the present Motion if the Universities did not supplement its responses by November 2. *See* October 26 Letter from Patrice P. Jean (attached as Exhibit F to the Tan Declaration). In response, the Universities stated that their objections were proper. *See* November 1 Letter from Frank G. Smith (attached as Exhibit G to the Tan Declaration).

**ARGUMENT**

The Universities' pending motion to dismiss is not a proper basis for their refusal to comply with their basic discovery obligations under the Federal Rules of Civil Procedure. *See generally SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 945 (7th Cir. 1988) (no requirement that discovery cease during the pendency of a motion to dismiss unless the court has ordered a stay); *Daniel J. Hartwig Assoc., Inc. v. Kanner*, 913 F.2d 1213, 1223 (7th Cir. 1990) (stay of discovery is neither required nor implied by the filing of a motion to dismiss); *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995) ("Had the Federal Rules contemplated that a motion to dismiss . . . would stay discovery, the Rules would contain a provision for that effect. In fact, such a notion is directly at odds with the need for expeditious

---

[1] To ensure that Merial lives up to these promises, Intervet has a pending request that the Court find that the Universities are within Merial's control as defined by Fed. R. Civ. P. 34(a) and, as such, must still participate in discovery even if eventually dismissed from this litigation. (D.I. 26 at 9-11).

3

resolution of litigation."). In its Scheduling Order, the Court specifically provided that the Universities were subject to discovery in the event that the Court did not rule on the Universities' motion to dismiss prior to September 8, 2006. The Universities' objections to Intervet's Discovery Requests improperly seek to sidestep this provision of the Scheduling Order.

The Court should compel the Universities to substantively respond to Intervet's Discovery Requests under Fed. R. Civ. P. 37(a) for several reasons: (1) the requests seek relevant information that is in the possession of the Universities; (2) Intervet's ability to defend itself will be prejudiced if the Court does not compel the Universities to respond; and (3) requiring the Universities to respond to Intervet's Discovery Requests will not be unduly burdensome because, even if eventually dismissed, the Universities would still have to provide the discovery, either because they are subject to the control of Merial or subject to the provisions of the Hague Convention.

**A.     The Discovery Requests Seek Relevant Information Possessed by the Universities**

As mentioned above, eight of the ten inventors of the '601 patent presently are or were in the past affiliated with the Universities. As such, it is highly likely that the Universities possess much knowledge and documentation of the development of the '601 patent. Counsel for Merial and the Universities have never denied (because they cannot) that the Universities are in possession of highly relevant documents and information. Intervet's discovery requests simply seek this relevant information, as explicitly provided for in the Federal Rules and this Court's Scheduling Order. Examples of information that the Universities are refusing to produce include: "documents concerning the examples disclosed in the '601 patent, including, but not limited to, laboratory notebooks and analytical reports"; "documents generated, maintained or filed by any named inventor of the '601 patent or agent for Merial and/or the Universities concerning porcine cirocvirus type II, porcine circovirus product or the '601 patent …"; and

4

"prior art considered by an inventor or any other person involved in the prosecution of the applications that led to the '601 patent … ". *See* Tan Declaration at Exhibit B (Production Request Nos. 10, 17, and 30).

B.  **Intervet Will Suffer Prejudice if the Universities are not Compelled to Respond to its Discovery Requests**

Due to the Universities' improper objections to Intervet's Discovery Requests, Intervet does not yet have even a single document or interrogatory response from the Universities related to the development of the '601 patent, the prior art to that patent, the prosecution of that patent and/or the literature and papers either published or prepared by inventors or researchers at the Universities' regarding the invention that is the subject of the '601 patent. This information is plainly relevant and Intervet must have access to it in order to defend itself against Merial's charge of patent infringement. The requested information goes to the heart of Intervet's potential defenses of patent invalidity and unenforceability. Additionally, under the Court's Scheduling Order, the parties are to exchange disputed claim terms and preliminary proposed claim constructions on November 13, 2006. (D.I. 35 at ¶ 4.) Despite this impending deadline, Invervet has been unable to obtain any evidence from the Universities to consider in developing its preliminary claim constructions. It is unfair for Merial, on the one hand, to seek to enforce the patent-in-suit and press for early claim construction deadlines, and, on the other hand, to abet the Universities' refusal to adduce potentially damaging information related to the development of the '601 patent. (*See* D.I. 27.)[2]

---

[2] Unfortunately, even if the Court orders the Universities to respond immediately to Intervet's Discovery Requests, it is unlikely that Intervet will be able to review all of the Universities' documents before the November 13 deadline for the exchange of disputed terms and preliminary proposed claim construction. As a result, Intervet has filed its *Motion to Amend the Scheduling Order* to give the parties more time prior to the exchange of preliminary proposed claim constructions.

C.    **Compelling The Universities to Fully Respond to Intervet's Discovery Requests Is not Unduly Burdensome, Even if the Universities Are Eventually Dismissed**

An order compelling the Universities to respond now to Intervet's Discovery Requests will not prove a waste of the Universities' time, effort, and expense, even if they are eventually dismissed, because such a dismissal still would not remove their obligations to provide this relevant discovery to Intervet. To begin with, as explained in *Plaintiff Intervet's Opposition to Defendants the Queen's University of Belfast's and The University of Sasktachewan's Motion to Dismiss for Lack of Subject Matter Jurisdiction* (D.I. 26 at 9-11), the Universities are under Merial's control and must participate in discovery regardless of whether they are nominal parties. *See Hachette Distribution, Inc. v. Hudson County News Co.*, Inc., 136 F.R.D. 356, 359 (E.D.N.Y. 1991) (motion to stay discovery denied because discovery of defendant Wholesalers was inevitable, whether or not they remained in the case as parties, since these defendants were, at the very least, material witnesses). Moreover, even if the Universities are dismissed, Intervet would then conduct discovery on them as non-parties that have discoverable information. The Universities are subject to the Hague Convention and would thus have to provide discovery when ordered to do so by their respective foreign governments. *Skellerup*, 163 F.R.D. at 601 (motion to stay discovery denied because even if pending motion to dismiss defendant as a party to the case was granted, the remaining parties were likely to conduct discovery with defendant as a non-party).

Indeed, the only reason the Universities have for presently refusing to produce discovery is to hassle and delay Intervet, increase Intervet's litigation costs, and hinder Intervet's ability to prepare its defenses. Merial has professed both to Intervet and the Court that it is purportedly willing to provide Intervet with relevant discovery from the Universities. *See* Tan Declaration at Exhibit C. For instance, at the July 31, 2006 status conference, counsel for Merial and the

6

Universities stated to the Court that they would be willing to assist in Intervet's discovery efforts aimed at the Universities, such as inventor depositions. *See* Transcript of 7/31/06 Status Conference at 22-23 (attached as Exhibit H to the Tan Declaration). Merial, however, has not lived up to its words, and the Court is fully justified in granting the present motion to compel, and directly requiring the Universities to provide discovery in response to Intervet's pending document requests and interrogatories.

## CONCLUSION

For the aforementioned reasons, the Court should grant Intervet's Motion and compel the Universities to immediately answer Intervet's First Set of Interrogatories and produce all documents responsive to Intervet's First Set of Document Requests.

Dated: November 7, 2006                                            Respectfully Submitted,


                                                                    /s/ John Hutchins
                                                                   John R. Hutchins (D.C. Bar # 456749)
                                                                   KENYON & KENYON LLP
                                                                   1500 K Street N.W., Suite 700
                                                                   Washington, DC 20005
                                                                   (202) 220-4200 (telephone)
                                                                   (202) 220-4201 (facsimile)
                                                                   Attorneys for Plaintiff
                                                                   Intervet Inc.

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>MERIAL LIMITED, MERIAL SAS, THE QUEEN'S UNIVERSITY OF BELFAST, and UNIVERSITY OF SASKATCHEWAN,<br><br>*Defendants.* | Civil Action No. 1:06-cv-00658 (HHK) |

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of November, 2006, I electronically filed *Plaintiff Intervet's Motion To Amend The Case Schedule* with the Clerk of the Court using the CM/ECF system which will automatically e-mail notice of this filing to the following attorneys of record:

        Judy Jarecki-Black, Ph.D.
        MERIAL LIMITED
        3239 Satellite Blvd.
        Duluth, GA 30096-4640
        Tel: (678) 638-3805
        Fax: (678) 638-3350

Thomas J. Kowalski, Esq.
Steven M. Admundson, Esq.
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue, NY NY 10151
Tel: (212) 588-0800
Fax: (212) 588-0500

Timothy A. Ngau, Esq.
ALSTON & BIRD LLP
950 F. Street, NW
Washington, DC 20004
Tel: (202) 756-3300
Fax: (202) 756-3333

Patrick J. Elsevier, Ph.D.
Elizabeth K. Haynes, Esq.
Robert L. Lee, Esq.
Frank G. Smith III, Esq.
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Tel: (404) 881-7000
Fax: (404) 881-7777

_/s/_____
Thomas J. Terebesi
Litigation Paralegal
Kenyon & Kenyon LLP
1500 K Street, NW
Washington, DC 20005-1257
(202) 220-4200