UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET INC.,<br><br>      *Plaintiff*,<br><br>      v.<br><br>MERIAL LIMITED, MERIAL SAS, THE QUEEN'S UNIVERSITY OF BELFAST, and UNIVERSITY OF SASKATCHEWAN,<br><br>      *Defendants.* | Civil Action No. 1:06-cv-00658 (HHK) |

**PLAINTIFF INTERVET'S MEMORANDUM IN SUPPORT OF ITS MOTION TO
<u>AMEND THE CASE SCHEDULE</u>**

Plaintiff Intervet Inc. ("Intervet") hereby submits this memorandum in support of its *Motion to Amend the Case Schedule* ("Motion"). Under the current scheduling order, the parties are to exchange disputed claim terms and preliminary proposed claim constructions on November 13, 2006. Intervet requests that the Court amend the case schedule to extend the upcoming November 13, 2006 deadline until January 23, 2007. This amendment will not affect the remainder of the case schedule in any way. For the reasons set forth below, the Court should grant Intervet's Motion and so amend the scheduling order.

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................. 1
STATEMENT OF FACTS ................................................................................................... 1
    A.    The Current Scheduling Order ............................................................................. 1
    B.    The Parties' Activities Since the Scheduling Order ............................................ 2
ARGUMENT ......................................................................................................................... 3
    A.    Intervet Will Likely Be Prejudiced if the Scheduling Order Is not Amended ................................................................................................................ 3
    B.    The Requested Amendment Would Not Further Affect the Case Schedule .......... 3
    C.    The Requested Amendment Would Not Prejudice Defendants ............................ 4
CONCLUSION ...................................................................................................................... 4

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Brennan v. Local Union No. 639*, 494 F.2d 1092 (D.C. Cir. 1974)................................................. 3

*Pitney Bowes Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298 (Fed. Cir. 1999)................................. 3

*Thomson Consumer Elecs., Inc. v. Innovatron, S.A.*, 3 F. Supp. 2d 49 (D.D.C. 1998) .................. 3

**Statutes**

Fed. R. Civ. P. 26................................................................................................................................ 3

## INTRODUCTION

In the spirit of the upcoming amendments to the Federal Rules of Civil Procedure, the parties have been working to come to an agreed-upon set of standards that will govern electronic discovery in this case. Unfortunately, despite considerable efforts on both sides, the parties have not reached a final agreement on electronic discovery. This factor, combined with the lack of an agreed-upon protective order and the objections of the University of Saskatchewan and The Queen's University of Belfast (collectively "Universities") to participating in discovery, has resulted in discovery starting much slower than anticipated. Under the current schedule, Intervet will have to determine its disputed claim terms and provide preliminary proposed claim constructions on November 13, 2006, without having had the chance to review any documents from the defendants regarding the patent-in-suit, much less the opportunity to depose the inventors about those documents. This clearly could prejudice Intervet's ability to develop its proposed claim constructions. Extending the November 13, 2006 deadline will alleviate this potential prejudice without altering the remainder of the case schedule or prejudicing defendants Merial Limited, Merial SAS, and the Universities (collectively "Defendants"). In particular, the proposed change to the schedule will not in any way delay the *Markman* hearing, which is presently set for May 18, 2007. Nor will it extend fact discovery, which is set to close on August 24, 2007.

## STATEMENT OF FACTS

**A.     The Current Scheduling Order**

The Court issued the scheduling order in this case on August 4, 2006 ("Scheduling Order"). (D.I. 35.) In the Scheduling Order, the Court established that discovery not involving

the Universities would commence on August 11, 2006, and that discovery of the Universities could commence on September 8, 2006. (D.I. 35 at ¶ 1-2.) The Court also set a November 13, 2006 deadline for the parties to exchange lists of disputed claim terms and preliminary proposed claim constructions. (D.I. 35 at ¶ 4.) After the November 13 exchange of disputed terms and constructions, the next deadline is February 23, 2007, when the parties are to file a Joint Claim Construction Statement ("Joint Statement"). In other words, there is a three-month meet and confer period for the parties to discuss their proposed claim constructions. (D.I. 35 at ¶ 5.)

**B.    The Parties' Activities Since the Scheduling Order**

Counsel for both sides have been working for some time now to set forth the guidelines (search terms, etc.) that will govern electronic discovery in this case. The parties are still working on this issue and hope to reach a final agreement in the near future. With respect to the Universities, Intervet served discovery requests on them on September 8, as provided for in the Scheduling Order. The Universities have (improperly) objected to all of Intervet's discovery requests and refused to produce any documents until the Court rules on their presently pending motion to dismiss. *See generally Plaintiff Intervet's Memorandum in Support of its Motion to Compel Defendants the University of Saskatchewan and The Queen's University of Belfast to Respond to Intervet's Discovery Requests* (filed concurrently herewith). Further, there is no protective order in place and Defendants have been unwilling to exchange documents on an outside counsels' eyes only basis during the interim while awaiting the Court's resolution of the protective order dispute. (D.I. 34, 39, 42, and 44.) As a result of these factors, the beginning of discovery has been significantly delayed and not a single document has yet been produced by either side.

**ARGUMENT**

The Court has broad discretion to manage the conduct of discovery. *Brennan v. Local Union No. 639*, 494 F.2d 1092, 1100 (D.C. Cir. 1974); Fed. R. Civ. P. 26. In its discretion, the Court should amend the Scheduling Order to extend the November 13, 2006 deadline for the exchange of disputed terms and preliminary proposed claim constructions until January 23, 2007.

**A.    Intervet Will Likely Be Prejudiced if the Scheduling Order Is not Amended**

As the Federal Circuit and this District have recognized, extrinsic evidence, such as the documents and testimony yet to be produced in this case, while not the most important evidence, is relevant to the claim construction process. *Pitney Bowes Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298, 1309 (Fed. Cir. 1999); *Thomson Consumer Elecs., Inc. v. Innovatron, S.A.*, 3 F. Supp. 2d 49, 51-52 (D.D.C. 1998). The delay in the commencement of discovery in this case, however, and the upcoming November 13 deadline mean that Intervet will not have the chance to consult any of the Defendants' documents related to the '601 patent or its development in determining its preliminary proposed claim constructions. Intervet should be given an opportunity to review these documents (and depose the inventors on these documents) prior to proposing its claim constructions.

**B.    The Requested Amendment Would Not Further Affect the Case Schedule**

Amending the Scheduling Order to extend the November 13 deadline for exchanging disputed terms and constructions to January 23 will not affect any of the other deadlines in the case schedule. As noted earlier, the Scheduling Order currently provides a three-month meet and confer period between the November 13 exchange of terms and the February 23, 2007 deadline to file the Joint Statement. If the Court extends the upcoming deadline until January 23, the parties will still have a full month to discuss their disputed terms and proposed constructions and

attempt to narrow the disputes between them.  Therefore, the February 23, 2007 deadline for the Joint Statement will not need to be extended, nor will any later deadlines.

**C.     The Requested Amendment Would Not Prejudice Defendants**

Intervet's requested amendment to the Scheduling Order will not prejudice Defendants. The requested amendment would still provide a full month for the parties to meet and confer on their preliminary claim constructions before producing the Joint Statement to the Court.  The change in the schedule likewise will not affect any fact or expert discovery dates.  Accordingly, extending the November 13, 2006 deadline to January 23, 2007 will not prejudice Defendants' ability to develop their case.

## CONCLUSION

For the aforementioned reasons, the Court should grant Intervet's Motion and amend the Scheduling Order to extend the November 13, 2006 deadline for the exchange of disputed terms and preliminary proposed constructions until January 23, 2007.

Dated: November 7, 2006                                                      Respectfully Submitted,


      /s/  John Hutchins
John R. Hutchins (D.C. Bar # 456749)
KENYON & KENYON LLP
1500 K Street N.W., Suite 700
Washington, DC 20005
(202) 220-4200 (telephone)
(202) 220-4201 (facsimile)
Attorneys for Plaintiff
Intervet Inc.

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET INC., *Plaintiff*, v. MERIAL LIMITED, MERIAL SAS, THE QUEEN'S UNIVERSITY OF BELFAST, and UNIVERSITY OF SASKATCHEWAN, *Defendants.* | Civil Action No. 1:06-cv-00658 (HHK) |

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of November, 2006, I electronically filed *Plaintiff Intervet's Motion To Amend The Case Schedule* with the Clerk of the Court using the CM/ECF system which will automatically e-mail notice of this filing to the following attorneys of record:

Judy Jarecki-Black, Ph.D.
MERIAL LIMITED
3239 Satellite Blvd.
Duluth, GA 30096-4640
Tel: (678) 638-3805
Fax: (678) 638-3350

Thomas J. Kowalski, Esq.
Steven M. Admundson, Esq.
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue, NY NY 10151
Tel: (212) 588-0800
Fax: (212) 588-0500

Timothy A. Ngau, Esq.
ALSTON & BIRD LLP
950 F. Street, NW
Washington, DC 20004
Tel: (202) 756-3300
Fax: (202) 756-3333

Patrick J. Elsevier, Ph.D.
Elizabeth K. Haynes, Esq.
Robert L. Lee, Esq.
Frank G. Smith III, Esq.
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Tel: (404) 881-7000
Fax: (404) 881-7777

_____
Thomas J. Terebesi
Litigation Paralegal
Kenyon & Kenyon LLP
1500 K Street, NW
Washington, DC 20005-1257
(202) 220-4200