# DECLARATION OF CEDRIC TAN

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

INTERVET INC.

    *Plaintiff,*

v.

MERIAL LIMITED, MERIAL SAS,
THE QUEEN'S UNIVERSITY OF
BELFAST, and
UNIVERSITY OF SASKATCHEWAN,

    *Defendants.*

Civil Action No. 06-00658 (HHK)

**PLAINTIFF INTERVET'S FIRST SET OF INTERROGATORIES
TO DEFENDANTS THE UNIVERSITY OF SASKATCHEWAN AND THE QUEEN'S
UNIVERSITY OF BELFAST**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Intervet Inc. hereby requests that Defendants the University of Saskatchewan and The Queen's University of Belfast ("Universities"), answer each of the following interrogatories, under oath by such officers or agents as have knowledge of the facts, by serving written responses to the offices of Kenyon & Kenyon LLP, 1500 K Street, N.W., Suite 700, Washington, D.C. 20005-1257, within thirty (30) days from service hereof, or at such other time and place as shall be agreed upon by the parties or determined by the Court.

These discovery requests are deemed to be continuing. With respect to any of the following interrogatories or parts thereof as to which the Universities, after answering, acquire additional knowledge or information, Intervet requests that the Universities serve upon Intervet amended or supplemental responses in accordance with Rule 26(e) of the Federal Rules of Civil

Procedure, no more than thirty days after the Universities acquire such knowledge or information.

The interrogatories shall be read and interpreted in accordance with the definitions and instructions set forth below.

## DEFINITIONS AND RULES OF CONSTRUCTION

The Definitions and Rules of Construction set forth in *Plaintiff Intervet's First Request for Production of Documents and Things to Defendants the University of Saskatchewan and The Queen's University of Belfast* are hereby expressly incorporated by reference, and shall apply to each of the following interrogatories.

## INSTRUCTIONS

1. The Universities shall answer each interrogatory separately and fully in accordance with Federal Rule of Civil Procedure 33 and Local Civil Rule 30.4. If the Universities object to any interrogatory, they shall state their objection with specificity and shall respond to the interrogatory subject to their objections.

2. In answering each interrogatory, the Universities shall identify each person who assisted or participated in preparing or supplying any of the information contained in the answer or relied upon in preparing the answer to the interrogatory.

3. These interrogatories shall be deemed continuing, requiring the Universities to supplement their responses in accordance with Federal Rule of Civil Procedure 26(e).

2

4. If, in answering any of these interrogatories, the Universities encounter any ambiguity in construing either the interrogatory or a definition or instruction, the Universities shall set forth the matter deemed ambiguous and the construction used in answering the interrogatory.

5. When an interrogatory does not specifically request a particular fact, but when such fact or facts are necessary to make the answer to the interrogatory comprehensible, complete, or not misleading, the Universities shall include such fact or facts as part of the answer.

6. In answering these interrogatories, if the Universities make any assumption of fact or law, they shall state each assumption and the basis for each assumption.

7. Whenever an answer to these interrogatories contains information that is not based on personal knowledge, the Universities shall state the source and the nature of such information.

8. If the Universities withhold any information, in whole or in part, on the grounds of attorney-client privilege, work product immunity, or any other privilege or doctrine, the Universities shall identify the information withheld at the time of making such assertion.

9. If the Universities contend that information responsive to any discovery request is incomplete, then they must provide all responsive information of which they are now aware, shall diligently continue to search for and produce the remaining information and in the event additional information becomes available to them, shall supplement that information promptly in accordance with Federal Rule of Civil Procedure 26(e).

10. If the Universities elect to answer any interrogatory in the manner provided by Federal Rule of Civil Procedure 33(d), they shall identify the documents with specificity and produce them, organized according to interrogatory number so answered, on or before the date they answer the interrogatory. All documents should be produced in the manner, form, and position in which they are kept in the ordinary course of business, as required by Federal Rule of Civil Procedure 34(b), including, where applicable, any index tabs, file covers, folders, envelopes, labels, file dividers or designations. The Universities shall also provide information as to the specific location of the documents.

INTERROGATORY NO. 1

With respect to the '601 patent, identify each person who has knowledge or information, as well as the person most knowledgeable, concerning the work which led to the subject matter disclosed and claimed in the '601 patent. For each identified person, provide their full name, current and last known telephone number, address, current employer, whether the person has ever worked for one of the Universities (and, if so, which university), current or last known position while employed by one of the Universities (if applicable), and the subject matter on which the person has knowledge.

RESPONSE

## INTERROGATORY NO. 2

Identify each person who has knowledge or information, as well as the person most knowledgeable, concerning the isolation, sequencing, purification, testing and/or analysis of any of the PCV Imp1011-48121, PCV Imp1011-48285, PCV Imp999, PCV Imp1010, PCV Imp1008 strains which are referenced in the '601 patent. For each person identified, provide their full name, current and last known telephone number, address, current employer, whether the person has ever worked for one of the Universities (and, if so, which university), current or last known position while employed by one of the Universities (if applicable), and the topics on which the person has knowledge.

## RESPONSE

## INTERROGATORY NO. 3

With respect to the '601 patent, identify the people most knowledgeable regarding the filing and/or prosecution of the applications that led to the '601 patent and/or the decision to file or prosecute any of these applications.

## RESPONSE

INTERROGATORY NO. 4

Separately, for each and every claim of the '601 patent:

(a) State the date when and location where the subject matter was (i) conceived, (ii) first observed experimentally, (iii) first described in a document, (iv) first reduced to practice, and (v) first disclosed to a person other than the inventors;

(b) Identify each person who contributed to the conception of the claimed subject matter and describe his or her contribution and when such contribution occurred; and

(c) Identify each person who contributed to the reduction to practice of the claimed subject matter and describe his or her contribution and when such contribution occurred.

RESPONSE

INTERROGATORY NO. 5

For each of the viral strains listed in the '601 patent, describe the circumstances surrounding its 1) isolation, 2) sequencing and 3) ORF determination, including without limitation, the date on which each event occurred, the persons involved and an identification of all documents supporting the Universities' answers.

RESPONSE

INTERROGATORY NO. 6

Describe in detail all testing, evaluations or analyses performed on any Intervet porcine circovirus product, including a detailed explanation of the procedures used by the Universities in conducting such testing, evaluations or analyses, and the results of all such testing, evaluations, or analyses, including providing the underlying data, and explain how the results support the Universities' and/or Merial's allegation that Intervet infringes all asserted claims of the '601 patent.

RESPONSE

INTERROGATORY NO. 7

Identify each person (expert or fact) whom the Universities expect to call as a witness at trial or any hearing, and state the subject matter on which the witness is expected to testify.

RESPONSE

INTERROGATORY NO. 8

With respect to *Plaintiff Intervet's First Request for Production of Documents and Things to Defendants the University of Saskatchewan and The Queen's University of Belfast*, identify for each document request all persons whose documents and files were searched fully in response to that document request.

RESPONSE

<u>**INTERROGATORY NO. 9**</u>

Identify and describe all assignments, licenses, agreements and/or understandings concerning the '601 patent and identify the persons who have knowledge or information, as well as the person most knowledgeable, regarding each such assignment, license, agreement and/or understanding.

<u>**RESPONSE**</u>

INTERROGATORY NO. 10

Identify each person who provided information that was included in or considered for inclusion in the Universities' responses to these interrogatories, identify the interrogatory for which this information was included or considered for inclusion, and state whether the files (including memoranda and/or correspondence files) of all of those persons were searched fully for information and documents responsive to these interrogatories.

RESPONSE