# DECLARATION OF CEDRIC TAN

# EXHIBIT D

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MERIAL LIMITED; MERIAL SAS; THE QUEEN'S UNIVERSITY OF BELFAST; and UNIVERSITY OF SASKATCHEWAN,<br><br>Defendants. | Civil Action No. 1:06-cv-00658 (HHK) |

**DEFENDANT THE QUEEN'S UNIVERSITY OF BELFAST'S
RESPONSE TO PLAINTIFF INTERVET'S FIRST SET OF
INTERROGATORIES TO DEFENDANTS THE UNIVERSITY OF
SASKATCHEWAN AND THE QUEEN'S UNIVERSITY OF BELFAST**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant The Queen's University of Belfast ("QUB") hereby responds to the interrogatories contained in Plaintiff Intervet, Inc.'s ("Intervet") First Set of Interrogatories to the University of Saskatchewan ("USASK") and QUB, dated September 8, 2006 ("Intervet's First Interrogatories to USASK and QUB") as follows:

**RESERVATION OF RIGHTS**

QUB's responses to Intervet's First Interrogatories to USASK and QUB shall not constitute an admission by QUB that either the interrogatory or any response thereto is relevant to, or admissible as evidence in, any trial or other proceeding. All objections as to privilege, immunity, relevance, authenticity or admissibility of any information or documents referred to herein are expressly reserved. QUB's responses to Intervet's First Interrogatories to USASK and QUB are not a concession that any individual identified by QUB will be called as a witness or

16. QUB objects to Intervet's First Interrogatories to USASK and QUB to the extent that the number of discrete subparts of such interrogatories is construed to exceed twenty-five (25), which is the maximum number of discrete subparts of interrogatories that may be served without leave of Court under Rule 33(a) of the Federal Rules of Civil Procedure.

17. QUB objects to Intervet's First Interrogatories to USASK and QUB to the extent that they seek information not reasonably accessible by QUB.

18. QUB objects to Intervet's First Interrogatories to USASK and QUB as a whole on each of the above grounds. Insofar as Intervet's First Interrogatories to USASK and QUB seek information to which any of the above Reservation of Rights and/or General Objections apply, QUB hereby incorporates such Reservation of Rights and/or General Objections into its specific responses to such Interrogatories. Accordingly, the failure to note any general objection in any specific response above shall not be a waiver of such objection with respect to any interrogatory.

### SPECIFIC RESPONSES TO INTERROGATORIES

**Interrogatory No. 1:**

*With respect to the '601 patent, identify each person who has knowledge or information, as well as the person most knowledgeable, concerning the work which led to the subject matter disclosed and claimed in the '601 patent. For each identified person, provide their full name, current and last known telephone number, address, current employer, whether the person has ever worked for one of the Universities (and, if so, which university), current or last known position while employed by one of the Universities (if applicable), and the subject matter on which the person has knowledge.*

**Response to Interrogatory No. 1:**

QUB objects to Interrogatory No. 1 as premature and unduly burdensome given that USASK and QUB have not answered the complaint in this matter but rather have filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction. As explained in their motion, USASK and

QUB are not proper parties to this action since no subject matter jurisdiction exists with respect to Intervet's declaratory judgment claims against USASK and QUB since no case or controversy exists between USASK and QUB and Intervet. Accordingly, QUB objects to providing responses to Intervet's First Interrogatories to USASK and QUB until at least such time as the Court rules on Defendants The Queen's University of Belfast's and the University of Saskatchewan's Motion to Dismiss for Lack of Subject Matter Jurisdiction. QUB further objects to this interrogatory to the extent it requests information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or the common-interest privilege.

**Interrogatory No. 2:**

*Identify each person who has knowledge or information, as well as the person most knowledgeable, concerning the isolation, sequencing, purification, testing and/or analysis of any of the PCV Imp1011-48121, PCV Imp1011-48285, PCV Imp999, PCV Imp1010, PCV Imp1008 strains which are referenced in the '601 patent. For each person identified, provide their full name, current and last known telephone number, address, current employer, whether the person has ever worked for one of the Universities (and, if so, which university), current or last known position while employed by one of the Universities (if applicable), and the topics on which the person has knowledge.*

**Response to Interrogatory No. 2:**

QUB objects to Interrogatory No. 2 as premature and unduly burdensome given that USASK and QUB have not answered the complaint in this matter but rather have filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction. As explained in their motion, USASK and QUB are not proper parties to this action since no subject matter jurisdiction exists with respect to Intervet's declaratory judgment claims against USASK and QUB since no case or controversy exists between USASK and QUB and Intervet. Accordingly, QUB objects to providing responses to Intervet's First Interrogatories to USASK and QUB until at least such time as the Court rules on Defendants The Queen's University of Belfast's and the University of

7

Saskatchewan's Motion to Dismiss for Lack of Subject Matter Jurisdiction. QUB further objects to this interrogatory to the extent it requests information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or the common-interest privilege.

**Interrogatory No. 3:**

*With respect to the '601 patent, identify the people most knowledgeable regarding the filing and/or prosecution of the applications that led to the '601 patent and/or the decision to file or prosecute any of these applications.*

**Response to Interrogatory No. 3:**

QUB objects to Interrogatory No. 3 as premature and unduly burdensome given that USASK and QUB have not answered the complaint in this matter but rather have filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction. As explained in their motion, USASK and QUB are not proper parties to this action since no subject matter jurisdiction exists with respect to Intervet's declaratory judgment claims against QUB since no case or controversy exists between the Universities and Intervet. Accordingly, QUB objects to providing responses to Intervet's First Interrogatories to USASK and QUB until at least such time as the Court rules on Defendants The Queen's University of Belfast's and the University of Saskatchewan's Motion to Dismiss for Lack of Subject Matter Jurisdiction. QUB further objects to this interrogatory to the extent it requests information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or the common-interest privilege.

**Interrogatory No. 4:**

*Separately, for each and every claim of the '601 patent:*

*(a) State the date when and location where the subject matter was (i) conceived, (ii) first observed experimentally, (iii) first described in a document, (iv) first reduced to practice, and (v) first disclosed to a person other than the inventors;*

8