# DECLARATION OF CEDRIC TAN

# EXHIBIT E

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MERIAL LIMITED; MERIAL SAS; THE QUEEN'S UNIVERSITY OF BELFAST; and UNIVERSITY OF SASKATCHEWAN,<br><br>Defendants. | Civil Action No. 1:06-cv-00658 (HHK) |

**DEFENDANT THE QUEEN'S UNIVERSITY OF BELFAST'S
RESPONSE TO PLAINTIFF INTERVET'S FIRST REQUEST FOR THE
PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS
THE UNIVERSITY OF SASKATCHEWAN AND THE QUEEN'S
<u>UNIVERSITY OF BELFAST</u>**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant The Queen's University of Belfast ("QUB") hereby responds to the requests of Plaintiff Intervet Inc. ("Intervet") contained in Plaintiff Intervet's First Request for the Production of Documents and Things to Defendants the University of Saskatchewan ("USASK") and QUB, dated September 8, 2006, ("Intervet's First Document Requests to USASK and QUB") as follows:

**RESERVATION OF RIGHTS**

QUB reserves the right to amend or supplement the following responses. Neither QUB's responses to Intervet's First Document Requests to USASK and QUB nor the production of any documents in response thereto, however, shall constitute an admission by QUB that either the request for production, the response, or the documents produced are relevant to, or admissible as evidence in, any trial or other proceeding. QUB specifically reserves the right to object on any

## SPECIFIC RESPONSES TO REQUESTS FOR PRODUCTION

### Request No. 1:

*All documents concerning any allegation or other factual base that the manufacture, sale, offer for sale, use or importation of Intervet's porcine circovirus type II vaccine is infringing, will infringe, has contributed to and/or has induced the infringement of any claim of the '601 patent.*

### Response to Request for Production No. 1:

QUB objects to Request No. 1 as premature and unduly burdensome given that USASK and QUB have not answered the complaint in this matter but rather have filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction. As explained in their motion, USASK and QUB are not proper parties to this action since no subject matter jurisdiction exists with respect to Intervet's declaratory judgment claims against USASK and QUB since no case or controversy exists between the USASK and QUB and Intervet. Accordingly, QUB objects to providing documents in response to Intervet's First Document Requests to USASK and QUB until at least such time as the Court rules on Defendants The Queen's University of Belfast's and the University of Saskatchewan's Motion to Dismiss for Lack of Subject Matter Jurisdiction. QUB further objects to this request to the extent it requests information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or the common-interest privilege. QUB also objects to the request to the extent that it seeks production of confidential documents prior to the execution of an appropriate Protective Order.

### Request No. 2:

*All testing, studies and analyses concerning any Intervet porcine circovirus type II product.*

### Response to Request for Production No. 2:

QUB objects to Request No. 2 as premature and unduly burdensome given that USASK and QUB have not answered the complaint in this matter but rather have filed a Motion to

6

Dismiss for Lack of Subject Matter Jurisdiction. As explained in their motion, USASK and QUB are not proper parties to this action since no subject matter jurisdiction exists with respect to Intervet's declaratory judgment claims against USASK and QUB since no case or controversy exists between the USASK and QUB and Intervet. Accordingly, QUB objects to providing documents in response to Intervet's First Document Requests to USASK and QUB until at least such time as the Court rules on Defendants The Queen's University of Belfast's and the University of Saskatchewan's Motion to Dismiss for Lack of Subject Matter Jurisdiction. QUB further objects to this request to the extent it requests information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or the common-interest privilege. QUB also objects to the request to the extent that it seeks production of confidential documents prior to the execution of an appropriate Protective Order.

**Request No. 3:**

*All documents concerning the subject matter disclosed in the '601 patent, the patent applications from which the '601 patent issued and/or any foreign counterparts thereto.*

**Response to Request for Production No. 3:**

QUB objects to Request No. 3 as premature and unduly burdensome given that USASK and QUB have not answered the complaint in this matter but rather have filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction. As explained in their motion, USASK and QUB are not proper parties to this action since no subject matter jurisdiction exists with respect to Intervet's declaratory judgment claims against USASK and QUB since no case or controversy exists between the USASK and QUB and Intervet. Accordingly, QUB objects to providing documents in response to Intervet's First Document Requests to USASK and QUB until at least such time as the Court rules on Defendants The Queen's University of Belfast's and the