# DECLARATION OF CEDRIC TAN

# EXHIBIT H

Status Conference Transcript (7-31-06).txt

1

```
 1                      UNITED STATES DISTRICT COURT

 2                      FOR THE DISTRICT OF COLUMBIA

 3

 4      - - - - - - - - - - - - - - x

 5    INTERVET, INC.            :
                                : Docket No. CA-06-0658
 6          v.                  :
                                : Washington, D.C.
 7    MERIAL LIMITED,           : Monday, July 31, 2006
                                : 9:45 A.M.
 8        Defendant.            :

 9      - - - - - - - - - - - - - - x

10

11                   TRANSCRIPT OF STATUS CONFERENCE
             BEFORE THE HONORABLE HENRY H. KENNEDY
12                   UNITED STATES DISTRICT JUDGE

13    APPEARANCES:

14    For the Government:    JOHN R. HUTCHINS, Esquire
                             KENYON & KENYON LLP
15                           1500 K Street, NW
                             Washington, D. C. 20005-1257,
16
      For The Defendant:     FRANK G. SMITH, III, Esquire
17                           ALSTON & BIRD LLP
                             One Atlantic Center
18                           1201 West Peachtree Street
                             Atlanta, Georgia 30309-3424
19

20    Court Reporter:        ANNIE R. SHAW, RPR
                             Official Court Reporter
21                           333 Constitution Avenue, N.W., Rm. 6820
                             Washington, D.C.  20001
22                           (202) 289-9002

23    Proceedings recorded by machine shorthand, transcript produced
      by computer-aided transcription.
24

25
```

2

Status Conference Transcript (7-31-06).txt

1   avail themselves of that opportunity, then that's their
2   business.
3        Now with regard to the number of inventors, we are
4   certainly not going to get in their way with regard to that
5   discovery.  We are going to see if perhaps -- I can't make a
6   commitment right now -- they could be brought to this country
7   for their depositions.  That would certainly facilitate the
8   process.  And if we can work out some sort of car sharing
9   arrangement, that may be very well be the way to go, providing
10  they are willing to come from Saskatchewan, which I would
11  suggest in the wintertime they probably would be willing to do,
12  to come down here to Atlanta for their depositions.
13       So we are going to work with them on the discovery
14  issues.  These raised a number of points, but largely they are
15  red herrings.
16       And the second point I want to address is the notion
17  that Markman comes at the end after all the discovery.  That
18  just simply is not so.  If you look at the local rules of every
19  District Court in this country that has patent rules, they
20  provide for Markman to take place during the discovery process
21  that's what the Federal Circuit Bar Association suggested be
22  done.  That's what the Sedona Conference, which is an
23  independent legal think tank, suggest be done.
24       All they can come up with is Judge Robinson from
25  Delaware standing order, which is directly reputed by

24

Page 22

Status Conference Transcript (7-31-06).txt

1  the combined jurists and lawyers and independent experts at the

2  Sedona Conference, who said you don't have Markman and summary

3  judgment together normally.

4          And the final point is the statistics they cite are

5  six years old.  It's six years old.  That's when Markman was

6  essentially in its infancy.  And they point out things have

7  changed.

8          THE COURT:  Your brother counsel said, and I don't

9  know that I recite precisely what he said, but the, the gist of

10  what he said is that while the proposal that he sets forth may

11  take a little longer than the proposal that you set forth, that

12  in exercising the Court's discretion and we -- and this is a

13  matter that's in the Court's discretion, of course -- that the

14  better exercise of discretion is to come down on the side where

15  there is the least likelihood that one side would be

16  prejudiced, than were the Court to adopt the other proposal.

17          The suggestion is that your proposal might prejudice

18  their side; their proposal clearly would not prejudice yours

19  except for the passage of time and, of course, I hear that.

20  But assuming that the Court does not think that that is, you

21  know, the kind of prejudice that's going to ring the bell here,

22  what do you say?

23          MR. SMITH:  It's more than the old axiom that justice

24  delayed is justice denied.  It is our position that they are on

25  the market with an infringing product that should not be there.

25

1  And we initially tried to have it stopped in Atlanta with a

2  Motion for Preliminary Injunction.  That was not successful

Page 23