# EXHIBIT J

Alston & Bird

## Elsevier, Patrick

---

**From:**    James, William [WJames@kenyon.com]

**Sent:**    Tuesday, October 31, 2006 8:23 AM

**To:**      Elsevier, Patrick; Amundson, Steven

**Subject:** RE: Intervet v. Merial: Proposed Discovery Protocol

Dear Patrick:

Further to your e-mail below regarding the proposed discovery protocol, here is Intervet's response.

1.    Intervet agrees to having the parties engage in a traditional document collection process in which the parties will identify all relevant persons working on or involved with the projects relating to the subject matter of the litigation and request that such persons identify and produce any relevant, responsive documents (both paper and electronic) in their possession, custody or control.

2.    Intervet is willing to agree to the parties conducting additional keyword searching of electronic documents for specifically identified custodians.  However, Intervet proposes that the number of specifically identified custodians be increased to 30 custodians per party.  Intervet believes that this is a more realistic number given that there are 10 named inventors on the '601 patent.  Intervet agrees that the identified custodians should be the persons having the most relevance to the subject matter of the litigation.  Intervet agrees that initially each side will identify the most relevant custodians within their own companies for potential keyword searching.  We propose that the parties exchange a list of the names of the identified custodians, along with a brief description of their job title, responsibility and relevance to the subject matter of the litigation.  Intervet agrees that the opposing party can also identify additional custodians for keyword searching based on their review of the documents.  We understand that that there are French privacy law issues that may need to be resolved as you have articulated below.  Presently, Intervet is investigating whether there are similar Dutch privacy laws that would impact searching its custodians' files.  If such laws exist, Intervet agrees to undertake whatever steps are necessary to ensure a mutually-agreeable solution.

3.    Intervet agrees to the parties conducting keyword searching of relevant shared (i.e., "public") company directories on company servers.

4.    Intervet is agreeable to each side using up to 12 keywords for its searches and having such searches cover the following file types: e-mails, text documents (e.g., .doc and .wpd), spreadsheets (e.g., xls) and presentations (e.g., ppt).

5.   Intervet requests that Merial search the 12 keywords identified below.

       1.   circo* (which would capture circovirus and "circovirus porcin" and circovent)
       2.   PCV* (which would capture PCV2, PCV-2. PCVII, PCV-II, PCV1, PCV-1, PCVI, PCV-I, etc.)
       3.   PMWS
       4.   "wasting syndrome"
       5.   "open reading frame"
       6.   ORF* (which would capture different ORFs)
       7.   "syndrome de dépérissement"
       8.   "cadre ouvert de lecture"
       9.   Nayar
      10.   Hamel
      11.   Babiuk
      12.   Saskatchewan

Intervet agrees to your description of "*".

11/13/2006

6.    With respect to those 12 keywords that Merial has proposed below, Intervet has determined that it would not be feasible to conduct a search of the keyword "Merial" due to the large number of irrelevant documents that would be potentially identified by such a search given the competitive nature of the two companies.
For this reason, Intervet has replaced the keyword "Intervet" in its proposed 12 keywords to be searched by Merial. Please let us know if Merial is agreeable to substituting the keyword "Merial" with another chosen keyword. Finally, Intervet cannot agree to allow Merial to reserve the right to pick a twelfth "wild card" search term at a later date. Allowing Merial to do so would result in Intervet having to essentially repeat the entirety of its electronic search process later in discovery. It should go without saying that such a process would be highly inefficient, costly and burdensome to Intervet. The parties should decide on a process and undertake it once.

Please let us know whether this proposal is agreeable to Merial.

Bill

---

**From:** Elsevier, Patrick [mailto:Patrick.Elsevier@alston.com]
**Sent:** Friday, October 06, 2006 12:13 PM
**To:** James, William
**Cc:** Amundson, Steven
**Subject:** Intervet v. Merial: Proposed Discovery Protocol

Dear Bill:
To follow up on our telephone conference regarding the discovery protocol, Merial proposes that the parties engage in a traditional document collection process in which the parties will identify relevant persons and request that such persons identify and produce any relevant, responsive documents (both paper and electronic) in their possession, custody or control.

In addition, Merial proposes additional keyword searching of electronic documents for up to 20 specifically identified custodians. For these custodians, E-mails and other document types as agreed upon by the parties will be identified from servers and hard drives by keyword searching. The custodians would be the persons having the most relevance to the subject matter of the litigation. We envision that initially each side can identify the most relevant custodians within their own companies, but that the opposing party could also identify additional or other custodians based on their review of documents collected by the traditional document collection process. As we discussed, due to French privacy laws, it is our understanding that Merial will need to obtain the permission of each custodian before it can search that person's electronic files. To the extent that any custodian refuses to permit a search of their electronic files, then we would inform Intervet of such and attempt to work out a solution. Likewise, we would expect Intervet to do the same to the extent that there are similar issues under Dutch law.

Also, we have confirmed that it is permissible to conduct keyword searching of the shared (i.e., public) company directories on servers without seeking the consent of each custodian who may have files on those servers. Thus, in addition to the above protocol for searching of private files, Merial can agree that the parties will also perform the keyword searching of relevant shared (i.e., public) directories on company servers if Intervet agrees to do likewise.

Each side will search using up to 12 keywords. The searches will cover the following file types: e-mails, text documents (e.g., .doc and .wpd), spreadsheets (e.g., .xls), and presentations (e.g., .ppt).

We understand that Intervet would like Merial to search the following 12 keywords:

1.  circo* (which would capture circovirus and "circovirus porcin" and circovent)
2.  PCV* (which would capture PCV2, PCV-2. PCVII, PCV-II, PCV1, PCV-1, PCVI, PCV-I, etc.)
3.  PMWS
4.  "Post-weaning multisystemic wasting syndrome"
5.  "open reading frame"
6.  ORF* (which would capture different ORFs)

11/13/2006

7. "Syndrome de dépérissement généralise de post-sevrage"
8. Intervet
9. Nayar
10. Hamel
11. Babiuk
12. Saskatchewan

Merial would like for Intervet to search the following 12 keywords:

1. circo* (which would capture circovirus and "circovirus porcin" and circovent)
2. PCV* (which would capture PCV2, PCV-2. PCVII, PCV-II, PCV1, PCV-1, PCVI, PCV-I, etc.)
3. PMWS
4. "wasting syndrome"
5. "open reading frame"
6. ORF* (which would capture different ORFs)
7. merial
8. allan
9. ellis
10. *601 (Note: if Intervet believes that the term *601 would identify too many irrelevant documents, then Merial would consent to searching the term *601 with an "and" connector in conjunction with each of the following terms separately (i) "patent", (ii) the Dutch word for patent, and (iii) "638")
11. *214 (Note: if Intervet believes that the term *214 would identify too many irrelevant documents, then Merial would consent to searching the term 214 with an "and" connector in conjunction with each of the following terms separately (i) "PCT" or (ii) "WO")
12. Merial will pick a twelfth search term after reviewing the documents collected by the traditional document collection process

Note:  the "*" above indicates an appropriate wild card character that would capture the use of the term following or proceeding the wild card character in combination with none or more other alphanumeric characters in place of the wild card character.

Please let us know if the above proposal is acceptable to Intervet.

J. Patrick Elsevier, Ph.D., Esq.
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Phone: (404) 881-7683
Fax: (404) 253-8285
patrick.elsevier@alston.com
http://www.alston.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

11/13/2006

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone (404-881-7000) or by electronic mail (postmaster@alston.com), and delete this message and all copies and backups thereof. Thank you.

---

11/13/2006