# EXHIBIT K

Alston & Bird

# ALSTON&BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

404-881-7000
Fax: 404-881-7777
www.alston.com

Frank G. Smith, III          Direct Dial: 404-881-7240          E-mail: frank.smith@alston.com

November 6, 2006

**VIA E-MAIL AND FACSIMILE (202) 220-4201**

Cedric Tan, Esq.
Kenyon & Kenyon LLP
1500 K Street, NW
Suite 700
Washington, DC   20005

    Re:    *Intervet v. Merial, et al.*, Civil Action No. 1:06-cv-00658, United States
District Court for the District of Columbia.
Our File No. 047041/304818

Dear Cedric:

This letter responds to your November 2, 2006 letter.

1. **Document Production Issues.**

Merial does not accept the terms that Intervet proposes for exchanging documents as set forth in your letter. In particular, Merial disapproves of Intervet's restriction on document production because Merial's counsel of record, including Dr. Judy Jarecki-Black and the attorneys of record at Frommer Lawrence and Haug, LLP, including Thomas Kowalski, Steve Amundson and Vicki Franks, should not be denied access to Intervet's document production. Intervet's attempt to limit its production to only the attorneys at Alston and Bird is unacceptable.

In addition, we expect, at a minimum, that Intervet will produce documents to Merial that it believes can be reviewed by all of Merial's counsel, i.e., all of its documents that it does not consider subject to the "Highly Confidential-Attorneys' Eyes Only" designation and restriction set forth in your letter.

Merial therefore asks that Intervet reconsider its position concerning Intervet's document production, and accept Merial's proposal as outlined in its October 31 letter. If

Bank of America Plaza
101 South Tryon Street, Suite 4000
Charlotte, NC 28280-4000
704-444-1000
Fax: 704-444-1111

90 Park Avenue
New York, NY 10016
212-210-9400
Fax: 212-210-9444

3201 Beechleaf Court, Suite 600
Raleigh, NC 27604-1062
919-862-2200
Fax: 919-862-2260

The Atlantic Building
950 F Street, NW
Washington, DC 20004-1404
202-756-3300
Fax: 202-756-3333

**ALSTON & BIRD LLP**
Cedric Tan, Esq.
November 6, 2006
Page 2

Intervet will not accept Merial's October 31 proposal, Merial asks that the parties participate in a meet-and-confer conference call on November 8. We suggest a conference call at 3:00 PM EST. If the parties cannot reach a resolution at that time, Merial will be forced to file a motion to compel with the Court.

In order to move this case along, however, Merial will begin to produce its documents as well as any documents that it has obtained from the Universities and inventors. These documents will be produced pursuant to the confidentiality tiers under Intervet's proposed protective order until the Court rules on the protective order issue, at which time we would redesignate the documents under the protective order that is entered. The above temporary treatment of documents under Intervet's proposed protective order will be made without prejudice to Merial's positions with respect to the currently pending motions for competing protective orders and cannot be used as a basis by Intervet for asserting that its proposed protective order should be adopted by the Court.

2.  **Claim Construction Issues.**

Merial intends to comply with the Court's Scheduling Order concerning the exchange of disputed claim terms and phrases and proposed constructions and expects Intervet to similarly comply. Toward that end, Merial identifies the following claim terms as those it believes the parties dispute and which, therefore, may require construction by the Court: vector, ORF, epitope, epitope which is specific to PCV-2, PCV-1, PCV-2, and porcine circovirus type II. So that the parties can know the terms for which they should provide constructions on November 13, Merial asks that Intervet identify, by November 9, those terms that it believes the parties dispute and that it believes require construction. This will allow each side to provide proposed constructions for all of the terms that are truly at issue.

3.  **Inventor Depositions.**

As Merial has explained before, Intervet does not need to take the depositions of the inventors before November 13 to comply with the Court's scheduling order. As we stated in our October 31 letter, claim construction discovery extends well beyond November 13, and Intervet faces no prejudice by following the Court's scheduling order. Nonetheless, contrary to the contentions in Intervet's November 2 letter, Merial has in good faith been trying to obtain relevant documents from the inventors and, pursuant to Intervet's earlier request, had been trying to schedule the inventors' depositions.

In your September 15, 2006 letter, however, you stated that Intervet must receive (i) all of the documents of all of the inventors and (ii) all of the documents of all of the defendants before taking any of the inventor depositions. Accordingly, as stated in our October 11, 2006 letter, we have deferred attempting to schedule the inventor depositions until after the parties have completed their respective document productions, which, as

**ALSTON & BIRD LLP**

Cedric Tan, Esq.
November 6, 2006
Page 3

you know, has been slowed by Intervet's delays in responding to Merial's proposals regarding the scope and process for discovery. Nonetheless, if Intervet's position on the scheduling of inventor depositions has changed again, please let us know.

We look forward to a response prior to November 8 on these issues.

Sincerely,

*Frank Smith / JRH*

Frank G. Smith, III

FGS:jrh
cc (via email): All Counsel of Record

LEGAL02/30136783v1