UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET, INC., <br><br> Plaintiff, <br><br> v. <br><br> MERIAL LIMITED; MERIAL SAS; THE QUEEN'S UNIVERSITY OF BELFAST; and UNIVERSITY OF SASKATCHEWAN, <br><br> Defendants. | Civil Action No. 1:06-cv-00658 (HHK-JMF) |

**DEFENDANTS THE UNIVERSITY OF SASKATCHEWAN'S AND THE QUEEN'S UNIVERSITY OF BELFAST'S MOTION FOR A PROTECTIVE ORDER**

Defendants the University of Saskatchewan and The Queen's University of Belfast ("Universities") move for a protective order ("Motion for Protective Order") under Fed. R. Civ. P. 26(c) that formal discovery of the Universities may be had only if they receive an unfavorable ruling on their Motion to Dismiss for Lack of Subject-Matter Jurisdiction filed on June 26, 2006. (D.I. 21) ("Motion to Dismiss"). The Universities also oppose Intervet's Motion to Compel Discovery. (*See* D.I. 55) ("Motion to Compel").

As explained in the accompanying Memorandum of Law and in the Universities' Motion to Dismiss, Intervet filed suit against the Universities knowing that they are not proper parties to this action. Now, Intervet seeks to compel the Universities to provide discovery which, as non-parties, they would have no obligation provide.[1] Because it would be unfair to subject the

---

[1] Intervet improperly seeks to compel the Universities to respond to interrogatories, which as non-parties they would not have to respond to. Intervet also seeks to compel the Universities to respond to numerous document requests, many of which far exceed the breadth of discovery to which the Universities, as non-parties, would be expected to respond, particularly without receiving any compensation from Intervet for the expense of responding to such requests. Notably, although not obligated to do so, the Universities have, at Merial's request, voluntarily provided

Universities to Intervet's discovery requests until after the Court rules on the Universities' Motion to Dismiss, the Court should grant the Universities' Motion for Protective Order and temporarily stay discovery until the Court rules on their Motion to Dismiss.

Alternatively, the Court should defer ruling on both Intervet's Motion to Compel and the Universities' Motion for a Protective Order until after a decision is reached on the Universities' previously filed Motion to Dismiss. If the Court finds that it lacks subject-matter jurisdiction over Intervet's declaratory-judgment suit against the Universities and grants the Motion to Dismiss, then Intervet's Motion to Compel will be moot. Should the Court find that it does have subject-matter jurisdiction over Intervet's declaratory-judgment suit against the Universities, they will respond within 21 days to Intervet's discovery requests in full, subject to their other previously asserted objections.

Counsel for the Universities has conferred in good faith with counsel for Intervet concerning this motion, and counsel for Intervet stated that it would oppose the motion.

Dated: November 22, 2006.

Respectfully submitted,

*/s/ Timothy A Ngau*
ALSTON & BIRD, LLP
Timothy Ngau
DC Bar No. 339333
950 F Street, NW
Washington, DC  20004
Phone: 202-756-3300
Fax: 202-756-3333

Judy Jarecki-Black, Ph.D.

---

Merial with documents relating to the subject matter of the patent-in-suit, and such documents are in the process of being reviewed by counsel for production.

LEGAL02/30156539v3

2

Merial Limited
3239 Satellite Blvd.
Duluth, GA  30096-4640
Tel.: (678) 638-3805
Fax: (678) 638-3350

Thomas J. Kowalski
Steven M. Amundson
DC Bar No. 412196
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, New York 10151
Tel.: (212) 588-0800
Fax: (212) 588-0500

Frank G. Smith, III
Robert L. Lee
J. Patrick Elsevier, Ph.D.
Elizabeth K. Haynes
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel.: (404) 881-7000
Fax: (404) 881-7777

*Counsel for The Queen's University of Belfast and The University of Saskatchewan*