# EXHIBIT H

Case 1:06-cv-00658-HHK-JMF    Document 60-10    Filed 11/22/2006    Page 1 of 3

Alston & Bird



**Kenyon & Kenyon LLP**
Intellectual Property Law

Cedric C.Y. Tan
Direct 202.220.4306
ctan@kenyon.com

1500 K Street, NW
Washington, DC 20005-1257
202.220.4200
Fax 202.220.4201

October 26, 2006

<u>**By Facsimile 404.881.7777**</u>
<u>**and Confirm by E-mail**</u>

Timothy A. Ngau, III, Esq.
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424

    Re:   *Intervet Inc. v. Merial Limited et al.*,
           Civil Action No. 1:06-cv-00658 (HHK) (D.D.C.)

Dear Tim:

    This letter responds to both your letter of October 11, 2006 and your colleague Frank Smith's letter of September 26, 2006, regarding the scheduling of depositions for the inventors of the '601 patent.

    While we appreciate your willingness to make available for depositions in late October and November the three inventors Edward Clark, Lori Hassard and Brian Meehan, we cannot begin on agreeing to take their depositions or any of the remaining seven inventors until we receive all relevant documents that are in the possession of the inventors and the defendants. Furthermore, we note that you do not mention in your recent correspondences the availability for depositions of the four inventors (*i.e.*, Catherine Charreyre, John Ellis, Deborah Haines and John Harding) that Frank Smith had previously identified in his letter of September 19, 2006, as still employed by the defendants. If you have documents that are ready to be produced to us, we encourage you to produce such documents as soon as possible to prevent further delays in the scheduling of the inventor depositions. We will agree to treat such documents as Attorneys' Eyes Only under Intervet's proposed protective order. Intervet will endeavor to begin producing documents on a rolling basis as soon as possible on that same basis.

    Nevertheless, since it is our understanding that at present you are unlikely able to provide Intervet with all of the relevant inventor documents before the end of October, it is unlikely that any of the inventors' depositions will take place in October. Moreover, because the parties are in the early stages of agreeing on both a process and scope for electronic discovery, it is likewise unlikely that the parties will be in a position to exchange electronic documents including any and all inventor-related electronic documents in early November. As we have indicated before and

Timothy A. Ngau, III, Esq.
October 26, 2006
Page 2



reiterate again, discovery from the inventors may be relevant to the issue of claim construction of the '601 patent, and therefore, should be concluded reasonably in advance of the date on which each side's disputed claim terms and proposed constructions are exchanged. That date is presently scheduled for November 13, 2006. However, it would seem that the November 13, 2006 date is not a feasible date for the exchange of claim constructions given the defendants' inability to produce the relevant inventor documents in advance of the inventors' depositions.

                                                Very truly yours,
                                                KENYON & KENYON LLP

                                                Cedric C.Y. Tan


cc:      Attorneys of Record (via E-mail)