# DECLARATION OF CEDRIC TAN

# EXHIBIT E



Cedric C.Y. Tan
Direct 202.220.4306
ctan@kenyon.com

1500 K Street, NW
Washington, DC 20005-1257
202.220.4200
Fax 202.220.4201

November 2, 2006

**By Facsimile 404.881.7777
and Confirm by E-mail**

Frank G. Smith, III, Esq.
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424

      Re:   *Intervet Inc. v. Merial Limited et al.,*
            Civil Action No. 1:06-cv-00658 (HHK) (D.D.C.)

Dear Frank:

      This letter responds to your letter of October 31, 2006 regarding the temporary confidentiality designations for discovery documents and the availability of the inventors of the '601 patent for depositions.

      First, we presume by your lack of response regarding the scheduling of inventor depositions for Edward Clark, Lori Hassard and Brian Meehan that you are admittedly unable to produce their documents such that depositions can be taken in advance of the November 13, 2006 exchange of claim constructions. Furthermore, in your most recent letter, you still make no mention of the availability of the four inventors (*i.e.*, Catherine Charreyre, John Ellis, Deborah Haines and John Harding) that you had previously identified in your letter of September 19, 2006 as still employed by the defendants. Nor do you mention producing the relevant documents of these four inventors.

      Second, we agree to your proposal that we temporarily treat all of Merial's documents marked "Highly Confidential - Attorneys' Eyes Only" under Intervet's proposed protective order, *i.e.*, outside counsel only. Accordingly, we encourage you to begin producing these documents to us as soon as possible to help move discovery along and prevent further delays. Nevertheless, with respect to Intervet documents—which we are currently willing to begin producing on a rolling basis, provided that they are treated by you on the same outside counsel only basis (*i.e.*, that they would be viewed only by the Alston & Bird outside attorneys)—it now appears that Merial will only accept Intervet's documents on an "Attorneys' Eyes Only" basis under Merial's less restrictive proposed protective order (wherein Merial's in-house attorneys, *e.g.*, Dr. Judy Jarecki-Black, would be able to review the documents). This disparate treatment

Frank G. Smith, III, Esq.
November 2, 2006
Page 2



of the parties' documents does nothing to further the discovery process. Instead, it merely highlights the very protective order issues that are currently pending before the Court.

       If you are unwilling to temporarily treat Intervet's documents under the "Highly Confidential - Attorneys' Eyes Only" designation of Intervet's proposed protective order, then we will not be able to produce any Highly Confidential Intervet documents to you until a protective order is adopted by the Court. Obviously, this should in no way prevent your production of defendants' documents since we have already agreed to temporarily treat all documents documents marked "Highly Confidential – Attorneys' Eyes Only" under Intervet's more restrictive proposed protective order, *i.e.*, outside counsel only.

                              Very truly yours,
                              KENYON & KENYON LLP

                              Cedric C.Y. Tan

cc:    Attorneys of Record (via E-mail)