# DECLARATION OF CEDRIC TAN

# EXHIBIT A

# Judicial Assistance in Canada

DISCLAIMER: THE INFORMATION IN THIS CIRCULAR RELATING TO THE LEGAL REQUIREMENTS OF SPECIFIC FOREIGN COUNTRIES IS PROVIDED FOR GENERAL INFORMATION ONLY AND MAY NOT BE TOTALLY ACCURATE IN A PARTICULAR CASE. QUESTIONS INVOLVING INTERPRETATION OF SPECIFIC FOREIGN LAWS SHOULD BE ADDRESSED TO FOREIGN COUNSEL.

**PROVISO:** This flyer seeks only to provide information; it is not an opinion on any aspect of U.S., foreign, or international law. The U.S. Department of State does not intend by the contents of this flyer to take a position on any aspect of any pending litigation. This circular describes general procedures for obtaining evidence and serving foreign legal documents in Canada. It does not purport to deal with substantive law or the interpretation of specific laws of Canada. A list of Canadian attorneys is available at each U.S. Consulate in Canada or from the Office of American Citizens Services - Western Hemisphere Affairs Division, Department of State, Washington, D.C. 20520-4811.

Canada"s Department of Foreign Affairs and International Trade is prepared to help facilitate international judicial cooperation and has published a booklet, *International Judicial Cooperation* , from which the procedures described in the circular are excerpted. Copies are available from the United Nations, Criminal and Treaty Law Division, Department of External Affairs and International Trade, 125 Sussex Drive, Ottawa, Ontario, Canada K1A 0G2.

Canadian courts can and usually do lend their assistance to foreign courts in criminal, civil and administrative proceedings. However, because the administration of justice is a matter left to each Canadian province"s jurisdiction, the application of courts" assistance may not be uniform nationwide. Once again, you may wish to consult with Canadian attorneys in the jurisdiction where you are seeking assistance for authoritative answers in particular cases.

## I. SERVICE OF PROCESS

No foreign diplomatic, consular or law enforcement officer may carry out service in Canadian territory without the consent of the Government of Canada. As a result, Canada has traditionally required that either Canadian public officials, the sheriff (in Quebec, the *huissier* ) of the appropriate judicial district, or private process-servers retained by a party to the litigation effect the required service. Also, formal service of American legal documents in Canada does not *per se* require the recognition or enforcement in Canada of any ensuing judgment, decree or order that an American court may render.

### A. Direct Service

**1.** The most direct way to serve American legal documents in Canada is by forwarding duplicate sets of the documents in English (preferably with a French translation in Quebec) directly to the sheriff/huissier in whose judicial district you need service effected. The names and addresses of these provincial officials are listed in Canada Law List, a legal directory available in most law libraries of the Canada Law Book Limited, 80 Cowdrawy Court, Agincourt, Ontario M1S 1S5, Canada. The cost for this service varies depending on the number of attempts at service. When there is no urgency and no difficulty locating or serving the person to whom the documents are addressed, the sheriff/huissier"s services are generally least expensive and simplest to effect.

**2.** Otherwise, it is usually more effective to retain a licensed private process server and, if the whereabouts of the person to be served are unknown, a private tracing service may be used. Firms providing these services are listed in Canadian telephone directories under "Process Servers"/"Huissiers Exploitants" and "Tracing Bureaus." Private process servers are the most expeditious agents for effecting service of foreign legal documents in Canada.

**3.** The last direct method of serving U.S. legal documents in Canada is by International Registered Mail. The United States Postal Service instructions on International Registered Mail include information on mail service to Canada. Canada does not object to this form of service on sovereignty grounds.

### B. Service Pursuant to the Hague Convention of 1965

Canada"s accession to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (20 UST 361; TIAS 6638) provides a simple but indirect method for effecting service in civil and commercial matters when more direct means prove inappropriate or unfeasible. The text of the treaty is published *inter alia* in the Law Digest Volume of *the Martindale-Hubbell Law Directory* under the heading, "Selected International Conventions," and as an annotation to Rule 4 of the Federal Rules of Civil Procedure in 28 U.S.C.A. Canadian officials familiar with Hague Convention procedures

indicate that service of U.S. documents will usually be faster using one of the three methods described above. However, for those unique cases where service through Hague Convention procedures is deemed preferable, the process is described below.

Under the Convention, the party seeking service submits a request to the designated Central Authority on Form USM-94, Request for Service Abroad of Judicial and Extra-Judicial Documents. The form is reprinted as an annex to the Convention in *Martindale-Hubbell* and is obtainable from any U.S. Marshall''s Service office. Requestors submit duplicates of the completed request form and documents to be served, together with any necessary translations, directly to the Central Authority of the province or territory where the entity to be served resides. They may also submit requests to the Federal Central Authority, which will in turn transmit them to the appropriate provincial or territorial Central Authority. The Central Authority transmits the request to competent authorities who serve the documents. After effecting service, these authorities complete the Certificate of Service that appears on the reverse of the USM-94 form and return it with one copy of the documents served directly to the requester. At the option of the requester, the Central Authority also will effect service by certified mail in Alberta and New Brunswick and by any form of mail in Ontario. The cost for execution of service pursuant to the Hague Convention is $50.00 Canadian.

The Federal Central Authority in Canada is the Director, United Nations, Criminal and Treaty Law Division, Department of Foreign Affairs and International Trade, 125 Sussex Drive, Ottawa, Ontario, Canada K1A 0G2, telephone (613) 995-0119. For each of the provinces and territories, the name, address, and phone number of its Central Authority, together with its payable officer and translation requirement appear below.

**ALBERTA:**
Sheriff of Alberta (Civil Enforcement)
Alberta Justice
Law Courts
1A Sir Winston Churchill Square
Edmonton, Alberta, Canada T5J 0R2
Tel: (403) 422-2481

Service costs are payable to the Provincial Treasurer of Alberta. All documents must be written in or translated into English.

**BRITISH COLUMBIA:**
Central Authority Administrator
Ministry of the Attorney General for British Columbia
Office of Order-in-Council Administration
Room 029, Parliament Buildings
Victoria, British Columbia, Canada V8V 1X4
Tel: (250) 387-5378
Fax: (250) 387-4349

Service costs are payable to the Minister of Finance of British Columbia. All documents must be written in or translated into English.

**MANITOBA:**
Attorney General for Manitoba
c/o Director, Civil Legal Services
6 $^{th}$ Floor, Woodsworth Building
405 Broadway
Winnipeg, Manitoba, Canada R3C 3L6
Tel: (204) 945-2832
Fax: (204) 948-2826

Service costs are payable to the Minister of Finance of Manitoba. All documents must be written in or translated into English or French.

**NEW BRUNSWICK:**
Attorney General for New Brunswick
P.O. Box 6000
Fredericton, New Brunswick, Canada E3B 5H1
Tel: (506) 453-2208/453-2222
Fax: (506) 453-3275

Service costs are payable to the Minister of Finance of New Brunswick. All documents must be written in or translated into English or French. In addition, the Central Authority of New Brunswick reserves the right to require the translation of documents into English or French depending on the language understood by the

**NEWFOUNDLAND:**
Department of Justice
Government of Newfoundland
Confederation Building
St. John''s, Newfoundland, Canada A1C 5T7
Tel: (709) 576-2869

Service costs are payable to the Newfoundland Exchequer Account. All documents must be written in or translated into English.

**NORTHWEST TERRITORIES:**
Deputy Minister of Justice
Government of the Northwest Territories
Box 1320
Yellowknife, Northwest Territories, Canada X1A 2L9
Tel: (403) 920-6197

Service costs are payable to the Government of the Northwest Territories. All documents must be written in or translated into English or French, depending on the language understood by the addressee.

**NOVA SCOTIA:**
Attorney General of Nova Scotia
Legal Services Division
P.O. Box 7
Halifax, Nova Scotia, Canada B3J 2L6
Tel: (902) 424-4024

Service costs are payable to the Minister of Finance of Nova Scotia. All documents must be written in or translated into English.

**ONTARIO:**
Ministry of the Attorney General
Courts Administration
Court House (Provincial Division)
393 Main Street
Halleybury, Ontario, Canada P0J 1K0
Tel: (705) 672-3395

Service costs are payable to the Treasurer of Ontario. All documents must be written in or translated into English or French.

**PRINCE EDWARD ISLAND:**
Attorney General of Prince Edward Island
Office of the Deputy Minister
P.O. Box 2000
Charlottetown, Prince Edward Island, Canada C1A 7N8
Tel: (902) 368-4570

Service costs are payable to the Minister of Finance of Prince Edward Island. All documents must be written in or translated into English.

**QUEBEC:**
Direction du Droit Administratif et privé
Ministere de la Justice
1200 rue de l''Eglise, deuxieme etage
Ste-Foy, Quebec, Canada G1V 4M1
Tel: (418) 644-7152
Fax: (418) 646-1696

Service costs are payable to the Ministere des Finances du Quebec. Translation into French is required in all cases where the recipient does not understand the language in which the document is written. All documents which commence actions must be translated in their entirety. Summary translation of other documents is acceptable with the consent of the recipient. The Quebec Central Authority may, upon request, accept English translations if the recipient understands English.

**SASKATCHEWAN:**

Director of Sheriff Services
Minister of Justice for Saskatchewan
1874 Scarth St., 10th Floor
Regina, Saskatchewan, Canada S4P 3V7
Tel: (306) 787-5488

Service costs are payable to the Department of Justice of Saskatchewan--Sheriff Services. All documents must be written in or translated into English.

**YUKON:**
Director of Court Services
Department of Justice
Box 2703
Whitehorse, Yukon, Canada Y1A 2C6
Tel: (403) 667-5942

Service costs are payable to the Territorial Treasurer of the Government of Yukon. All documents must be written or translated into English or French. In addition, the Central Authority of the Yukon reserves the right to require the translation of documents into English or French depending on the language understood by the addressee.

Federal regulations prohibit Foreign Service officers from serving process on behalf of private litigants and from appointing others to do so. However, consular officers may make appropriate inquiries to the Central Authority if a requestor encounters difficulty effecting the provision of the Hague Convention. More authoritative answers to questions about the Convention are available from the United States Central Authority, The Office of International Judicial Assistance, Civil Division, Department of Justice, Washington, D.C. 20530, telephone (202) 307-0983.

## II. OBTAINING EVIDENCE

Canadian Federal and provincial authorities are also prepared to assist U.S. tribunals and litigants obtain evidence in the form of testimony, statements, or the production of documents for use in American judicial proceedings. Canada is not a party to any multilateral treaty on obtaining evidence, such as the 1970 Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

### A. Deposition of a Willing Witness in Private Civil Matters

There are no rules in Canada which prohibit foreign tribunals or litigants from taking evidence from a willing person in private civil matters. Therefore, parties in a private civil case in the United States may arrange to depose a willing witness in Canada without prior consultation with or permission from Canadian federal or provincial authorities. The party seeking to take the deposition must arrange for a court reporter/stenographer and facilities in which to take the deposition; the U.S. Consulates in Canada do not have information on these matters, nor do they have space in which to hold the deposition.

If the parties involved in the deposition wish to have the witness take an oath before the U.S. Consul at any point in the proceedings, they should contact the U.S. Consul in the American Citizens Services Section of the nearest U.S. Consulate prior to the date of the deposition and ask for an appointment to have the oath administered at the Consulate. Consulates generally do not have the staffing or time to permit a Consul to travel to the site of the deposition. However, by arranging for an appointment to administer the oath, the parties involved in the deposition, including the stenographer, may travel together to the Consulate, be received without the delay of waiting in a long line, and have the oath administered for the standard fee. The parties then return to the location of the deposition and the court reporter/stenographer can enter the oath administered by the Consul into the record.

### B. Deposition of a Willing Witness in a State or Federal Matter

Although there are no rules in Canada which prohibit foreign tribunals or litigants from taking evidence from a willing person, the conduct of a hearing presided over by a foreign official or pursuant to a federal or state investigation remains subject to the consent of the Government of Canada. Before it will grant its consent to such a hearing, the Department of Foreign Affairs Canada requires assurances that:

**(1)** The witness is willing to be examined; **(2)** The witness''s testimony is entirely voluntary, and the witness'' failure to appear or respond will carry no liability in any subsequent proceeding; **(3)** The witness'' consent to testify carries no liability or obligation in addition to the testimony itself, apart from perjury or false statements; and, **(4)** The Department of Foreign Affairs Canada is informed in advance, of the date, time and location of the deposition and the persons involved, including counsel to the witness.

Given these assurances, Canada''s Department of Foreign Affairs will grant its consent. However, the

Government of Canada retains the right to attach conditions to the conduct of the interview, including the attendance of its officials at such interviews. Federal and state officials who plan to come to Canada to interview witnesses, take depositions, or conduct investigations must coordinate their travel with the Office of American Citizens Services, Department of State, Washington, D.C. 20520-4811, telephone (202) 647-5226, fax (202) 647-3732, which in turn will forward the request to the U.S. Embassy in Ottawa for transmission to the Canadian government.

## C. Compulsion of Testimony/Production of Documents

When a witness is unwilling to testify or when production of documents is required, litigants and tribunals must obtain the required evidence by a letter rogatory/letter of request to the appropriate Canadian court. In these circumstances, the services of a Canadian lawyer will be necessary. Information on preparation of Letters Rogatory is available from the Department of State"s automated fax service.

American parties to a proceeding may apply for an order to have evidence taken in Canada under the Canada Evidence Act (Revised Statutes of Canada, 1970, c. E-10) in criminal and civil matters or under the various provincial Evidence Acts in civil matters. Section 43 of the Canada Evidence Act empowers Canadian courts and judges to compel testimony or documentary evidence pursuant to a request from "any court or tribunal of competent jurisdiction...in any foreign country." In civil matters, American parties may also make application for an order to take evidence under provincial statutes, for example, Section 60 of the Evidence Act of Ontario or Article 9-20 of the Special Procedures Act in Quebec.

The procedure for obtaining evidence by compulsion begins with the selection of a Canadian attorney. It is customary for the provincial Attorney General"s office to act as the local solicitor for a foreign prosecutor. It is also customary in a civil action for the foreign parties to retain a lawyer in the jurisdiction where they will make a request. Such counsel will make application under the appropriate Evidence Act to the competent court to allow the establishment of proceedings requested in the letters rogatory/letter of request. Both federal and provincial courts usually effect the requested proceeding by appointing the applicant"s Canadian counsel as commissioner (in some provinces, the commissioner named by the court can be someone other than counsel entirely) for the purpose of compelling the attendance of witnesses or the production of documents.

The commissioner may enforce his orders in the same manner as those of the court or judge who authorizes the taking of evidence. In a criminal action, the Crown in right of Canada must also grant its permission to the proceedings.

Letters of request issued by American courts must satisfy the Canadian courts that:

**(1)** The letters constitute a formal request from a court in the United States to a Canadian court. A request from the United States Embassy or its Consulates, for example, is not sufficient; **(2)** The discovery does not violate the laws of civil procedure of the Canadian court, particularly as they concern third parties; **(3)** The American court has the power under its enabling statues and rules to direct the taking of evidence abroad; **(4)** The American court is a court of law or equity, not an administrative tribunal, before which the matter is pending; **(5)** The witnesses from whom the American court desires testimony reside within the Canadian court"s jurisdiction. **(6)** The order sought is needed in the interest of justice; **(7)** The U.S. court will use the evidence at trial and not for the purpose of pre-trial discovery (in civil and criminal matters, pre-trial discovery of non-party witnesses is not normally available. However, Canadian courts have made exceptions to this stipulation where there is no infringement on Canadian sovereignty and justice demands the examination); **(8)** Compliance with the order will not place the witness in the position of having to commit and offense; **(9)** The documents in support of such application are under the seal of the issuing court or judge; **(10)** The witness is not required to undergo a broader form of inquiry than he would if the litigation were conducted locally, and **(11)** The evidence cannot be secured except by the intervention of the Canadian courts.

The fastest and most effective way to transmit letters rogatory/letters of request is in accordance with the direct procedures described above. However, in some cases, American parties may also transmit such letters to Canadian courts by diplomatic channels. If circumstances warrant the use of diplomatic channels, submit letters rogatory and accompanying documents to the Office of American Citizens Services, Department of State, Washington, D.C. 20520-4811, telephone (202) 647-5226, or to the U.S. Embassy in Canada at 490 Sussex Drive, Ottawa, Ontario, Canada K1N 1G8, telephone (613) 238-5335. Effective June 1, 2002, there is a $650.00 consular fee for processing letters rogatory (See Federal Register, May 16, 2002, Volume 67, Number 95, Rules and Regulations, Pages 34831-34838; 22 CFR 22.1, item 51). Counsel are requested to submit a certified bank check in the amount of $650.00 payable to the U.S. Embassy Ottawa. Corporate or personal checks are not acceptable. Foreign authorities may also charge a fee. Counsel will be notified by the U.S. Embassy and/or the Office of American Citizens Services and Crisis Management in the Department of State if the Embassy is advised by foreign authorities of any applicable local fees. There is no consular fee for letters rogatory on behalf of federal, state or local government officials. (See 22 CFR 22.1, item 53). If the letter rogatory requests compulsion of evidence from more than one witness or service of process on more than one person, multiple fees may be charged if more than one foreign court is required to execute the request due to multiple jurisdictions.

### III. Criminal Matters: Bilateral Conventions on Mutual Legal Assistance in Criminal Matters

Mutual Legal Assistance in Criminal Matters Treaties (MLATs) seek to improve the effectiveness of judicial assistance and to regularize and facilitate its procedures. Each country designates a central authority, generally the two Justice Departments, for direct communication. The treaties include the power to summon witnesses, to compel the production of documents and other real evidence, to issue search warrants, and to serve process. Generally, the remedies offered by the treaties are only available to the prosecutors. See USAM 9-4, p. 80-95, March 23, 1978. The defense must usually proceed with the methods of obtaining evidence in criminal matters under the laws of the host country which usually involve letters rogatory. The Treaty on Mutual Assistance in Criminal Matters, with Understandings between the United States and Canada, entered into force January 24, 1990.

For specific information about the Treaty on Mutual Assistance in Criminal Matters between the United States and Canada contact the United States Central Authority for the MLAT treaties, the Office of International Affairs, Criminal Division, Department of Justice, Washington, D.C. 20530, telephone (202) 514-0000 or the Office of the Legal Adviser, Department of State, Law Enforcement and Intelligence (L/LEI), Washington, D.C. 20520-5419, telephone (202) 647-5111.

### IV. U.S. Consular Offices in Canada and the United States

For more information, or for assistance with the procedures outlined in this circular, the United States has seven consular offices in Canada; please ask for the American Citizens Services section of the Consulate:

**CALGARY:**
U.S. Consulate General
Suite 1050
615 MacLeod Trail, S.E.
Calgary, Alberta, Canada T2G 4T8
(403) 266-8962

**HALIFAX:**
U.S. Consulate General
1969 Upper Water Street
Suite 904, Purdy"s Wharf Tower II
Halifax, Nova Scotia, Canada B3J 3R7
(902) 429-2480

**MONTREAL:**
U.S. Consulate General
1155 St. Alexander Street
Montreal, Quebec, Canada H5B 1G1
(514) 398-9695

**OTTAWA:**
U.S. Embassy Consular Section
490 Sussex Drive
Ottawa, Ontario, Canada K1N 1G8
(613) 238-5335

**QUEBEC CITY:**
U.S. Consulate General
2 Place Terrasse Dufferin
Quebec, Canada G1R 4N5 *-or-*
C.P. 939, Quebec, Canada G1R 4T9
(418) 692-2095

**TORONTO:**
U.S. Consulate General
360 University Avenue
Toronto, Ontario, Canada M5G 1S4
(416) 595-1700

**VANCOUVER:**
U.S. Consulate General
1095 West Pender Street

Vancouver, BC, Canada V6C 2M6
(604) 685-4311

Inquirers may also contact the Western Hemisphere Affairs Division of the Office of American Citizens Services, Department of State, Washington, D.C. 20520-4811, telephone (202) 647-5226, fax (202) 647-3732. Some publications are available on the Consular Affairs home page on the Internet at http://travel.state.gov.

Return to Judicial Assistance Page



This site is managed by the Bureau of Consular Affairs, U.S. Department of State. External links to other Internet sites should not beconstrued as an endorsement of the views contained therein. Copyright Information   Disclaimers