# EXHIBIT B

# MARTINDALE-HUBBELL® INTERNATIONAL LAW DIGEST

—•—

## ARGENTINA – VIETNAM INTERNATIONAL LAW DIGESTS

—•—

## SELECTED INTERNATIONAL CONVENTIONS

## U.S. UNIFORM ACTS



LexisNexis®

WORLD HEADQUARTERS
121 Chanlon Road
New Providence, NJ 07974
U.S.A.
Phone: +1 908 771 7777
Fax: +1 908 771 7792

INTERNATIONAL OFFICE
Procter House
1 Procter Street
London WC1V 6EU United Kingdom
Phone: +44 (0)20 7911 1920
Fax: +44 (0)20 7911 1921

Email: info@martindale.com • www.martindale.com • www.lawyers.com

Joe Douress, Vice President and General Manager
John Roney, Senior Vice President, Operations, Customer Support, & Technology
Marty Falle, Vice President, Sales
Dean Hollister, Vice President, Database Production
Carlton Dyce, Senior Director, Customer Experience

Copyright© 2006 by Reed Elsevier Inc.
All Rights Reserved

Previous Editions
Copyright© 1994, 1995, 1996, 1997, 1998,
1999, 2000, 2001, 2002, 2003, 2004, 2005
Reed Elsevier Inc.

Copyright© 1991, 1992, 1993
Reed Publishing (USA) Inc.

Copyright© 1977, 1978, 1979, 1980, 1981, 1982,
1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990
Martindale-Hubbell, Inc.

*No part of this publication may be reproduced or transmitted in any form or by any means, or stored in any information storage and retrieval system, without prior written permission of Martindale-Hubbell.*

**Important Notices**

Martindale-Hubbell has used its best efforts in collecting and preparing material for inclusion in the **Martindale-Hubbell Law Digest** but cannot warrant that the information herein is complete or accurate, and does not assume, and hereby disclaims, any liability to any person for any loss or damage caused by errors or omissions in the **Martindale-Hubbell Law Digest** whether such errors or omissions result from negligence, accident or any other cause.

The **Law Digests** are intended for use as general reference sources for lawyers and are not meant to provide legal opinions or advice, and are not a substitute for the advice of counsel. The **Law Digests** are not to be used as the basis for advice to clients or applied to particular matters. Local counsel in the applicable jurisdiction should be consulted as to the current law applicable to a particular situation.

International Standard Book Number: 1-56160-693-6 (Set)

Printed and bound in the United States of America
by R.R. Donnelley
Chicago, Illinois, Willard, Ohio and Bedford Park, Illinois

LexisNexis, the Knowledge Burst logo, Martindale-Hubbell, and martindale.com are registered trademarks of Reed Elsevier Properties Inc., used under license.

ISBN 1-56160-693-6

9 781561 606931

Re Article 8
4. In accordance with Article 35, second paragraph, Switzerland declares, with regard to Article 8, that members of the judicial personnel of the requesting authority of another Contracting State may be present at the execution of a Letter of Request provided they have obtained prior authorization from the executing authority.

Re Articles 15, 16 and 17
5. In accordance with Article 35, Switzerland declares that evidence may be taken according to Articles 15, 16 and 17 subject to prior authorization by the Federal Justice and Police Department. A request for authorization must be addressed to the Central Authority in the canton where the evidence is to be taken.

Re Article 23
6. In accordance with Article 23, Switzerland declares that Letters of Request issued for the purpose of obtaining pre-trial discovery of documents will not be executed if:
 a. the request has no direct and necessary link with the proceedings in question; or
 b. a person is required to indicate what documents relating to the case are or were in his/her possession or keeping or at his/her disposal; or
 c. a person is required to produce documents other than those mentioned in the request for legal assistance, which are probably in his/her possession or keeping or at his/her disposal; or
 d. interests worthy of protection of the concerned persons are endangered".

The list of Central Authorities for the Cantons is attached.

*Cantonal Central Authorities (list up to date as per 13 February 2003)*
A list of the Central Cantonal Authorities, including their address and phone/fax numbers, can be consulted online at the following address: http://www.ofj.admin.ch/rhf/d/service/recht/Kantonale-Zentralbehoerden.pdf
To determine the Central Authority competent by reason of its location, the database of the Swiss localities and Courts can be consulted online at the following address: http://www.elorge.admin.ch.

³ᵏ Turkey made the following reservations and declaration:
1. Reservations
In accordance with Article 33 of the Convention, the Republic of Turkey excludes the application on its territory of the provisions of Article 4, paragraph 2, and of the provisions of Chapter II.
2. Declaration
In terms of Article 35 of the Convention, the Republic of Turkey declares that it will not execute letters of request issued for the purpose of obtaining pre-trial discovery of documents as known in common law countries, as provided for in Article 23.
By Note dated 1 May 2002, the Embassy of Turkey at The Hague informed the depositary of the following:
"(...) has the honour to inform the Ministry of the following reservation and declarations which are to replace the previous reservations and declaration made by Turkey with regard to the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters,
Reservation and Declarations:
In accordance with Article 33 of the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, the Republic of Turkey reserves its rights not to implement the provisions of Article 4, paragraph 2, on its territory. Letters of request which are to be executed under Chapter I of the Convention, shall be in Turkish or be accompanied by a Turkish translation in compliance with Article 4, paragraphs 1 and 5.
In accordance with Article 35 of the Convention, the Republic of Turkey declares that:
—the Ministry of Justice has been designated as the competent authority empowered to grant permission envisaged in Articles 16 and 17, and
—It will not execute letters of request issued for the purpose of obtaining pre-trial discovery of documents as known in common law countries, as provided for in Article 23.
(...)"

³¹ Ukraine made the following reservations and declarations:
—in accordance with Article 2 of the Convention, the Ministry of Justice of Ukraine is the Central Authority of Ukraine;
—in accordance with Article 4 of the Convention, letters of request to be executed under Chapter 1 of the Convention must be in the Ukrainian language or be accompanied by a translation into the Ukrainian language;
—in accordance with Article 8 of the Convention, members of the judicial personnel of the requesting authority of another Contracting Party may be present at the execution of a letter of request, if the possibility of such presence is confirmed by the consent of the Ministry of Justice of Ukraine;
—in accordance with Article 23 of the Convention, Ukraine will not execute letters of request issued for the purpose of obtaining pre-trial discovery of documents as known in common law countries.
In accordance with Article 33 of the Convention, Ukraine makes the following reservations:
—Ukraine excludes, in whole, the application of the provisions of paragraph 2 of Article 4 of the Convention;
—Ukraine excludes the application within its territory of the provisions of Chapter II of the Convention, except for Articles 15, 20, 21 and 22.

In accordance with Article 39 the Convention entered into force between Ukraine and
Denmark . . . . . . . . . . . . . . . . . . . . . . . . . 21 July 2001
Mexico . . . . . . . . . . . . . . . . . . . . . . . . . . 22 July 2001
Luxembourg . . . . . . . . . . . . . . . . . . . . . 29 July 2001
Bulgaria . . . . . . . . . . . . . . . . . . . . . . . . 12 August 2001
Israel . . . . . . . . . . . . . . . . . . . . . . . . . . . 14 August 2001
Italy . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18 August 2001
Slovenia . . . . . . . . . . . . . . . . . . . . . . . . 3 September 2001
the United Kingdom of Great Britain and . 19 October 2001
 Northern Ireland (also for the Dependent Territories of Anguilla, the Cayman Islands, the Falkland Islands, Gibraltar, the Sovereign Base Areas of Cyprus, the Isle of Man, and the Bailiwicks of Guernsey and Jersey)
Germany . . . . . . . . . . . . . . . . . . . . . . . 13 November 2001
Australia . . . . . . . . . . . . . . . . . . . . . . . 11 March 2002
Switzerland . . . . . . . . . . . . . . . . . . . . . 12 March 2002
United States of America . . . . . . . . . . 26 April 2002
Spain . . . . . . . . . . . . . . . . . . . . . . . . . . 25 May 2002
Sweden . . . . . . . . . . . . . . . . . . . . . . . . 15 July 2002
Norway . . . . . . . . . . . . . . . . . . . . . . . . 29 July 2002
Argentina . . . . . . . . . . . . . . . . . . . . . . . 2 October 2002
Poland . . . . . . . . . . . . . . . . . . . . . . . . 18 February 2003

³ᵐ *Notification in conformity with Article 42, under a and e, of the Convention:*
In accordance with Article 37, paragraph 2, the United Kingdom of Great Britain and Northern Ireland deposited on July 16, 1976 its instrument of ratification with the Ministry of Foreign Affairs of the Netherlands.
In conformity with Article 38, paragraph 2, the Convention shall enter into force for the United Kingdom on September 14, 1976.
The instrument of ratification mentioned above, contains the following reservation:
". . . . in accordance with the provisions of Article 33 the United Kingdom will not accept a Letter of Request in French."
On the occasion of the deposit of the said instrument of ratification the Government of the United Kingdom of Great Britain and Northern Ireland made the following declarations:
"1. In accordance with Article 8 Her Majesty's Government declare that members of the judicial personnel of the requesting authority may be present at the execution of a Letter of Request.
2. In accordance with Article 18 Her Majesty's Government declare that a diplomatic officer, consular agent or commissioner authorised to take evidence under Articles 15, 16 and 17 may apply to the competent authority designated hereinbefore for appropriate assistance to obtain such evidence by compulsion provided that the Contracting State whose diplomatic officer, consular agent or commissioner makes the application has made a declaration affording reciprocal facilities under Article 18.
3. In accordance with Article 23 Her Majesty's Government declare that the United Kingdom will not execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents. Her Majesty's Government further declare that Her Majesty's Government understand "Letters of Request issued for the purpose of obtaining pre-trial discovery of documents" for the purposes of the foregoing Declaration as including any Letter of Request which requires a person:—
 a. to state what documents relevant to the proceedings to which the Letter of Request relates are, or have been, in his possession, custody, or power; or
 b. to produce any documents other than particular documents specified in the Letter of Request as being documents appearing to the requested court to be, or to be likely to be, in his possession, custody or powers.
4. In accordance with Article 27 Her Majesty's Government declare that by the law and practice of the United Kingdom the prior permission referred to in Articles 16 and 17 is not required in respect of diplomatic officers, consular agents or commissioners of a Contracting State which does not require permission to be obtained for the purposes of taking evidence under Articles 16 and 17."
In accordance with Article 35 of the Convention, the Government of the United Kingdom made the following designations:
 1. Under Article 2: the Foreign and Commonwealth Office.
 2. Under Article 16: the Foreign and Commonwealth Office.
 3. Under Article 17: the Foreign and Commonwealth Office.
 4. Under Article 18: the Senior Master of the Supreme Court (Queen's Bench Division) for England and Wales; the Crown Agent for Scotland, for Scotland; the Master (Queen's Bench and Appeals). The address of the Master (Queen's Bench and Appeals) is Royal Courts of Justice, Belfast 1.
 5. Under Article 24: the Senior Master of the Supreme Court (Queen's Bench Division) in England and Wales; * By a Note of 21 March 2000, the British Government notified that, with effect from 1 April 2000, the designated authority for Scotland will be: "The Scottish Executive Justice Department, Civil Justice & International Division, Second Floor West, Saint Andrews House, Regent Road, Edinburgh EH1 3DG, tel.: +44.131.244.4826/9, fax: +44.131.244.4848". The address of the Master (Queen's Bench and Appeals) is Royal Courts of Justice, Belfast 1.

*Extension to Gibraltar.—*
In accordance with Article 40, Paragraph 3, the Convention shall enter into force for Gibraltar on January 20, 1979.
The extension declaration contains the following reservation: "In accordance with the provisions of Article 4 and Article 33 of the Convention, Gibraltar will not accept a Letter of Request in French."
In accordance with Article 35 of the Convention the following designations have been made:
 "(a) Under Articles 16 and 17 of the Convention, the Deputy Governor is designated as the competent authority for Gibraltar;
 "(b) Under Article 18 of the Convention, the Registrar of the Supreme Court of Gibraltar is designated as the competent authority;
 "(c) Under Article 24 of the Convention, the Deputy Governor is designated as an additional authority competent to receive Letters of Request for execution in Gibraltar."
[For declarations see the original note.]

*Notification in conformity with article 42, sub d and e, of the Convention*
By a letter dated November 20, 1978, and received at the Ministry of Foreign Affairs of the Kingdom of the Netherlands on November 21, 1978, the Ambassador of the United Kingdom of Great Britain and Northern Ireland at The Hague, referring to the deposit on July 16, 1976 of the instrument of ratification of the above-mentioned Convention by the United Kingdom of Great Britain and Northern Ireland, declared in accordance with article 40 that the Convention shall extend to Gibraltar. The Convention shall enter into force for Gibraltar on January 20, 1979.
The declaration of extension contains the following reservation:
". . . . in accordance with the provisions of Article 4 and Article 33 of the Convention, Gibraltar will not accept a Letter of Request in French."

In accordance with Article 35 of the Convention the following designations have been made:
a) under Articles 16 and 17 of the Convention the Deputy governor is designated as the competent authority for Gibraltar;
b) under Article 18 of the Convention, the Registrar of the Supreme Court of Gibraltar is designated as the competent authority;
c) under Article 24 of the Convention, the Deputy Governor is designated as an additional authority competent to receive Letters of Request for execution in Gibraltar, and the following declarations:

1. In accordance with Article 8, members of the judicial personnel of the requesting authority may be present at the execution of a Letter of Request in Gibraltar.
2. In accordance with Article 18, a diplomatic officer, consular agent or commissioner authorised to take evidence under Articles 15, 16 and 17 of the Convention may apply to the competent authority in Gibraltar designated hereinbefore for appropriate assistance to obtain such evidence by compulsion provided that the Contracting State whose diplomatic officer, consular agent or commissioner makes the application has made a declaration affording reciprocal facilities under Article 18.
3. In accordance with Article 23, Gibraltar will not execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents. The Government of Gibraltar understands "Letters of Request issued for the purpose of obtaining pre-trial discovery of documents" for the purposes of the foregoing Declaration as including any Letter of Request which requires a person:
   a) to state what documents relevant to the proceedings to which the Letter of Request relates are, or have been, in his possession, custody or power; or
   b) to produce any documents other than particular documents specified in the Letter of Request as being documents appearing to the requested court to be, or likely to be, in his possession, custody or power.
4. In accordance with Article 27, by the law and practice of Gibraltar the prior permission referred to in Articles 16 and 17 of the Convention is not required in respect of diplomatic officers, consular agents or commissioners of a Contracting State which does not require permission to be obtained for the purposes of taking evidence under Articles 16 or 17.

*Extension to Sovereign Base Areas of Akrotiri and Dhekelia in the Island of Cyprus.—*
The Convention shall enter into force for the Sovereign Base Areas of Akrotiri and Dhekelia in the Island of Cyprus on August 24, 1979.
The declaration of extension contains the following reservation:
"In accordance with the provisions of Article 4 and Article 33 of the Convention, the Sovereign Base Areas will not accept a Letter of Request in French."
In accordance with Article 35 of the Convention, the following designations have been made:
under Articles 16 and 17 of the Convention the Chief Officer, Sovereign Base Areas, is designated as the competent authority for the Sovereign Base Areas;
under Article 18 of the Convention, the Senior Registrar of the Judge's Court of the Sovereign Base Areas of Akrotiri and Dhekelia is designated as the competent authority;
under Article 24 of the Convention, the Senior Registrar of the Judge's Court of the Sovereign Base Areas of Akrotiri and Dhekelia is designated as an additional authority competent to receive Letters of Request for execution in the Sovereign Base Areas.
The following declarations:
1. In accordance with Article 8, members of the judicial personnel of the requesting authority may be present at the execution of a Letter of Request in the Sovereign Base Areas.
2. In accordance with Article 18, a diplomatic officer, consular agent or commissioner authorised to take evidence under Article 15, 16 and 17 of the Convention may apply to the competent authority in the Sovereign Base Areas designated hereinbefore for appropriate assistance to obtain such evidence by compulsion provided that the Contracting State whose diplomatic officer, consular agent or commissioner makes the application has made a declaration affording reciprocal facilities under Article 18.
3. In accordance with Article 23, the Sovereign Base Areas will not execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents. The administration of the Sovereign Base Areas understands "Letters of Request issued for the purpose of obtaining pre-trial discovery of documents" for the purposes of the foregoing Declaration as including any Letter of Request which requires a person:
   to state what documents relevant to the proceedings to which the Letter of Request relates are, or have been, in his possession, custody or power; or
   to produce any documents other than particular documents specified in the Letter of Request as being documents appearing to the requested court to be, or likely to be, in his possession, custody or power.
4. In accordance with Article 27, by the law and practice of the Sovereign Base Areas the prior permission referred to in Articles 16 and 17 of the Convention is not required in respect of diplomatic officers, consular agents or commissioners of a Contracting State which does not require permission to be obtained for the purposes of taking evidence under Articles 16 or 17.

*Extension to Falkland Islands and Dependencies.—*
Notification in conformity with Article 42, sub d and e, of the Convention
By a letter dated November 23, 1979, and received at the Ministry of Foreign Affairs of the Kingdom of the Netherlands on November 26, 1979, the Ambassador of the United Kingdom of Great Britain and Northern Ireland at The Hague, referring to the deposit on July 16, 1976 of the instrument of ratification of the above-mentioned Convention by the United Kingdom of Great Britain and Northern Ireland, declared in accordance with Article 40 that the Convention shall extend to the Falkland Islands and Dependencies.
The Convention shall enter into force for the Falkland Islands and Dependencies on January 25, 1980.
The declaration of extension contains the following reservation:
"In accordance with the provisions of Article 4 and Article 33 of the Convention, the Falkland Islands and Dependencies will not accept a Letter of Request in French."
In accordance with Article 35 of the Convention the following designations have been made:

a) under Articles 16, 17 and 18 of the Convention the Judge of the Supreme Court of the Falkland Islands, is designated as the competent authority for the Falkland Islands and Dependencies;
b) under Article 24 of the Convention, the Governor of the Falkland Islands and its dependencies is designated as an additional authority competent to receive Letters of Request for execution in the Falkland Islands and Dependencies.
and the following declarations:
1. In accordance with Article 8, members of the judicial personnel of the requesting authority may be present at the execution of a Letter of Request in the Falkland Islands and Dependencies.
2. In accordance with Article 18, a diplomatic officer, consular agent or commissioner authorised to take evidence under Article 15, 16, and 17 of the Convention may apply to the competent authority in the Falkland Islands and Dependencies designated hereinbefore for appropriate assistance to obtain such evidence by compulsion provided that the Contracting State whose diplomatic officer, consular agent or commissioner makes the application has made a declaration affording reciprocal facilities under Article 18.
3. In accordance with Article 23, the Falkland Islands and Dependencies will not execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents.
The Governor of the Falkland Islands and its dependencies understands "Letters of Request issued for the purposes of obtaining pre-trial discovery of documents" for the purposes of the foregoing declaration as including any Letter of Request which requires a person:
   a) to state what documents relevant to the proceedings to which the Letter of Request relates are, or have been, in his possession, custody or power; or
   b) to produce any documents other than particular documents specified in the Letter of Request as being documents appearing to the requested court to be, or likely to be, in his possession, custody or power.
4. In accordance with Article 27, by the law and practice of the Falkland Islands and Dependencies the prior permission referred to in Articles 16 and 17 of the Convention is not required in respect of diplomatic officers, consular agents or commissioners of a Contracting State which does not require permission to be obtained for the purposes of taking evidence under Articles 16 or 17.

*Extension to Isle of Man.—*
Notification in conformity with article 42, sub d and e, of the Convention
By a letter dated April 16, 1980, and received at the Ministry of Foreign Affairs of the Kingdom of the Netherlands on April 16, 1980, the Ambassador of the United Kingdom of Great Britain and Northern Ireland at The Hague, referring to the deposit on July 16, 1976 of the instrument of ratification of the above-mentioned Convention by the United Kingdom of Great Britain and Northern Ireland, declared in accordance with article 40 that the Convention shall extend to the Isle of Man.
The Convention shall enter into force for the Isle of Man on June 15, 1980.
The declaration of extension contains the following reservation:
"... in accordance with the provisions of Article 4 and Article 33 of the Convention, the Isle of Man will not accept a Letter of Request in French."
In accordance with Article 35 of the Convention the following designations have been made:
a) under Articles 16, 17 and 18 of the Convention Her Majesty's First Deemster and Clerk of the Rolls is designated as the competent authority for the Isle of Man;
b) under Article 24 of the Convention, Her Majesty's First Deemster and Clerk of the Rolls is designated as an additional authority competent to receive Letters of Request for execution in the Isle of Man.
and the following declarations:
1. In accordance with Article 8, members of the judicial personnel of the requesting authority may be present at the execution of a Letter of Request in the Isle of Man.
2. In accordance with Article 18, a diplomatic officer, consular agent or commissioner authorised to take evidence under Article 15, 16 and 17 of the Convention may apply to the competent authority in the Isle of Man designated hereinbefore for appropriate assistance to obtain such evidence by compulsion provided that the Contracting State whose diplomatic officer, consular agent or commissioner makes the application has made a declaration affording reciprocal facilities under Article 18.
3. In accordance with Article 23, the Isle of Man will not execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents.
The Government of the Isle of Man understands "Letters of Request issued for the purpose of obtaining pre-trial discovery of documents" for the purposes of the foregoing declaration as including any Letter of Request which requires a person:
   a) to state what documents relevant to the proceedings to which the Letter of Request relates are, or have been, in his possession, custody or power; or
   b) to produce any documents other than particular documents specified in the Letter of Request as being documents appearing to the requested court to be, or likely to be, in his possession, custody or power.
4. In accordance with Article 27, by the law and practice of the Isle of Man the prior permission referred to in Articles 16 and 17 of the Convention is not required in respect of diplomatic officers, consular agents or commissioners of a Contracting State which does not require permission to be obtained for the purposes of taking evidence under Articles 16 or 17.

*Extension to Cayman Islands.—*
Notification in conformity with Article 42, sub d and e, of the Convention
By letter dated 16 September 1980 and received at the Ministry of Foreign Affairs of the Kingdom of the Netherlands on that same date, the Ambassador of the United Kingdom of Great Britain and Northern Ireland at The Hague referring to the deposit on 16 July 1976 of the instrument of ratification of the above-mentioned Convention by the United Kingdom of Great Britain and Northern Ireland, declared in accordance with Article 40 that the Convention shall extend to the Cayman Islands.
The Convention will enter into force for the Cayman Islands on 15 November 1980.
The declaration of extension contains the following reservation:
"... in accordance with the provisions of Article 4 and Article 33 of the Convention, the Cayman Islands will not accept a Letter of Request in French."

In accordance with Article 35 of the Convention the following designations have been made:
  a) Under Articles 16 and 17 of the Convention, the Attorney General is designated as the competent authority for the Cayman Islands;
  b) Under Article 18 of the Convention, the Clerk of the Grand Court is designated as the competent authority;
  c) Under Article 24 of the Convention, His Excellency the Governor is designated as an additional authority competent to receive Letters of Request for execution in the Cayman Islands.

and the following declarations:
1. In accordance with Article 8, members of the judicial personnel of the requesting authority may be present at the execution of a Letter of Request in the Cayman Islands.
2. In accordance with Article 18, a diplomatic officer, consular agent or commissioner authorised to take evidence under Articles 15, 16 and 17 of the Convention may apply to the competent authority in the Cayman Islands designated hereinbefore for appropriate assistance to obtain such evidence by compulsion provided that the Contracting State whose diplomatic officer, consular agent or commissioner makes the application has made a declaration affording reciprocal facilities under Article 18.
3. In accordance with Article 23, the Cayman Islands will not execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents. The Government of the Cayman Islands understand "Letters of Request issued for the purpose of obtaining pre-trial discovery of documents" for the purposes of the foregoing declaration as including any Letter of Request which requires a person:
  a) to state what documents relevant to the proceedings to which the Letter of Request relates are, or have been, in his possession, custody or power; or
  b) to produce any documents other than particular documents specified in the Letter of Request as being documents appearing to the requested court to be, or likely to be, in his possession, custody or power.
4. In accordance with Article 27, by the law and practice of the Cayman Islands the prior permission referred to in Article 16 and 17 of the Convention is not required in respect of diplomatic officers, consular agents or commissioners of a Contracting State which does not require permission to be obtained for the purposes of taking evidence under Articles 16 or 17.

*Extension to Guernsey.—*
*Notification in accordance with Article 42, sub d and e, of the Convention*
With reference to the deposit of its instrument of ratification of the above-mentioned Convention on 16 July 1985 the Government of the United Kingdom of Great Britain and Northern Ireland declared by letter of 13 November 1985 which was received by the Ministry of Foreign Affairs of the Kingdom of the Netherlands on 19 November 1985, in accordance with Article 40, second paragraph, that the Convention shall extend to Guernsey.
In accordance with Article 35 the Government of the United Kingdom furthermore declared that:
"(a) under Articles 8 and 25 of the Convention, the Bailiff, Deputy Bailiff, any Jurat of the Royal Court of Guernsey, the Chairman or a Jurat of the Court of Alderney and the Seneschal (or Deputy) of the Court of the Seneschal of Sark are designated as the competent authorities for Guernsey;
(b) under Article 23 of the Convention, Guernsey will not execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents."
In accordance with Article 40, third paragraph, the Convention will enter into force for Guernsey on 18 January 1986.

*Extension to Anguilla.—*
*Notification pursuant to Article 42, paragraph c, d and e, of the Convention*
In accordance with Article 40, paragraph 2, the Kingdom of Great Britain and Northern Ireland declared, by a Letter dated 1 July 1986, received at the Ministry of Foreign Affairs on 3 July 1986, that the present Convention shall extend to Anguilla.
In accordance with Article 35, of the Convention, the following designations have been made:
  "a. Under Articles 16, 17 and 18 of the Convention the Registrar of the East Caribbean Supreme Court is designated as the competent authority for Anguilla.
  b. Under Article 24 of the Convention, the Governor of Anguilla is designated as an additional authority competent to receive Letters of Request for execution in Anguilla."
and the following declarations:
"... in accordance with the provisions of Articles 4 and 33 of the Convention, Anguilla will not accept a Letter of Request in French.
In accordance with Article 8, members of the juridical personnel of the requesting authority may be present at the execution of a Letter of Request in Anguilla.
In accordance with Article 18, a diplomatic officer, consular agent or commissioner authorized to take evidence under Articles 15, 16 and 17 of the Convention may apply to the competent authority in Anguilla designated above for appropriate assistance to obtain such evidence by compulsion provided that the contracting State whose diplomatic officer, consular agent or commissioner makes (sic) the application has made a declaration affording reciprocal facilities under Article 18.
In accordance with Article 23, Anguilla will not execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents. Anguilla understands "Letters of Request issued for the purpose of obtaining pre-trial discovery of documents" for the purposes of the foregoing declaration as including any Letter of Request which requires a person:
  i. to state what documents relevant to the proceedings to which the Letter of Request relates are, or have been, in his possession, custody or power; or
  ii. to produce any documents other than particular documents specified in the Letter of Request as being documents appearing to the requested court to be, or likely to be, in his possession, custody or power.
In accordance with Article 27, by the law and practice of Anguilla the prior permission referred to in Articles 16 and 17 of the Convention is not required in respect of diplomatic officers, consular agents or commissioners of a Contracting State which does not require permission to be obtained for the purposes of taking evidence under Articles 16 or 17."

In accordance with Article 40, the Convention entered into force for Anguilla on September 1986.
By a letter dated 29 December 1986, and received at the Ministry of Foreign Affairs of the Kingdom of the Netherlands on 6 January 1987, the United Kingdom of Great Britain and Northern Ireland declared in accordance with Article 40 that the Convention shall extend to Jersey.
Entry into force for *Jersey* on *7 March 1987.*
The declaration of extension contains the following designations:
"(a) under Articles 16, 17 and 18 of the Convention the Royal Court is designated as the competent authority for Jersey;
(b) under Articles 24 and 25 of the Convention, the Royal Court is designated as an additional authority competent to receive Letters of Request for execution in Jersey."
and the following declarations:
"1. In accordance with Article 8, members of the judicial personnel of the requesting authority may be present at the execution of a Letter of Request in Jersey only with the prior authorisation of the Royal Court.
2. In accordance with Article 18, a diplomatic officer, consular agent or commissioner authorized to take evidence under Articles 15, 16 and 17 of the Convention may apply to the competent authority in Jersey designated hereinbefore for appropriate assistance to obtain such evidence by compulsion provided that the Contracting State whose diplomatic officer, consular agent or commissioner makes the application has made a declaration affording reciprocal facilities under Article 18.
3. In accordance with Article 23, Jersey will not execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents.
The Government of Jersey understands "Letters of Request issued for the purpose of obtaining pre-trial discovery of documents" for the purposes of the foregoing declaration as including any Letter of Request which requires a person:
*(i)* to state what documents relevant to the proceedings to which the Letter of Request relates are, or have been, in his possession, custody or power; or
*(ii)* to produce any documents other than particular documents specified in the Letter of Request as being documents appearing to the requested court to be or likely to be, in his possession, custody or power."

N.B. By a Note dated 9 February 1995 and received on 21 February 1995, the Embassy of the United Kingdom of Great Britain and Northern Ireland informed the Ministry of Foreign Affairs of the Kingdom of the Netherlands that, unless otherwise stated, in future the acceptance by the United Kingdom of the accession of any State to the Convention shall also be acceptance in respect of all the territories for the international relations of which the United Kingdom is responsible and to which the application of the Convention has been extended.
⁴ With the following designations and declarations:
  The United States Department of Justice, Washington, D.C., 20530, is designated as the Central Authority referred to in Article 2 of the Convention.
  Under paragraph 2 of Article 4 of the United States has agreed to accept a Letter of Request in or translated into French. The United States wishes to point out that owing to the necessity of translating such documents into English it will take the Central Authority longer to comply with a Letter of Request in or translated into French than with a similar request received in English.
  In accordance with paragraph 3 of Article 4 the United States declares that it will also accept Letters of Request in Spanish for execution in the Commonwealth of Puerto Rico.
  In accordance with Article 8 the United States declares that subject to prior authorization members of the judicial personnel of the requesting authority of another Contracting State may be present at the execution of a Letter of Request. The Department of Justice is the competent authority for the purposes of this Article.
  The United States declares that evidence may be taken in the United States under Articles 16 and 17 without its prior permission.
  In accordance with Article 18 the United States declares that a diplomatic or consular officer or a commissioner authorized to take evidence under Articles 15, 16 or 17 may apply for appropriate assistance to obtain the evidence by compulsion. The competent authority for the purposes of Article 18 is the United States district court of the district in which a person resides or is found. Such court may order him to give his testimony or statement or to produce a document or thing for use in a proceeding in a foreign tribunal. The order may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.
  In accordance with Article 40 the United States declares that the Convention shall extend to Guam, Puerto Rico and the Virgin Islands.
  In accordance with the provisions of Article 39 of the Convention, the United States declared its acceptance of the accessions by Argentina, Australia, Barbados, China, Cyprus, Estonia, Latvia, Mexico, Monaco, Poland, Singapore, and Venezuela.
⁵ In accordance with Article 2 [of the Convention] Venezuela designated the following Central Authority: el ministerio de Relaciones Exteriores.
In accordance with Article 39, paragraph 5, the Convention will enter into force between Venezuela and

| | |
|---|---|
| Cyprus | 29 April |
| United Kingdom of Great Britain and Northern Ireland | 15 August |
| Sweden | 3 September |
| Germany | 21 October |
| Denmark | 27 November |
| Spain | 6 February |
| Finland | 11 March |
| the United States of America | 24 October |
| Italy | 16 January |
| Australia | 20 January |
| Israel | 19 March |
| Slovakia | 20 May |
| Mexico | 26 July |
| Argentina | 21 September |
| the Czech Republic | 13 January |
| Switzerland | 11 July |