UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>MERIAL LIMITED, MERIAL SAS, THE QUEEN'S UNIVERSITY OF BELFAST, and UNIVERSITY OF SASKATCHEWAN,<br><br>*Defendants.* | Civil Action No. 1:06-cv-00658 (HHK/JMF) |

**PLAINTIFF INTERVET'S MEMORANDUM IN SUPPORT OF ITS MOTION TO AMEND THE CASE SCHEDULING ORDER'S CLAIM CONSTRUCTION DEADLINES**

Plaintiff Intervet Inc. ("Intervet") hereby submits this memorandum in support of its *Motion to Amend the Case Scheduling Order's Claim Construction Deadlines* ("Motion"). The current scheduling order ("Scheduling Order") requires that all fact and expert discovery related to claim construction conclude by April 2, which is when opening claim construction briefs are due. Through no fault of Intervet, but to Intervet's substantial prejudice, it is extremely unlikely that this provision will be satisfied. In order to alleviate this prejudice and allow claim construction discovery to conclude before *Markman* briefing begins, as the Scheduling Order anticipates, the Court should grant Intervet's Motion and amend the Scheduling Order to extend all claim construction deadlines by approximately two months. This amendment will not affect the remainder of the case schedule in any way.

## TABLE OF CONTENTS

**Section** **Page**

I. INTRODUCTION ........................................................................................................... 1
II. STATEMENT OF FACTS .............................................................................................. 2
    A. The Current Scheduling Order .............................................................................. 2
    B. The Defendants' Failure to Produce Documents from the Inventors of the Patent-in-Suit Since the Scheduling Order ............................................................ 2
III. ARGUMENT ................................................................................................................... 5
    A. Through no Fault of Its Own, Intervet May Be Significantly Prejudiced if the Scheduling Order Is Not Amended to Extend Claim Construction Proceedings. ............................................................................................................ 6
    B. Intervet's Requested Amendment Would Not Affect the Remainder of the Case Schedule ........................................................................................................ 8
    C. The Requested Amendment Would Not Prejudice Defendants ............................ 9
IV. CONCLUSION ................................................................................................................ 9

i

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Brennan v. Local Union No. 639*, 494 F.2d 1092 (D.C. Cir. 1974) ................................................. 5

*Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) .................................................................. 6


**Statutes**

Fed. R. Civ. P. 26 .............................................................................................................................. 5

## I. INTRODUCTION

In its Scheduling Order, the Court recognized the relevance of claim construction discovery and provided that it be completed before claim construction briefing commences. Meeting this requirement, however, depends largely on the cooperation of defendants Merial Limited, Merial SAS, the University of Saskatchewan, and The Queen's University of Belfast (collectively "Defendants") because the overwhelming majority of discovery related to claim construction rests with them, and the inventors of the patent-in-suit. The University of Saskatchewan and The Queen's University of Belfast (collectively "Universities") have refused to participate in the discovery process entirely. Defendants Merial Limited and Merial SAS ("Merial") likewise have failed to produce documents from the inventors of the patent-in-suit, U.S. Patent No. 6,368,601 (the "'601 patent"), despite their promises to do so. The lack of document production, in turn, has delayed depositions of the inventors. It is now clear that claim construction discovery will not be completed by April 2, and thus it is necessary to extend the claim construction deadlines. If these dates are not extended, Intervet may be significantly prejudiced because it will not be permitted to take full discovery of the inventors of the '601 patent before the disputed claim terms are construed.

## II.   STATEMENT OF FACTS

### A.   The Current Scheduling Order.

The present Scheduling Order was set by the Court after a hearing in which the parties differed on when the Court should resolve the issue of claim construction of the patent-in-suit. Defendants sought to limit Intervet's ability to take discovery related to claim construction, and specifically moved for early claim construction proceedings that would take place prior to the close of fact discovery – they wanted claim construction briefing to begin in early January of 2007. (D.I. 24-2 at ¶ 5.) Intervet opposed this motion because discovery from the ten inventors of the '601 patent and related expert testimony may be relevant to claim construction given the highly complex nature of the technology involved in this case. (D.I. 32-1.) Intervet instead requested that claim construction take place after the close of both fact and expert discovery. (*Id.*) The Court settled on a middle ground between these two proposals, ordering that claim construction proceedings take place prior to the close of fact discovery, but at the same time providing that discovery related to claim construction, including expert discovery, occur prior to the commencement of claim construction briefing. *See* D.I. 35 at ¶¶ 4, 6-8 ("Discovery on claim construction issues and of claim construction witnesses, including any expert witnesses, shall be concurrent with fact discovery and prior to each side's opening *Markman* brief."). Instead of January, the Court ordered claim construction briefing to begin in early April.

### B.   The Defendants' Failure to Produce Documents from the Inventors of the Patent-in-Suit Since the Scheduling Order.

At the time that the Merial Defendants were attempting to have the Court resolve the issue of claim construction as quickly as possible, they represented that they would work with the inventors and the foreign Universities to provide Intervet with the discovery it would need pertaining to claim construction issues. (*See* 9/12/06, 9/19/06, and 9/26/06 Letters from F. Smith

to C. Tan, attached as Exhibits A, C, and D to the Declaration of Cedric Tan in Support of This Motion ("Tan Declaration")). For instance, on September 12, 2006, Defendants' counsel indicated that "[c]onsistent with our prior communications, we are in the process of contacting the inventors of the '601 patent to accommodate Intervet's request that the inventors voluntarily make themselves available for their depositions in the United States and voluntarily produce any documents that they may have related to the above litigation." (*See* Exhibit A to the Tan Declaration). Similarly, on September 26, Merial stated it could produce the documents it had collected from at least three of the inventors in October of last year. (*See* Exhibit D to the Tan Declaration). Furthermore, before the Scheduling Order was issued, counsel for Defendants made affirmative representations to this Court that they would provide discovery related to claim construction. (*See* Transcript of 7/31/06 Status Conference at pp. 21-22, attached as Exhibit M to the Tan Declaration ("I heard [Intervet] say at least four times that what they wanted was the opportunity to conduct discovery. That is precisely what we are providing them with[.] …They can address claim construction, they can address any other issue.").

Those pledges notwithstanding, discovery in this case has started very slowly. First, the Universities have refused to participate in formal discovery from the outset.[1] *See generally*, D.I. 59. Second, Intervet has yet to receive any significant discovery from the inventors of the '601 patent. To date, Intervet has received only three boxes of documents from Merial, the vast majority of which are patent application materials and published articles that appear not to originate from the inventors. Indeed, only about 1000 pages of this total production appear to be

---

[1] The Universities have refused to participate in discovery despite being parties to this litigation. Even if the Universities are dismissed as parties, however, Intervet is still entitled to discovery from the Universities and inventors because the discovery being sought is in the custody or control of Merial. *See* D.I. 26 at 9-11. Merial has already proven in the past that it is able to contact and obtain information from the Universities and inventors when it suits their purposes (*e.g.*, to obtain declarations or assignments).

3

documents that may have arguably originated from the inventors at some point in time. These documents, however, are in no apparent order, are incomplete, and are heavily redacted. In addition, they appear to be documents from attorney files that were assembled for a prior arbitration. Intervet thus believes that these documents were not collected from the inventors themselves for this litigation, as Merial had been representing that it would do. To date, Intervet has apparently not received any documents that were collected from any of the inventors for the purpose of this litigation. Indeed, just last week Merial sent Intervet a letter admitting that Merial was still collecting and reviewing inventor documents, in anticipation of (eventually) producing them. (*See* 1/25/07 Letter from F. Smith to C. Tan, attached as Exhibit K to the Tan Declaration). This letter was sent four months after Merial had indicated that it was in the process of contacting the inventors to get their documents, and claimed that it could produce documents from some of the inventors by the end of October.

Based on the correspondence between the parties, it appears that Merial is now attempting to blame Intervet for its delay in collecting and producing documents from the Universities and the inventors, and has given Intervet two completely baseless arguments in this regard. First, Merial has stated that Intervet is at fault for the delay in discovery because Intervet chose not to depose three of the inventors last Fall. (*See* 1/25/07 Letter from F. Smith to C. Tan, attached as Exhibit K to the Tan Declaration). However, Intervet did not take those depositions because it wanted to review documents that had been gathered from each of the inventors before deposing any of them.[2] Further, it is now clear that Intervet could not possibly have deposed any

---

[2] Given that these inventors likely will be traveling great distances for their depositions, Intervet wants to avoid having to redepose any of them about documents that were produced only after their initial depositions.

4

inventors last Fall, because Merial to this day has yet to produce documents it has collected from any of the inventors.

Second, Merial claims that the failure of the parties to agree upon a protective order has somehow prevented it from producing the relevant materials from the inventors and the foreign Universities. (*See id.*) However, Intervet agreed that any confidential documents produced by Merial would be treated as outside counsel's eyes only, pending the entry of a protective order. (*See* 9/26/06 Letter from F. Smith to C. Tan, attached as Exhibit D to the Tan Declaration; 10/26/06 Letter from C. Tan to F. Smith, attached as Exhibit E to the Tan Declaration). Thus, any documents produced by Merial would have been given the utmost confidentiality, and this does not provide a basis for Merial's failure to produce documents.

To date, Intervet has yet to receive the documents from the Universities and the inventors that would allow it to depose any of the inventors. Accordingly, Intervet requests that the Court modify the scheduling order to allow Intervet additional time to take the requisite discovery prior to filing its briefs on the issues of claim construction.

### III.    ARGUMENT

The Court has broad discretion to manage the conduct of discovery. *Brennan v. Local Union No. 639*, 494 F.2d 1092, 1100 (D.C. Cir. 1974); Fed. R. Civ. P. 26. In its discretion, the Court should amend the Scheduling Order and extend the claim construction deadlines in this case by approximately two months.[3] This amendment is proper because (1) it would likely

---

[3] The exact new deadlines for the Joint Claim Construction Statement, claim construction briefs, and *Markman* hearing are set forth in Intervet's Motion and Proposed Order submitted herewith.

5

alleviate significant potential prejudice to Intervet, (2) it would not impact the remainder of the scheduling order or trial date in any way, and (3) it would not prejudice Defendants.

      **A.**     **Through no Fault of Its Own, Intervet May Be Significantly Prejudiced if the Scheduling Order Is Not Amended to Extend Claim Construction Proceedings.**

As the Court recognized in its Scheduling Order, discovery related to claim construction should be completed prior to the commencement of claim construction briefing. (D.I. 35 at ¶ 4.) In this case, discovery from the inventors and other expert testimony may be particularly pertinent to the claim construction process because there are terms in the claims requiring constructions that either do not appear to have an ordinary meaning in the art or are nowhere described in the patent specification. With neither an ordinary meaning nor clear guidance from the specification, evidence such as inventor testimony and expert testimony will likely need to be consulted in order to construe these claim terms. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1311-1318 (Fed. Cir. 2005). In light of this, Intervet should be allowed to take claim construction discovery prior to settling on its claim constructions.

Despite its importance, claim construction discovery likely will not be completed prior to April 2. Contrary to Merial's assertions, Intervet has received very little discovery related to claim construction so far. Merial claims that it has produced "numerous relevant documents from the inventors[,]" but this statement is simply not supported by the facts surrounding Merial's production to date. (*See* 1/25/07 Letter from F. Smith to C. Tan, attached as Exhibit K to the Tan Declaration). As mentioned earlier, Intervet has only received about 1000 pages that may have at one point originated from some of the inventors. It is misleading, however, to state that even these 1000 pages are "from the inventors[,]" as they appear to originate from counsel.

The dearth of Merial's production to date is exemplified by the fact that there is not a single complete lab notebook from any of the inventors found in Merial's production.

The lack of inventor documents produced by Merial is not the fault of Intervet. Merial has attempted to blame Intervet for Merial's delays in turning over inventor discovery, but the facts thus far completely belie these contentions. First, Merial blames Intervet for failing to accept an earlier offer to depose three of the inventors. (*See generally*, Correspondence between C. Tan and F. Smith/T. Ngau, attached as Exhibits A through L to the Tan Declaration.) Intervet was right to refuse that offer. As Merial has admitted, those depositions would have been based on only a limited range of documents from those three inventors, and not the other seven. (*See* 1/25/07 Letter from F. Smith to C. Tan, attached as Exhibit K to the Tan Declaration ("At that time, we offered to make Drs. Cherreyre, Clark, Hassard and Meehan available for deposition and to provide *those inventors'* documents in advance of their depositions.") (emphasis added))). Intervet understandably wanted to review at least documents from each of the inventors prior to taking these depositions. Second, Merial's offer of providing documents from three of the inventors before their depositions last Fall was meaningless – even now, Merial *still* has not produced the files of those inventors.

Merial also attempts to blame its failure to produce inventor documents on Intervet's unwillingness to accept Merial's proposed protective order. (*See* 1/25/07 Letter from F. Smith to C. Tan, attached as Exhibit K to the Tan Declaration.) The unsettled protective order issue does not excuse Merial from producing inventors' documents for the simple reason that Intervet has agreed to take documents from Merial on an outside attorneys' eyes only basis (as described in Intervet's proposed protective order) until a protective order is entered. (*See* 11/2/06 Letter from C. Tan to F. Smith, attached as Exhibit H to the Tan Declaration.) Contradicting its present

7

position, Merial initially agreed to begin producing inventors' documents under the terms of Intervet's protective order. (*See* 9/26/06 Letter from F. Smith to C. Tan, attached as Exhibit D to the Tan Declaration; *see also* 11/6/06 Letter from F. Smith to C. Tan, attached as Exhibit I to the Tan Declaration.) Furthermore, Merial stated at the time that it was willing to produce the documents of the three inventors that it offered to make available for depositions despite the fact that there was no protective order in place. (*See* Exhibit D to the Tan Declaration.) However, Intervet has not received these documents.

The prejudice that Intervet may suffer if it cannot complete claim construction discovery prior to offering its claim construction briefing is substantial and is not the product of Intervet's own doing. Thus, the Court should extend the claim construction deadlines by the requested two months.

      **B.**    **Intervet's Requested Amendment Would Not Affect the Remainder of the Case Schedule.**

Intervet's motion should also be granted because it would not affect any additional dates in the Scheduling Order. As the current Scheduling Order stands, the next deadline after the *Markman* hearing on May 18 is the close of fact discovery on August 24, which would remain unaffected. (D.I. 35.) In fact, under Intervet's proposed amended schedule, there would still be over a month between the *Markman* hearing in mid-July and the close of fact discovery on August 24. In addition, Intervet's proposed amendment to the claim construction deadlines will not affect the final date on the Scheduling Order, the January 14, 2008 status conference, and will certainly not impact the ultimate trial date in any way.

### C. The Requested Amendment Would Not Prejudice Defendants.

Finally, Intervet's requested amendment will not prejudice Defendants. Defendants had originally requested that claim construction take place before the close of fact discovery. (D.I. 27 at 1-2.) Even under Intervet's proposed amendment, claim construction will be concluded well before the close of fact discovery. *See* Section B, *supra*. In any event, even any slight prejudice the Merial may allege based on Intervet's requested two-month extension is substantially outweighed by the prejudice that Intervet may suffer if it is precluded from obtaining discovery from the inventors of the '601 patent before it is required to finalize its claim construction positions.

## IV. CONCLUSION

For the aforementioned reasons, the Court should grant Intervet's Motion and amend the Scheduling Order as set forth in the attached proposed order.

Dated: January 31, 2007                                         Respectfully Submitted,


                                                                  /s/  John Hutchins
                                                                John R. Hutchins (D.C. Bar # 456749)
                                                                KENYON & KENYON LLP
                                                                1500 K Street N.W., Suite 700
                                                                Washington, DC. 20005
                                                                (202) 220-4200 (telephone)
                                                                (202) 220-4201 (facsimile)
                                                                Attorneys for Plaintiff
                                                                Intervet Inc.

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET INC., <br><br> *Plaintiff*, <br><br> v. <br><br> MERIAL LIMITED, MERIAL SAS, THE QUEEN'S UNIVERSITY OF BELFAST, and UNIVERSITY OF SASKATCHEWAN, <br><br> *Defendants*. | Civil Action No. 1:06-cv-00658 (HHK/JMF) |

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of January, 2007, I electronically filed *Plaintiff Intervet's Motion To Amend The Case Scheduling Order's Claim Construction Deadlines* with the Clerk of the Court using the CM/ECF system which will automatically e-mail notice of this filing to the following attorneys of record:

>Judy Jarecki-Black, Ph.D.
>MERIAL LIMITED
>3239 Satellite Blvd.
>Duluth, GA 30096-4640
>Tel: (678) 638-3805
>Fax: (678) 638-3350

Thomas J. Kowalski, Esq.
Steven M. Admundson, Esq.
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue, NY NY 10151
Tel: (212) 588-0800
Fax: (212) 588-0500

Timothy A. Ngau, Esq.
ALSTON & BIRD LLP
950 F. Street, NW
Washington, DC 20004
Tel: (202) 756-3300
Fax: (202) 756-3333

Patrick J. Elsevier, Ph.D.
Elizabeth K. Haynes, Esq.
Robert L. Lee, Esq.
Frank G. Smith III, Esq.
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Tel: (404) 881-7000
Fax: (404) 881-7777

/s/ Thomas J. Terebesi
Thomas J. Terebesi
Litigation Paralegal
Kenyon & Kenyon LLP
1500 K Street, NW
Washington, DC 20005-1257
(202) 220-4200