# Exhibit K

# ALSTON&BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

404-881-7000
Fax: 404-881-7777
www.alston.com

Frank G. Smith, III      Direct Dial: 404-881-7240      E-mail: frank.smith@alston.com

January 25, 2007

**VIA E-MAIL AND FACSIMILE (202) 220-4201**

Cedric Tan, Esq.
Kenyon & Kenyon LLP
1500 K Street, NW
Suite 700
Washington, DC 20005

    Re:    *Intervet v. Merial, et al.*, Civil Action No. 1:06-cv-00658, United States
District Court for the District of Columbia.
Our File No. 047041/304818

Dear Cedric:

    This letter responds to your January 18 letter. Your letter contains several inaccuracies and asks for information that we previously provided to you. We respond substantively as follows:

    You falsely assert that we failed to identify the inventors employed by the named defendants and their current contact information. In my September 19, 2006 letter to you, we identified the four inventors who remain employed by the named defendants. Specifically, we explained that Dr. Charreyre is employed by Merial and that Drs. Ellis, Haines and Harding are employed by the University of Saskatchewan. Moreover, on September 14, 2006, we provided you with the current employer and current contact information for each of the inventors as part of Merial's Response to Intervet's First Set of Interrogatories (*see* Exhibit A thereto).

    We also previously explained that we were contacting the Universities and inventors to request that they voluntarily provide Merial with their documents for production to Intervet. In fact, Merial had previously received, before the litigation, numerous relevant documents from the inventors. Those documents were included in Merial's first production to Intervet on November 20, 2006. Both Merial Limited and SAS are in the process of locating and reviewing additional documents for production.

Bank of America Plaza
101 South Tryon Street, Suite 4000
Charlotte, NC 28280-4000
704-444-1000
Fax: 704-444-1111

90 Park Avenue
New York, NY 10016
212-210-9400
Fax: 212-210-9444

3201 Beechleaf Court, Suite 600
Raleigh, NC 27604-1062
919-862-2200
Fax: 919-862-2260

The Atlantic Building
950 F Street, NW
Washington, DC 20004-1404
202-756-3300
Fax: 202-756-3333

ALSTON & BIRD LLP
Cedric Tan, Esq.
January 25, 2007
Page 2

On December 11, 2006, Merial also produced to Intervet numerous documents that it recently obtained from the University of Saskatchewan. With respect to the inventors who are employed by the University of Saskatchewan, we have received additional documents from Dr. Harding, which we are in the process of reviewing for production. Dr. Ellis has informed us that he does not have any additional documents. We are still investigating to determine whether Dr. Haines has any additional documents that she is willing to voluntarily provide to Merial for production to Intervet.

We have yet to receive any relevant documents from QUB, but we understand that QUB is actively looking for any relevant documents for production. Because Drs. Allan, McNeilly, and Meehan work for Agri-Food Biosciences Initiative ("AFBI"), and not QUB, it may be that QUB does not have many, if any, relevant documents. We have, however, received documents from Dr. Allan, which we understand include the relevant documents that he and Dr. McNeilly have been able to locate, including those that were left behind at AFBI by Dr. Meehan. These documents are being reviewed for production.

In addition, we have contacted each of the other inventors who are not employed by the defendants to obtain copies of any additional relevant documents that they may have. Thus far, we have received additional documents from Drs. Clark and Meehan and from Lori Hassard. We have not, however, received any additional documents from Dr. Chappuis, although we do not believe that he retained any relevant documents when he retired from Merial.

With respect to the willingness of the inventors to make themselves available for depositions, as you know, in the fall of last year we attempted to schedule the inventor's depositions. *See* my letters dated September 12, 2006, September 19, 2006, and September 26, 2006. At that time, we offered to make Drs. Charreyre, Clark, Hassard and Meehan available for deposition and to provide those inventors' documents in advance of their depositions. We also explained that we were attempting to arrange the depositions of the other inventors. Intervet, however, insisted that it must receive (i) all of the documents of all of the inventors and (ii) all of the documents of all of the defendants before taking any of the inventor depositions. Accordingly, we informed you in our letters of October 11, 2006 and November 6, 2006, that we had deferred attempting to schedule the inventor depositions until after the parties complete their respective document productions. This, as you know, has been slowed by Intervet's delays in responding to Merial's proposals regarding the scope and process of discovery and its refusal to agree to the Protective Order proposed by Merial.

In addition, although Intervet requested that we attempt to make the inventors available for deposition in the U.S., Intervet refused to split the expenses of bringing those inventors employed by the University of Saskatchewan to the U.S. unless the University was dismissed from the case pursuant to the pending Motion to Dismiss. That Motion, as you know, has yet to be resolved. Accordingly, we have not been actively pursuing the inventors to determine if they are willing to make themselves available for

ALSTON & BIRD LLP
Cedric Tan, Esq.
January 25, 2007
Page 3

deposition in the U.S or otherwise. If Intervet's positions on these issues have changed and it would like for us to resume our efforts to schedule the inventor depositions, please let us know. Otherwise, it would be a waste of time to pursue attempting to schedule these depositions until these issues are resolved.

We trust that this addresses each of the issues raised in your letter.

Finally, you have yet to respond to our January 18 letter. Please let us know whether Intervet intends to produce the documents and things requested in that letter without waiting for a ruling on the protective order issue.

Sincerely,

Frank G. Smith, III

cc (via email): All Counsel of Record

LEGAL02/30232858v1