# Exhibit L

Case 1:06-cv-00658-HHK-JMF   Document 67-15   Filed 01/31/2007   Page 1 of 3



Cedric C.Y. Tan
Direct 202.220.4306
ctan@kenyon.com

1500 K Street, NW
Washington, DC 20005-1257
202.220.4200
Fax 202.220.4201

January 29, 2007

**Via E-Mail**

Frank G. Smith III
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree
Atlanta, GA 30309-3424

    Re:  *Intervet v. Merial, et al.*, Civil Action No. 1:06-cv-00658,
          United States District Court for the District of Columbia

Dear Frank:

    Thank you for your letter of January 25, 2007. Your letter, however, fails to address the willingness of each of the named inventors of the '601 patent to have their depositions taken and the lack of discovery documents we have received on them from Merial.

    In my September 15, 2006 letter to you, we informed you that for those inventors still employed by The Queen's University of Belfast or University of Saskatchewan, we would agree to split with defendants their reasonable deposition-related expenses if the respective University was dismissed pursuant to the Universities' motion to dismiss. While we realize that that motion has yet to be resolved, this should in no way preclude defendants from pursuing inquiries with the named inventors (including those still employed by the Universities) as to their general willingness to be deposed. To the extent that you are aware that any inventors are refusing to be deposed, we ask that you let us know immediately so that we can proceed accordingly in arranging to obtain their deposition. From your letter, it is clear that Drs. Charreyre, Clark, Hassard and Meehan are willing to be deposed. Please let us know if Drs. Allan, Ellis, Haines, Harding, Chappuis and McNeilly are also willing to be deposed.

    With respect to the inventor-related documents, there should be nothing controversial in Intervet's desire to review these documents before taking depositions. It is standard practice for the pertinent documents to be produced before a deposition takes place, thereby avoiding the need for multiple depositions of the same person. The pending protective order issue should not prevent the production of such documents given Intervet's agreement to temporarily treat all of Merial's documents marked "Highly Confidential – Attorneys Eyes Only" on an outside counsel's eyes only basis pending resolution of the protective order issue. (*See* my letters of October 26, 2006 and November 2, 2006 and my e-mail to T. Ngau dated November 8, 2006.) Unfortunately, because Merial is still unwilling in turn to provide Intervet with the same

Frank G. Smith III
January 29, 2007
Page 2



*temporary* protections (given its unyielding desire to show all of our confidential documents to Merial's in-house counsel Dr. Jarecki-Black), we are unable to produce our own higher tier confidential documents to Merial. Nevertheless, as you know, this is irrelevant to your ability to produce defendants' documents as we are offering your highly confidential documents the highest possible temporary protection (*i.e.*, outside counsels' eyes only). Therefore, if you have documents relating to the named inventors that are ready to be produced, we urge you to produce such documents on a rolling basis to prevent further delays in scheduling any inventor depositions. Indeed, we note that as early as of September 2006, you indicated that Merial was in possession of documents from at least inventors Drs. Charreryre, Clark, Hassard and Meehan and yet we still have not seen their production. If you are unable to secure the cooperation of any of the inventors in obtaining their documents, please also let us know.

Regarding the documents that Merial has produced to date, we note that none of these documents appear to us to originate from inventor files and instead appear to be culled together by someone other than the inventors for some other purpose before this litigation had commenced. While these documents are relevant, they are certainly not the inventor documents that you had been promising us and allegedly working with the inventors from the beginning of this litigation to obtain for us. Indeed, we have not seen the production of any documents that would appear to originate from Drs. Harding, Ellis, Clark, Meehan and Hassard despite references in your letter to Merial having received "*additional* documents" from them and also that Dr. Ellis "does not have any additional documents." If you believe that documents gathered directly from the inventors for this litigation have been produced, please confirm which inventors' documents were produced and their bate ranges in your production.

Finally, with respect to the Merial production, we believe that we have not seen any discovery produced to us that appears to originate from either Merial Limited or Merial SAS. If we are incorrect in our assessment, please let us know. Otherwise, please let us know when Merial Limited and Merial SAS will be producing documents and things in response to our discovery requests.

Very truly yours,

KENYON & KENYON LLP

Cedric C. Y. Tan

cc:    Attorneys of Record