# Exhibit M

Status Conference Transcript (7-31-06).txt

1

```
1                    UNITED STATES DISTRICT COURT

2                    FOR THE DISTRICT OF COLUMBIA

3

4    - - - - - - - - - - - - - - - x

5    INTERVET, INC.                 :
                                    :   Docket No. CA-06-0658
6           v.                      :
                                    :   Washington, D.C.
7    MERIAL LIMITED,                :   Monday, July 31, 2006
                                    :   9:45 A.M.
8           Defendant.              :

9    - - - - - - - - - - - - - - - x

10
                     TRANSCRIPT OF STATUS CONFERENCE
11               BEFORE THE HONORABLE HENRY H. KENNEDY
                      UNITED STATES DISTRICT JUDGE
12

13   APPEARANCES:

14   For the Government:     JOHN R. HUTCHINS, Esquire
                             KENYON & KENYON LLP
15                           1500 K Street, NW
                             Washington, D. C. 20005-1257,
16
     For The Defendant:      FRANK G. SMITH, III, Esquire
17                           ALSTON & BIRD LLP
                             One Atlantic Center
18                           1201 West Peachtree Street
                             Atlanta, Georgia 30309-3424
19

20   Court Reporter:         ANNIE R. SHAW, RPR
                             Official Court Reporter
21                           333 Constitution Avenue, N.W., Rm. 6820
                             Washington, D.C.  20001
22                           (202) 289-9002

23   Proceedings recorded by machine shorthand, transcript produced
     by computer-aided transcription.
24

25
```

Status Conference Transcript (7-31-06).txt

21

1   again, I'm certain that that paper suggest to the courts that
2   they allow the parties to develop a full and fair record before
3   holding Markman.
4         And, Your Honor, I have no idea what's claim
5   construction discovery versus infringement discovery versus
6   invalidity discovery.  So to say you can take claim
7   construction discovery first, and then have the Markman, and
8   then you take your nonclaim construction discovery, it's not a
9   fine line.
10        And the District of Columbia Court Decision that we
11  cite to you, Your Honor, which stresses the importance of
12  having a full evidentiary record and taking in the extrinsic
13  evidence to make a proper Markman Hearing makes that point.
14        THE COURT:  Specifically which Opinion are you
15  referring to?
16        THE WITNESS:  I'll get you the cite, Your Honor.  It's
17  cited on page seven of the paper that we had submitted on
18  Markman, and it's Thompson, and it's 3 F. Supp. 2d 49.
19        THE COURT:  Again.
20        MR. HUTCHINS:  I'm sorry.  3 F. Supp. 2d 49.  And
21  there the court was --
22        THE COURT:  From this judicial district?
23        MR. HUTCHINS:  That's correct, Your Honor, District
24  Court, District of Columbia, D.C., D.C.
25        THE COURT:  Do you remember which Judge?  Do you know

Status Conference Transcript (7-31-06).txt

22

1   which Judge it is that rendered the opinion?
2           MR. HUTCHINS:  No, Your Honor.  It's from '98.
3           But the Court there has a bit of analysis on -- he is
4   really considering the extent to which he should consider
5   extrinsic evidence.  So it's not the exact issue that's
6   presented here, but in ruling on that you should consider the
7   extrinsic evidence.  In the Court's analysis it discusses the
8   importance of really just let's do this once so we don't have
9   to do it initially on a partial record and then have to revisit
10  it later and later as we get on in the case.
11          THE COURT:  Thank you.
12          Counsel, for the other side, if you want to respond
13  very briefly.  I think I understand your position.
14          MR. SMITH:  Yes, Your Honor.  I want to address
15  basically two points that counsel for Intervet made.
16          I heard him say at least four times that what they
17  wanted was the opportunity to conduct discovery.  That is
18  precisely what we are providing them with, for both sides to
19  have up to seven months to conduct whatever discovery they want
20  to conduct.  They can address claim construction, they can
21  address any other issue.  And I agree, some of those issues,
22  the line is hard to -- but the opportunity is there, and if
23  they are diligent -- and they seem to have plenty of lawyers --
24  then I would suggest that seven months is plenty of time for
25  that opportunity.  If for whatever reason they elect not to

Status Conference Transcript (7-31-06).txt

1   avail themselves of that opportunity, then that's their
2   business.
3          Now with regard to the number of inventors, we are
4   certainly not going to get in their way with regard to that
5   discovery. We are going to see if perhaps -- I can't make a
6   commitment right now -- they could be brought to this country
7   for their depositions. That would certainly facilitate the
8   process. And if we can work out some sort of car sharing
9   arrangement, that may be very well be the way to go, providing
10  they are willing to come from Saskatchewan, which I would
11  suggest in the wintertime they probably would be willing to do,
12  to come down here to Atlanta for their depositions.
13         So we are going to work with them on the discovery
14  issues. These raised a number of points, but largely they are
15  red herrings.
16         And the second point I want to address is the notion
17  that Markman comes at the end after all the discovery. That
18  just simply is not so. If you look at the local rules of every
19  District Court in this country that has patent rules, they
20  provide for Markman to take place during the discovery process
21  that's what the Federal Circuit Bar Association suggested be
22  done. That's what the Sedona Conference, which is an
23  independent legal think tank, suggest be done.
24         All they can come up with is Judge Robinson from
25  Delaware standing order, which is directly reputed by

24

Status Conference Transcript (7-31-06).txt

1  the combined jurists and lawyers and independent experts at the
2  Sedona Conference, who said you don't have Markman and summary
3  judgment together normally.
4           And the final point is the statistics they cite are
5  six years old.  It's six years old.  That's when Markman was
6  essentially in its infancy.  And they point out things have
7  changed.
8           THE COURT:  Your brother counsel said, and I don't
9  know that I recite precisely what he said, but the, the gist of
10 what he said is that while the proposal that he sets forth may
11 take a little longer than the proposal that you set forth, that
12 in exercising the Court's discretion and we -- and this is a
13 matter that's in the Court's discretion, of course -- that the
14 better exercise of discretion is to come down on the side where
15 there is the least likelihood that one side would be
16 prejudiced, than were the Court to adopt the other proposal.
17          The suggestion is that your proposal might prejudice
18 their side; their proposal clearly would not prejudice yours
19 except for the passage of time and, of course, I hear that.
20 But assuming that the Court does not think that that is, you
21 know, the kind of prejudice that's going to ring the bell here,
22 what do you say?
23          MR. SMITH:  It's more than the old axiom that justice
24 delayed is justice denied.  It is our position that they are on
25 the market with an infringing product that should not be there.

                                                              25

1  And we initially tried to have it stopped in Atlanta with a
2  Motion for Preliminary Injunction.  That was not successful

Page 23