# EXHIBIT E

Alston & Bird



Cedric C.Y. Tan
Direct 202.220.4306
ctan@kenyon.com

1500 K Street, NW
Washington, DC 20005-1257
202.220.4200
Fax 202.220.4201

August 14, 2006

**By Facsimile 404.881.7777**
**and Confirm by U.S. Mail**

Frank G. Smith III, Esq.
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424

Re:    *Intervet Inc. v. Merial Limited et al.,*
       Civil Action No. 1:06-cv-00658 (HHK) (D.D.C.)

Dear Mr. Smith:

This letter follows-up on your representations during the July 31, 2006, scheduling conference in the above-referenced matter in which you indicated on behalf of defendants Merial Limited, Merial SAS, The Queen's University of Belfast and the University of Saskatchewan a willingness to prevail on the inventors of U.S. Patent No. 6,368,601 to cooperate in discovery. In that vein, you indicated that you would check with the inventors regarding their availabilities for depositions. Accordingly, please let us know as soon as possible regarding the dates of availability this fall for depositions of the following inventors: Gordon Allan, Brian Meehan, Edward Clark, John Ellis, Deborah Haines, Lori Hassard, John Harding, Catherine Elisabeth Charreyre, Gilles Emile Chappuis and Francis McNeilly.

As you can undoubtedly appreciate, we are eager to schedule these depositions as soon as possible so that they can conclude reasonably in advance of November 13, 2006, which is when each side's opening claim constructions should be exchanged. We note through Merial Limited's and Merial SAS's Rule 26(a)(1) Initial Disclosures that you have indicated that the inventors of the patent-in-suit are to be contacted only through counsel for the defendants. Therefore, we request that you begin the necessary inquiries regarding the available dates of these inventors for depositions including the types of documents that these inventors may have in their respective possession relating to the patent-in-suit. To the extent that defendants are unable to secure the cooperation of any inventor for discovery purposes, including being available for a deposition, please let us know immediately.

Frank G. Smith III, Esq.
August 14, 2006
Page 2



We look forward to hearing from you.

Very truly yours,
KENYON & KENYON LLP

Cedric C.Y. Tan

cc:    Attorneys of Record (via facsimile)

# ALSTON&BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

404-881-7000
Fax: 404-881-7777
www.alston.com

Frank G. Smith, III                    Direct Dial: 404-881-7240                    E-mail: frank.smith@alston.com

August 17, 2006

**VIA FACSIMILE (202) 220-4201**

Cedric Tan, Esq.
Kenyon & Kenyon LLP
1500 K Street, NW
Suite 700
Washington, DC    20005

     Re:    *Intervet v. Merial, et al.*

Dear Cedric:

     This letter responds to your correspondence dated August 14, 2006.

     Your letter indicates that Intervet wishes to conduct the depositions of all of the named inventors on the '601 patent prior to the parties' exchange of their lists of disputed terms and proposed constructions on November 13, 2006. We do not believe that the depositions of all (or indeed any) of the named inventors necessarily need to be conducted prior to that date. That said, we are in the process of attempting to facilitate the inventors' depositions prior to November 13, 2006. Without committing to the timing or location of these depositions (and without waiver of the rights of any entity or individual to insist upon adherence to Hague Convention formalities), we are inquiring into whether the inventors can be made available for their depositions in the United States, without resort to Hague Convention formalities, prior to November 13. Since this should result in substantial cost savings to all parties, we would expect, under such circumstances, to split the travel and hotel costs of the inventors in connection with conducting their depositions in this country.

                       Sincerely,

                       Frank G. Smith, III

FGS:jrh
Cc (via facsimile):    All Counsel of Record

Bank of America Plaza          90 Park Avenue          3201 Beechleaf Court, Suite 600          The Atlantic Building
101 South Tryon Street, Suite 4000     New York, NY 10016          Raleigh, NC 27604-1062          950 F Street, NW
Charlotte, NC 28280-4000          212-210-9400          919-862-2200          Washington, DC 20004-1404
704-444-1000          Fax: 212-210-9444          Fax: 919-862-2260          202-756-3300
Fax: 704-444-1111                                                                  Fax: 202-756-3333

# ALSTON&BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

404-881-7000
Fax: 404-881-7777
www.alston.com

Frank G. Smith, III                    Direct Dial: 404-881-7240              E-mail: frank.smith@alston.com

September 12, 2006

VIA FACSIMILE (202) 220-4201

Cedric Tan, Esq.
Kenyon & Kenyon LLP
1500 K Street, NW
Suite 700
Washington, DC   20005

> Re:   *Intervet v. Merial, et al.*, Civil Action No. 1:06-cv-00658, United States
>       District Court for the District of Columbia.
>       Our File No. 047041/304818

Dear Cedric:

Consistent with our prior communications, we are in the process of contacting the inventors of the '601 patent to accommodate Intervet's request that the inventors voluntarily make themselves available for their depositions in the United States and voluntarily produce any documents that they may have related to the above litigation. Of the ten inventors, only five are currently employed by the Defendants. Nonetheless, we have contacted all but one of the inventors regarding Intervet's request and are attempting to locate and contact the remaining inventor.

At this time, we believe that we will be able to make at least some of the inventors available for their depositions during the first two weeks of October at Alston & Bird's Atlanta office. Others may be available the week of October 30th and during the month of November. We are also working with the inventors to provide you with any relevant documents that they may have in advance of their depositions. So that we can try and arrange firm dates and travel plans with the inventors, we need to know as soon as possible, preferably by no later than this Friday, September 15th, whether there are any days during the first two weeks of October, the week of October 30th and the month of November that Intervet will *not* be able to take depositions of the inventors. Once we hear from you, we will try to arrange exact dates with the inventors and will then confirm those dates to you.

Bank of America Plaza                90 Park Avenue              3201 Beechleaf Court, Suite 600        The Atlantic Building
101 South Tryon Street, Suite 4000   New York, NY 10016          Raleigh, NC 27604-1062                 950 F Street, NW
Charlotte, NC 28280-4000             212-210-9400                919-862-2200                           Washington, DC 20004-1404
704-444-1000                         Fax 212-210-9444            Fax 919-862-2260                       202-756-3300
Fax 704-444-1111                                                                                        Fax 202-756-3333

**ALSTON & BIRD LLP**
Cedric Tan, Esq.
September 12, 2006
Page 2


     As previously communicated, we also need Intervet to confirm that it agrees to split equally the inventors' travel costs to and from the U.S. and their lodging and related expenses incurred while they are in the U.S. for their depositions.

                            Sincerely,

                            Frank G. Smith, III

FGS:jrh
cc (via email): All Counsel of Record

LEGAL02/30076370v1



Cedric C.Y. Tan
Direct 202.220.4308
ctan@kenyon.com

1500 K Street, NW
Washington, DC 20005-1257
202.220.4200
Fax 202.220.4201

September 15, 2006

**By Facsimile 404.881.7777**
**and Confirm by U.S. Mail**

Frank G. Smith III, Esq.
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424

Re:    *Intervet Inc. v. Merial Limited et al.*,
       Civil Action No. 1:06-cv-00658 (HHK) (D.D.C.)

Dear Frank:

This letter responds to your letter of September 12, 2006, regarding the scheduling of depositions for the inventors of the '601 patent. At this time, subject to any unforeseen changes in our schedule and with the exceptions of October 4-13, 25 and November 7, we confirm our general availability in the coming two months to take the inventors' depositions.

Accordingly, please let us know as soon as possible the dates you are proposing so that we can confirm our availability. In proposing dates, please take into account when the defendants will be finalizing their document productions. We must receive all relevant documents that are not only in the possession of the inventors but those documents that are in the possession or custody of the defendants reasonably in advance of the depositions.

We also reiterate our request that you let us know immediately if you are unable to secure the cooperation of any of the inventors for discovery purposes, including a deposition. Please also identify the five inventors that are still employed by the defendants including the identity of the remaining inventor that has to be located by defendants.

Regarding your proposal that we share equally in the inventors' travel and other related expenses incurred while they are in the U.S. for depositions, Intervet agrees to split such reasonable expenses only for the depositions of those inventors not currently employed by any defendant. Specifically, Intervet will not cover any deposition-related expenses of inventors that are still employed by Merial Limited and/or Merial SAS. With regard to inventors who are still employed by either The Queen's University of Belfast or the University of Saskatchewan, Intervet agrees to split their reasonable deposition-related expenses only if the respective

Frank G. Smith III, Esq.
September 15, 2006
Page 2



University is dismissed from the case pursuant to the pending motion to dismiss.

We look forward to hearing from you.

Very truly yours,
KENYON & KENYON LLP.

Cedric C.Y. Tan

cc:    Attorneys of Record (via facsimile)

# ALSTON&BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

404-881-7000
Fax: 404-881-7777
www.alston.com

Frank G. Smith, III                    Direct Dial: 404-881-7240                    E-mail: frank.smith@alston.com

September 19, 2006

**VIA E-MAIL AND FACSIMILE (202) 220-4201**

Cedric Tan, Esq.
Kenyon & Kenyon LLP
1500 K Street, NW
Suite 700
Washington, DC   20005

> Re:   *Intervet v. Merial, et al.*, Civil Action No. 1:06-cv-00658, United States
> District Court for the District of Columbia.
> Our File No. 047041/304818

Dear Cedric:

This letter responds to your correspondence dated September 15, 2006.

As matters have developed, only four of the inventors remain employed by the currently named defendants. They are Drs. Catherine Charreyre, John Ellis, Deborah Haines and John Harding. Dr. Charreyre is employed by Merial and the others are employed by the University of Saskatchewan. Given Intervet's unwillingness to split expenses with regard to inventors that remain employed by the currently named defendants, the defendants will not agree to bring the employees of the University of Saskatchewan to the United States for their depositions at the defendants' expense. Accordingly, those depositions will need to take place in Saskatchewan. Merial will, however, agree to bring Dr. Charreyre to the United States for her deposition. I understand that Intervet has agreed to split the expenses of the other six inventors, assuming they will agree to travel to the United States for their depositions.

With regard to timing, there is a conference in France that many of the inventors will be attending from, as I understand it, October 14 through October 19. We are in the process of attempting to determine dates on which the inventors can be deposed

Bank of America Plaza
101 South Tryon Street, Suite 4000
Charlotte, NC 28280-4000
704-444-1000
Fax 704-444-1111

90 Park Avenue
New York, NY 10016
212-210-9400
Fax 212-210-9444

3201 Beechleaf Court, Suite 600
Raleigh, NC 27604-1062
919-862-2200
Fax 919-862-2260

The Atlantic Building
950 F Street, NW
Washington, DC 20004-1404
202-756-3300
Fax 202-756-3333

**ALSTON & BIRD LLP**
Cedric Tan, Esq.
September 19, 2006
Page 2

subsequent to the conclusion of the conference, understanding that Intervet's counsel is unavailable on October 25 and November 7.

You raise the issue of obtaining all relevant documents prior to deposing the inventors. As I am sure you understand, Intervet's unwillingness to voluntarily enter into a protective order will necessarily slow down the document production process. In addition, Intervet does not need to take the depositions of the inventors prior to the date on which the parties must exchange their list of disputed claim terms and proposed constructions, *i.e.*, November 13, 2006. Indeed, the scheduling order entered by Judge Kennedy on August 4, 2006, specifically contemplates (paragraph 4) that discovery with respect to claim construction issues is slated to take place through the date on which each side's opening *Markman* brief is submitted, *i.e.*, April 2, 2007. Accordingly, we do not expect that Intervet's failure to depose all (or indeed any) of the inventors prior to the identification of disputed claim terms and proposed constructions on November 13 or the filing of the Joint Claim Construction Statement on February 23, 2007, will (or can) be used as a pretext on which to argue that any dates in the *Markman* schedule should be extended.

Sincerely,

Frank G. Smith, III

FGS:jrh
cc (via email): All Counsel of Record

LEGAL02/30087062v1

# ALSTON&BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

404-881-7000
Fax 404-881-7777
www.alston.com

Frank G. Smith, III                    Direct Dial: 404-881-7240                    E-mail: frank.smith@alston.com

September 26, 2006

**VIA E-MAIL AND FACSIMILE (202) 220-4201**

Cedric Tan, Esq.
Kenyon & Kenyon LLP
1500 K Street, NW
Suite 700
Washington, DC   20005

> Re:   *Intervet v. Merial, et al.*, Civil Action No. 1:06-cv-00658, United States
>        District Court for the District of Columbia.
>        Our File No. 047041/304818

Dear Cedric:

This letter is in further response to your letter dated September 15, 2006.

As referenced in my letter of September 19, we are in the process of attempting to schedule inventor depositions in late October and November. As matters now stand, we believe that we can make at least Edward Clark, Lori Hassard, and Brian Meehan available for their depositions in that time-frame and that we will be able to provide Intervet with their documents in advance of their depositions, provided that either (i) the Court enters a protective order in advance of the depositions or (ii) Intervet agrees to treat such documents as Attorneys' Eyes Only under Intervet's proposed protective order (since it is the more restrictive of the two proposals under consideration) until the Court rules on the protective order issue, at which time we would redesignate the documents under the protective order that is entered.

Because of issues associated with, among other things, the entry of a protective order and e-discovery, it is unlikely that we will be able to provide Intervet with all of the documents that are in the possession of all of the other inventors and the defendants before the end of October. Accordingly, please let us know whether Intervet would like for us to proceed with the scheduling of the above inventors' depositions or if Intervet

Bank of America Plaza
101 South Tryon Street, Suite 4000
Charlotte, NC 28280-4000
704-444-1000
Fax 704-444-1111

90 Park Avenue
New York, NY 10016
212-210-9400
Fax 212-210-9444

3201 Beechleaf Court, Suite 600
Raleigh, NC 27604-1062
919-862-2200
Fax 919-862-2260

The Atlantic Building
950 F Street, NW
Washington, DC 20004-1404
202-756-3300
Fax: 202-756-3333

**ALSTON & BIRD LLP**
Cedric Tan, Esq.
September 26, 2006
Page 2


would prefer that we defer scheduling any inventor depositions until after the parties have
completed their respective document productions.

Sincerely,

Frank G. Smith, III

FGS:jrh
cc (via email): All Counsel of Record

LEGAL02/30095235v1

**Elsevier, Patrick**

| | |
|---|---|
| **From:** | Elsevier, Patrick |
| **Sent:** | Friday, October 06, 2006 12:13 PM |
| **To:** | William G. James II Esq. (wjames@kenyon.com) |
| **Cc:** | Amundson, Steven |
| **Subject:** | Intervet v. Merial:  Proposed Discovery Protocol |

Dear Bill:

To follow up on our telephone conference regarding the discovery protocol, Merial proposes that the parties engage in a traditional document collection process in which the parties will identify relevant persons and request that such persons identify and produce any relevant, responsive documents (both paper and electronic) in their possession, custody or control.

In addition, Merial proposes additional keyword searching of electronic documents for up to 20 specifically identified custodians. For these custodians, E-mails and other document types as agreed upon by the parties will be identified from servers and hard drives by keyword searching. The custodians would be the persons having the most relevance to the subject matter of the litigation. We envision that initially each side can identify the most relevant custodians within their own companies, but that the opposing party could also identify additional or other custodians based on their review of documents collected by the traditional document collection process. As we discussed, due to French privacy laws, it is our understanding that Merial will need to obtain the permission of each custodian before it can search that person's electronic files. To the extent that any custodian refuses to permit a search of their electronic files, then we would inform Intervet of such and attempt to work out a solution. Likewise, we would expect Intervet to do the same to the extent that there are similar issues under Dutch law.

Also, we have confirmed that it is permissible to conduct keyword searching of the shared (i.e., public) company directories on servers without seeking the consent of each custodian who may have files on those servers. Thus, in addition to the above protocol for searching of private files, Merial can agree that the parties will also perform the keyword searching of relevant shared (i.e., public) directories on company servers if Intervet agrees to do likewise.

Each side will search using up to 12 keywords. The searches will cover the following file types: e-mails, text documents (e.g., .doc and .wpd), spreadsheets (e.g., .xls), and presentations (e.g., .ppt).

We understand that Intervet would like Merial to search the following 12 keywords:

1. circo* (which would capture circovirus and "circovirus porcin" and circovent)

2. PCV* (which would capture PCV2, PCV-2, PCVII, PCV-II, PCV1, PCV-1, PCVI, PCV-I, etc.)

3. PMWS

4. "Post-weaning multisystemic wasting syndrome"

5. "open reading frame"

6. ORF* (which would capture different ORFs)

7. "Syndrome de dépérissement généralise de post-sevrage"

8. Intervet

9. Nayar

10. Hamel

11. Babiuk

12. Saskatchewan

Merial would like for Intervet to search the following 12 keywords:

1

1. circo* (which would capture circovirus a...u "circovirus porcin" and circovent)

2. PCV* (which would capture PCV2, PCV-2. PCVII, PCV-II, PCV1, PCV-1, PCVI, PCV-I, etc.)

3. PMWS

4. "wasting syndrome"

5. "open reading frame"

6. ORF* (which would capture different ORFs)

7. merial

8. allan

9. ellis

10. *601 (Note: if Intervet believes that the term *601 would identify too many irrelevant documents, then Merial would consent to searching the term *601 with an "and" connector in conjunction with each of the following terms separately (i) "patent", (ii) the Dutch word for patent, and (iii) "638")

11. *214 (Note: if Intervet believes that the term *214 would identify too many irrelevant documents, then Merial would consent to searching the term 214 with an "and" connector in conjunction with each of the following terms separately (i) "PCT" or (ii) "WO")

12. Merial will pick a twelfth search term after reviewing the documents collected by the traditional document collection process

Note: the "*" above indicates an appropriate wild card character that would capture the use of the term following or proceeding the wild card character in combination with none or more other alphanumeric characters in place of the wild card character.

Please let us know if the above proposal is acceptable to Intervet.

**J. Patrick Elsevier, Ph.D., Esq.**
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Phone: (404) 881-7683
Fax: (404) 253-8285
patrick.elsevier@alston.com
http://www.alston.com



Cedric C.Y. Tan
Direct 202.220.4306
ctan@kenyon.com

1500 K Street, NW
Washington, DC 20005-1257
202.220.4200
Fax 202.220.4201

October 26, 2006

**By Facsimile 404.881.7777**
**and Confirm by E-mail**

Timothy A. Ngau, III, Esq.
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424

> Re:   *Intervet Inc. v. Merial Limited et al.,*
>       Civil Action No. 1:06-cv-00658 (HHK) (D.D.C.)

Dear Tim:

This letter responds to both your letter of October 11, 2006 and your colleague Frank Smith's letter of September 26, 2006, regarding the scheduling of depositions for the inventors of the '601 patent.

While we appreciate your willingness to make available for depositions in late October and November the three inventors Edward Clark, Lori Hassard and Brian Meehan, we cannot begin on agreeing to take their depositions or any of the remaining seven inventors until we receive all relevant documents that are in the possession of the inventors and the defendants. Furthermore, we note that you do not mention in your recent correspondences the availability for depositions of the four inventors (*i.e.,* Catherine Charreyre, John Ellis, Deborah Haines and John Harding) that Frank Smith had previously identified in his letter of September 19, 2006, as still employed by the defendants. If you have documents that are ready to be produced to us, we encourage you to produce such documents as soon as possible to prevent further delays in the scheduling of the inventor depositions. We will agree to treat such documents as Attorneys' Eyes Only under Intervet's proposed protective order. Intervet will endeavor to begin producing documents on a rolling basis as soon as possible on that same basis.

Nevertheless, since it is our understanding that at present you are unlikely able to provide Intervet with all of the relevant inventor documents before the end of October, it is unlikely that any of the inventors' depositions will take place in October. Moreover, because the parties are in the early stages of agreeing on both a process and scope for electronic discovery, it is likewise unlikely that the parties will be in a position to exchange electronic documents including any and all inventor-related electronic documents in early November. As we have indicated before and

Timothy A. Ngan, III, Esq.
October 26, 2006
Page 2



reiterate again, discovery from the inventors may be relevant to the issue of claim construction of
the '601 patent, and therefore, should be concluded reasonably in advance of the date on which
each side's disputed claim terms and proposed constructions are exchanged. That date is
presently scheduled for November 13, 2006. However, it would seem that the November 13,
2006 date is not a feasible date for the exchange of claim constructions given the defendants'
inability to produce the relevant inventor documents in advance of the inventors' depositions.

                                    Very truly yours,
                                    KENYON & KENYON LLP


                                    Cedric C.Y. Tan



cc:     Attorneys of Record (via E-mail)

## Elsevier, Patrick

**From:**    James, William [WJames@kenyon.com]
**Sent:**    Tuesday, October 31, 2006 8:23 AM
**To:**      Elsevier, Patrick; Amundson, Steven
**Subject:** RE: Intervet v. Merial: Proposed Discovery Protocol

Dear Patrick:

Further to your e-mail below regarding the proposed discovery protocol, here is Intervet's response.

1.   Intervet agrees to having the parties engage in a traditional document collection process in which the parties
will identify all relevant persons working on or involved with the projects relating to the subject matter of the
litigation and request that such persons identify and produce any relevant, responsive documents (both paper and
electronic) in their possession, custody or control.

2.   Intervet is willing to agree to the parties conducting additional keyword searching of electronic documents for
specifically identified custodians.  However, Intervet proposes that the number of specifically identified
custodians be increased to 30 custodians per party.  Intervet believes that this is a more realistic number given
that there are 10 named inventors on the '601 patent.  Intervet agrees that the identified custodians should be the
persons having the most relevance to the subject matter of the litigation.  Intervet agrees that initially each
side will identify the most relevant custodians within their own companies for potential keyword
searching.  We propose that the parties exchange a list of the names of the identified custodians, along
with a brief description of their job title, responsibility and relevance to the subject matter of the litigation.  Intervet
agrees that the opposing party can also identify additional custodians for keyword searching based on their
review of the documents.  We understand that that there are French privacy law issues that may need to
be resolved as you have articulated below.  Presently, Intervet is investigating whether there are similar
Dutch privacy laws that would impact searching its custodians' files.  If such laws exist, Intervet agrees to
undertake whatever steps are necessary to ensure a mutually-agreeable solution.

3.   Intervet agrees to the parties conducting keyword searching of relevant shared (i.e., "public") company
directories on company servers.

4.   Intervet is agreeable to each side using up to 12 keywords for its searches and having such searches cover
the following file types: e-mails, text documents (e.g., .doc and .wpd), spreadsheets (e.g., .xls) and presentations
(e.g., .ppt).

5.   Intervet requests that Merial search the 12 keywords identified below.

1.   circo* (which would capture circovirus and "circovirus porcin" and circovent)
2.   PCV* (which would capture PCV2, PCV-2. PCVII, PCV-II, PCV1, PCV-1, PCVI, PCV-I, etc.)
3.   PMWS
4.   "wasting syndrome"
5.   "open reading frame"
6.   ORF*  (which would capture different ORFs)
7.   "syndrome de dépérissement"
8.   "cadre ouvert de lecture"
9.   Nayar
10.  Hamel
11.  Babiuk
12.  Saskatchewan

Intervet agrees to your description of "*".

11/13/2006

6.   With respect to those 12 keywords that Merial has proposed below, Intervet has determined that it would not be feasible to conduct a search of the keyword "Merial" due to the large number of irrelevant documents that would be potentially identified by such a search given the competitive nature of the two companies.
For this reason, Intervet has replaced the keyword "Intervet" in its proposed 12 keywords to be searched by Merial.  Please let us know if Merial is agreeable to substituting the keyword "Merial" with another chosen keyword.  Finally, Intervet cannot agree to allow Merial to reserve the right to pick a twelfth "wild card" search term at a later date.  Allowing Merial to do so would result in Intervet having to essentially repeat the entirety of its electronic search process later in discovery.  It should go without saying that such a process would be highly inefficient, costly and burdensome to Intervet.  The parties should decide on a process and undertake it once.

Please let us know whether this proposal is agreeable to Merial.

Bill

---

**From:** Elsevier, Patrick [mailto:Patrick.Elsevier@alston.com]
**Sent:** Friday, October 06, 2006 12:13 PM
**To:** James, William
**Cc:** Amundson, Steven
**Subject:** Intervet v. Merial: Proposed Discovery Protocol

Dear Bill:
To follow up on our telephone conference regarding the discovery protocol, Merial proposes that the parties engage in a traditional document collection process in which the parties will identify relevant persons and request that such persons identify and produce any relevant, responsive documents (both paper and electronic) in their possession, custody or control.

In addition, Merial proposes additional keyword searching of electronic documents for up to 20 specifically identified custodians. For these custodians, E -mails and other document types as agreed upon by the parties will be identified from servers and hard drives by keyword searching. The custodians would be the persons having the most relevance to the subject matter of the litigation. We envision that initially each side can identify the most relevant custodians within their own companies, but that the opposing party could also identify additional or other custodians based on their review of documents collected by the traditional document collection process. As we discussed, due to French privacy laws, it is our understanding that Merial will need to obtain the permission of each custodian before it can search that person's electronic files. To the extent that any custodian refuses to permit a search of their electronic files, then we would inform Intervet of such and attempt to work out a solution. Likewise, we would expect Intervet to do the same to the extent that there are similar issues under Dutch law.

Also, we have confirmed that it is permissible to conduct keyword searching of the shared (i.e., public) company directories on servers without seeking the consent of each custodian who may have files on those servers. Thus, in addition to the above protocol for searching of private files, Merial can agree that the parties will also perform the keyword searching of relevant shared (i.e., public) directories on company servers if Intervet agrees to do likewise.

Each side will search using up to 12 keywords. The searches will cover the following file types: e-mails, text documents (e.g., .doc and .wpd), spreadsheets (e.g., .xls), and presentations (e.g., .ppt).

We understand that Intervet would like Merial to search the following 12 keywords:

1. circo* (which would capture circovirus and "circovirus porcin" and circovent)
2. PCV* (which would capture PCV2, PCV-2. PCVII, PCV-II, PCV1, PCV-1, PCVI, PCV-I, etc.)
3. PMWS
4. "Post-weaning multisystemic wasting syndrome"
5. "open reading frame"
6. ORF* (which would capture different ORFs)

11/13/2006

7.  "Syndrome de dépérissement généralisé de post-sevrage"
8.  Intervet
9.  Nayar
10.  Hamel
11.  Babiuk
12.  Saskatchewan

Merial would like for Intervet to search the following 12 keywords:

1.  circo* (which would capture circovirus and "circovirus porcin" and circovent)
2.  PCV* (which would capture PCV2, PCV-2, PCVII, PCV-II, PCV1, PCV-1, PCVI, PCV-I, etc.)
3.  PMWS
4.  "wasting syndrome"
5.  "open reading frame"
6.  ORF* (which would capture different ORFs)
7.  merial
8.  allan
9.  ellis
10.  *601 (Note: if Intervet believes that the term *601 would identify too many irrelevant documents, then Merial would consent to searching the term *601 with an "and" connector in conjunction with each of the following terms separately (i) "patent", (ii) the Dutch word for patent, and (iii) "638")
11.  *214 (Note: if Intervet believes that the term *214 would identify too many irrelevant documents, then Merial would consent to searching the term 214 with an "and" connector in conjunction with each of the following terms separately (i) "PCT" or (ii) "WO")
12.  Merial will pick a twelfth search term after reviewing the documents collected by the traditional document collection process

Note: the "*" above indicates an appropriate wild card character that would capture the use of the term following or proceeding the wild card character in combination with none or more other alphanumeric characters in place of the wild card character.

Please let us know if the above proposal is acceptable to Intervet.

J. Patrick Elsevier, Ph.D., Esq.

ALSTON & BIRD LLP

One Atlantic Center

1201 West Peachtree Street

Atlanta, Georgia 30309-3424

Phone: (404) 881-7683

Fax: (404) 253-8285

patrick.elsevier@alston.com

http://www.alston.com

*********************************************************

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

11/13/2006

NOTICE: This e-mail message and all attachments transmitted with it
may contain legally privileged and confidential information intended
solely for the use of the addressee. If the reader of this message is not
the intended recipient, you are hereby notified that any reading,
dissemination, distribution, copying, or other use of this message or its
attachments is strictly prohibited. If you have received this message in
error, please notify the sender immediately by telephone
(404-881-7000) or by electronic mail (postmaster@alston.com), and
delete this message and all copies and backups thereof. Thank you.

11/13/2006

# ALSTON&BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

404-881-7000
Fax: 404-881-7777
www.alston.com

Frank G. Smith, III                    Direct Dial: 404-881-7240              E-mail: frank.smith@alston.com

October 31, 2006

**VIA E-MAIL AND FACSIMILE (202) 220-4201**

Cedric Tan, Esq.
Kenyon & Kenyon LLP
1500 K Street, NW
Suite 700
Washington, DC   20005'

> Re:   *Intervet v. Merial, et al.*, Civil Action No. 1:06-cv-00658, United States
> District Court for the District of Columbia.
> Our File No. 047041/304818

Dear Cedric:

This letter is further to my September 26, 2006 letter and in response to your letter dated October 26, 2006.

As an initial matter, we note that it took you a month to respond to my previous letter. We also note that you did not respond to our October 6, 2006 proposal regarding the scope of and process for electronic discovery until today. If Intervet was serious about obtaining discovery of the inventors before the November 13, 2006 deadline for the exchange of disputed claim terms and proposed constructions, we would expect that it would have acted promptly in these matters. Intervet has an equal responsibility to participate in the discovery process as the defendants.

In any event, we do not believe that the depositions of any of the inventors need to be conducted before the exchange of disputed claim terms and proposed constructions. Indeed, under the Court's Scheduling Order, discovery on claim construction specifically extends well after the November 13th date. Accordingly, we intend to follow the Court's Scheduling Order and provide the required information on November 13th. We expect Intervet to do the same.

Bank of America Plaza
101 South Tryon Street, Suite 4000
Charlotte, NC 28280-4000
704-444-1000
Fax: 704-444-1111

90 Park Avenue
New York, NY 10016
212-210-9400
Fax: 212-210-9444

3201 Beechleaf Court, Suite 600
Raleigh, NC 27604-1062
919-862-2200
Fax: 919-862-2260

The Atlantic Building
950 F Street, NW
Washington, DC 20004-1404
202-756-3300
Fax: 202-756-3333

**ALSTON & BIRD LLP**
Cedric Tan, Esq.
October 31, 2006
Page 2


Given that Intervet agrees, as set forth in your letter, to treat any documents produced by Merial as Attorneys' Eyes Only under Intervet's proposed protective order until the Court rules on the protective order issue, at which time we would redesignate the documents under the protective order that is entered, Merial will agree to begin producing its documents as well as any documents that it has obtained from the Universities and inventors on that basis. Merial expects that Intervet will also immediately begin producing its documents, and Merial agrees to accept Intervet's documents as Attorney's Eyes Only under Merial's proposed protective order.

Of course the above temporary treatment of documents under the particular protective orders will be made without prejudice to each side's positions with respect to the currently pending motions for competing protective orders, and the temporary designation/production will not be used as a basis by either party for asserting that their proposed protective order should be adopted by the Court. Please let us know by Monday, November 6, 2006 whether Intervet agrees to the above proposal for the exchange of documents.

We look forward to your prompt response on these issues.

Sincerely,

Frank G. Smith, III

FGS:jrh
cc (via email): All Counsel of Record

LEGAL02/30136783v1

# ALSTON&BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

404-881-7000
Fax 404-881-7777
www.alston.com

Frank G. Smith, III                   Direct Dial: 404-881-7240          E-mail: frank.smith@alston.com

November 6, 2006

**VIA E-MAIL AND FACSIMILE (202) 220-4201**

Cedric Tan, Esq.
Kenyon & Kenyon LLP
1500 K Street, NW
Suite 700
Washington, DC    20005

> Re:    *Intervet v. Merial, et al.*, Civil Action No. 1:06-cv-00658, United States
> District Court for the District of Columbia.
> Our File No. 047041/304818

Dear Cedric:

This letter responds to your November 2, 2006 letter.

## 1.    Document Production Issues.

Merial does not accept the terms that Intervet proposes for exchanging documents as set forth in your letter. In particular, Merial disapproves of Intervet's restriction on document production because Merial's counsel of record, including Dr. Judy Jarecki-Black and the attorneys of record at Frommer Lawrence and Haug, LLP, including Thomas Kowalski, Steve Amundson and Vicki Franks, should not be denied access to Intervet's document production. Intervet's attempt to limit its production to only the attorneys at Alston and Bird is unacceptable.

In addition, we expect, at a minimum, that Intervet will produce documents to Merial that it believes can be reviewed by all of Merial's counsel, i.e., all of its documents that it does not consider subject to the "Highly Confidential-Attorneys' Eyes Only" designation and restriction set forth in your letter.

Merial therefore asks that Intervet reconsider its position concerning Intervet's document production, and accept Merial's proposal as outlined in its October 31 letter. If

Bank of America Plaza          90 Park Avenue          3201 Beechleaf Court, Suite 600          The Atlantic Building
101 South Tryon Street, Suite 4000    New York, NY 10016          Raleigh, NC 27604-1062          950 F Street, NW
Charlotte, NC 28280-4000          212-210-9400          919-862-2200          Washington, DC 20004-1404
704-444-1000          Fax: 212-210-9444          Fax: 919-862-2260          202-756-3300
Fax: 704-444-1111                                                          Fax: 202-756-3333

**ALSTON & BIRD LLP**
Cedric Tan, Esq.
November 6, 2006
Page 2

Intervet will not accept Merial's October 31 proposal, Merial asks that the parties participate in a meet-and-confer conference call on November 8. We suggest a conference call at 3:00 PM EST. If the parties cannot reach a resolution at that time, Merial will be forced to file a motion to compel with the Court.

In order to move this case along, however, Merial will begin to produce its documents as well as any documents that it has obtained from the Universities and inventors. These documents will be produced pursuant to the confidentiality tiers under Intervet's proposed protective order until the Court rules on the protective order issue, at which time we would redesignate the documents under the protective order that is entered. The above temporary treatment of documents under Intervet's proposed protective order will be made without prejudice to Merial's positions with respect to the currently pending motions for competing protective orders and cannot be used as a basis by Intervet for asserting that its proposed protective order should be adopted by the Court.

2.    **Claim Construction Issues.**

Merial intends to comply with the Court's Scheduling Order concerning the exchange of disputed claim terms and phrases and proposed constructions and expects Intervet to similarly comply. Toward that end, Merial identifies the following claim terms as those it believes the parties dispute and which, therefore, may require construction by the Court: vector, ORF, epitope, epitope which is specific to PCV-2, PCV-1, PCV-2, and porcine circovirus type II. So that the parties can know the terms for which they should provide constructions on November 13, Merial asks that Intervet identify, by November 9, those terms that it believes the parties dispute and that it believes require construction. This will allow each side to provide proposed constructions for all of the terms that are truly at issue.

3.    **Inventor Depositions.**

As Merial has explained before, Intervet does not need to take the depositions of the inventors before November 13 to comply with the Court's scheduling order. As we stated in our October 31 letter, claim construction discovery extends well beyond November 13, and Intervet faces no prejudice by following the Court's scheduling order. Nonetheless, contrary to the contentions in Intervet's November 2 letter, Merial has in good faith been trying to obtain relevant documents from the inventors and, pursuant to Intervet's earlier request, had been trying to schedule the inventors' depositions.

In your September 15, 2006 letter, however, you stated that Intervet must receive (i) all of the documents of all of the inventors and (ii) all of the documents of all of the defendants before taking any of the inventor depositions. Accordingly, as stated in our October 11, 2006 letter, we have deferred attempting to schedule the inventor depositions until after the parties have completed their respective document productions, which, as

**ALSTON & BIRD LLP**
Cedric Tan, Esq.
November 6, 2006
Page 3


you know, has been slowed by Intervet's delays in responding to Merial's proposals
regarding the scope and process for discovery. Nonetheless, if Intervet's position on the
scheduling of inventor depositions has changed again, please let us know.

    We look forward to a response prior to November 8 on these issues.

                              Sincerely,

                              Frank Smith / JRH

                              Frank G. Smith, III

FGS:jrh
cc (via email): All Counsel of Record

LEGAL02/30136783v1

# ALSTON&BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

404-881-7000
Fax: 404-881-7777
www.alston.com

Frank G. Smith, III                 Direct Dial: 404-881-7240          E-mail: frank.smith@alston.com

November 10, 2006

**VIA E-MAIL AND FACSIMILE (202) 220-4201**

Cedric Tan, Esq.
Kenyon & Kenyon LLP
1500 K Street, NW
Suite 700
Washington, DC   20005

> Re:   *Intervet v. Merial, et al.*, Civil Action No. 1:06-cv-00658, United States
>       District Court for the District of Columbia.
>       Our File No. 047041/304818

Dear Cedric:

I am writing with regard to Intervet's apparent refusal to identify the terms that it believes require construction by the parties in advance of the Court's November 13, 2006 deadline for the exchange of proposed constructions for disputed claim terms and with regard to Intervet's Motion to Amend the Case Schedule.

As you should know, the Court entered its Order dated August 4, 2006 setting the November 13th deadline for the exchange of proposed constructions after the parties fully briefed this issue and orally argued it on July 31, 2006. Thus, Intervet has been aware of this upcoming deadline for some time, but deliberately delayed filing its Motion to Amend the Case Schedule until less than a week before the deadline, knowing that Merial's response brief would not be due and that the Motion would therefore not be ripe for a decision until well after the deadline had passed. In addition, Intervet refused Merial's request that the parties jointly contact the Court to request a hearing on this issue before the deadline. Based on these tactics and on Intervet's delays in responding to Merial's proposals regarding the production of documents and other issues, it is evident that Intervet itself created this artificial predicament for the sole purpose of delaying the resolution of Merial's infringement claims against Intervet.

Bank of America Plaza           90 Park Avenue         3201 Beechleaf Court, Suite 600      The Atlantic Building
101 South Tryon Street, Suite 4000   New York, NY 10016          Raleigh, NC 27604-1062            950 F Street, NW
Charlotte, NC 28280-4000         212-210-9400              919-862-2200             Washington, DC 20004-1404
704-444-1000            Fax: 212-210-9444           Fax: 919-862-2260                202-756-3300
Fax: 704-444-1111                                                          Fax: 202-756-3333

**ALSTON & BIRD LLP**
Cedric Tan, Esq.
November 10, 2006
Page 2


Notwithstanding Intervet's tactics, Merial intends to provide on November 13th its proposed constructions for those terms that were identified in my November 6, 2006 letter to you. Should Intervet fail to provide its proposed constructions on November 13th and should Intervet by then not have obtained a Court order relieving it of its obligations under the Court's August 4, 2006 Order, Merial intends to file a motion to have Intervet held in civil contempt for its willful violation of the Court's August 4, 2006 Order. Among the relief that Merial intends to seek is an Order precluding Intervet from offering any claim constructions that differ from Merial's proposed constructions.

Accordingly, we strongly urge Intervet to reconsider its position and to comply with the Court's August 4, 2006 Order.

Sincerely,

Frank G. Smith, III

FGS:jrh
cc (via email): All Counsel of Record

LEGAL02/30152499v1

## Elsevier, Patrick

| | |
|---|---|
| **From:** | James, William [WJames@kenyon.com] |
| **Sent:** | Thursday, November 16, 2006 5:06 PM |
| **To:** | Elsevier, Patrick |
| **Cc:** | samundson@flhlaw.com |
| **Subject:** | Re: Intervet v. Merial: Proposed Discovery Protocol |

We are in agreement on e-discovery. I do not have an answer to your first question yet. Please let me know when you will be available to discuss or exchange custodians.

Bill

-----Original Message-----
From: Elsevier, Patrick <Patrick.Elsevier@alston.com>
To: James, William
CC: Amundson, Steven <SAmundson@flhlaw.com>
Sent: Wed Nov 15 17:25:34 2006
Subject: RE: Intervet v. Merial: Proposed Discovery Protocol

Bill,

In addition to what is set forth below, we had also discussed with you on one of our calls Merial's proposal the parties agreeing to produce all their documents (both paper and electronic) in an electronic format, i.e., .tiff files (with load files for viewing in a document production database platform such as Summation or Concordance) rather than as paper copies. Please let us know whether Intervet will agree to this.

Also please confirm that we are in agreement on the protocol for e-discovery as set forth below.

Thank you,

Patrick

From:   Elsevier, Patrick
Sent:   Tuesday, November 14, 2006 5:50 PM
To:     William G. James II Esq. (wjames@kenyon.com)
Cc:     Amundson, Steven
Subject:    RE: Intervet v. Merial: Proposed Discovery Protocol

Bill,

Based on our call today, it appears that we are in agreement on the protocol for e-discovery as outlined in my email below. Specifically, the parties agreed that the additional keyword searching will be done on up to 20 custodians. We will get with you soon to set up a day for the parties to exchange a preliminary list of the names of the proposed custodians. The parties also agreed on the following search terms:

We understand that Intervet would like Merial to search the following 12 keywords:

1.  circo* (which would capture circovirus and "circovirus porcin" and circovent)
2.  PCV* (which would capture PCV2, PCV-2. PCVII, PCV-II, PCVI, PCV-1, PCVI, PCV-I, etc.)
3.  PMWS
4.  "wasting syndrome"
5.  "open reading frame"
6.  ORF* (which would capture different ORFs)
7.  "syndrome de dépérissement"
8.  "cadre ouvert de lecture"

11/20/2006

Re: Intervet v. Merial: Proposed Discovery Protocol                                    Page 2 of 4

    9.    Nayar
    10.   Hamel
    11.   Babiuk
    12.   Saskatchewan

Merial would like for Intervet to search the following 12 keywords:

    1.    circo* (which would capture circovirus and "circovirus porcin" and circovent)
    2.    PCV* (which would capture PCV2, PCV-2. PCVII, PCV-II, PCV1, PCV-1, PCVI, PCV-I, etc.)
    3.    PMWS
    4.    "wasting syndrome"
    5.    "open reading frame"
    6.    ORF* (which would capture different ORFs)
    7.    meehan
    8.    allan
    9.    ellis
    10.   *601 (Note: if Intervet believes that the term *601 would identify too many irrelevant documents, then Merial would consent to searching the term *601 with an "and" connector in conjunction with each of the following terms separately (i) "patent", (ii) the Dutch word for patent, and (iii) "638")
    11.   *214 (Note: if Intervet believes that the term *214 would identify too many irrelevant documents, then Merial would consent to searching the term 214 with an "and" connector in conjunction with each of the following terms separately (i) "PCT" or (ii) "WO")
    12.   Saskatchewan

Where the "*" above indicates an appropriate wild card character that would capture the use of the term following or proceeding the wild card character in combination with none or more other alphanumeric characters in place of the wild card character.

Please confirm by reply email that we are in agreement on this protocol.
Regards,
J. Patrick Elsevier, Ph.D., Esq.
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Phone: (404) 881-7683
Fax: (404) 253-8285
patrick.elsevier@alston.com
http://www.alston.com <http://www.alston.com>

---

From:  Elsevier, Patrick
Sent:  Friday, October 06, 2006 12:13 PM
To:    William G. James II Esq. (wjames@kenyon.com)
Cc:    Amundson, Steven
Subject:   Intervet v. Merial: Proposed Discovery Protocol

Dear Bill:
To follow up on our telephone conference regarding the discovery protocol, Merial proposes that the parties engage in a traditional document collection process in which the parties will identify relevant persons and request that such persons identify and produce any relevant, responsive documents (both paper and electronic) in their possession, custody or control.

In addition, Merial proposes additional keyword searching of electronic documents for up to 20 specifically identified custodians. For these custodians, E-mails and other document types as agreed upon by the parties will be identified from servers and hard drives by keyword searching. The custodians would be the persons having the most relevance to the subject matter of the litigation. We envision that initially each side can identify the most relevant custodians within their own companies, but that the opposing party could also identify additional or other custodians based on their review of documents collected by the traditional document collection process. As we discussed, due to French privacy laws, it is our understanding that Merial will need to obtain the permission of each custodian before it can search that person's electronic files. To the extent that any custodian refuses to permit a search of their electronic files, then we would inform Intervet of such and attempt to work out a solution. Likewise, we would expect Intervet to do the same to the extent that there are similar issues

under Dutch law.

Also, we have confirmed that it is permissible to conduct keyword searching of the shared (i.e., public) company directories on servers without seeking the consent of each custodian who may have files on those servers. Thus, in addition to the above protocol for searching of private files, Merial can agree that the parties will also perform the keyword searching of relevant shared (i.e., public) directories on company servers if Intervet agrees to do likewise.

Each side will search using up to 12 keywords. The searches will cover the following file types: e-mails, text documents (e.g., .doc and .wpd), spreadsheets (e.g., .xls), and presentations (e.g., .ppt).

We understand that Intervet would like Merial to search the following 12 keywords:

1.   circo* (which would capture circovirus and "circovirus porcin" and circovent)
2.   PCV* (which would capture PCV2, PCV-2. PCVII, PCV-II, PCV1, PCV-1, PCVI, PCV-I, etc.)
3.   PMWS
4.   "Post-weaning multisystemic wasting syndrome"
5.   "open reading frame"
6.   ORF* (which would capture different ORFs)
7.   "Syndrome de dépérissement généralise de post-sevrage"
8.   Intervet
9.   Nayar
10.  Hamel
11.  Babiuk
12.  Saskatchewan

Merial would like for Intervet to search the following 12 keywords:

1.   circo* (which would capture circovirus and "circovirus porcin" and circovent)
2.   PCV* (which would capture PCV2, PCV-2. PCVII, PCV-II, PCV1, PCV-1, PCVI, PCV-I, etc.)
3.   PMWS
4.   "wasting syndrome"
5.   "open reading frame"
6.   ORF* (which would capture different ORFs)
7.   merial
8.   allan
9.   ellis
10.  *601 (Note: if Intervet believes that the term *601 would identify too many irrelevant documents, then Merial would consent to searching the term *601 with an "and" connector in conjunction with each of the following terms separately (i) "patent", (ii) the Dutch word for patent, and (iii) "638")
11.  *214 (Note: if Intervet believes that the term *214 would identify too many irrelevant documents, then Merial would consent to searching the term 214 with an "and" connector in conjunction with each of the following terms separately (i) "PCT" or (ii) "WO")
12.  Merial will pick a twelfth search term after reviewing the documents collected by the traditional document collection process

Note: the "*" above indicates an appropriate wild card character that would capture the use of the term following or proceeding the wild card character in combination with none or more other alphanumeric characters in place of the wild card character.

Please let us know if the above proposal is acceptable to Intervet.

J. Patrick Elsevier, Ph.D., Esq.
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Phone: (404) 881-7683
Fax: (404) 253-8285
patrick.elsevier@alston.com
http://www.alston.com <http://www.alston.com>

11/20/2006

**********************************************************
IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

NOTICE: This e-mail message and all attachments transmitted with it
may contain legally privileged and confidential information intended
solely for the use of the addressee. If the reader of this message is not
the intended recipient, you are hereby notified that any reading,
dissemination, distribution, copying, or other use of this message or its
attachments is strictly prohibited. If you have received this message in
error, please notify the sender immediately by telephone
(404-881-7000) or by electronic mail (postmaster@alston.com), and
delete this message and all copies and backups thereof. Thank you.

# ALSTON&BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

404-881-7000
Fax: 404-881-7777
www.alston.com

Elizabeth Kemmerer Haynes                Direct Dial: 404-881-7248                E-mail: beth.haynes@alston.com

November 20, 2006

*VIA  OVERNIGHT DELIVERY*

Cedric Tan Esq.
Kenyon & Kenyon LLP
1500 K Street, NW
Washington, DC 20005-1257

      Re:    *Intervet v. Merial,* Civil Action No. 1:06-cv-658, United States District
           Court for the District of Columbia

Dear Cedric:

      Please find enclosed one disk containing Merial's document production bearing
Bates numbers:

      MER0000001-MER00001758

      This document production is based on information available to Merial at this time.
Merial is currently processing more documents for production.

      The inclusion of a document in Merial's production is not an admission by Merial
that any document is admissible or relevant for any purpose.  Merial's production is made
without waiving any right to object to the use of any document or information on any
ground.

      These documents are being produced pursuant to Intervet's agreement to treat the
documents as Highly Confidential -- Attorney's Eyes Only under Intervet's proposed
protective order until the Court rules on the protective order issue, at which time Merial
will re-designate the documents under the protective order that is entered.  This
temporary treatment of documents under Intervet's proposed protective order is made
without prejudice to Merial's positions with respect to the currently pending motions for
competing protective orders and cannot be used as a basis by Intervet for asserting that its
proposed protective order should be adopted by the Court.

Bank of America Plaza
101 South Tryon Street, Suite 4000
Charlotte, NC 28280-4000
704-444-1000
Fax: 704-444-1111

90 Park Avenue
New York, NY 10016
212-210-9400
Fax: 212-210-9444

3201 Beechleaf Court, Suite 600
Raleigh, NC 27604-1062
919-862-2200
Fax: 919-862-2260

601 Pennsylvania Avenue, N.W.
North Building, 10th Floor
Washington, DC 20004-2601
202-756-3300
Fax: 202-756-3333

Cedric Tan Esq.
November 20, 2006
Page 2

Sincerely,

Elizabeth Kemmerer Haynes

Enclosures

cc:    All Counsel of Record via email w/o enclosures.

LEGAL02/30165023v1

# ALSTON&BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

404-881-7000
Fax: 404-881-7777
www.alston.com

Frank G. Smith, III                    Direct Dial: 404-881-7240              E-mail: frank.smith@alston.com

January 25, 2007

VIA E-MAIL AND FACSIMILE (202) 220-4201

Cedric Tan, Esq.
Kenyon & Kenyon LLP
1500 K Street, NW
Suite 700
Washington, DC   20005

> Re:   *Intervet v. Merial, et al.*, Civil Action No. 1:06-cv-00658, United States
> District Court for the District of Columbia.
> Our File No. 047041/304818

Dear Cedric:

This letter responds to your January 18 letter.  Your letter contains several
inaccuracies and asks for information that we previously provided to you.  We respond
substantively as follows:

You falsely assert that we failed to identify the inventors employed by the named
defendants and their current contact information.  In my September 19, 2006 letter to
you, we identified the four inventors who remain employed by the named defendants.
Specifically, we explained that Dr. Charreyre is employed by Merial and that Drs. Ellis,
Haines and Harding are employed by the University of Saskatchewan.  Moreover, on
September 14, 2006, we provided you with the current employer and current contact
information for each of the inventors as part of Merial's Response to Intervet's First Set
of Interrogatories (*see* Exhibit A thereto).

We also previously explained that we were contacting the Universities and
inventors to request that they voluntarily provide Merial with their documents for
production to Intervet.  In fact, Merial had previously received, before the litigation,
numerous relevant documents from the inventors.  Those documents were included in
Merial's first production to Intervet on November 20, 2006.  Both Merial Limited and
SAS are in the process of locating and reviewing additional documents for production.

Bank of America Plaza                90 Park Avenue              3201 Beechleaf Court, Suite 600         The Atlantic Building
101 South Tryon Street, Suite 4000     New York, NY 10016            Raleigh, NC 27604-1062              950 F Street, NW
Charlotte, NC 28280-4000             212-210-9400                   919-862-2200               Washington, DC 20004-1404
704-444-1000                    Fax: 212-210-9444               Fax: 919-862-2260                   202-756-3300
Fax: 704-444-1111                                                                        Fax: 202-756-3333

**ALSTON & BIRD LLP**
Cedric Tan, Esq.
January 25, 2007
Page 2

On December 11, 2006, Merial also produced to Intervet numerous documents that it recently obtained from the University of Saskatchewan. With respect to the inventors who are employed by the University of Saskatchewan, we have received additional documents from Dr. Harding, which we are in the process of reviewing for production. Dr. Ellis has informed us that he does not have any additional documents. We are still investigating to determine whether Dr. Haines has any additional documents that she is willing to voluntarily provide to Merial for production to Intervet.

We have yet to receive any relevant documents from QUB, but we understand that QUB is actively looking for any relevant documents for production. Because Drs. Allan, McNeilly, and Meehan work for Agri-Food Biosciences Initiative ("AFBI"), and not QUB, it may be that QUB does not have many, if any, relevant documents. We have, however, received documents from Dr. Allan, which we understand include the relevant documents that he and Dr. McNeilly have been able to locate, including those that were left behind at AFBI by Dr. Meehan. These documents are being reviewed for production.

In addition, we have contacted each of the other inventors who are not employed by the defendants to obtain copies of any additional relevant documents that they may have. Thus far, we have received additional documents from Drs. Clark and Meehan and from Lori Hassard. We have not, however, received any additional documents from Dr. Chappuis, although we do not believe that he retained any relevant documents when he retired from Merial.

With respect to the willingness of the inventors to make themselves available for depositions, as you know, in the fall of last year we attempted to schedule the inventor's depositions. *See* my letters dated September 12, 2006, September 19, 2006, and September 26, 2006. At that time, we offered to make Drs. Charreyre, Clark, Hassard and Meehan available for deposition and to provide those inventors' documents in advance of their depositions. We also explained that we were attempting to arrange the depositions of the other inventors. Intervet, however, insisted that it must receive (i) all of the documents of all of the inventors and (ii) all of the documents of all of the defendants before taking any of the inventor depositions. Accordingly, we informed you in our letters of October 11, 2006 and November 6, 2006, that we had deferred attempting to schedule the inventor depositions until after the parties complete their respective document productions. This, as you know, has been slowed by Intervet's delays in responding to Merial's proposals regarding the scope and process of discovery and its refusal to agree to the Protective Order proposed by Merial.

In addition, although Intervet requested that we attempt to make the inventors available for deposition in the U.S., Intervet refused to split the expenses of bringing those inventors employed by the University of Saskatchewan to the U.S. unless the University was dismissed from the case pursuant to the pending Motion to Dismiss. That Motion, as you know, has yet to be resolved. Accordingly, we have not been actively pursuing the inventors to determine if they are willing to make themselves available for

**ALSTON & BIRD LLP**
Cedric Tan, Esq.
January 25, 2007
Page 3


deposition in the U.S or otherwise. If Intervet's positions on these issues have changed and it would like for us to resume our efforts to schedule the inventor depositions, please let us know. Otherwise, it would be a waste of time to pursue attempting to schedule these depositions until these issues are resolved.

We trust that this addresses each of the issues raised in your letter.

Finally, you have yet to respond to our January 18 letter. Please let us know whether Intervet intends to produce the documents and things requested in that letter without waiting for a ruling on the protective order issue.

Sincerely,

Frank G. Smith, III


cc (via email): All Counsel of Record

LEGAL02/30232858v1

# ALSTON&BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

404-881-7000
Fax: 404-881-7777
www.alston.com

Elizabeth Kemmerer Haynes              Direct Dial: 404-881-7248              E-mail: beth.haynes@alston.com

February 1, 2007

*VIA  OVERNIGHT DELIVERY*

Cedric Tan Esq.
Kenyon & Kenyon LLP
1500 K Street, NW
Washington, DC 20005-1257

> Re:    *Intervet v. Merial*, Civil Action No. 1:06-cv-658, United States District
> Court for the District of Columbia

Dear Cedric:

Please find enclosed one disk containing Merial's document production bearing
Bates numbers:

MER0006344 - MER00008580.

This production includes additional documents from inventors Hassard, Clark,
Allan, and Harding.  As explained in Frank Smith's January 25, 2007 letter, Merial
obtained these additional documents from the inventors at Intervet's request.

This document production is based on information available to Merial at this time.
Merial is currently processing more documents for production.

The inclusion of a document in Merial's production is not an admission by Merial
that any document is admissible or relevant for any purpose.  Merial's production is made
without waiving any right to object to the use of any document or information on any
ground.

These documents are being produced pursuant to Intervet's agreement to treat the
documents as Highly Confidential – Attorney's Eyes Only under Intervet's proposed
protective order until the Court rules on the protective order issue, at which time Merial
will re-designate the documents under the protective order that is entered.  This

Bank of America Plaza          90 Park Avenue          3201 Beechleaf Court, Suite 600    601 Pennsylvania Avenue, N.W.
101 South Tryon Street, Suite 4000   New York, NY 10016        Raleigh, NC 27604-1062        North Building, 10th Floor
Charlotte, NC 28280-4000          212-210-9400            919-862-2200              Washington, DC 20004-2601
704-444-1000              Fax: 212-210-9444          Fax: 919-862-2260              202-756-3300
Fax: 704-444-1111                                                      Fax: 202-756-3333

Cedric Tan Esq.
February 1, 2007
Page 2


temporary treatment of documents under Intervet's proposed protective order is made
without prejudice to Merial's positions with respect to the currently pending motions for
competing protective orders and cannot be used as a basis by Intervet for asserting that its
proposed protective order should be adopted by the Court.


Sincerely,

Elizabeth Kemmerer Haynes

Enclosures

cc:    All Counsel of Record via email w/o enclosures.

LEGAL02/30245988v1