# EXHIBIT G

Alston & Bird

# ALSTON&BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

404-881-7000
Fax: 404-881-7777
www.alston.com

Frank G. Smith, III                Direct Dial: 404-881-7240                E-mail: frank.smith@alston.com

January 30, 2007

VIA E-MAIL AND FACSIMILE (202) 220-4201

Cedric Tan, Esq.
Kenyon & Kenyon LLP
1500 K Street, NW
Suite 700
Washington, DC   20005

    Re:   *Intervet v. Merial, et al.*, Civil Action No. 1:06-cv-00658, United States
           District Court for the District of Columbia.
           Our File No. 047041/304818

Dear Cedric:

This letter responds to your January 25 letter. First, our January 25 letter addresses your concerns regarding discovery of, among other things, the Universities and inventors.

Second, our understanding of your January 25 letter is that Intervet is now willing to allow Mr. Kowalski access to its Highly-Confidential Attorney's Eyes Only materials under Merial's proposed protective order. That is, M. Kowalski will have access to all of Intervet's documents, including access to both Highly Confidential-Attorneys' Eyes Only business and financial information and Highly Confidential-Attorneys' Eyes Only technical information, provided Mr. Kowalski refrains from preparing or prosecuting any patent application related to PCV-2 viruses or vaccines during the litigation and for one year after its resolution, including any appeal. If this understanding is not correct, please let us know.

Third, it our further understanding that Intervet continues to refuse to allow Dr. Jarecki-Black access to all of Intervet's documents, even though Dr. Jarecki-Black, like Mr. Kowalski, (i) is a counsel of record, (ii) is not a competitive decision maker, and (iii) would agree to be bound by the same one-year patent prosecution bar. Dr. Jareck-Black's access to all of Intervet's documents is critical given (i) your assertion that "Intervet has produced to Merial all non-privileged information except those that it

---

| Bank of America Plaza | 90 Park Avenue | 3201 Beechleaf Court, Suite 600 | The Atlantic Building |
| 101 South Tryon Street, Suite 4000 | New York, NY 10016 | Raleigh, NC 27604-1062 | 950 F Street, NW |
| Charlotte, NC 28280-4000 | 212-210-9400 | 919-862-2200 | Washington, DC  20004-1404 |
| 704-444-1000 | Fax: 212-210-9444 | Fax: 919-862-2260 | 202-756-3300 |
| Fax: 704-444-1111 | | | Fax: 202-756-3333 |

**ALSTON & BIRD LLP**
Cedric Tan, Esq.
January 30, 2007
Page 2

considers protected under the highest tier of confidentiality under Intervet's proposed protective order" and (ii) the fact that Intervet has produced only a limited number documents, none of which are particularly significant to the issues in the case. This confirms our belief that Merial cannot agree to Intervet's protective order proposal. Simply put, it is increasingly evident that Intervet intends to use the protective order in an overly-inclusive manner to shield Merial's counsel of record, including Dr. Jarecki-Black, from having access to the most relevant documents at issue in this case. This is not acceptable.

Fourth, we do not see any reason for extending the Court's claim construction schedule, and we intend to comply with the Court's Order. Toward that end, we enclose a draft Joint Claim Construction Statement, which is due February 23, 2007, for your consideration.

Sincerely,

Frank G. Smith (*ypermission*)

Frank G. Smith, III

Enclosure
cc (via email): All Counsel of Record (w/enclosure)

LEGAL02/30239930v1

DRAFT 1/30/2007

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>MERIAL LIMITED; MERIAL SAS; THE QUEEN'S UNIVERSITY OF BELFAST; and UNIVERSITY OF SASKATCHEWAN,<br><br>    Defendants. | Civil Action No. 1:06-cv-00658 (HHK-JMF) |

### PLAINTIFF'S AND DEFENDANTS' JOINT CLAIM CONSTRUCTION STATEMENT

Pursuant to the Court's Scheduling order, Plaintiff Intervet, Inc. ("Intervet") and Defendants Merial Limited, Merial SAS, The Queen's University of Belfast, and the University of Saskatchewan submit the following joint claim construction statement.[1]

The parties dispute several terms and phrases in U.S. Patent No. 6,368,601 ("the '601 patent"). The table below summarizes the claims that Merial Limited and Merial SAS (collectively and individually, "Merial") contend, at this time, Intervet infringes:[2]

| Currently Asserted Claims |
|---|
| 9. A vector comprising an isolated DNA molecule comprising a sequence selected from the group consisting of ORFs 1 to 13 of porcine circovirus type II. |
| 16. The vector [of claim …9] comprising an isolated DNA molecule comprising a sequence selected from the group consisting of ORFs 1 to 13 of porcine circovirus type II wherein the |

---

[1] This joint claim construction statement is submitted without prejudice to the pending Defendants The Queen's University of Belfast's and The University of Saskatchewan's Motion To Dismiss For Lack of Subject Matter Jurisdiction of (D.I. 21, 22).

[2] These claims are identified based on the information currently available to Merial. Merial reserves the right to assert different and/or additional claims based on the Court's claim construction ruling and/or information subsequently discovered.

| Currently Asserted Claims |
|---|
| vector is a virus. |
| 32. An isolated DNA molecule comprising a nucleotide sequence encoding an epitope which is specific to PCV-2 and not specific to PCV-1. |
| 33. A vector comprising an isolated DNA molecule [as in claim 32] comprising a nucleotide sequence encoding an epitope which is specific to PCV-2 and not specific to PCV-1. |
| 35. The vector [according to claim 33] comprising an isolated DNA molecule comprising a nucleotide sequence encoding an epitope which is specific to PCV-2 and not specific to PCV-1 wherein the isolated DNA molecule is expressed in vitro. |

The table below identifies the terms or phrases within the Currently Asserted Claims that the parties dispute, and the parties' proposed constructions thereof:

| | Disputed Term or Phrase | Found in Claims | Defendants' Proposed Construction | Plaintiff's Proposed Construction |
|---|---|---|---|---|
| 1. | Vector | 9, 16, 33, 35 | An agent (virus or plasmid) used to transmit foreign genetic material to a cell or organism; used for the in vitro or in vivo expression of polypeptides. | A live virus or plasmid DNA. |
| 2. | Porcine Circovirus Type 2; PCV-II | 9, 16, 32, 33, 35 | A porcine circovirus of type II that is pathogenic to pigs and a causative agent of Post Weaning Multisystemic Wasting Syndrome [PMWS]. | The five viral strains identified in the '601 patent. |
| 3. | ORFs 1 to 13 | 9,16 | A length of DNA sequence (or corresponding RNA sequence) from the genome of a PCV-2 circovirus between an ATG (or AUG) translation start signal (initiation codon) and a termination codon which can be potentially translated into a polypeptide | The specific DNA sequences defined as ORFs 1-13 in Example 13. |

| | Disputed Term or Phrase | Found in Claims | Defendants' Proposed Construction | Plaintiff's Proposed Construction |
|---|---|---|---|---|
| | | | sequence.<br><br>The specific DNA sequences identified in Example 13 are only representative examples. | |
| 4. | Epitope | 32, 33, 35 | An imnmunodominant region of a protein. | An immunodominant region having at least 8-9 amino acids of a protein or peptide. |
| 5. | A nucleotide sequence encoding an epitope which is specific to PCV-2 and not specific to PCV-1 | 32, 33, 35 | A DNA sequence which codes for an immunodominant region of a protein, wherein the sequence is from the genome of a PCV-2 circovirus and not from the genome of a PCV-1 circovirus. | At present, this term appears to be indefinite as the '601 patent does not provide a definition of "specific to PCV-2 and not specific to PCV-1." |
| 6. | PCV-1 [Porcine Circovirus Type-1] | 32, 33, 35 | A non-pathogenic porcine circovirus that can be derived from PK/15 cells. | The nonpathogenic porcine circovirus disclosed in the '601 patent. |

Respectfully submitted, this 23rd day of February, 2007.

| /s/ | /s/ |
|---|---|
| KENYON & KENYON | ALSTON & BIRD, LLP |
| John R. Hutchins | Timothy Ngau |
| William James | DC Bar No. 339333 |
| 1500 K Street, N.W. | 950 F Street, NW |
| Suite 700 | Washington, DC 20004 |
| Washington, DC 20005-1257 | Phone: 202-756-3300 |
|  | Fax: 202-756-3333 |
|  |  |
|  | Judy Jarecki-Black, Ph.D. |
|  | Merial Limited |
|  | 3239 Satellite Blvd. |
|  | Duluth, GA 30096-4640 |
|  | Tel.: (678) 638-3805 |
|  | Fax: (678) 638-3350 |
|  |  |
|  | Thomas J. Kowalski |
|  | Steven M. Amundson |
|  | DC Bar No. 412196 |
|  | Frommer Lawrence & Haug LLP |
|  | 745 Fifth Avenue |
|  | New York, New York 10151 |
|  | Tel.: (212) 588-0800 |
|  | Fax: (212) 588-0500 |
|  |  |
|  | Frank G. Smith, III |
|  | J. Patrick Elsevier, Ph.D. |
|  | Elizabeth K. Haynes |
|  | Alston & Bird LLP |
|  | 1201 West Peachtree Street |
|  | Atlanta, Georgia 30309-3424 |
|  | Tel.: (404) 881-7000 |
|  | Fax: (404) 881-7777 |
|  |  |
| *Counsel for Plaintiff* | *Counsel for Defendants* |