# EXHIBIT H



Cedric C. Y. Tan
Direct 202.220.4306
ctan@kenyon.com

1500 K Street, NW
Washington, DC 20005-1257
202.220.4200
Fax 202.220.4201

November 16, 2006

*By Electronic Mail*

Frank G. Smith, III
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree
Atlanta, GA 30309-3424

Re:  *Intervet v. Merial, et al.*, Civil Action No. 1:06-cv-00658,
United States District Court for the District of Columbia

Dear Frank:

This letter responds further to your letters of November 6 and November 10, 2006. On October 26, 2006, I informed Mr. Ngau that Intervet did not believe that November 13, 2006 was a feasible date for the exchange of preliminary claim constructions given Defendants' inability to produce relevant discovery on claim construction issues in advance of this date. Defendants' complaints with respect to moving this date back are not well-taken, considering that Defendants have not produced any documents despite Intervet's continued requests and Intervet's offer to review such documents on an outside attorney's eyes only basis until the Court decides the pending Protective Order issues.

Additionally, although Intervet does not believe that it is proper to provide claim constructions with no factual record in place, in the interest of advancing discovery on claim construction issues, Intervet agrees to identify the following terms, phrases and clauses that it believes may require construction by the Court: "vector," "porcine circovirus type II," "PCV-2," "PCV-1," "ORFs 1 to 13," "epitope," and "a nucleotide sequence encoding an epitope which is specific to PCV-2 and not specific to PCV-1."

The attached table of preliminary claim constructions is made in a good-faith effort to identify Intervet's preliminary proposed interpretations of the claim terms of the asserted claims of the '601 patent identified in Defendant Merial Limited's Response to Plaintiff Intervet's First Set of Interrogatories to Defendant Merial Limited on September 14, 2006.

Intervet proposes the attached preliminary claim constructions without having taken discovery on claim construction issues or expert testimony from Defendants. Accordingly, Intervet expressly reserves the right to amend, clarify, further elucidate or explain its claim constructions in light of Defendants' scheduled submissions and/or discovery on claim construction issues. Intervet also reserves the right to assert that terms in the '601 patent claims

Frank G. Smith, III
November 16, 2006
Page 2



are indefinite if interpreted in the manner asserted by Defendants. Intervet further reserves the right to rebut Defendants' proposed interpretations with percipient and/or expert witness testimony, including any external evidence relied upon by the percipient or expert witness to support that testimony.

The proposed claim constructions are preliminary, subject to change and in no way binding.

Sincerely,
KENYON & KENYON LLP

Cedric. C. Y. Tan

Enclosure

cc: All counsel of record

Intervet's Preliminary Construction of Claim Terms
for U.S. Patent No. 6,368,601

| CLAIM TERMS | APPEARS IN OR IS APPLICABLE TO ASSERTED CLAIM NUMBER(S) | PRELIMINARY PROPOSED CONSTRUCTION |
|---|---|---|
| vector | 9, 16, 33, 35 | "vector" means a live virus or plasmid DNA. |
| porcine circovirus type II and PCV-2 | 9, 16, 32, 33, 35 | "porcine circovirus type II" and "PCV-2" mean the five viral strains identified in the '601 patent. |
| ORFs 1 to 13 | 9, 16 | "ORFs 1 to 13" means the specific DNA sequences defined as ORFs 1-13 in Example 13. |
| epitope | 32, 33, 35 | "epitope" means an immunodominant region having at least 8-9 amino acids of a protein or peptide. |
| a nucleotide sequence encoding an epitope which is specific to PCV-2 and not specific to PCV-1 | 32, 33, 35 | At present, this term appears to be indefinite as the '601 patent does not provide a definition of "specific to PCV-2 and not specific to PCV-1." |
| PCV-1 | 32, 33, 35 | "PCV-1" means the nonpathogenic porcine circovirus disclosed in the '601 patent. |