# EXHIBIT A

prosecution". If your position on this issue has changed, please let us know.

Regards,

Tim

---

From: Tan, Cedric [mailto:CTan@kenyon.com]
Sent: Wednesday, November 08, 2006 12:38 PM
To: Ngau, Timothy
Subject: RE: Document production


Dear Tim,

This e-mail responds to Frank Smith's letter of November 6, 2006 and your e-mail below on the issue of document production.

As an initial matter, Mr. Smith's suggestion that the delay in discovery is Intervet's fault is absurd considering the fact that neither Merial nor the Universities have produced a single document and, worse, that the Universities have objected to responding to any of Intervet's interrogatories and discovery requests despite the fact that much of the development of the patent-in-suit rested with the Universities. This was, of course, the subject of the conversation that we had yesterday regarding Intervet's motion to compel discovery from the Universities. Our position from the very beginning has clearly been that we expect the production of inventor documents before scheduling any inventor depositions. To this date, you have not given us any idea as to when, or if, we should expect to receive the Universities' documents.

Regarding actual documents to be produced moving forward, Intervet accepts your proposal to produce, and will begin to produce on a rolling basis, all non-privileged documents and information except those it considers protected under the highest tier of confidentiality under Intervet's proposed protective order. Moreover, Intervet has offered to produce even the highest tier documents under the terms of its protective order but Merial has refused to accept such documents on an outside attorneys' eyes only basis (i.e., that they will only be viewed by the Alston & Bird attorneys or other outside attorneys not involved in Merial prosecution) pending resolution of the parties' protective order motion. As you are aware, Intervet has accepted your proposal that Intervet treat all of Merial's documents marked under the highest tier of confidentiality under Intervet's proposed protective order pending resolution of the protective order motion. Should your position change regarding this disparate treatment of Intervet and Merial documents and thus you are willing to provide the same treatment to Intervet's documents that we are affording Merial's documents (i.e., on an outside attorneys' eyes only basis), then we will send you Intervet's highest tiered confidential documents forthwith, before the Court decides the pending protective order motion.

Regards,

Cedric C.Y. Tan
Kenyon & Kenyon LLP
1500 K Street, NW | Washington, DC 20005-1257
202.220.4306 Phone | 202.220.4201 Fax
ctan@kenyon.com <mailto:CTan@kenyon.com>   | www.kenyon.com <http://www.kenyon.com/>

---

This message, including any attachments, may contain confidential, attorney-client privileged, attorney work product, or business confidential information, and is only for the use of the intended recipient(s). Any review, use or distribution by others is prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

---