UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET INC.,<br><br>        *Plaintiff*,<br><br>   v.<br><br>MERIAL LIMITED, MERIAL SAS, THE QUEEN'S UNIVERSITY OF BELFAST, and UNIVERSITY OF SASKATCHEWAN,<br><br>        *Defendants*. | Civil Action No. 1:06-cv-00658 (HHK/JMF) |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Intervet Inc. ("Intervet") hereby submits this Notice of Supplemental Authority ("Notice") in support of *Plaintiff Intervet's Opposition to Defendants The Queen's University of Belfast's and the University of Saskatchewan's Motion to Dismiss for Lack of Subject Matter Jurisdiction* (D.I. 26). Intervet files this Notice to bring to the Court's attention the Supreme Court's recent decision in *MedImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764 (2007) (attached to this Notice as Exhibit A). The *MedImmune* decision could not have been included in Intervet's earlier pleading because the decision was issued only after Intervet's opposition was filed.

In support of their argument that the Court lacks subject matter jurisdiction over them, the Queen's University of Belfast and the University of Saskatchewan ("Universities") assert that Intervet has never had a "reasonable apprehension of suit" by the Universities because (1) the Universities never took actions creating such an apprehension, and (2) the Universities now lack

any rights to bring suit on the patent-in-suit, thus removing any apprehension of suit on the part of Intervet. *See, e.g.*, D.I. 21-1 at 3 and 7-8; D.I. 36 at 2 ("[S]ince the Universities never engaged in *any* conduct that could have created a reasonable apprehension of suit, no case or controversy exists between Intervet and the Universities."). The *MedImmune* decision, however, repudiates the Federal Circuit's "reasonable apprehension of suit" test for subject matter jurisdiction under the Declaratory Judgment Act as conflicting with Supreme Court precedent. *Medimmune*, 127 S. Ct. at 774 n.11. The *MedImmune* decision makes clear that the Universities' argument that explicit threat of suit or even the ability to bring suit is not necessary to create subject matter jurisdiction. The patentee in the *Medimmune* case was contractually barred from bringing suit against its licensee on the licensed patent, and yet the Supreme Court held that subject matter jurisdiction existed over the licensee's action for a declaratory judgment of patent invalidity and noninfringement. *Id.* at 777. The *MedImmune* decision vitiates the Universities' arguments that this Court lacks subject matter jurisdiction over them, and thus should be considered by the Court in ruling on the Universities' pending motion to dismiss.

Dated: March 5, 2007                              Respectfully Submitted,

                                                             /s/ John Hutchins
John R. Hutchins (D.C. Bar # 456749)
KENYON & KENYON LLP
1500 K Street N.W., Suite 700
Washington, DC. 20005
(202) 220-4200 (telephone)
(202) 220-4201 (facsimile)
Attorneys for Plaintiff
Intervet Inc.