UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET, INC., <br><br> Plaintiff, <br><br> v. <br><br> MERIAL LIMITED; MERIAL SAS; THE QUEEN'S UNIVERSITY OF BELFAST; and UNIVERSITY OF SASKATCHEWAN, <br><br> Defendants. | Civil Action No. 1:06-cv-00658 (HHK-JMF) |

## RESPONSE TO INTERVET'S NOTICE OF SUPPLEMENTAL AUTHORITIES

Defendants The Queen's University of Belfast and the University of Saskatchewan (collectively "the Universities") submit this response to Intervet's Notice of Supplemental Authority (D.I. 72) ("Notice"), which Intervet erroneously contends supports its opposition to the Universities' Motion to Dismiss (D.I. 21).[1]

Contrary to the assertions in Intervet's Notice, the supplemental case cited by Intervet, *MedImmune, Inc. v. Genentech, Inc.*, __ U.S. __, 127 S.Ct. 764 (2007), does not support Intervet's opposition to the Universities' Motion to Dismiss. Rather than standing for the broad proposition suggested by Intervet, the *MedImmune* decision is directed to a very narrow and specific issue: whether the "'actual controversy' requirement of the Declaratory Judgment Act, 28 U.S.C. §2201(a), requires a patent licensee to terminate or be in breach of its license agreement before it can seek a declaratory judgment that the underlying patent is invalid, unenforceable, or not infringed." *MedImmune*, 127 S.Ct. at 767. The Court held that a licensee

---

[1] The Universities join in this response subject to, and without waiver of, their pending Motion to Dismiss (D.I. 21).

was "not required, insofar as Article III is concerned, to break or terminate its [] license agreement before seeking a declaratory judgment in federal court that the underlying patent is invalid, unenforceable, or not infringed." *Id.* at 777. The specific issue before the *MedImmune* Court is not relevant to the issues in the Universities' Motion to Dismiss because Intervet is not, and has never been, a licensee of the patent-in-suit.

The statements in footnote 11 of *MedImmune* to which Intervet cites for Intervet's broad assertion that "the *MedImmune* decision repudiates the Federal Circuit's 'reasonable apprehension' test for subject matter jurisdiction under the Declaratory Judgment Act" are dicta. Moreover, it is clear that the Court's statements in this footnote are limited to the extent that the Federal Circuit's prior decisions conflict with Supreme Court precedent on the particular narrow issue that was the subject of the *MedImmune* case, *i.e.*, whether a patent licensee is required to terminate or be in breach of its license agreement before it can seek a declaratory judgment that the underlying patent is invalid. The dicta in this footnote does not, as Intervet asserts, repudiate the entire body of case law which requires that in order for there to be a case or controversy in a patent infringement suit sufficient to support a declaratory judgment action there must be (i) an explicit threat or other action by the declaratory judgment defendant that creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit and (ii) that the declaratory judgment defendant have an ownership interest in the patent-in-suit such that it would have standing to bring an action for patent infringement. (*See generally* cases cited in D.I. 21, pp. 13-19; D.I. 36, pp. 1-4). Accordingly, there has been no change in the relevant law as it pertains to the Universities' Motion to Dismiss.

If anything, the Court's discussion in *MedImmune* of what must be present in order for a declaratory judgment action to satisfy the case-or-controversy requirement further supports the Universities' Motion to Dismiss. Specifically, the Court reiterated that "the question in each case is whether the facts alleged, under all circumstances, show that there is a substantial controversy, *between parties having adverse legal interests*, of sufficient immediacy and reality to warrant the issue of a declaratory judgment." *Id.* at 771 (emphasis added).

In *MedImmune*, Genentech licensed one patent and a pending application to MedImmune in return for MedImmune's royalty payments on certain licensed products. *Id.* at 768. When the pending application matured into a patent, Genentech wrote a letter to MedImmune demanding royalties based on MedImmune's sales of the allegedly-covered product. *Id.* Interpreting Genentech's letter as a threat to enforce the newly issued patent, MedImmune paid the royalties "under protest" even though it believed that the newly issued patent did not cover its product and that the patent was invalid or unenforceable. *Id.* By contrast, the Universities have made no threat against Intervet, nor have they taken any action that Intervet could reasonably construe as a threat.

For the reasons explained in the Universities' Motion to Dismiss, the Universities and Intervet do not have adverse legal interests regarding the patent in suit. The Universities have no ownership in and do not have the right to sue on the patent in suit, and therefore there can be no case or controversy as between them and Intervet.

Accordingly, for the reasons set forth herein and in the Universities' prior briefing on this issue, the Universities' Motion to Dismiss should be granted.

Dated: March 8, 2007.

        Respectfully submitted,

        */s/ Timothy A. Ngau*
        ALSTON & BIRD, LLP
        Timothy Ngau
        DC Bar No. 339333
        950 F Street, NW
        Washington, DC 20004
        Phone: 202-756-3300
        Fax: 202-756-3333

        Judy Jarecki-Black, Ph.D.
        Merial Limited
        3239 Satellite Blvd.
        Duluth, GA 30096-4640
        Tel.: (678) 638-3805
        Fax: (678) 638-3350

        Thomas J. Kowalski
        Steven M. Amundson
        DC Bar No. 412196
        Frommer Lawrence & Haug LLP
        745 Fifth Avenue
        New York, New York 10151
        Tel.: (212) 588-0800
        Fax: (212) 588-0500

        Frank G. Smith, III
        Robert L. Lee
        J. Patrick Elsevier, Ph.D.
        Elizabeth K. Haynes
        Alston & Bird LLP
        1201 West Peachtree Street
        Atlanta, Georgia 30309-3424
        Tel.: (404) 881-7000
        Fax: (404) 881-7777

        *Counsel for Merial Limited, Merial SAS, The Queen's University of Belfast, and The University of Saskatchewan*