# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

INTERVET, INC.,

      Plaintiff,

      v.

                                   Civil Action No. 06-658 (JMF)

MERIAL LIMITED; MERIAL SAS; THE
QUEEN'S UNIVERSITY OF BELFAST; and
UNIVERSITY OF SASKATCHEWAN,

      Defendants.

## REPORT AND RECOMMENDATION

      This is a patent action dealing with allegedly competing vaccines used to combat a progressive disease among piglets.[1]

      Merial Limited and Merial SAS, its subsidiary, filed a patent infringement action against Intervet, Inc., but the United States District Court for the District of Georgia dismissed that action because (inter alia) the Queen's University of Belfast and the University of Saskatchewan[2] retained such substantial rights in the patent at issue, (called "601") that Merial SAS "did not have standing to sue solely in its own name for infringement." Merial, 430 F. Supp. 2d at 1364.  In reaching that conclusion, the court invoked the principle that "an action for infringement must join as plaintiffs all co-

---

[1] For a detailed explanation of the controversy, see Merial Ltd. v. Intervet, Inc., 430 F. Supp. 2d 1357 (N.D. Ga. 2006).

[2] Hereafter "the Universities."

owners." Ethicon, Inc. v. U.S. Surgical Corp., 135 F.3d 1456, 1468 (Fed. Cir. 1998)

(quoted in Merial, 430 F. Supp 2d  at 1364).

The decision of the Georgia District Court was issued on April 27, 2006.  On

April 11, 2006, however, Intervet turned the tables.  It filed an action for a declaratory

judgment in this Court against Merial Ltd, Merial SAS, and the Universities.  The first

count of the complaint sought a declaration of non-infringement of the patent at issue.

Specifically, the complaint stated:

> Intervet has not at any time infringed, induced others to
> infringe, and/or committed acts of contributory
> infringement of any of the claims of the '601 patent either
> literally or under the doctrine of equivalents.

Complaint, ¶ 19.

This Court may only exercise jurisdiction over an actual case or controversy.  The

Federal Circuit has made it clear that when declaratory relief is sought by a party who

fears being accused of infringing a patent, the requirement of establishing a case or

controversy is met only when that party shows: (1) an explicit threat or other action by

the patentee, which creates a reasonable apprehension on the part of the declaratory

plaintiff that it will face an infringement suit, and (2) present activity which could

constitute infringement or concrete steps taken with the intent to conduct such activity.

Super Sack Mfg. Corp. v. Chase Packaging Corp., 57 F.3d 1054, 1058 (Fed. Cir. 1995).

The Universities indicate that Intervet does not even claim that they have done anything

that falls within these requirements and that therefore the court lacks jurisdiction over the

subject matter.  Intervet agrees but insists that the residual rights and obligations the

Universities retained or subsumed pursuant to their amended agreement with Merial

Limited and Merial SAS require that they remain parties to the suit. Intervet's arguments, however, fail to distinguish between different legal rules and their purposes.

The Federal Circuit has explained that the obligation that all owners of a patent participate when any one of them seeks affirmative relief from an infringer flows from a congressional policy, expressed in section 262 of the Patent Act, that states that "patent co-owners are 'at the mercy of each other.'" Ethicon, 135 F.3d at 1468 (Fed. Cir. 1998) (quoting Willingham v. Lawton, 555 F.2d 1340, 1344 (6th Cir. 1977)). Thus, all must sue for infringement, or none can.

The articulation of that policy and its effectuation have nothing whatsoever to do with whether the action for declaratory relief brought against one or more of those co-owners is justiciable because the party bringing it is truly threatened by an infringement action by those co-owners. Thus, whether the Universities have retained sufficient indicia of ownership to require that they join in any suit against an infringer has nothing to do with the justiciability of an action brought against them by a party fearing being accused by them of infringement. It therefore follows that since Intervet does not quarrel with the proposition that the Universities have not threatened them with infringement, there is no case or controversy between Intervet and the Universities.

It is clear from the procedural maneuvering in this case that Intervet is trying to keep the Universities in as parties to insure that it can get the discovery it wants from them. Indeed, to that end, it asks that if the Universities' motion to dismiss is granted the Court condition its order by ordering Merial to "(1) make the inventors available for deposition,[3] and (2) produce all of the inventors' and Universities' documents that are

---

[3] Intervet represents that: "The Universities conducted the bulk of the research and development work that led to the '601 patent. Indeed, *eight* of the ten inventors on the face of the '601 patent are affiliated with

relevant to the present lawsuit and responsive to Intervet's discovery requests." <u>Plaintiff Intervet's Opposition to Defendants the Queen's University of Belfast's and the University of Saskatchewan's Motion to Dismiss for Lack of Subject Matter Jurisdiction</u> at 1.

Merial has not yet resisted any discovery, let alone on the grounds that Intervet wants me to anticipate and rule upon. Unless and until it does, the question of whether I should rule as Intervet requests is premature and dependent on events that may or may not occur. This is not an actual case or controversy. <u>Los Angeles v. Lyons</u>, 461 U.S. 95 (1983). Futhermore, I know of no authority that permits the court to condition a dismissal when it appears that the court lacks jurisdiction over the subject matter. To the contrary, the command of the Federal Rules of Civil Procedure is clear and unequivocal: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

For these reasons, I recommend that <u>Defendants the Queen's University of Belfast's and the University of Saskatchewan's Motion to Dismiss for Lack of Subject Matter Jurisdiction</u> be granted.

**Failure to file timely objections to the findings and recommendations set forth in this report may waive your right of appeal from an order of the District Court adopting such findings and recommendations. See <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).**

---

the Universities." <u>Plaintiff Intervet's Opposition to Defendants the Queen's University of Belfast's and the University of Saskatchewan's Motion to Dismiss for Lack of Subject Matter Jurisdiction</u> at 1 (emphasis original).

\_\_/S/_____
**JOHN M. FACCIOLA**
**March 19, 2007**          **UNITED STATES MAGISTRATE JUDGE**