UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET, INC., <br><br> Plaintiff, <br><br> v. <br><br> MERIAL LIMITED and MERIAL SAS <br><br> Defendants. | Civil Action No. 1:06-cv-00658 (HHK-JMF) |

### MEMORANDUM IN SUPPORT OF MOTION TO CLARIFY THIS COURT'S ORDER REGARDING ENTRY OF A PROTECTIVE ORDER

Merial Limited and Merial SAS (collectively "Merial") ask the Court to clarify its March 21, 2007, Order insofar as it requires that any individual who has access to any confidential information subject to the protective order sign the Agreement Concerning Confidentiality (the "Agreement") described in that Order. Specifically, Merial asks the Court to clarify that the class of individuals required to sign such an Agreement, which imposes a $250,000 fine on any individual who violates the Order, is limited to counsel for the parties (whether of record or not and without regard to their status as in-house attorneys[1] or retained counsel) who are provided access to Attorneys' Eyes Only ("AEO") documents or information.

The central dispute between the parties regarding a protective order was whether certain counsel should have access to material that was designated under the highest level of confidentiality (*i.e.*, material designated AEO). Intervet's position was that in-house counsel for Merial, and initially certain outside counsel who prosecute patents for Merial, should be prohibited from access to AEO material. Following an evidentiary hearing on

---

[1] The orders presented by the parties to the Court provided that two in-house attorneys could have access to AEO information and documents. The parties have since agreed to limit disclosure of AEO information and documents to one in-house attorney per side.

February 23, 2007, this Court rejected Intervet's position and entered its Order dated March 21, 2007, which, *inter alia*, made no distinction among counsel and imposed a requirement that anyone receiving confidential (not simply AEO) materials agree to be fined $250,000 should such a person violate the confidentiality provisions of the order that the Court directed be entered.

While the $250,000 fine provision in the Court's March 21 Order creates considerable additional incentives for persons with access to confidential or AEO material to guard against any possible misuse of that material, it also creates procedural and logistical problems with regard to individuals such as court reporters, support staff, and witnesses. In particular, Merial anticipates that individuals who have less central involvement in this litigation than counsel will be unwilling to sign an agreement that would require them to pay a $250,000 fine for a misuse of confidential information, even if that misuse were unintentional. Because this provision, as written in the March 21, 2007, Order, pertains to all confidential materials (rather than just those materials that are AEO), all individuals with access to essentially any discovery would be required to sign the Agreement.

Merial submits that limiting application of the fine provision only to all counsel for the parties who have access to AEO material will adequately guard against misuse of the most sensitive information in this case while at the same time allowing essential individuals, such as support staff and court reporters, to perform their jobs free from the possibility of a $250,000 fine for even inadvertent disclosure of confidential materials. Accordingly, Merial respectfully requests that the Court modify the provision included on pages 8-9 of its Order (DI 76; *Intervet, Inc. v. Merial, Ltd.*, 2007 WL 853110 at *5 (Mar. 21, 2007) be clarified to read as follows:

      Any violation of this Order will be deemed a contempt.  Any violation of this Order by counsel for any party (without regard to whether that counsel is or is not counsel of record and without regard to counsel's status as in-house counsel or retained counsel) to this action with regard to material designated ATTORNEYS' EYES ONLY will be deemed a contempt and punished by a fine of $250,000.  This fine will be paid individually by the person who violates this Order.  Any violator may not seek to be reimbursed or indemnified for the payment the violator has made.  The Court will deem the violation of this Order to warrant the violator being sanctioned by the appropriate professional disciplinary authority, and Judge Facciola will urge that authority to suspend or disbar the violator.

      Merial also believes that the protective order should include a separate Notice of Adherence to be signed by non-attorneys who will have access to confidential or AEO materials in this case, which subjects those individuals to the jurisdiction of this Court for purposes of ensuring compliance with the Court's Order.

      Finally, because depositions are scheduled to begin on April 13, 2007, Merial asks that this Court give its motion expedited treatment.

      This 4th day of April, 2007.

                                                /s/ *Timothy A. Ngau*
                                                ALSTON & BIRD, LLP
                                                Timothy A. Ngau
                                                DC Bar No. 339333
                                                950 F Street, NW
                                                Washington, DC  20004
                                                Phone: 202-756-3300
                                                Fax: 202-756-3333

                                                Judy Jarecki-Black, Ph.D.
                                                Merial Limited
                                                3239 Satellite Blvd.
                                                Duluth, GA  30096-4640
                                                Tel.: (678) 638-3805
                                                Fax: (678) 638-3350

                                                Thomas J. Kowalski
                                                Steven M. Amundson
                                                DC Bar No. 412196
                                                Frommer Lawrence & Haug LLP
                                                745 Fifth Avenue
                                                New York, New York 10151

Tel.: (212) 588-0800
Fax: (212) 588-0500

Frank G. Smith, III
J. Patrick Elsevier, Ph.D.
Elizabeth K. Haynes
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel.: (404) 881-7000
Fax: (404) 881-7777

Counsel for Merial Limited and Merial SAS

- 4 -