EXHIBIT A

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| INTERVET, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>MERIAL LIMITED; MERIAL SAS; THE QUEEN'S UNIVERSITY OF BELFAST; and UNIVERSITY OF SASKATCHEWAN,<br><br>    Defendants. | Civil Action No. 1:06-cv-00658 (HHK-JMF) |

**[PROPOSED MODIFIED] PROTECTIVE ORDER**

The following protective order is entered in the above-captioned action pursuant to Federal Rule of Civil Procedure 26(c)(7).

1.     Designated Materials.

    (a)    A party or nonparty may designate as "CONFIDENTIAL," in whole or in part, any document, thing, or information (collectively "material") that contains trade secrets or other confidential research, development, commercial, or proprietary information and which is to be disclosed or produced to a party in this action. The marking shall state "CONFIDENTIAL" or other similar legend, along with a designation, e.g., bates number prefix, of the identity of the designating party or nonparty.

    (b)    A party or nonparty may designate as "ATTORNEYS' EYES ONLY," in whole or in part, any material that contains commercially sensitive, confidential or proprietary information regarding: (i) USDA Outline of Production, (ii) scientific research or technical data, (iii) individual sales prices to specific customers (as distinguished from general price listings), (iv) customer lists or contact information, (v) sales by customer, (vi) methods and costs of production,

(vii) strategic business plans (including financial and market analyses, forecasts and budgets), (viii) non-commercialized product composition, or (ix) profit information, which disclosure to persons other than those authorized under paragraph 7 would have the effect of causing harm to the competitive commercial position of the designating entity or a third party, and which is to be disclosed or produced to a party in this action. The marking shall state "ATTORNEYS' EYES ONLY" or other similar legend, along with a designation, e.g., bates number prefix, of the identity of the designating party or nonparty.

(c)     The designations described in subparagraphs (a) and (b) above shall be made, where practical, by marking each page of a document, each separate part or component of a thing, or each separate item of other information in a conspicuous manner with the appropriate legend. If not practical to so mark the material itself, a container for or a tag attached to the material shall be so marked. The designation or non-designation of any such material under this Protective Order shall not be admissible as evidence in this litigation for any purpose.

(d)     Information is not properly designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY subject to this Protective Order if it: (i) is in the public domain; (ii) becomes part of the public domain by publication or by other means, except an unauthorized act or omission on the part of the receiving party; (iii) is supplied to the receiving party by a third party who is under no obligation to maintain such information in confidence; and/or (iv) is or becomes known to the receiving party without any breach of any Protective Order or other confidentiality obligation.

2.  <u>Temporary Designation</u>.  In lieu of marking the original of a document or other material prior to inspection, the producing party or nonparty or its counsel may orally designate

2

any document or other material being produced for inspection by counsel for a party as CONFIDENTIAL or ATTORNEYS' EYES ONLY, thereby making it, and the information it contains, temporarily subject to this Protective Order. However, each copy of such document or other material subsequently delivered to inspecting counsel must be marked CONFIDENTIAL or ATTORNEYS' EYES ONLY as required by this Protective Order at the time it is so delivered to make the document and copies subject to this Protective Order.

3. <u>Persons Permitted In Depositions</u>. If during the course of a deposition taken in this action any questions are to be asked or any answers are to be given regarding (a) CONFIDENTIAL material, then only persons designated in paragraph 8 below (and the deponent's counsel in the case of a separately represented nonparty) shall be allowed to be present during such portion of the deposition; or (b) ATTORNEYS' EYES ONLY material, then only persons designated in paragraph 7 below (and the deponent's counsel in the case of a separately represented nonparty) shall be allowed to be present during such portion of the deposition. This paragraph shall not be deemed to authorize disclosure of any CONFIDENTIAL or ATTORNEYS' EYES ONLY material to any person not included in paragraph 7 or 8. It shall be the obligation of the party that produced the CONFIDENTIAL or ATTORNEYS' EYES ONLY material to invoke this provision.

4. <u>Designation of Deposition Transcripts</u>. With respect to depositions of any party, nonparty, or any person employed by, formerly employed by, or acting on behalf of a party to this action, such party, nonparty or another party to this suit may at the deposition designate the deposition as CONFIDENTIAL or ATTORNEYS' EYES ONLY and request the reporter to insert a statement regarding the confidentiality of the information into the deposition transcript or may have until fifteen (15) calendar days (or the next following business day in the event the 15th day is not a business day in the jurisdiction of the Court) after receipt of the deposition transcript within which to

inform the other parties, in writing, that portions of the transcript are designated CONFIDENTIAL or ATTORNEYS' EYES ONLY.  If no such designation is made at the deposition, no such deposition transcript shall be disclosed to any person other than those persons who are entitled to have access to such materials pursuant to paragraph 7 or paragraph 8 below and the deponent (and the deponent's counsel in the case of a separately represented nonparty) during these fifteen (15) days, and no person attending such a deposition shall disclose the contents of the deposition to any person other than those described in paragraph 7 or paragraph 8 below during said fifteen (15) days.  Upon being informed that certain portions of a deposition are designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, each party shall cause each copy of the transcript in its possession, custody or control to be so marked, to the extent not already marked by the reporter.

5.     <u>Limits on Use of Designated Materials</u>.  All material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY as provided herein shall not be used by any recipient or disclosed to anyone for any purpose other than in connection with the above-captioned action and shall not be disclosed by the recipient to anyone other than those persons who are entitled to have access to such material pursuant to paragraphs 7 or 8 below, unless and until the restrictions herein are removed by an order of the Court or by written agreement of the parties.  Nothing in this Protective Order shall bar or otherwise restrict a producing party or nonparty from having access to or using, without notification of any other party or nonparty, CONFIDENTIAL or ATTORNEYS' EYES ONLY materials that the producing party or nonparty has produced in this action.

6.     <u>Challenges to Designations and Resolution of Disputes</u>.  Nothing in this Protective Order shall be construed to prevent any party to this action from opposing the designation of materials as CONFIDENTIAL or ATTORNEYS' EYES ONLY.  A party opposing the designation of materials as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall serve a written objection,

4

including a statement of the grounds for the objection, on the designating party. The designating party will have five (5) business days in the jurisdiction of the Court following the receipt of the objection to withdraw its CONFIDENTIAL or ATTORNEYS' EYES ONLY designation. If at the end of the five (5) days, the CONFIDENTIAL or ATTORNEYS' EYES ONLY designation has not been withdrawn or if the designating party has failed to respond, the objecting party may move the Court within ten (10) business days in the jurisdiction of the Court for an order removing the CONFIDENTIAL or ATTORNEYS' EYES ONLY designation. On such a motion, it shall be the burden of the designating party to prove that the material or information was properly designated. If an objecting party does not make a timely motion, such objection is deemed withdrawn. Until a ruling from the Court, disputed items shall be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY as designated and will be handled in accordance with the provisions of this Protective Order.

(a)     The designation of material as CONFIDENTIAL or ATTORNEYS' EYES ONLY may also be challenged under this section, if any of the events described in Paragraph 1(d) has come to pass. On such a motion it shall be the burden of the challenging party to establish that one or more of the events described in Paragraph 1(d) has come to pass.

(b)     The failure to challenge the confidential status of any material under this Protective Order at the time of production shall not be deemed a waiver of the right to challenge the propriety of such designation at any time thereafter.

7.     <u>Access to ATTORNEYS' EYES ONLY Materials</u>. Subject to the provisions of paragraph 24 hereof, Access to material designated ATTORNEYS' EYES ONLY under this Protective Order, and to any portion of any transcript brief, affidavit, letter, memorandum or other paper that contains, reveals or refers to material so designated, shall be limited to:

    (a)    Outside counsel of record for the parties and their associated attorneys and associated paralegal, clerical, and secretarial employees engaged in the conduct of this action, all of the above whom, after receipt of ATTORNEYS' EYES ONLY material, and in addition to the other terms of this protective order, shall not be personally involved in the preparation or prosecution of any patent application related to PCV-2 viruses or vaccines during the litigation and for one year after its resolution, including any appeal;

    (b)    No more than one designated in-house attorney of each party who, after receipt of ATTORNEYS' EYES ONLY material, shall not be personally involved in the preparation or prosecution of any patent application related to PCV-2 viruses and vaccines during the litigation and for one year after its resolution, including any appeal;

    (c)    Independent copy and litigation support services solely for purposes of making copies, preparing exhibits or otherwise assisting in the preparation of discovery or trial materials for use in the litigation;

    (d)    Jury consultants retained by outside counsel of record for the parties;

    (e)    Non-party experts or consultants (except jury consultants), including their secretarial and clerical personnel, retained to assist counsel of record in this case who become qualified to receive material designated under this Protective Order in accordance with the following procedure:

        (i)    Counsel for a party proposing any such expert or consultant shall submit to outside counsel of record for the other parties a copy of a completed Notice of Adherence to Protective Order, in the form attached hereto as Exhibit B, signed by such expert or consultant, and a current resume or curriculum vitae for such person, which shall disclose any employment

6

and/or consultations the expert has had in the preceding four years. A party proposing such expert or consultant shall respond within five (5) business days in the jurisdiction of the Court to any reasonable request for additional information regarding the employment or consulting relationships or other professional activities of the proposed expert or consultant;

(ii) Unless a party notifies the proposing counsel of its objection to any such proposed expert or consultant, and the basis therefore, within five (5) business days in the jurisdiction of the Court after the receipt of a copy of the Notice referred to in subparagraph (i) above, such expert or consultant shall thereafter be deemed a qualified recipient and entitled to receive the designating party's material pursuant to the terms and conditions of the Protective Order;

(iii) Should the opposing party timely notify proposing counsel of its objection, the objecting party shall have ten (10) business days in the jurisdiction of the Court from its notice of objection within which to file a motion to preclude the proposed disclosure. On such a motion, it shall be the burden of the objecting party to prove that disclosure to the expert or consultant would be improper. Should such a motion be filed, proposing counsel shall not disclose material designated under this Protective Order to such proposed person until the resolution of the motion. Failure of the objecting party to file such a motion shall be deemed a waiver of any objection to the disclosure of information to the proposed person, subject

to the terms of this protective order;

(f) court reporters involved in transcribing depositions or other proceedings in this litigation, and videographers involved in recording depositions, provided they agree to be subject to the terms of this Protective Order and provided that they are provided designated material only to the extent necessary to perform their duties;

(g) the Court and any Court of Appellate Jurisdiction;

(h) Court personnel involved with this case;

(i) members of the jury in this case; and

(j) witnesses who are deposed in this action or who are called as witnesses at any hearing in this action, but only (1) in preparation for the deposition or hearing or (2) during the deposition or hearing, and only under the following circumstances:

    (i) any witness may be shown designated material in which the witness is identified as an originator, signatory, author, addressee, or recipient of the original or a copy;

    (ii) a current officer, director, or employee of a designating party may be shown that party's designated material;

    (iii) any witness selected by a designating party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure may be shown that party's designated material;

    (iv) a former officer, director, or employee of a designating party may be shown that party's designated material if the witness previously had access to the designated material while employed by the designating party, provided that counsel making such disclosure shall inform the

8

witness that the matter is confidential and may not be disclosed or used except as provided in this Protective Order.

8. <u>Access to CONFIDENTIAL Materials</u>.  Subject to paragraph 24 hereof, access to material designated CONFIDENTIAL under this Protective Order, and to any portion of any transcript, brief, affidavit, letter, memorandum or other paper that contains, reveals or refers to material so designated, shall be limited to the persons and circumstances identified in paragraphs 7 and 24 hereof and additionally the parties and their respective managers, officers, directors, and/or employees who are assisting counsel of record in the conduct of this action.

9. <u>Access to ATTORNEYS' EYES ONLY Materials</u>.  Access to material designated as "ATTORNEYS' EYES ONLY," under this Protective Order, and to any portion of any transcript, brief, affidavit, letter, memorandum or other paper that contains, reveals or refers to material so designated, shall be limited to the persons and circumstances identified in paragraphs 7 and 24, provided, however, that hard copies of documents designated as "ATTORNEYS' EYES ONLY" may not be stored at any offices or other premises of any party, and that electronic copies of documents designated as "ATTORNEYS' EYES ONLY" may not be generally stored or accessible on the network hard drive of any party.

10. <u>Disclosure to Other Persons.</u>  Designated material may be disclosed upon prior written consent of the designating party to any other person who agrees in writing to be bound by this Protective Order by executing a Notice of Adherence to Protective Order in the form attached hereto as Exhibit B and serving such executed notice on all parties.

11. <u>Maintenance of Designated Materials</u>. Each recipient of material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY shall maintain such material in a secure, safe area and shall exercise the same standard of care with respect to the storage, custody,

use and dissemination of such material as is exercised by the recipient with respect to its own confidential and proprietary material.

12.   <u>Use of Designated Materials in Future Litigation</u>.  Except upon consent of the designating party or upon order of the Court, any and all materials designated CONFIDENTIAL or ATTORNEYS' EYES ONLY produced, served or otherwise made available by the designating party to another party during the course of this action, together with all reproductions, copies, abstracts, indices or summaries of those materials, shall be used only for preparation and presentation of this action and any appeals thereof.  The parties acknowledge, however, the possibility of future litigation between the Merial Limited and/or Merial SAS and other defendants involving the patent asserted in this action, and they further acknowledge that certain materials from this action designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY may be relevant to such future litigation, such as written discovery, deposition transcripts and videos, expert reports, and court filings.  Accordingly, in the event such future litigation arises, the parties agree to negotiate in good faith regarding the use of such materials in such future litigation.

13.   <u>Pleadings Containing Confidential Items</u>.  Any pleading, brief, exhibit or other paper that is filed with the Court or served on another party that contains, quotes, discusses or otherwise reveals material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be marked on the front cover with the appropriate legend set forth in paragraph 1.  All CONFIDENTIAL or ATTORNEYS' EYES ONLY materials that are filed with the Court for any purpose shall be filed under seal.  Materials filed under seal shall be marked with the title of the action, identification of the document or thing filed under seal, and a statement substantially in the appropriate one of the following forms:

"CONTAINS [name of PARTY OR NON-PARTY]'S CONFIDENTIAL INFORMATION FILED UNDER SEAL PURSUANT TO THE PROTECTIVE ORDER OF [DATE]." or

"CONTAINS [name of PARTY OR NON-PARTY]' S ATTORNEYS' EYES ONLY INFORMATION FILED UNDER SEAL PURSUANT TO THE PROTECTIVE ORDER OF [DATE]."

14. <u>Final Disposition of Materials</u>. Within sixty (60) calendar days after final termination of this action (including any appeals), all materials designated CONFIDENTIAL or ATTORNEYS' EYES ONLY that have been produced, served or otherwise made available by the designating party during the course of this action, together with all reproductions, copies, abstracts, indices or summaries of those materials, shall be destroyed or delivered to counsel for the designating party, except that (1) if those CONFIDENTIAL or ATTORNEYS' EYES ONLY materials are the subject of a valid discovery request in another action, the receiving party may retain those materials in order to comply with the discovery request; and (2) outside counsel of record for each party may retain a complete set of their case files for this matter, including all pleadings, depositions, deposition exhibits, expert reports, discovery responses, and correspondence designated CONFIDENTIAL or ATTORNEYS' EYES ONLY or incorporating information or materials designated CONFIDENTIAL or ATTORNEYS' EYES ONLY.

15. <u>Inadvertent Failure to Designate</u>. Production of any material without a designation of confidentiality or an incorrect designation will not be deemed to waive a later claim as to its proper designation, nor will it prevent the producing party from designating said document or material "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Once redesignated, the redesignated material shall thereafter be treated as if it had originally been designated at the redesignated level. Following any redesignation of material, the party receiving such material shall take reasonable steps to comply with the redesignation including, without limitation, retrieving all

11

copies and excerpts of any redesignated material from persons not entitled to receive it.

16. <u>Improper Disclosure</u>. If material or information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the designating party, and without prejudice to the rights and remedies of the designating party, make every effort to retrieve the improperly disclosed material and to prevent further unauthorized disclosure on its own part or on the part of the recipient of such information or material.

17. <u>Privileged and Irrelevant Materials</u>. Nothing in this Protective Order shall be construed as requiring disclosure of privileged materials, materials subject to protection under the work product doctrine, or materials that are otherwise beyond the scope of permissible discovery.

18. <u>Inadvertent Disclosure of Privileged Information</u>. The inadvertent or unintentional disclosure by the producing party of information subject to the attorney-client privilege or work-product doctrine or any other applicable privilege or immunity shall not be deemed a waiver in whole or in part of the party's claim of privilege or work-product immunity, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. If a party has inadvertently produced information subject to a claim of immunity or privilege, the receiving party, upon request, shall within five (5) business days in the jurisdiction of the Court, of the request: return the inadvertently produced materials, and destroy all copies of those materials that may have been made and any notes regarding those materials.

19. <u>Additional Relief</u>. Nothing in this Protective Order shall be construed to

prevent a party or nonparty from seeking such further provisions regarding confidentiality as may be appropriate.

20. <u>No Waiver of Objections to Admissibility</u>.  Nothing in this Protective Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any evidentiary materials.

21. <u>Advice to Client</u>.  Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this litigation and, in the course thereof, relying in a general way upon his or her examination of CONFIDENTIAL or ATTORNEYS' EYES ONLY materials produced or exchanged in this litigation; provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the contents of the CONFIDENTIAL or ATTORNEYS' EYES ONLY materials.

22. <u>Continuing Obligations</u>.  This Protective Order, and all obligations and duties arising under this Protective Order, shall remain in effect after the final termination of this action (including any appeals), unless otherwise ordered by the Court. The Court retains jurisdiction indefinitely over the parties, and any persons provided access to CONFIDENTIAL or ATTORNEYS' EYES ONLY items under the terms of this Protective Order, with respect to any dispute over the improper use of such CONFIDENTIAL or ATTORNEYS' EYES ONLY items.

23. <u>Violation of this Order.</u>  Any violation of this Order will be deemed a contempt. Any violation of this Order by counsel for any party (without regard to whether that counsel is or is not counsel of record and without regard to counsel's status as in-house or retained counsel) to this action with regard to material designated ATTORNEYS' EYES ONLY will be deemed a contempt and punished by a fine of $250,000.  This fine will be paid individually by the person

who violates this Order. Any violator may not seek to be reimbursed or indemnified for the payment the violator has made. The Court will deem the violation of this Order to warrant the violator being sanctioned by the appropriate professional disciplinary authority, and Judge Facciola will urge that authority to suspend or disbar the violator.

24. <u>Confidentiality Agreement and Notice of Adherence.</u> All counsel who receive Confidential or Attorneys' Eyes Only documents or information shall be required to execute a copy of Exhibit A hereto. All other persons receiving Confidential or Attorneys' Eyes Only documents or information shall be required to execute a copy of Exhibit B hereto.

25. <u>Further amendment to this Order.</u> This Order may be changed by further Order of the Court and is without prejudice to the rights of any party to move for modification of, or relief from, any of its provisions.

IT IS SO ORDERED:

DATED_____, 2007        _____

**EXHIBIT A [TO PROPOSED MODIFIED PROTECTIVE ORDER]**

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| INTERVET, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>MERIAL LIMITED; MERIAL SAS; THE QUEEN'S UNIVERSITY OF BELFAST; and UNIVERSITY OF SASKATCHEWAN,<br><br>    Defendants. | Civil Action No. 1:06-cv-00658 (HHK) |

**AGREEMENT CONCERNING CONFIDENTIALITY
(FOR THE PARTIES' COUNSEL)**

I, _____, am employed as a _____ by _____.  I hereby certify that:

1.   I have read the Protective Order entered in the above-captioned action and the Memorandum Opinion issued by U.S. Magistrate Judge John M. Facciola.  I understand its terms and the obligations imposed upon me by the Order and by Judge Facciola's opinion.

2.   I agree to be bound by the terms of the Protective Order entered in the above-captioned action.  I agree to use the information provided to me only for purposes of this litigation.

3.   I understand that my failure to abide by terms of the Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court.  I specifically agree that any violation of this Order with regard to material designated ATTORNEYS' EYES ONLY will be deemed a contempt of

Court, punished by a fine of $250,000; that this fine will be paid individually by the violator; and that the violator will not be reimbursed or indemnified for the payment he or she has made. I further agree that Judge Facciola will deem my violation of this Order a basis for my being sanctioned by the appropriate professional disciplinary authority, and that Judge Facciola may urge that authority to suspend or even disbar me.

4.  I submit to the jurisdiction of the United States Court of the District of Columbia solely for the purpose of enforcing the terms of the Protective Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

5.  I make this certificate this _____ day of _____, 20__.

_____
(SIGNATURE)

**EXHIBIT B [TO PROPOSED MODIFIED PROTECTIVE ORDER]**

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| INTERVET, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>MERIAL LIMITED; MERIAL SAS; THE QUEEN'S UNIVERSITY OF BELFAST; and UNIVERSITY OF SASKATCHEWAN,<br><br>    Defendants. | Civil Action No. 1:06-cv-00658 (HHK) |

**NOTICE OF ADHERENCE TO PROTECTIVE ORDER
(FOR PERSONS OTHER THAN THE PARTIES' COUNSEL)**

I, _____, am employed as a _____ by _____. I hereby certify that:

1.   I have read the Protective Order entered in the above-captioned action. I understand its terms and the obligations imposed upon me by the Order.

2.   I agree to be bound by the terms of the Protective Order entered in the above-captioned action. I agree to use the information provided to me only for purposes of this litigation.

3.   I understand that my failure to abide by terms of the Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court.

4.   I submit to the jurisdiction of the United States Court of the District of Columbia solely for the purpose of enforcing the terms of the Protective Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

5. I make this certificate this \_\_\_\_ day of _____, 20\_\_.

_____
(SIGNATURE)