UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET INC., <br><br> *Plaintiff*, <br><br> v. <br><br> MERIAL LIMITED and MERIAL SAS, <br><br> *Defendants*. | Civil Action No. 1:06-cv-00658 (HHK/JMF) |

**PLAINTIFF INTERVET'S OPPOSITION TO DEFENDANTS' MOTION TO CLARIFY THIS COURT'S ORDER REGARDING ENTRY OF A PROTECTIVE ORDER**

Plaintiff Intervet Inc. ("Intervet") hereby submits this memorandum in opposition to Defendants Merial Limited's and Merial SAS's (collectively "Merial") *Motion to Clarify This Court's Order Regarding Entry of a Protective Order and Request for Expedited Treatment* ("Motion"). [D.I. 81.] Intervet opposes Merial's request to modify the protective order and fine provision so as to have it apply exclusively to all attorneys who have access to materials designated "Attorneys' Eyes Only." Merial's requested modification grows out of an overly broad reading of the Court's Order, which is unnecessary if the Court's Order is read reasonably and rationally. Intervet respectfully submits that, if the protective order is to be modified at all, it should be modified to address only the class of individuals whose access to confidential information was central to the dispute between the parties, namely, in-house attorneys who have access to confidential materials of the other party. Given the nature of the dispute between the

parties, this is the most sensible way to modify the protective order and address any possible logistical concerns raised by Merial.

        **A.    The Fine Provision Does Not Create the Problems That Merial Alleges.**

Merial seeks to arbitrarily amend the fine provision ordered by the Magistrate Judge such that it would apply only to the attorneys who have access to materials designated "Attorneys' Eyes Only." Merial argues that this amendment is necessary to address logistical problems that the fine provision creates.[1] However, a reasonable and fair reading of the protective order and the fine provision makes clear that Merial's interpretation is overly broad and that its proposed modification is designed to ensnare outside counsel, who were never the subject of this dispute or the arguments presented to the Court on this issue. Merial's unwarranted proposal to modify the protective order to achieve this goal should be rejected.

Specifically, Merial argues that the fine provision ordered by the Magistrate Judge creates logistical problems with regard to individuals "such as court reporters, support staff, and witnesses." [D.I. 81-2 at 2.] But the logistical problems raised by Merial arise through its incorporation of Paragraph 24 into the protective order, which reads: "All persons who receive Confidential or Attorneys' Eyes Only documents or information shall be required to execute a copy of [the Agreement Concerning Confidentiality]."[2] [D.I. 80-2 at 14.] Under Merial's interpretation, this provision requires everyone who comes into contact with any confidential documents whatsoever to sign onto the protective order, along with the fine provision. This

---

[1] Merial's position is that the Magistrate Judge's Order requires "everyone" who has access to confidential material to sign the fine provision of the protective order, including court reporters, secretaries, paralegals, etc., and presumably, the Court's staff.

2

"problem," however, is of Merial's own creation and is based on its overly broad application of Paragraph 24. Intervet submits that court reporters, legal staff, and fact witnesses, neither "receive" documents nor have "access" to documents within the intended meaning of the protective order that would necessitate their signing the fine provision of the protective order. *See* D.I. 76 at 9. Court reporters mark documents, and support staff process, copy, and pass along documents, but neither really "receive" or have "access" to confidential material to a degree that would necessitate signing onto the fine provision.

With respect to fact witnesses, their access to confidential materials is already explicitly set forth in Paragraph 7(j) of Merial's originally proposed protective order. [D.I. 80-2 at 8-9.] This argument, therefore, is simply a red herring. As with court reporters, fact witnesses in depositions will not be "receiving" confidential documents in a manner requiring them to be subject to the fine provision. Moreover, a party is always free to disclose its own confidential documents to anyone it chooses, or to permit such disclosure by another, without requiring that person to sign a protective order.

### B. If the Protective Order and Fine Provision Are to Be Modified, the Modification Should Apply the Fine Provision Only to In-House Counsel.

As discussed above, while Intervet does not believe that court reporters, deposition witnesses, and support staff are subject to the fine provision as it currently reads, the protective order with the fine provision, as prepared by Merial, would apply to all counsel. The current protective order and fine provision would also apply to any retained independent expert who, in the normal course of litigation, signs protective orders and receives and studies the parties'

---

[2] Neither Merial's nor Intervet's originally proposed protective orders had comparable paragraphs. *See* D.I. 34 and D.I. 39-1. Paragraph 24 is simply Merial's attempt to incorporate the fine provision.

3

confidential materials. Intervet does not, however, believe that either outside counsel (on either side) or retained independent experts should be subject to the fine provision of the protective order. The protective order dispute between the parties centered almost exclusively on whether Dr. Judy Jarecki-Black, Merial's in-house counsel, should have access to all Intervet documents produced in this litigation.[3] Extensive briefing and a full evidentiary hearing focused on Dr. Jarecki-Black's need for unfettered access to Intervet's confidential documents. Not once during the course of this litigation, or any of the briefing on this issue, or at the hearing, did either party express concern over outside litigation counsel's access to the other parties' confidential materials.[4] Despite these facts, and under the guise of self-imposed logistical problems, Merial now seeks to modify the fine provision of the protective order to cover all attorneys while excluding non-attorneys. The line that Merial seeks to draw between attorneys and non-attorneys is arbitrary and simply does not logically follow from the dispute that gave rise to Magistrate Judge's fine provision—namely, the potential for in-house counsel to disclose confidential information.

Thus, to the extent the Court considers modifying the protective order and fine provision, Intervet submits that it should be modified so as to apply the fine provision solely to in-house attorneys. Under Intervet's proposed modification, while outside counsel and retained

---

[3] Intervet's concern with Merial's counsel, Mr. Kowalski, was limited essentially to his role in patent prosecution. His representation to abstain from such work during the litigation was sufficiently addressed by the Court.

[4] It should also be noted that, during the time that the parties were disputing the scope of the protective order, Merial produced several boxes of its confidential documents on an outside counsel's eyes only basis. As is typical in these types of cases, Merial never asked Intervet's outside counsel to sign any form of protective order, let alone one containing a fine provision. As a result, Intervet's outside attorneys and staff have been reviewing and handling these documents on a confidential basis for months.

4

independent experts would still be required to sign a protective order virtually identical to the protective order originally proposed by Merial, in-house counsel would be required to sign a protective order that included the fine provision ordered by the Court. *See* Proposed Amended Protective Order (attached hereto as Exhibit A).

If Merial is truly concerned with a perceived chilling effect that the fine provision may have on this litigation, then the natural modification to the fine provision is to limit its application to in-house counsel as Intervet proposes, and had proposed to Merial before it filed the present motion. Both in this case, and the Court's prior *Sungard* decision, the dispute that led to the installation of the fine provision revolved around the desire of in-house attorneys to have unfettered access to all confidential materials and the clear implications that such access had on potential disclosure of confidential information, even if inadvertent. *See United States v. Sungard Data Sys., Inc.*, 173 F. Supp. 2d 20, 20-22 (D.D.C. 2001) ("Prior to the hearing I made it clear by an order that I would only permit access by two in-house counsel for each defendant. … First, I have limited access to four people, two for each defendant. Second, my order will punish any use of the information for any purpose other than the defense of this lawsuit by a $250,000 fine which must be paid by the lawyers themselves without any reimbursement by their employers."). Thus, the most logical amendment to the protective order's fine provision is to have it apply to those individuals whose access to confidential information triggered its inclusion and whose access to confidential information poses the greatest threat for potentially damaging disclosure—the in-house attorneys themselves. If the in-house attorneys truly believe that complete access to their competitor's most sensitive confidential documents is important enough to be subjected to the significant penalties of the fine provision, then they should be prepared to sign the fine provision of the protective order.

That was, after all, the issue before the Court that gave rise to the Court's ordered fine provision.

## CONCLUSION

For the reasons set forth above, the protective order with fine provision should not be amended at all and should be read to only apply to attorneys and experts. In the alternative, the protective order with fine provision should be amended to apply only to in-house attorneys. Either way, the Court should reject Merial's proposed modification.

Dated: April 9, 2007                                   Respectfully Submitted,


                                                            /s/  John Hutchins
                                                   John R. Hutchins (D.C. Bar # 456749)
                                                   KENYON & KENYON LLP
                                                   1500 K Street N.W., Suite 700
                                                   Washington, DC. 20005
                                                   (202) 220-4200 (telephone)
                                                   (202) 220-4201 (facsimile)
                                                   Attorneys for Plaintiff
                                                   Intervet Inc.