UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET, INC., <br><br> Plaintiff, <br><br> v. <br><br> MERIAL LIMITED; MERIAL SAS <br><br> Defendants. | Civil Action No. 1:06-cv-00658 (HHK-JMF) |

**MERIAL'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO CLARIFY THIS COURT'S ORDER REGARDING ENTRY OF A PROTECTIVE ORDER AND REQUEST FOR EXPEDITED TREATMENT**

Merial takes at face value the Court's Order Court's March 21, 2007 Order, which requires that "everyone who is permitted access to any confidential information subject to the protective order shall sign the [Agreement Concerning Confidentiality]", which includes the $250,000 fine provision for any violation of the protective order (*See* D.I. 76, p. 9 (emphasis added).). Accordingly, Merial believes that the Court's Order would require non-lawyers, such as such as court reporters, videographers, witnesses (both lay and expert), and support staff, who are provided access to the parties confidential information pursuant to the protective order, to sign the Agreement Concerning Confidentiality and to be bound by its $250,000 fine provision.

In its opposition memorandum (D.I. 83), however, Intervet accuses Merial of taking an overly broad and irrational reading of this Court's March 21, 2007 Order and contends that the words "everyone" and "access" in the Court's Order cannot reasonably be read to apply to persons such as court reporters, staff persons and fact witnesses. In a feat of "linguistic gymnastics", Intervet concludes that Court reporters and support staff do not "really 'receive' or have 'access' to confidential material" under the protective order because they only "copy and pass along documents." (*See* D.I. 83, p. 3.) Likewise,

Intervet dubiously asserts that "fact witnesses in depositions will not be 'receiving' confidential documents in a manner requiring them to be subject to the fine provision." (*See id*.)

Intervet's view that the fine provision in the Court's Order does not apply to non-attorneys is not only contrary to the plain meaning of the words "everyone" and "access" in the Court's Order, but it is also at odds with the language of fine provision itself, which reads, in pertinent part:

> Any violation of this Order will be deemed a contempt and punished by a fine of $250,000. . . . If the violator is an attorney, the Court will deem the violation of this Order to warrant the violator being sanctioned by the appropriate professional disciplinary authority and Judge Facciola will urge that authority to suspend or disbar the violator.

(D.I. 76, pp. 8-9 (emphasis added).) If the Court had meant for this fine provision to be applicable only to attorneys, there would be no need for the above emphasized language.

Nonetheless, seemingly both sides agree that, if the Court's Order is given its plain meaning, as Merial reads it, and the $250,000 fine provision is applied to "everyone" who is permitted access to any confidential information, then it could chill the parties' ability to secure the services of non-lawyers, such as such as court reporters, videographers, witnesses (both lay and expert), and support staff who will need to see Confidential or Attorneys' Eyes Only documents during the course of this litigation. Accordingly, rather than adopt Intervet's strained reading of the Court's Order and run the risk of violating its explicit terms, Merial filed the present motion, requesting the Court to clarify its Order to specifically limit the fine provision to counsel for the parties (without regard to their status as in-house or retained counsel and without regard to whether they are counsel of record) who are provided access to documents or information designated Attorneys' Eyes Only.

Although both sides agree that, to avoid any such chilling affect on non-attorney participants in the case, the $250,000 fine provision should not apply to non-attorneys, the parties disagree about which attorneys should be subject to the $250,000 fine provision. In an attempt to revisit the Court's prior ruling on this issue, Intervet seeks to limit the reach of the $250,000 fine provision to Dr. Jarecki-Black, Merial's in-house counsel, and perhaps one of Intervet's in-house counsel, although to date no such in-house counsel has made an appearance on behalf of Intervet or signed on to the terms of the protective order.

The touchstone of this Court's March 21, 2007 ruling, however, is that, in entering a protective order, it is improper to discriminate against attorneys such as Dr. Jarecki-Black merely on the basis of their in-house status. *See Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465 (9th Cir. 1992); *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1467-68 (Fed. Cir. 1984); *Glaxco, Inc. v. Genpharm Pharm., Inc.*, 796 F. Supp. 872 (E.D.N.C. 1992); *Boehringer Ingelheim Pharm., Inc. v. Hercon Lab. Corp.*, 18 U.S. P. Q. 2d 1166 (D. Del. 1990). Accordingly, the Court went to great lengths to analyze whether Dr. Jarecki-Black was, as Intervet contended, a competitive decision-maker, so as to justify treating her differently under the terms of the Order. (*See* D.I. 76, p. 7; *Intervet, Inc. v. Merial, Ltd.*, 2007 WL 853110, at *2 & *5 (Mar. 21, 2007).) After analyzing all of the facts, the Court concluded that "there is simply no evidence before me that Dr. Judy Jarecki-Black is a competitive decision-maker." (*See id*.) Even though the Court rejected Intervet's attempts to treat Dr. Jarecki-Black differently from other counsel of record, Intervet now seeks to limit the application of the $250,000 fine provision to Dr. Jarecki-Black.

Merial, on the other hand, believes that, consistent with the Court's March 21st Order, counsel should not be differentiated based on their status as in-house counsel versus retained counsel. All counsel (without regard to their status as in-house or retained counsel and without regard to whether they are counsel of record) should be willing to be bound by the same fine provision in the protective order and should be expected to exercise the same degree of caution in handling the parties' confidential information as any other counsel.

Therefore, for the above reasons and for the reasons set forth in its opening memorandum, Merial respectfully requests that the Court give its motion expedited treatment[1] and grant it and enter the protective order in the form proposed by Merial that was attached as Exhibit A to its opening memorandum. (D.I. 81-3.)

This 9th day of April, 2007.

/s/ *Timothy A. Ngau*
ALSTON & BIRD, LLP
Timothy A. Ngau
DC Bar No. 339333
950 F Street, NW
Washington, DC 20004
Phone: 202-756-3300
Fax: 202-756-3333

Judy Jarecki-Black, Ph.D.
Merial Limited
3239 Satellite Blvd.
Duluth, GA 30096-4640
Tel.: (678) 638-3805
Fax: (678) 638-3350

Thomas J. Kowalski
Steven M. Amundson
DC Bar No. 412196
Frommer Lawrence & Haug LLP

---

[1] Because depositions at which confidential and Attorneys' Eyes Only documents are likely to be used are scheduled to begin on Friday, April 13, 2007, Merial asks that the Court give its motion expedited treatment.

745 Fifth Avenue
New York, New York 10151
Tel.: (212) 588-0800
Fax: (212) 588-0500

Frank G. Smith, III
J. Patrick Elsevier, Ph.D.
Elizabeth K. Haynes
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel.: (404) 881-7000
Fax: (404) 881-7777

Counsel for Merial Limited and Merial SAS