## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

INTERVET INC.,

       Plaintiff,

  v.

MERIAL LIMITED and MERIAL SAS,

       Defendants.

Civil Action No. 1:06-cv-00658 (HHK/JMF)

## INTERVET'S MOTION TO MODIFY THE PROTECTIVE ORDER

Pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure, Intervet moves the Court for an order amending the Court's April 11, 2007 Protective Order.  Specifically, Intervet requests that Paragraph 24 of the Protective Order be amended to only apply to counsel for the parties(without regard to their status as in-house or retained counsel) who are provided access to documents or information designated Confidential or Attorneys' Eyes Only.

For the reasons set forth in the accompanying memorandum, Intervet requests that the Court enter the Amended Protective Order attached as Exhibit A.  Intervet's counsel conferred with counsel for Merial and Merial does not oppose this motion.

Dated: April 20, 2007                    Respectfully Submitted,

      /s/  John Hutchins
John R. Hutchins (D.C. Bar # 456749)
William G. James, II
Cedric C. Y. Tan (D.C. Bar # 464848)
KENYON & KENYON LLP
1500 K Street N.W., Suite 700
Washington, DC. 20005
(202) 220-4200 (telephone)
(202) 220-4201 (facsimile)

Richard L. DeLucia
Michael D. Loughnane
KENYON & KENYON LLP
One Broadway
New York, NY 10004
(212) 425-7200 (telephone)
(212) 425-5288 (facsimile)

*Attorneys for Plaintiff*
*Intervet Inc.*

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

INTERVET INC.,

      *Plaintiff*,

    v.

MERIAL LIMITED and MERIAL SAS,

      *Defendants.*

Civil Action No. 1:06-cv-00658 (HHK/JMF)

## INTERVET'S MEMORANDUM IN SUPPORT OF ITS MOTION
## TO MODIFY THE PROTECTIVE ORDER

Plaintiff Intervet Inc. ("Intervet") hereby submits this memorandum in support of its Motion to Modify the Court's Protective Order entered April 11, 2007. [D.I. 85.] Intervet's request is limited to modifying paragraph 24 of the Protective Order to have it apply only to attorneys who see "Confidential" or "Attorneys' Eyes Only" documents or information. Paragraph 25 of the Protective Order provides the basis for seeking Intervet's requested relief. Merial does not oppose the present motion.

The Court's April 11, 2007 Protective Order was entered in response to Merial's motion to modify the original protective order to have it apply exclusively to all counsel who have access to Attorneys' Eyes Only documents or information. Merial filed its motion on the belief that the original protective order set forth by the Court's March 21, 2007 Order (D.I. 76) would require everyone who had access to confidential information, including witnesses, court reporters and counsel's support staff, to sign the Confidentiality Agreement and Notice of Adherence for the protective order with the $250,000 fine provision. Intervet opposed Merial's request on the

grounds that, *inter alia*, Intervet did not believe that the original protective order mandated that everyone with access to confidential documents sign the Confidentiality Agreement and Notice of Adherence of the protective order with the fine provision.  While it is clear from the parties' respective briefs on this issue that Merial and Intervet disagreed on how broadly the original protective order should be interpreted (D.I. 81-2, 83 & 84), both Merial and Intervet agreed that requiring counsel's support staff to sign an undertaking that included a substantial financial penalty would create significant case management problems in that few, if any, support staff would be willing to subject themselves to such a risk.  Under the Court's April 11, 2007 Protective Order, counsel's employees and support staff are included within the group of people that must personally sign the Confidentiality Agreement and Notice of Adherence attached to the Protective Order and, accordingly, be subject to the fine provision.

Following the Court's Order, counsel for the parties conferred and confirmed that neither wants to subject their support staff to such a risk and are prepared to permit such individuals access to the other parties' confidential materials without being subject to the fine provision of the Protective Order, which would expose them to liability for even inadvertent disclosure of confidential materials.  Accordingly, Intervet respectfully requests that the Court modify paragraph 24 of the Protective Order to read as follows:

> 24.    Confidential Agreement and Notice of Adherence.    All attorneys for the parties who see Confidential or Attorneys' Eyes Only documents or information shall be required to execute the Confidentiality Agreement and Notice of  Adherence attached hereto.

Dated: April 20, 2007                          Respectfully Submitted,

                                               _____/s/  John Hutchins_____
                                               John R. Hutchins (D.C. Bar # 456749)
                                               KENYON & KENYON LLP
                                               1500 K Street N.W., Suite 700
                                               Washington, DC. 20005
                                               (202) 220-4200 (telephone)
                                               (202) 220-4201 (facsimile)
                                               Attorneys for Plaintiff
                                               Intervet Inc.