# Exhibit F

OCT-19-01 FRI 09:50 AM				FAX NO.			P. 01

**FROMMER LAWRENCE & HAUG LLP**
745 Fifth Avenue
New York, New York 10151
Telephone: (212) 588-0800
Facsimile: (212) 588-0500
E-mail: Firm@flhlaw.com

## FACSIMILE COVER LETTER

| | |
|---|---|
| To: | EXAMINER SHANON A. FOLEY |
| Firm: | PTO |
| Facsimile No.: | 703-308-4426 |
| From: | Thomas J. Kowalski |
| Date: | October 19, 2001 |
| Re: | USSN 09/082,558 |
| | OUR REF: 4544313-2180 |
| No. of Pages: | 6 |

(including cover page)

If you do not receive all pages or are unable to read the transmission, please call and ask for SUSAN LEE (Ext. 2012).

**CONFIDENTIALITY NOTICE**

The documents accompanying this transmission contain confidential information intended for a specific individual and purpose. The information is private, and is legally protected by law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this facsimile is strictly prohibited.

Document2

OCT-19-01 FRI 09:57 AM                    FAX NO.                         P. 02

PATENT
454313-2180

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant(s): Allan et al.
Serial No.: 09/082,558
For: NEW PORCINE CIRCOVIRUSES, VACCINES AND DIAGNOSTIC REAGENTS
Filed: May 21, 1998
Examiner: Shanon A. Foley
Art Unit: 1631

745 Fifth Avenue, New York, NY 10151
*EXPEDITED PROCEDURE*
*RESPONSE AFTER FINAL*
*UNDER 37 C.F.R. § 1.116*

OK TO ENTER
SAF
10/23/01

**FACSIMILE**
I hereby certify that this paper is being facsimile transmitted to the Patent and Trademark Office on the date shown below.

Thomas J. Kowalski, Reg. No. 32,147
Type or print name of person signing certification

[Signature]
Signature
October 19, 2001
Date of Signature

### SECOND AMENDMENT AFTER FINAL ACTION
### WITH REQUESTS FOR EXTENSION OF TIME AND INTERVIEW

Commissioner for Patents
Washington, D.C. 20231
*BOX AF*
Dear Sir:

This is in further response to the July 5, 2001 Final Office Action, with an Amendment After Final Action facsimile-filed September 26, 2001 and entered (according to the October 10, 2001 Advisory Action), and with the term for reply to the July 5, 2001 Final Office Action herein extended one month; and, this is in reply to the matters discussed with the Examiner on October 17, 2001, for which she is thanked for the courtesies extended, and this is also responsive to the October 10, 2001 Advisory Action. Any fee occasioned by this paper may be charged, or overpayment credited to, Deposit Account No. 50-0320.

### REQUEST FOR EXTENSION OF TIME

Pursuant to 37 C.F.R. §§1.136(a) and 1.17(a), and any other Rules, it is hereby requested that the term for reply to the July 5, 2001 Final Office Action be extended one (1) month, i.e., to up to and including November 5, 2001 and, the Commissioner is hereby authorized to charge the fee therefor or credit any overpayment in fees to Deposit Account No. 50-0320.

1

OCT-19-01 FRI 09:58 AM                    FAX NO.                    P. 03

PATENT
454313-2180

## AMENDMENT

Kindly amend the application, without prejudice, without admission, without surrender of subject matter, and without any intention of creating any estoppel as to equivalents as follows:

### IN THE CLAIMS:

Please amend claim 91 without prejudice, without admission, without surrender of subject matter and without any intention of creating any estoppel as to equivalents, to read as follows (and as shown in the accompanying Appendix that provides a marked up version of claim 91 to show the changes made):

91. (Twice Amended) An isolated DNA molecule comprising a nucleotide sequence encoding an epitope which is specific to PCV-2 and not specific to PCV-1.

2

00033064

OCT-19-01 FRI 09:59 AM                FAX NO.                    P. 04

PATENT
454313-2184

## REMARKS

Reconsideration and withdrawal of the rejections of and/or objections to the application are respectfully requested in view of the amendments and remarks herewith, and the matters discussed with the Examiner on October 17, 2001, for which she is thanked for the courtesies extended, placing the application in condition for allowance.

The Examiner is thanked for indicating that claims 38-59, 61-65 and 87-90 are allowed; and, for telephonically indicating that this paper will place claims 91 and 93-95 into condition for allowance, and ergo the application in condition for allowance.

Claim 91 is amended only for clarity and there is no change in its scope. Simply, the term "specific to PCV-2" is clarified; and, there is no change in the scope of claim 91 by the herewith amendment.

The herewith amendment to claim 91 is based on the application and claims as originally filed, for instance, the specification at page 2, 2nd full paragraph; page 3, 1st full paragraph; page 6, 4th, 5th and 6th paragraphs, e.g., sequences that "belong to group II"; page 9, 1st paragraph, e.g., "select fragments ... exhibiting little or no homology with the corresponding PK/15 circovirus"; pages 11-12, paragraph spanning these pages; and page 12, 1st, 2nd paragraph.

Thus, no new matter is added by the herewith amendment; and, it is also clear from the foregoing citations that the amendment herewith is merely to clarify the phrase "specific to PCV-2" and is not meant to limit or narrow claim 91.

Accordingly, it is submitted that the claims, herewith and as originally presented, are patentably distinct over the prior art cited by the Examiner, and that these claims are in full compliance with the requirements of 35 U.S.C. §112. The amendment of the claims, as presented herein, is not made for purposes of patentability within the meaning of 35 U.S.C. §§ 101, 102, 103 or 112. Rather, these amendments are made simply for clarification and to round out the scope of protection to which Applicants are entitled.

Furthermore, it is explicitly stated that the herewith amendment should not give rise to any estoppel, as the herewith amendment is not a narrowing amendment.

In view of the foregoing, the application is in condition for allowance, as discussed with the Examiner.

Consequently, reconsideration and withdrawal of the rejections of and/or objections to the application are respectfully requested.

3

00033164

OCT-19-01 FRI 10:00 AM				FAX NO.				P. 05

PATENT
454313-2180

 If any issue remains as an impediment to allowance, another interview with the Examiner is respectfully requested, prior to issuance of any paper other than a Notice of Allowance; and, the Examiner is respectfully requested to contact the undersigned to arrange a mutually convenient time and manner for such an interview. And again, the Examiner is thanked for the courtesies extended during the October 17, 2001 telephonic interview.

 Favorable reconsideration of the application and prompt issuance of a Notice of Allowance, or an interview at a very early date, with a view to placing the application in condition for allowance, are earnestly solicited. Thus, the undersigned looks forward to hearing favorably from the Examiner at an early date.

Respectfully submitted,

FROMMER LAWRENCE & HAUG LLP
Attorneys for Applicants

By: *[signature]*
THOMAS J. KOWALSKI
Reg. No. 32,147
Tel (212) 588-0800
Fax (212) 588 0500

4

0003X64

OCT-19-01 FRI 10:01 AM                    FAX NO.                      P. 06

PATENT
454313-2180

### APPENDIX: VERSION WITH MARKINGS TO SHOW CHANGES MADE IN THE CLAIMS:

Please amend claim 91 without prejudice, without admission, without surrender of subject matter and without any intention of creating any estoppel as to equivalents, to read as follows:

91.   (Twice Amended)   An isolated DNA molecule comprising a nucleotide sequence encoding an epitope which is specific to PCV-2 and not specific to PCV-1.

00033054