Exhibit I



**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

HA

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 09/082,558 | 05/21/98 | ALLAN | G    454313-2180 |

| EXAMINER |
|---|
| FOLEY, S. |

020999
FROMMER LAWRENCE & HAUG            HM22/0705
745 FIFTH AVENUE
NEW YORK NY 10151

| ART UNIT | PAPER NUMBER |
|---|---|
| 1648 | 26 |

DATE MAILED:        07/05/01

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

1- File Copy

PTO-90C (Rev.11/00)

| *Office Action Summary* | Application No.<br>09/082,558 | Applicant(s)<br>ALLAN ET AL. |
|---|---|---|
| | Examiner<br>Shanon A. Foley | Art Unit<br>1648 |

*— The MAILING DATE of this communication appears on the cover sheet with the correspondence address —*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE **3** MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136 (a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>19 March 2001</u>.
2a)☒ This action is FINAL.   2b)☐ This action is non-final.
3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>38-69 and 87-98</u> is/are pending in the application.
  4a) Of the above claim(s) <u>92 and 96-98</u> is/are withdrawn from consideration.
5)☒ Claim(s) <u>38-59,61-65 and 87-90</u> is/are allowed.
6)☒ Claim(s) <u>91, 93-95</u> is/are rejected.
7)☒ Claim(s) <u>91-98</u> is/are objected to.
8)☐ Claims _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.
10)☐ The drawing(s) filed on _____ is/are objected to by the Examiner.
11)☐ The proposed drawing correction filed on _____ is: a)☐ approved b)☐ disapproved.
12)☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

13)☒ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
  a)☒ All  b)☐ Some * c)☐ None of:
    1.☒ Certified copies of the priority documents have been received.
    2.☐ Certified copies of the priority documents have been received in Application No. _____.
    3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
  * See the attached detailed Office action for a list of the certified copies not received.
14)☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

15)☒ Notice of References Cited (PTO-892)
16)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
17)☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____.
18)☐ Interview Summary (PTO-413) Paper No(s). _____.
19)☐ Notice of Informal Patent Application (PTO-152)
20)☒ Other: *Misc. loffv*

Application/Control Number: 09/082,558                                    Page 2
Art Unit: 1648

## DETAILED ACTION

### Claim Objections

The numbering of claims is not in accordance with 37 CFR 1.126 which requires the original numbering of the claims to be preserved throughout the prosecution. When claims are canceled, the remaining claims must not be renumbered. When new claims are presented, they must be numbered consecutively beginning with the number next following the highest numbered claims previously presented (whether entered or not).

Misnumbered claims 92-99 been renumbered 91-98.

### Election/Restriction

Newly submitted claims 92, 96, 97, 98 and ((93-95), to the extent that they read upon the polypeptide) directed to an invention that is independent or distinct from the invention originally claimed for the following reasons: the newly added claims are directed to a polypeptide or a protein. Claims directed to DNA molecules comprising specific sequences were originally presented and prosecuted. As noted in paper no. 20, a search for polypeptides and methods of provoking a protective immune response are not searched in the same manner and presents a search burden on the Office.

Since applicant has received an action on the merits for the originally presented invention, this invention has been constructively elected by original presentation for prosecution on the merits. Accordingly, claims 92, 96, 97, 98 (and 93-95 to the extent that they read upon a polypeptide) are withdrawn from consideration as being directed to a non-elected invention. See 37 CFR 1.142(b) and MPEP § 821.03.

Application/Control Number: 09/082,558                                      Page 3
Art Unit: 1648

### *Claim Rejections – 35 USC § 102*

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the

basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless –

(b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on
sale in this country, more than one year prior to the date of application for patent in the United States.

Claims 91 is rejected under 35 U.S.C. 102(b) as being anticipated by Tischer et al.

The claims are drawn to an isolated nucleic acid encoding a PCV-2 epitope.

Tischer et al. isolates PCV DNA expressed from PK-15 cells and characterizes the DNA

by isolating and characterizing it by transfection experiments, see page 65.

### *Claim Rejections – 35 USC § 103*

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

(a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in
section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are
such that the subject matter as a whole would have been obvious at the time the invention was made to a person
having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the
manner in which the invention was made.

Claims 93-95 are rejected under 35 U.S.C. 103(a) as being unpatentable over Tischer et

al.

The claims are drawn to a nucleic acid encoding a PCV-2 epitope in a vector that is

expressed *in vitro* and *in vivo*.

Tischer et al. does not teach these the DNA expressed in a vector. However, one of

ordinary skill in the art at the time the invention was made would have been motivated to put this

in an expression vector in order to perform functional recombinant assays *in vitro* or to elicit

controlled expression *in vivo*. Therefore, based on the teachings of the reference, the invention as

Application/Control Number: 09/082,558                                    Page 4
Art Unit: 1648

whole is prima facie obvious to one of ordinary skill in the art the time the invention was made,

absent unexpected results.

### Allowable Subject Matter

Claims 38-59, 61-65, and 87-90 are allowable.

### Conclusion

Applicant's amendment necessitated the new ground(s) of rejection presented in this

Office action. Accordingly, **THIS ACTION IS MADE FINAL.** See MPEP § 706.07(a).

Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action. In the event a first reply is filed within TWO

MONTHS of the mailing date of this final action and the advisory action is not mailed until after

the end of the THREE-MONTH shortened statutory period, then the shortened statutory period

will expire on the date the advisory action is mailed, and any extension fee pursuant to 37

CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event,

however, will the statutory period for reply expire later than SIX MONTHS from the date of this

final action.

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Shanon A. Foley whose telephone number is (703) 308-3983.

The examiner can normally be reached on 7:30-4:30 M-F.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, James Housel can be reached on (703) 308-4027. The fax phone numbers for the

Application/Control Number: 09/082,558                                      Page 5

Art Unit: 1648

organization where this application or proceeding is assigned are (703) 308-4242 for regular

communications and (703) 308-4426 for After Final communications.

     Any inquiry of a general nature or relating to the status of this application or proceeding

should be directed to the receptionist whose telephone number is (703) 308-0196.

Shanon Foley
July 2, 2001

JAMES HOUSEL  7/3/01
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 1600



UNITED ~~STATES~~ ~ATES DEPARTMENT OF COMMERCE
Patent a..d Trademark Office
COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

DEAFCE-1994

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 09/083,558 | 5/21/98 | ALLAN | 45V07J-2180 |

| EXAMINER | |
|---|---|
| S Foly | |
| ART UNIT | PAPER NUMBER |
| 1648 | 26 |
| DATE MAILED: | |

Please find below a communication from the EXAMINER in charge of this
application

Commissioner of Patents

*Inventorship*

In view of the papers filed May 22, 2000, it has been found that this nonprovisional application, as

filed, through error and without deceptive intent, improperly set forth the inventorship, and accordingly,

this application has been corrected in compliance with 37 CFR 1.48(a). The inventorship of this

application has been changed by addition of Francis McNeilly.

The application will be forwarded to the Office of Initial Patent Examination (OIPE) for issuance

of a corrected filing receipt, and correction of the file jacket and PTO PALM data to reflect the

inventorship as corrected.

January 25, 2001

MARY E. MOSHER
PRIMARY EXAMINER
GROUP 1800
1600

| *Notice of References Cited* | Application/Control No. 09/082,558 | Applicant(s)/Patent Under Reexamination ALLAN ET AL. | |
|---|---|---|---|
| | Examiner Shanon A. Foley | Art Unit 1648 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification | |
|---|---|---|---|---|---|---|
| | A | US- - | | | | |
| | B | US- - | | | | |
| | C | US- - | | | | |
| | D | US- - | | | | |
| | E | US- - | | | | |
| | F | US- - | | | | |
| | G | US- - | | | | |
| | H | US- - | | | | |
| | I | US- - | | | | |
| | J | US- - | | | | |
| | K | US- - | | | | |
| | L | US- - | | | | |
| | M | US- - | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification | |
|---|---|---|---|---|---|---|---|
| | N | - - | | | | | |
| | O | - - | | | | | |
| | P | - - | | | | | |
| | Q | - - | | | | | |
| | R | - - | | | | | |
| | S | - - | | | | | |
| | T | - - | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages |
|---|---|---|
| | U | Tischer et al. 1982. A very small porcine virus with circular single-stranded DNA. Nature. Vol. 295, pages 64-66. |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)　　　　　Notice of References Cited　　　　　Part of Paper No. 26