# Exhibit J

SEP-26-01 WED 11:58 AM                FAX NO.                    P. 01

**FROMMER LAWRENCE & HAUG LLP**
745 Fifth Avenue
New York, New York 10151
Telephone: (212) 588-0800
Facsimile: (212) 588-0500
E-mail: Firm@flhlaw.com

GROUP 1600

FAX RECEIVED
SEP 27 2001

## FACSIMILE COVER LETTER

| | |
|---|---|
| To: | Shannon Foley |
| Firm: | United States Patent and Trademark Office |
| Facsimile No.: | 703 308 4426 |
| From: | Thomas J. Kowalski |
| Date: | 09/26/01 |
| Re: | U.S. Application Serial No. 09/082,558 |
| No. of Pages: (including cover page) | 8 |

If you do not receive all pages or are unable to read the transmission, please call and ask for Angela Nigro (Ext. 2198).

**CONFIDENTIALITY NOTICE**

The documents accompanying this transmission contain confidential information intended for a specific individual and purpose. The information is private, and is legally protected by law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this facsimile is strictly prohibited.

0003626

SEP-26-01 WED 11:58 AM                    FAX NO.                       P. 02

27/H

PATENT
454313-2180

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| Applicant(s) | : | Allan et al. |
| Serial No. | : | 09/082,558 |
| For | : | NEW PORCINE CIRCOVIRUSES, VACCINES AND DIAGNOSTIC REAGENTS |
| Filed | : | May 21, 1998 |
| Examiner | : | Shanon A. Foley |
| Art Unit | : | 1631 |

FAX RECEIVED
SEP 27 2001
GROUP 1600

745 Fifth Avenue,
New York, NY 10151
*EXPEDITED PROCEDURE*
*RESPONSE AFTER FINAL*
*UNDER 37 C.F.R. § 1.116*

OFFICIAL

### FACSIMILE

I hereby certify that this paper is being facsimile transmitted to the Patent and Trademark Office on the date shown below.

Thomas J. Kowalski, Reg. No. 34,147
Type or print name of
person signing certification

*[signature]*
Signature

September 26, 2001
Date of Signature

## AMENDMENT WITH REQUEST FOR INTERVIEW

Assistant Commissioner for Patents
Washington, D.C. 20231
*BOX AF*

Dear Sir:

This is in response to the Office Action mailed on July 5, 2001, setting a three-month term for reply. Kindly amend the application without prejudice, without admission, without surrender of subject matter and without any intention of creating any estoppel as to equivalents. Any fee occasioned by this paper may be charged, or overpayment credited to, Deposit Account No. 50-0320.

1

(00029)91

H

PATENT
454313-2180

## AMENDMENT

Kindly amend the application, without prejudice, without admission, without surrender of subject matter, and without any intention of creating any estoppel as to equivalents as follows:

### IN THE CLAIMS:

Please cancel claims 92 and 96-98 (previously numbered 93 and 97-99) without prejudice, without admission, without surrender of subject matter and without any intention of creating any estoppel as to equivalents..

Please amend claims 91 and 93 without prejudice, without admission, without surrender of subject matter and without any intention of creating any estoppel as to equivalents, to read as follows:

91. (Amended)   An isolated DNA molecule comprising a nucleotide sequence encoding an epitope which is specific to PCV-2.

93. (Amended)   A vector comprising an isolated DNA molecule as claimed in claim 91.

2

00025391

PATENT
454313-2180

## REMARKS

Reconsideration and withdrawal of the rejections of and objections to the application are respectfully requested in view of the amendments and remarks herewith which place the application in condition for allowance. The Examiner is also thanked for renumbering the misnumbered claims; and the undersigned apologizes for the typographical error.

The Examiner is thanked for considering claims 38-59, 61-65 and 87-90 to be allowable.

### I. STATUS OF CLAIMS AND FORMAL MATTERS

Claims 38-59, 61-65, 87-91, 93-95 and 99 are pending. Claims 91 and 93 are amended, and claims 92 and 96-98 cancelled, without prejudice, without admission, without surrender of subject matter, and without any intention of creating any estoppel as to equivalents.

No new matter is added.

It is submitted that the claims, herewith and as originally presented, are patentably distinct over the prior art cited by the Examiner, and that these claims are in full compliance with the requirements of 35 U.S.C. §112. The amendments of the claims, as presented herein, are not made for purposes of patentability within the meaning of 35 U.S.C. §§ 101, 102, 103 or 112. Rather, these amendments are made simply for clarification and to round out the scope of protection to which Applicants are entitled. Support for the amended recitations is found throughout the specification.

### II. THE ART REJECTIONS UNDER §102 AND §103 ARE OVERCOME

Claim 91 is rejected under 35 U.S.C. §102(b) as allegedly anticipated by Tischer et al.; and claims 93-95 are rejected under 35 U.S.C. §103(a) as allegedly unpatentable over Tischer et al. The rejections will be addressed collectively and are respectfully traversed.

Claims 91 and 93-95 pertain to PCV-2. Specifically, claims 91 and 93 are directed to, *inter alia*, an isolated DNA molecule comprising a nucleotide sequence encoding an epitope which is specific to PCV-2; and a vector comprising an isolated DNA molecule comprising a nucleotide sequence encoding an epitope which is specific to PCV-2. Nowhere in Tischer et al. is the subject matter of claims 91 and 93 disclosed or suggested.

3

0002/391

SEP-26-01 WED 11:59 AM                FAX NO.                    P. 05

PATENT
454313-2180

Specifically, Tischer et al. relates to type 1 porcine circovirus isolated from PK-15 cells. Type 1 PCV is *not* the same as PCV-2, and as such, Tischer et al. does not speak to or suggest the instant invention.

The Examiner is respectfully reminded of the case law which states that a two-prong inquiry must be satisfied in order for a Section 102 rejection to stand. First, the prior art reference must contain all of the elements of the claimed invention. See *Lewmar Marina Inc. v. Barient Inc.*, 3 U.S.P.Q.2d 1766 (Fed. Cir. 1987). Second, the prior art must contain an enabling disclosure. See *Chester v. Miller*, 15 U.S.P.Q.2d 1333, 1336 (Fed. Cir. 1990). A reference contains an enabling disclosure if a person of ordinary skill in the art could have combined the description of the invention in the prior art reference with his own knowledge of the art to have placed himself in possession of the invention. See *In re Donohue*, 226, U.S.P.Q. 619, 621 (Fed. Cir. 1985). Tischer et al. fails this inquiry.

To wit, and applying the law to the instant facts, it is readily apparent that Tischer et al. is an inappropriate anticipatory reference. Firstly, Tischer et al. does not disclose each and every claimed element of the instant invention, as Tischer et al. relates to type 1 PCV. Secondly, Tischer et al. does not enable an isolated DNA molecule comprising a nucleotide sequence encoding an epitope which is specific to PCV-2 or a vector comprising an isolated DNA molecule comprising a nucleotide sequence encoding an epitope which is specific to PCV-2.

Consequently, it is respectfully submitted that the Section 102 rejection simply cannot stand. It is respectfully requested that the Section 102(b) rejection be reconsidered and withdrawn.

The Section 103 rejection is equally inappropriate. Tischer et al. does not disclose, suggest, or motivate a skilled artisan to practice the presently claimed invention, the claims of which are directed to PCV-2. For an obviousness rejection, there must be some teaching which would have provided the necessary incentive or motivation for modifying the reference's teaching. *In re Laskowski*, 12 U.S.P.Q. 2d 1397, 1399 (Fed. Cir. 1989); *In re Dhukowitz*, 27 U.S.P.Q. 2d 1063 (B.P.A.I. 1993). Further, "obvious to try" is not the standard under 35 U.S.C. §103. *In re Fine*, 5 U.S.P.Q. 2d 1596, 1599 (Fed. Cir. 1988). And, as stated by the Court in *In re Fritch*, 23 U.S.P.Q. 2d 1780, 1783-1784 (Fed. Cir. 1992): "The mere fact that the prior art may be modified in the manner suggested by the Examiner does not make the modification obvious unless the prior art suggests the desirability of the modification." Also, the Examiner is

4

0002\391

PATENT
454313-2180

respectfully reminded that for the Section 103 rejection to be proper, both the suggestion of the claimed invention and the expectation of success must be founded in the prior art, and not Applicants' disclosure. *In re Dow*, 5 U.S.P.Q.2d 1529, 1531 (Fed. Cir. 1988).

Tischer et al. is distinguishable from the instant invention because, *inter alia*, and as noted above, the document does not teach, suggest, disclose or motivate a skilled artisan to practice, *inter alia*, an isolated DNA molecule comprising a nucleotide sequence encoding an epitope which is specific to PCV-2 or a vector comprising an isolated DNA molecule comprising a nucleotide sequence encoding an epitope which is specific to PCV-2. Therefore, it is respectfully submitted that the Section 103 rejection simply cannot stand.

Consequently, reconsideration and withdrawal of the art rejections (the rejections under Section 102(b) and 103(a)) of the application are respectfully requested.

## REQUEST FOR INTERVIEW

If any issue remains as an impediment to allowance, an interview with the Examiner, the Primary Examiner, and their supervisor, and their Group Director if necessary, is respectfully requested, prior to issuance of any paper other than a Notice of Allowance; and, the Examiner is respectfully requested to contact the undersigned to arrange a mutually convenient time and manner for such an interview.

5

00025391

SEP-20-01 WED 12:02 PM                         FAX NO.                              P. 07

PATENT
454313-2180

## CONCLUSION

In view of the amendments and remarks herewith, the application is in condition for allowance.

As this Amendment is being filed within the term set by the Office Action, no fee is believed to be due. In the event that any fee is occasioned by this paper, the fee may be charged, or overpayment credited to, Deposit Account No. 50-0320.

Favorable reconsideration of the application and prompt issuance of a Notice of Allowance, or an interview at a very early date with supervisory review if necessary, with a view to placing the application in condition for allowance, are earnestly solicited. The undersigned looks forward to hearing favorably from the Examiner at an early date.

Respectfully submitted,

FROMMER LAWRENCE & HAUG LLP

By: *Thomas J. Kowalski*

THOMAS J. KOWALSKI
Reg. No. 32,147
SAMUEL H. MEGERDITCHIAN
Reg. No. 45,678
Tel (212) 588-0800
Fax (212) 588-0500

6

00025391

SEP-20-01 WED 12:03 PM                          FAX NO.                          P. 08

PATENT
454313-2180

## VERSION WITH MARKINGS TO SHOW CHANGES MADE

91. (Amended)    An isolated DNA molecule comprising a nucleotide sequence encoding <u>an epitope</u> which is <u>specific to</u> PCV-2 [epitope].

93. (Amended)    A vector comprising an isolated DNA molecule as claimed in claim[s] 91 [or 92].

7

00029191