UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET INC., *Plaintiff*, v. MERIAL LIMITED and MERIAL SAS, *Defendants*. | Civil Action No. 1:06-cv-00658 (HHK/JMF) |

**PLAINTIFF INTERVET'S MOTION FOR AN EXPEDITED ORDER TO STRIKE THE EXPERT DECLARATION OF DR. CHRISTOPHER CIVILIAN LOUIS CHASE, D.V.M., PH.D., OR, IN THE ALTERNATIVE, RESCHEDULE THE <u>CLAIM CONSTRUCTION HEARING</u>**

Pursuant to Fed. R. Civ. P. 26 and 37 and the Court's Scheduling Order in this matter (D.I. 35), Plaintiff Intervet Inc. ("Intervet") hereby respectfully moves the Court for an expedited order striking the expert declaration of Dr. Christopher Civilian Louis Chase, D.V.M., Ph.D. on claim construction issues (D.I. 96, "Chase Declaration"). The Chase Declaration was submitted with Defendants Merial Limited's and Merial SAS's Answering Brief on Claim Construction. In addition, Intervet respectfully moves the Court for an order precluding Merial from relying on Dr. Chase's opinions related to claim construction in any fashion. In the alternative, if the Court determines that it should not strike the Chase Declaration, Intervet respectfully asks that the Court reschedule the upcoming *Markman* hearing on claim construction in this matter. In the event that the Chase Declaration is allowed into evidence, the *Markman* hearing, which is currently scheduled for June 21-22, should be postponed by not less than thirty (30) day to allow

Intervet a full and fair opportunity to take Dr. Chase's deposition and file responsive papers. For the reasons set forth in the accompanying memorandum, Intervet's motion should be granted.

Given that this motion has direct bearing on the *Markman* hearing scheduled to begin 20 days from today, Intervet also requests that this motion be given expedited treatment by the Court and be resolved as soon as possible.

Pursuant to Fed. R. Civ. P. 37 and LCvR 7(m), counsel for Intervet has conferred via telephone with counsel for Merial in an attempt to resolve this matter. No resolution was achieved and it is Intervet's understanding that Merial will oppose this motion.

Dated: June 1, 2007                                          Respectfully Submitted,


                                                  /s/ Cedric C. Y. Tan
John R. Hutchins (D.C. Bar # 456749)
Cedric C. Y. Tan (D.C. Bar # 464848)
KENYON & KENYON LLP
1500 K Street N.W., Suite 700
Washington, DC 20005
(202) 220-4200 (telephone)
(202) 220-4201 (facsimile)

Michael D. Loughnane
KENYON & KENYON LLP
One Broadway
New York, NY 10004
(212) 425-7200 (telephone)
(212) 425-5288 (facsimile)

Attorneys for Plaintiff
Intervet Inc.

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET INC., <br><br> *Plaintiff*, <br><br> v. <br><br> MERIAL LIMITED and MERIAL SAS, <br><br> *Defendants.* | Civil Action No. 1:06-cv-00658 (HHK/JMF) |

**PLAINTIFF INTERVET'S MEMORANDUM IN SUPPORT OF ITS EXPEDITED MOTION TO STRIKE THE EXPERT DECLARATION OF DR. CHRISTOPHER CIVILIAN LOUIS CHASE, D.V.M., PH.D., OR, IN THE ALTERNATIVE, RESCHEDULE THE CLAIM CONSTRUCTION HEARING**

**INTRODUCTION**

Pursuant to Fed. R. Civ. P. 26 and 37 and the Court's Scheduling Order in this matter (D.I. 35), Plaintiff Intervet Inc. ("Intervet") hereby submits this *Memorandum in Support of its Expedited Motion to Strike the Expert Declaration of Dr. Christopher Civilian Louis Chase, D.V.M., Ph.D., or, In the Alternative, Reschedule the Claim Construction Hearing* ("Motion"). Defendants Merial Limited and Merial SAS (collectively "Merial") improperly submitted the Declaration of Dr. Christopher Civilian Louis Chase, D.V.M., Ph.D. (D.I. 96, "Chase Declaration") as part of their Answering Brief on Claim Construction, thereby precluding Intervet from responding to the expert positions set forth in the declaration. A *Markman* hearing is presently scheduled for June 21, 2007. Merial's submission of the Chase Declaration was untimely under the Federal Rules and the Court's Scheduling Order, and the late disclosure appears to be purposefully timed so as to sandbag Intervet.

The Court's Scheduling Order expressly provided that the parties were to complete claim construction discovery, including discovery of experts, *prior* to the briefing on claim construction. The parties subsequently agreed, however, to modify the Order slightly so that experts would be provided for deposition in the time between the opening and reply claim construction briefs (to allow a party to respond to any opposing expert declaration in its reply brief). Merial filed an opening claim construction brief which contained no mention of Dr. Chase or his views on the various claim construction issues raised in Merial's brief. In contrast, Intervet provided the declaration of its expert, Dr. Raymond R. R. Rowland, as part of its opening claim construction brief, and further allowed Merial to depose Dr. Rowland before filing its reply brief. After reviewing the Rowland declaration and deposition, Merial belatedly submitted the Chase Declaration along with its reply brief on claim construction. As a

2

consequence, neither Intervet nor its expert has had any opportunity to respond to the assertions in Dr. Chase's declaration, and it would be prejudicial to Intervet to be forced to depose and submit a further response (which is not currently provided for in the Court's Scheduling Order) to Dr. Chase's assertions while it is in the midst of preparing for the upcoming *Markman* hearing, which is less than three weeks away. The proper sanction for Merial's misconduct is for the Court simply to strike the Chase Declaration.

In the alternative, should the Court choose not to strike the belated Chase Declaration, Intervet respectfully requests that the Court postpone the June 21, 2007 *Markman* hearing by at least thirty (30) days to a later date convenient to the Court. This would provide Intervet a fair opportunity to take the deposition of Dr. Chase and file a written response to Merial's belated submission, without prejudicing Intervet's ability to prepare for the *Markman* hearing.

## BACKGROUND AND FACTS

In its August 4, 2006 scheduling order in this case ("Scheduling Order"), the Court specifically ordered that "[d]iscovery on claim construction issues and of *claim construction witnesses, including any expert witnesses*, shall be concurrent with factual discovery and *prior to each side's opening Markman brief*. See D.I. 35 at ¶ 4 (emphasis added). By agreement of the parties, the opening *Markman* briefs in this case were due on May 2, 2007. (D.I. 75.) The parties discussed the best way to proceed with regard to taking discovery of any proffered experts on claim construction issues, and specifically agreed that, with regard to any experts submitting declarations in support of the parties' claim construction positions, the depositions of such experts would be conducted during the "time-frame" between the opening and reply *Markman* briefs. *See* March 28, 2007 Letter from Smith to Loughnane at ¶ 5 (attached as

3

Exhibit A to the Declaration of Cedric Tan submitted in support of this brief ("Tan Declaration")); *see also* April 24, 2007 E-mail from Loughnane to Smith (attached as Exhibit B to the Tan Declaration).  During these discussions, counsel for Merial verbally informed counsel for Intervet that Merial was not planning to rely on an expert declaration in support of its claim constructions.

Pursuant to these discussions, Intervet disclosed the identity of its claim construction expert, Dr. Raymond Robert Richard Rowland, on April 27, 2007.  *See* April 27, 2007 E-mail from James to Smith, *et al.* (attached as Exhibit C to the Tan Declaration).  Intervet then submitted the expert report of Dr. Rowland on claim construction issues on May 2, 2007, the date that Intervet filed its opening *Markman* brief.  Further, pursuant to the discussions between the parties, Intervet made Dr. Rowland available for deposition in the period between opening and reply *Markman* briefs, and Merial in fact deposed Dr. Rowland on May 16, 2007.  *See* May 3, 2007 Letter from James to Smith (attached as Exhibit D to the Tan Declaration).  Merial, on the other hand, consistent with its representations that it was not going to submit any expert declaration to support its claim construction positions, made no disclosure of any claim construction expert whatsoever, nor submitted any expert report on claim construction before or with its opening *Markman* brief.

Then, on May 25, 2007, with no prior notice whatsoever, Merial submitted the Chase Declaration on claim construction issues along with its *reply* claim construction brief.  (D.I. 96.)  In the "Summary of Expected Testimony" section of the Chase Declaration, Dr. Chase made it clear that his declaration (i) was an expert opinion related to claim construction, and (ii) was more than simply a "rebuttal" report to address points raised by Intervet's expert.  *See* D.I. 96 at ¶ 13 ("I am herein providing and if called to testify would expect to provide my opinions on

4

certain terms and phrases in certain claims of the '601 patent *and* on the May 2, 2007 Declaration of Raymond R. R. Rowland, Ph.D. in this matter.") (emphasis added).

### ARGUMENT

**I.     The Court Should Strike the Chase Declaration**

Under Fed. R. Civ. P. 26(a)(2)(C), disclosures of expert testimony, including written expert reports, "shall be made at the times and in the sequence directed by the Court." The Court's Scheduling Order provides that expert discovery related to claim construction was to be completed prior to the submission of the parties' opening *Markman* briefs in this case. (D.I. 35 at ¶ 4.) Merial belatedly submitted the Chase Declaration along with its *reply* brief on claim construction. Merial either purposefully timed this submission to prevent Intervet from responding to the Chase declaration before the *Markman* hearing, or simply realized that it had made a grave error by not submitting an expert report along with its opening claim construction brief and could not support the claim constructions it was offering to the Court. Either way, the Chase Declaration should now be excluded. Even if, after reviewing Intervet's opening brief, Merial suddenly believed that it needed expert testimony to support its claim construction positions, then it should have sought leave of the Court to submit the Chase Declaration in a way that also provided Intervet the opportunity to depose Dr. Chase and to respond to Dr. Chase's opinions in Intervet's reply brief. Instead, Merial chose to ignore its obligations under both the Federal Rules and the Court's Scheduling Order. As a result, the Court should strike the Chase Declaration and preclude Merial from relying upon it in any way. *See* Fed. R. Civ. P. 37(c)(1).

Intervet, in contrast, submitted its expert report on claim construction along with its opening brief, gave Merial advanced notice of the identity of Intervet's claim construction expert

5

as the parties had previously discussed, and made its expert available for deposition in the period between opening and answering *Markman* briefs. It is ironic that Merial peppered its answering brief with distortions of Intervet's expert's deposition testimony and *ad hominem* attacks, while purposefully denying Intervet any knowledge of or access to Merial's own expert.

Merial has no plausible excuse for its complete failure to abide by the Court's Scheduling Order, or the parties' agreements relating thereto. On May 30, 2007, Merial's counsel wrote that Merial is "unaware of any order from the Court that limits the use of expert testimony in rebuttal in connection with claim construction issues." *See* 5/30/2007 Letter from Smith to James (attached as Exhibit E to the Tan Declaration). On May 31, 2007, Merial's counsel further explained that Dr. Chase's declaration was in rebuttal to Intervet's "change in position" with regard to claim 32 of the '601 patent and Dr. Rowland's testimony. *See* 5/31/2007 Letter from Smith to James (attached as Exhibit F to the Tan Declaration). None of Merial's positions hold water. First, the Chase Declaration is not a "rebuttal report," and it certainly is not limited to rebutting Intervet's construction of claim 32 or "Dr. Rowland's testimony." Dr. Chase makes clear that Merial requested that he provide general claim construction opinions as well as opinions related to the report of Intervet's expert. *See* D.I. 96 at ¶ 13. Indeed, rather than simply addressing points from Dr. Rowland's Declaration, the Chase Declaration addresses and agrees with *Merial's* construction of every claim term in dispute and provides lengthy opinions for each. Dr. Chase also places his imprimatur on a set of "glossary" definitions in Merial's brief that are nowhere mentioned by Dr. Rowland. *See* D.I. 96 at ¶¶ 15-54. Tellingly, Dr. Chase's Declaration does not cite to or even mention "Dr. Rowland's testimony." Clearly, the content of the Chase Declaration goes far beyond a simple "rebuttal" report, notwithstanding Merial's *post hoc* assertions to the contrary.

The portion of the Scheduling Order addressing claim construction was clearly intended to allow the parties to fully and fairly develop and challenge expert opinions. The modifications to the Order agreed to by the parties, namely, allowing the experts to be deposed after the opening *Markman* brief, but before the reply *Markman* brief, were intended to allow a party to respond to the other side's expert on claim construction issues in its reply brief. Merial utterly disregarded the spirit and the letter of the Court's Order and the discussions of the parties relating to expert discovery on claim construction by, first, informing Intervet's counsel that it was not planning to rely on any expert testimony to support its claim constructions; second, omitting any reference or reliance on expert opinions in its opening claim construction brief; and, finally, reversing its position and submitting the Chase Declaration in a manner that would shield it from attack. The Court should not condone such tactics. Accordingly, the Chase Declaration should be stricken and Merial precluded from making arguments in reliance on it.

**II.     If the Court Decides Not to Strike the Chase Declaration, Then It Should Reschedule the *Markman* Hearing to Give Intervet a Fair Chance to Cross-Examine Dr. Chase and Submit Responsive Papers**

Should the Court decide not to strike the Chase Declaration, the Court should reschedule the *Markman* hearing to provide Intervet a fair chance to cross-examine Dr. Chase and submit responsive papers in the same manner that Merial was allowed to respond to Intervet's expert declaration. Currently, Intervet is in the midst of preparing for the June 21 *Markman* hearing and it would be highly prejudicial to Intervet to be taken away from the hearing preparation and to devote a substantial portion of its time to deposing Merial's newly unveiled expert and preparing a supplemental brief, all because of Merial's improper game of hide-the-ball. Accordingly, in the event the Court does not strike the Chase Declaration, Intervet requests that the Court adjourn the *Markman* hearing for not less than 30 days. Such a delay would be fair to Intervet in that it

would allow Intervet to question Dr. Chase and submit responsive papers that the Court can consider prior to the hearing without prejudicing Intervet's preparation for the *Markman* hearing. Any claim by Merial that such a delay would be unfairly prejudicial to Merial should be dismissed as this situation is one of Merial's own making.

## CONCLUSION

For the aforementioned reasons, the Court should grant Intervet's Motion and strike the Chase Declaration in its entirety, as well as deny Merial the ability to rely on Dr. Chase's testimony in any way. In the alternative, the Court should adjourn the scheduled *Markman* hearing for a minimum of thirty (30) days to provide Intervet the ability both to fully respond to Dr. Chase and to prepare for the *Markman* hearing.

Dated: June 1, 2007                                                  Respectfully Submitted,

                                                                      /s/ Cedric C. Y. Tan
                                                                     John R. Hutchins (D.C. Bar # 456749)
                                                                     Cedric C. Y. Tan (D.C. Bar # 464848)
                                                                     KENYON & KENYON LLP
                                                                     1500 K Street N.W., Suite 700
                                                                     Washington, DC 20005
                                                                     (202) 220-4200 (telephone)
                                                                     (202) 220-4201 (facsimile)

                                                                     Michael D. Loughnane
                                                                     KENYON & KENYON LLP
                                                                     One Broadway
                                                                     New York, NY 10004
                                                                     (212) 425-7200 (telephone)
                                                                     (212) 425-5288 (facsimile)

                                                                     Attorneys for Plaintiff
                                                                     Intervet Inc.

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

INTERVET INC.,

    *Plaintiff,*

v.

MERIAL LIMITED and MERIAL SAS,

    *Defendants.*

Civil Action No. 1:06-cv-00658 (HHK/JMF)

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of June, 2007, I electronically filed *Plaintiff Intervet's Motion for an Expedited Order to Strike the Expert Declaration of Dr. Christopher Civilian Louis Chase, D.V.M., Ph.D., or in the Alternative, Reschedule the Claim Construction Hearing* with the Clerk of the Court using the CM/ECF system which will automatically e-mail notice of this filing to the following attorneys of record:

Judy Jarecki-Black, Ph.D
MERIAL LIMITED
3239 Satellite Blvd.
Duluth, GA 30096-4640
Tel: (678) 638-3805
Fax: (678) *638-3350*

Thomas J. Kowalski, Esq.
Steven M. Admundson, Esq.
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue, NY, NY 10151
Tel: (212) 588-0800
Fax: (212) 588-0500

Timothy A. Ngau, Esq.
ALSTON & BIRD LLP
950 F. Street, NW
Washington, DC 20004
Tel: (202) 756-3300
Fax: (202) 756-3333

Patrick J. Elsevier, Ph.D.
Elizabeth K. Haynes, Esq.
Robert L. Lee, Esq.
Frank G. Smith III, Esq.
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Tel: (404) 881-7000
Fax: (404) 881-7777

In addition, the following counsel has also been served by hand delivery:

Timothy A. Ngau, Esq.
ALSTON & BIRD LLP
950 F. Street, NW
Washington, DC 20004
Tel: (202) 756-3300
Fax: (202) 756-3333

_____
Edith F. Meyers
Litigation Paralegal
Kenyon & Kenyon LLP
1500 K Street, NW
Washington, DC 20005-1257
(202) 220-4200

2