UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET INC., <br><br> *Plaintiff*, <br><br> v. <br><br> MERIAL LIMITED and MERIAL SAS, <br><br> *Defendants*. | Civil Action No. 1:06-cv-00658 (HHK/JMF) |

**EMERGENCY MOTION TO CLOSE DISCOVERY FOR THE *MARKMAN* HEARING OR, IN THE ALTERNATIVE, CONTINUE THE *MARKMAN* HEARING SCHEDULED FOR AUGUST 6-7, 2007**

Plaintiff Intervet Inc. ("Intervet") hereby moves for an order closing discovery as it relates to the *Markman* hearing, or in the alternative, for a continuance of the *Markman* hearing currently scheduled on August 6-7, 2007 until such time as claim construction discovery is completed. The parties have conferred on these issues and were unable to agree.

This emergency motion was necessitated by a telephone call yesterday from Merial's counsel in which they stated that on Monday, August 6, 2006, they would be asking the Court to leave the *Markman* claim construction record open *indefinitely* so that Merial may supplement the evidentiary record at some time in the future. Intervet does not believe it proper to waste this Court's time and resources on a hearing when, as asserted by Merial, the record is not complete. As discussed below, although Intervet disagrees with Merial as to the state of the record and Merial's alleged need for additional evidence, Intervet does not wish to proceed with a hearing on an incomplete evidentiary record, the end result of which would inevitably be additional

discovery, supplemental evidentiary filings, additional briefing, and, likely, a request for a follow-up hearing. Intervet has expended a large amount of time and resources in preparation for this hearing, only to be informed by Merial's counsel at the eleventh hour that they would like to continue to supplement the evidentiary record indefinitely and request that the Court hold off in rendering a claim construction ruling until such time as Merial is satisfied that it has gathered all of the evidence that it desires in support of its claim construction positions. Merial should not be permitted to have it both ways; either it should agree to close the evidentiary record and proceed with the August 6th hearing as set forth in the Court's scheduling order, or it should be ordered to complete discovery by a date certain before the Court hears the *Markman* issues and rules on the claim constructions.

In accordance with the Court's scheduling order, Markman discovery, including expert discovery, was to be completed prior to the Markman hearing which is scheduled for August 6-7, 2007. Merial, however, asserts that it needs, *inter alia*, additional discovery, including additional documents from and a second deposition of Intervet's claim construction expert, Dr. Rowland. In an unusual and aggressive move in a case involving the voluntary submission of expert reports on claim construction issues, Merial subpoenaed Dr. Rowland in the U.S. District Court of Kansas for a massive document production (unrelated to claim construction) and a deposition, even though he had already agreed to the deposition. Intervet disagreed with Merial's aggressive tactics against Dr. Rowland and opposed Merial's subpoena and its subsequent motion to compel as improper because Dr. Rowland has already fully complied with the discovery requests of the subpoena and his other discovery obligations under the Federal Rules.

By way of background, Dr. Rowland submitted a declaration on May 2, 2007 to assist this Court in determining the meaning of certain terms in the claims of Merial's patent, U.S. Pat.

2

No. 6,368,601. (D.I. 89). Despite an agreement to voluntarily produce expert witnesses for deposition and provide all disclosures required under Rule 26, Merial insisted on serving a subpoena on Dr. Rowland. Following receipt of the subpoena, Dr. Rowland timely objected to the topics and produced approximately 1,300 pages of responsive documents. Merial then deposed Dr. Rowland for more than seven hours on May 16, 2007. On June 11, 2007, following Dr. Rowland's deposition, Merial filed a motion to compel production of documents from Dr. Rowland in the District Court of Kansas. Briefing on this issue was completed on July 13, 2007 and oral argument is tentatively scheduled for August 23, 2007.[1] There is no telling when the issues surrounding Merial's motion in Kansas will be finally resolved.

Although the Federal Circuit has not mandated a time for conducting *Markman* hearings, courts generally hold them before the infringement trial and after the parties have conducted discovery relating to their respective contentions as to claim construction. *Metrologic Instruments, Inc. v. Symbol Technologies, Inc.*, 460 F.Supp.2d 571, 582 (D.N.J. 2006); s*ee also, Conopco, Inc. v. Warner-Lambert Co.,* No. Civ. A. 99-101, 2000 WL 342872, at *4 (D.N.J. Jan.26, 2000) ("[C]ourts have held that *Markman* hearings to determine proper claim construction are inappropriate prior to completion of discovery."). It would be a waste of this Court's time and resources to proceed with the Markman hearing on an evidentiary record that Merial states it intends to supplement. Therefore, so that Intervet is not unfairly prejudiced by any post-hearing evidentiary submissions, Intervet respectfully moves for an order closing claim construction discovery as of the August 6, 2007 hearing. In the alternative, should the Court decide to allow Merial to present whatever additional discovery it is able to gather in Kansas,

---

[1] This date may be amended subject to the Court's schedule and/or agreement by the parties.

Intervet moves for an order continuing the *Markman* hearing to a date that would allow the completion of claim construction discovery.

Dated: August 1, 2007               Respectfully Submitted,

/s/ Cedric C.Y. Tan
John R. Hutchins (D.C. Bar # 456749)
Cedric C.Y. Tan (D.C. Bar # 464848)
KENYON & KENYON LLP
1500 K Street N.W., Suite 700
Washington, DC. 20005
(202) 220-4200 (telephone)
(202) 220-4201 (facsimile)
*Attorneys for Plaintiff*
*Intervet Inc.*