UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>MERIAL LIMITED and MERIAL SAS,<br><br>    Defendants. | Civil Action No. 1:06-cv-00658 (HHK) |

**MERIAL'S OPPOSITION TO INTERVET'S EMERGENCY
MOTION TO CLOSE DISCOVERY FOR THE *MARKMAN* HEARING
OR, IN THE ALTERNATIVE, CONTINUE THE *MARKMAN* HEARING
SCHEDULED FOR AUGUST 6 – 7, 2007**

Intervet's "emergency" motion is a transparent attempt to preclude Merial from obtaining, and thereafter introducing, evidence in the possession of Intervet's testifying expert on claim construction issues, Dr. Raymond Rowland, by holding hostage the long-scheduled and already twice-deferred claim construction hearing in an effort to delay further the ultimate adjudication of Intervet's infringement of the '601 patent.  The parade of endless briefing, further hearings, and other procedural horribles conjured by Intervet are not only speculative, they are wrong.  If Merial is – as it should be – allowed further discovery from Dr. Rowland, he will produce a limited number of additional documents and give a deposition that will take less than a day.  The parties will thereafter promptly submit the relevant evidence disclosed by that discovery.  All of this will likely take place well before the Court enters its claim construction ruling.

In an effort to deprive Merial of evidence it has long sought from a witness under Intervet's control (as well as one represented personally by Intervet's lawyers at Intervet's expense), Intervet seriously mischaracterizes the discovery dispute that surrounds Dr. Rowland.  While it is true that Dr. Rowland was deposed on his claim construction report on May 16, 2007,

that deposition was unnecessarily and improperly truncated by Dr. Rowland's and Intervet's (i) refusal to produce certain documents in response to Merial's subpoena to Dr. Rowland, (ii) refusal to respond to many questions propounded to Dr. Rowland at his deposition and (iii) likely spoliation of documents that were the subject of both the mandatory disclosure requirements of Rule 26(a)(2)(B) and an outstanding discovery request to Intervet.

As a result of this misconduct in connection with Dr. Rowland's deposition, Merial promptly moved to compel production of the withheld documents and responses to the questions Dr. Rowland refused to answer and to bring the spoliation issue to the attention of the Court.[1] Merial's motion to compel was served on June 11, 2007; Intervet's response was served on June 27, 2007 (after Merial granted Intervet an extension of time in which to respond), and Merial's reply brief was served on July 9, 2007. Since then, Merial has awaited either a ruling or a hearing on its motion from the Kansas Court. That hearing is now set for August 23, 2007.[2]

As set forth in Exhibit A hereto, the discovery Merial seeks from Dr. Rowland is far from "unusual or aggressive," as Intervet chooses to misstate the situation. Rather, Merial sought information from Dr. Rowland directly related to claim construction issues, much of which Dr. Rowland, among other things, either refused to look for[3] or claimed was confidential to his

---

[1] Merial's motion and brief, without exhibits, are attached as Exhibit A. They were filed in the United States District Court for the District of Kansas, the Court that issued the subpoena to Dr. Rowland, a resident of that State. In order to comply with this Court's directives, Merial has redacted the portions of its brief that contain information Intervet has designated as confidential.

[2] The Kansas Court also offered the dates of August 13-16 for the hearing, but Intervet has represented that not one of its many attorneys is available to attend the hearing on any of those earlier dates.

[3] Intervet asserts that Dr. Rowland produced 1,300 pages of documents in response to Merial's subpoena. What Intervet fails to tell the Court is that over 1200 pages consisted of a box of documents Intervet's lawyers provided to Dr. Rowland that contained the patent's file history, patents that allegedly constitute prior art, and the like. Dr. Rowland, spent at most two hours

employer, Kansas State University.[4]  While Intervet argues that Merial's subpoena went beyond the expert disclosures mandated by Rule 26, it ignores the law that Rule 26 reflects a minimum of what must be produced by a testifying expert and does not limit the discovery a party may take from an opposing party's testifying expert, *i.e.*, Dr. Rowland.  *Moses v. Halstead*, 236 F.R.D. 667, 677 (D. Kan. 2006)(parties can use "traditional discovery methods" to obtain "further information" from testifying experts beyond that required by Rule 26).

Accordingly, what is clear is that Dr. Rowland has further information relevant to the claim construction process but that he and Intervet have withheld that information from production in response to Merial's subpoena.  Merial submits that it is entitled to that discovery and to present relevant evidence disclosed in that discovery to the Court in connection with the claim construction process.  As noted above, Merial's request will not result in open-ended briefing or any of the other imagined horribles portrayed by Intervet.  Rather, it is a limited request that Merial be allowed to present the fruits of the narrow discovery (which Merial sought in a timely manner) to this Court for its due consideration.  Further, it is not at all uncommon for district courts to engage in "rolling claim constructions" in which claim constructions are revisited or altered as the record is developed.  *See Gottman, Inc. v. Kopykale Enterprises, Inc.*, 302 F.3d 1352, 1361 (Fed. Cir. 2002); *Honeywell International, Inc. v. United States*, 70 Fed. Cl. 424, 447-48 (Fed. Cl. 2006).

---

gathering those and a smattering of other documents in response to Merial's subpoena.  There were also other files in his possession that contained responsive documents which Dr. Rowland simply refused to search.

[4] Intervet also neglects to tell the Court that Dr. Rowland never asked Kansas State if it objected to production of any documents on confidentiality grounds and that, when Merial subpoenaed the documents from Kansas State, it promptly complied and produced documents that Merial initially sought from Dr. Rowland but which he refused to produce because they were ostensibly "confidential," the protective order in this case notwithstanding.

All of that said, Merial agrees with Intervet that a great deal of time and effort has gone into preparation for the *Markman* hearing scheduled for August 6 – 7, 2007. Accordingly, Merial in no event wishes to have the *Markman* hearing postponed from that date, since that would only further postpone adjudication of Intervet's infringement.

## CONCLUSION

Merial respectfully requests that Intervet's motion be denied and that the record on the *Markman* hearing be kept open, at this Court's discretion, until such time as Merial is able to complete discovery from Dr. Rowland. In the alternative, Merial submits that there is no need to rule at this time on Merial's request that the claim construction record be closed at the conclusion of the *Markman* hearing next week; rather, ruling on Intervet's "emergency" motion can – and should – be deferred until the close of the *Markman* hearing on August 6 or 7, 2007, at which time the Court can decide for itself whether to close the record or leave it open for limited purposes. In no event should the *Markman* hearing be postponed.

Dated: August 2, 2007

Respectfully submitted,

/s/ Timothy A. Ngau
ALSTON & BIRD LLP
Timothy a. Ngau
DC Bar No. 339333
950 F Street, NW
Washington, DC  20004
Phone: 202-756-3300
Fax: 202-756-3333

Judy Jarecki-Black, Ph.D.
Merial Limited
3239 Satellite Blvd.
Duluth, GA  30096-4640
Tel.: (678) 638-3805
Fax: (678) 638-3350

LEGAL02/30473391v1

Thomas J. Kowalski
Steven M. Amundson
DC Bar No. 412196
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, New York 10151
Tel.: (212) 588-0800
Fax: (212) 588-0500
Frank G. Smith, III
J. Patrick Elsevier
Elizabeth K. Haynes
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel.: (404) 881-7000
Fax: (404) 881-7777

Counsel for Merial Limited and Merial SAS