# EXHIBIT A

Case 1:06-cv-00658-HHK-JMF   Document 137-3   Filed 03/05/2008   Page 1 of 4



Portfolio Media, Inc. | 648 Broadway, Suite 200 | New York, NY 10012 | www.law360.com
Phone: +1 212 537 6331 | Fax: +1 212 537 6371 | customerservice@portfoliomedia.com

# High Court Denies Cert In Seagate Case

By **Amanda Ernst**, amanda.ernst@portfoliomedia.com

*Monday, Feb 25, 2008* --- The U.S. Supreme Court has declined to hear an appeal of the In re Seagate Technology LLC decision, allowing the U.S. Court of Appeals for the Federal Circuit's landmark ruling on willfulness to stand.

The high court denied plaintiff Convolve Inc.'s petition for a writ of certiorari on Monday without offering any reason for its decision. Convolve had filed its petition in November, following the Federal Circuit's Aug. 20, 2007, decision.

"We think the decision from the Supreme Court is a welcome one as it provides certainty to the patent bar going forward, and it confirms the correctness of the en banc Federal Circuit's decision," Seagate's appellate counsel Brian Ferguson of McDermott Will & Emery LLP said.

Had the high court agreed to hear the case and overturned the Federal Circuit's decision, it could have affected Seagate's case in terms of the attorney-client privilege waiver, Ferguson said.

The Federal Circuit had, in a rare instance, decided to hear the case en banc after lawyers for Seagate and a multitude of other interested parties challenged a district court decision in the case, entitled Convolve Inc. et al. v. Compaq Computer Corp. et al., and tried to force Seagate to reveal communications between the company and its trial counsel.

Convolve and the Massachusetts Institute of Technology brought the case against Compaq and Seagate in 2000, accusing the two companies of infringing patents that dealt with the ability to shift disk drives from a quieter, slower mode to a faster but noisier one.

"As is typical in a patent case, Seagate obtained a statement from outside counsel saying that it had not willfully infringed on Convolve and MIT's patents. If you use that outside opinion, you waive the right to attorney-client privilege," Ferguson said in August.

"But the district court extended that to cover [Seagate's] trial counsel as well. We filed for relief, and the federal circuit took the petition — in addition to asking whether the waiver [of attorney-client privileges] should extend to trial counsel, it also asked whether the duty of due care standard should be abolished or changed," Ferguson added.

The duty of due care standard was first set in Underwater Devices Inc. v.



Morrison-Knudsen Co. in 1983, when the court fashioned a standard for evaluating willful infringement that forced the duty onto the potential infringer to prove that it had not willfully infringed.

Companies were told that they had an affirmative duty to exercise due care to not infringe on existing patents, including obtaining legal advice from a patent counsel before creating a product that could be infringing.

If they did not obtain legal advice, it made it easier for a patent holder to then prove that the company had willfully infringed, which would then lead to an award of up to three times the damages of the patent case and attorneys' fees.

The Federal Circuit confronted both the willfulness scheme and its functional relationship to the attorney-client privilege and work-product protection in its August decision.
It recognized that the standards for establishing willful infringement had created new problems even as it solved a previous predicament — companies not paying close attention to each others' patents.

Most tellingly, Federal Circuit Judge Pauline Newman, who wrote the original 1983 opinion, agreed with the decision to overrule Underwater Devices, "but only because that case has been misapplied, in the extremis of high-stakes litigation, to mean that 'due care' requires more than the reasonable care that a responsible enterprise gives to the property of others," she said.

In August, the Federal Circuit changed the willfulness standard significantly, putting the burden of proof onto the accusers. Now, a patent holder will need to offer proof that a company has been "objectively reckless" in willfully infringing its patents before bringing the charge.

Convolve appealed the Federal Circuit's decision, presenting in its petition for writ three questions: two involving enhanced damages, and one, attorney-client privilege.

The questions asked whether the Federal Circuit's narrowing of the district court's discretion to award enhanced damages, or limiting enhanced damages only in instances of willful infringement, was appropriate.

The petition also questioned whether the selective waiver rule, which prohibits full discovery, was appropriate in certain cases.

"These are issues that come up all the time in all kinds of patent issues, and now we all understand that the Seagate rule is in place, and the Supreme Court, at least implicitly, agrees with it," Ferguson added.

Meanwhile, the patent dispute between Convolve and Seagate remains in the U.S. District Court for the Southern District of New York. The parties are currently working towards completion of expert discovery and a trial date has not yet been set.



___

Counsel for Convolve declined to comment.

Convolve was represented in this matter by attorneys from Cadwalader Wickersham & Taft LLP.

Seagate was represented by attorneys from McDermott Will & Emery LLP.

The case is Convolve Inc. et al. v. Seagate Technology LLC, case number 07-656, in the U.S. Supreme Court.

--Additional reporting by Elaine Chow

___