# EXHIBIT B



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:    COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 09/082,558 | 05/21/98 | ALLAN | G | 454313-2180 |

| EXAMINER |
|---|
| FOLEY.S |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1648 | 23 |

HM22/0126

WILLIAM S FROMER
C/O FROMMER LAWRENCE & HAUG LLP
745 FIFTH AVERNUE
NEW YORK NY 10151

DATE MAILED:

01/26/01

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

INT0021961

Application/Control Number: 09/082,558                                                      Page 2
Art Unit: 1648

## DETAILED ACTION

The Group and/or Art Unit of your application has changed. To aid in correlating any papers for this application, all further correspondence regarding this application should be directed to Group Art Unit 1648, Examiner, Foley.

### *Response to Amendment*

Acknowledgement is made of the withdrawal and cancellation of claims 70-86 in paper number 21 of 11/29/00. New claims 87-90 are added and do not raise new matter rejections. In summary, claims 38-69 and 87-90 are being considered.

The indicated allowability of claims 48-52 and 69 is withdrawn in view of a newly discovered reference(s). Rejections based on the newly cited reference(s) follow. Also, additional new grounds of rejection are now applied.

### *Claim Rejections - 35 USC § 112*

The following is a quotation of the second paragraph of 35 U.S.C. 112:

> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

Claims 39, 45-58, 60, 66-69, 89, and 90 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

The claims are drawn to DNA and vectors that comprise "ORFs 1-13". The ORFs are assumed to be derived from porcine circovirus, but as written, the claims could encompass ORFs from any organism.

INT0021962

Application/Control Number: 09/082,558                                    Page 3
Art Unit: 1648

### *Claim Rejections - 35 USC § 102*

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the

basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless –

(a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for a patent.

Claims 60, 66-69 are rejected under 35 U.S.C. 102(a) as being clearly anticipated by

Meehan et al.

The claims are drawn to an isolated DNA molecule comprising ORFs 1-13, 4, 7, 10, or

13. Meehan et al. teaches the claimed limitations, see "Genomic organization..." on page 223-

226 and figures 3 and 5.

### *Claim Rejections - 35 USC § 103*

Claims 39, 45-58, and 87-90 are rejected under 35 U.S.C. 103(a) as being unpatentable

over Meehan et al.

The claims are drawn to a vector comprising an isolated DNA comprising ORFs 1-13, 4,

and 7. Meehan et al. teaches the ORFs limitations in the claims, see above. The reference does

not teach these ORFs in a vector. However, one of ordinary skill in the art at the time the

invention was made would have been motivated to put these ORFs in an expression vector in

order to perform functional recombinant assays. Claims 50-53 recite conventional vectors, which

would have been obvious choices. Claims 54-58 do not require any components other than the

conventional vectors. Claims 87-90 recite conventional vector properties and therefore the same

reference renders the claims obvious, even though it does not discuss the same intended use.

INT0021963

Application/Control Number: 09/082,558                                    Page 4
Art Unit: 1648

Therefore, based on the teachings of the reference, the invention as whole is prima facie obvious

to one of ordinary skill in the art the time the invention was made, absent unexpected results.

### *Allowable Subject Matter*

Claims 38, 40-44, 59, and 61-65 are allowable.

### *Conclusion*

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Shanon A. Foley whose telephone number is (703) 308-3983.

The examiner can normally be reached on 7:30-4:30 M-F.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, James Housel can be reached on (703) 308-4027. The fax phone numbers for the

organization where this application or proceeding is assigned are (703) 308-4242 for regular

communications and (703) 308-4426 for After Final communications.

Any inquiry of a general nature or relating to the status of this application or proceeding

should be directed to the receptionist whose telephone number is (703) 308-0196.

Shanon Foley
January 25, 2001

**MARY E. MOSHER**
**PRIMARY EXAMINER**
**GROUP 1800**
1600

| **Office Action Summary** | Application No. | Applicant(s) | |
|---|---|---|---|
| | 09/082,558 | ALLAN ET AL. | |
| | Examiner | Art Unit | |
| | Shanon A. Foley | 1648 | |

-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE **3** MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136 (a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>11/29/00 in paper No. 21</u> .

2a)☐ This action is **FINAL**.      2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>38-69 and 87-91</u> is/are pending in the application.

    4a) Of the above claim(s) <u>70-86</u> is/are withdrawn from consideration.

5)☒ Claim(s) <u>38, 40-44, 59, 61-65</u> is/are allowed.

6)☒ Claim(s) <u>39,45-58,60,66-69,87-90,</u> is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claims _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

11)☐ The proposed drawing correction filed on _____ is:  a)☐ approved  b)☐ disapproved.

12)☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

13)☒ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    a)☒ All  b)☐ Some * c)☐ None of:

       1.☒ Certified copies of the priority documents have been received.

       2.☐ Certified copies of the priority documents have been received in Application No. _____ .

       3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

14)☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. & 119(e).

**Attachment(s)**

15)☒ Notice of References Cited (PTO-892)

16)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

17)☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____ .

18)☐ Interview Summary (PTO-413) Paper No(s). _____ .

19)☐ Notice of Informal Patent Application (PTO-152)

20)☐ Other: _____ .

INT0021965

04/23/2001 16:48 FAX 2125880800          FROMMER LAWRENCE & HAUG                    ☑002

PATENT
454313-2180

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Applicant(s) | : | Allan et al. |
| Serial No. | : | 09/082,558 |
| For | : | **NEW PORCINE CIRCOVIRUSES, VACCINES AND DIAGNOSTIC REAGENTS** |
| Filed | : | May 21, 1998 |
| Examiner | : | Shanon A. Foley |
| Art Unit | : | 1631 |

FAX RECEIVED
APR 2 4 2001
GROUP 1600

745 Fifth Avenue,
New York, NY 10151

FACSIMILE
I hereby certify that this paper is being facsimile transmitted to the
Patent and Trademark Office on the date shown below.

SAMUEL H. MEGERDITCHIAN, REG. NO. 45,678
Type or print name of
Person signing certification

_Signature_

April 23, 2001
Date of Signature

## AMENDMENT WITH REQUEST FOR INTERVIEW

Assistant Commissioner for Patents
Washington, D.C. 20231
Dear Sir:

    This is in response to the Office Action mailed on January 26, 2001, setting a three-month term for reply.  Kindly amend the application without prejudice, without admission, without surrender of subject matter and without any intention of creating any estoppel as to equivalents.  Any fee occasioned by this paper may be charged, or overpayment credited to, Deposit Account No. 50-0320.

1

shm0334



INT0021966

04/23/2001 16:48 FAX 2125880800          FROMMER  LAWRENCE  &  HAUG          ☑003

PATENT
454313-2180

## AMENDMENT

Kindly amend the application, without prejudice, without admission, without surrender of subject matter, and without any intention of creating any estoppel as to equivalents as follows:

## IN THE CLAIMS:

Please amend the claims without prejudice, without admission, without surrender of subject matter and without any intention of creating any estoppel as to equivalents. Appended hereto is the required "Version With Markings To Show Changes Made." Please substitute claim 39 to read as follows:

9 39.    (Amended)    A vector comprising an isolated DNA molecule comprising a sequence selected from the group consisting of ORFs 1 to 13 of porcine circovirus type II.

Please cancel claims 60 and 66-69 without prejudice, without admission, without surrender of subject matter and without any intention of creating any estoppel as to equivalents. Please add the following new claims:

92. (New)    An isolated DNA molecule comprising a nucleotide sequence encoding a PCV-2 epitope.

93. (New)    An isolated DNA molecule encoding a protein or polypeptide comprising a RCV-2 epitope.

94. (New)    A vector comprising an isolated DNA molecule as claimed in claims 92 or 93.

95. (New)    The vector according to claim 94, wherein the isolated DNA molecule is expressed *in vivo*.

2

shm0334

INT0021967

04/23/2001 16:48 FAX 2125880800          FROMMER LAWRENCE & HAUG                    ☒004

PATENT
454313-2180

96.  (New)      The vector according to claim 94, wherein the isolated DNA molecule is expressed *in vitro*.

97.  (New)      An immunogenic composition comprising a vector as claimed in claims 92 or 93.

98.  (New)      An isolated PCV-2 epitope, or an isolated protein or polypeptide comprising a PCV-2 epitope, from expression of the isolated nucleic acid molecule of claims 92 or 93.

99.  (New)      An immunogenic composition comprising an isolated PCV-2 epitope, or an isolated protein or polypeptide comprising a PCV-2 epitope, from expression of the isolated nucleic acid molecule of claims 92 or 93.

3

shm0334

INT0021968

04/23/2001 16:48 FAX 2125880800        FROMMER LAWRENCE & HAUG                      ☒005

PATENT
454313-2180

## REMARKS

Reconsideration and withdrawal of the rejections of and objections to the application are respectfully requested in view of the amendments and remarks herewith which place the application in condition for allowance.

The Examiner is thanked for allowing claims 38, 40-44, 59, and 61-65 of this application.

I.  **STATUS OF CLAIMS AND FORMAL MATTERS**

Claims 38-59, 61-65 and 87-99 are pending. Claim 39 is amended; claims 60 and 66-69 cancelled; and new claims 92-99 added, without prejudice, without admission, without surrender of subject matter, and without any intention of creating any estoppel as to equivalents .

No new matter is added.

It is submitted that the claims, herewith and as originally presented, are patentably distinct over the prior art cited by the Examiner, and that these claims were in full compliance with the requirements of 35 U.S.C. §112. The amendments of and additions to the claims, as presented herein, are not made for purposes of patentability within the meaning of 35 U.S.C. §§§§ 101, 102, 103 or 112. Rather, these amendments and additions are made simply for clarification and to round out the scope of protection to which Applicants are entitled. Support is found throughout the specification, and on page 11, line 26, to page 12, line 5.

II.  **THE REJECTIONS UNDER §112, SECOND PARAGRAPH, ARE OVERCOME**

Claims 39, 45-58, 60, 66-69, 89 and 90 stand rejected under 35 U.S.C. §112, second paragraph, as allegedly indefinite. The rejection is traversed.

The amendment to claim 39 and the cancellation of claims 60 and 66-69, without prejudice, without admission, without surrender of subject matter, and without any intention of creating any estoppel as to equivalents, has rendered this rejection moot.

Thus, reconsideration and withdrawal of the rejections of the application are respectfully requested.

4

shm0334

04/23/2001 16:49 FAX 2125880800          FROMMER LAWRENCE & HAUG                    ☑006

PATENT
454313-2180

### III.    THE ART REJECTIONS UNDER §102 AND §103 ARE OVERCOME

Claims 60 and 66-69 stand rejected under 35 U.S.C. §102(a) as allegedly anticipated by Meehan et al.. Claims 39, 45-58 and 87-90 stand rejected under 35 U.S.C. §103(a) as allegedly unpatentable over Meehan et al.. The rejections are respectfully traversed.

The claims pertain to PCV-2. Meehan et al. does not.

Consequently, reconsideration and withdrawal of the art rejections (the rejections under Section 102(a) and 103(a)) of the application are respectfully requested.

### REQUEST FOR INTERVIEW

If any issue remains as an impediment to allowance, an interview with the Examiner, and with her Primary, and their supervisor, and their Group Director if necessary, is respectfully requested, prior to issuance of any paper other than a Notice of Allowance; and, the Examiner is respectfully requested to contact the undersigned to arrange a mutually convenient time and manner for such an interview.

### CONCLUSION

In view of the amendments and remarks and the attachment herewith, the application is in condition for allowance.

As this Amendment is being filed within the term set by the Office Action, no fee is believed to be due. In the event that any fee is occasioned by this paper, the fee may be charged, or overpayment credited to, Deposit Account No. 50-0320.

shm0334

INT0021970

PATENT
454313-2180

Favorable reconsideration of the application and prompt issuance of a Notice of Allowance, or an interview at a very early date with supervisory review if necessary, with a view to placing the application in condition for allowance, are earnestly solicited. The undersigned looks forward to hearing favorably from the Examiner at an early date.

Respectfully submitted,

FROMMER LAWRENCE & HAUG LLP

By:

THOMAS J. KOWALSKI
Reg. No. 32,147
SAMUEL H. MEGERDITCHIAN
Reg. No. 45,678
Tel (212) 588-0800
Fax (212) 588-0500

6

shm0334

INT0021971

PATENT
454313-2180

## VERSION WITH MARKINGS TO SHOW CHANGES MADE

39.    (Amended)     A vector comprising an isolated DNA molecule comprising a
sequence selected from the group consisting of ORFs 1 to 13 <u>of porcine circovirus type II</u>.

7

shm0334

INT0021972

04/23/2001 16:48 FAX 2125880800          FROMMER LAWRENCE & HAUG                    ☑001

# FROMMER LAWRENCE & HAUG LLP
### 745 Fifth Avenue
### New York, New York 10151
### Telephone: (212) 588-0800
### Facsimile: (212) 588-0500
### E-mail: Firm@flhlaw.com

## FACSIMILE COVER LETTER

| | |
|---|---|
| **To:** | Examiner Shanon Foley |
| **Firm:** | Patent and Trademark Office |
| **Facsimile No.:** | 703-308-4242 |
| **From:** | Samuel H. Megerditchian |
| **Date:** | April 23, 2001 |
| **Re:** | Serial No. 09/082,558 |
| **No. of Pages:** (including cover page) | 8 |
| **Cc:** | |

**FAX RECEIVED**
**APR 2 4 2001**
**GROUP 1600**



If you do not receive all pages or are unable to read the transmission, please call and ask for **Christine Igoe** (Ext. 2068).

**CONFIDENTIALITY NOTICE**

The documents accompanying this transmission contain confidential information intended for a specific individual and purpose. The information is private, and is legally protected by law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this facsimile is strictly prohibited.

ci1055

INT0021973



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office

ASSISTANT SECRETARY AND COMMISSIONER
OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

#25

**RECEIVED**

## CHANGE OF ADDRESS/POWER OF ATTORNEY

APR 1 0 2001

TECH CENTER 1600/2900

FILE LOCATION    16C1    SERIAL NUMBER 09082558    PATENT NUMBER

THE CORRESPONDENCE ADDRESS HAS BEEN CHANGED TO CUSTOMER #  20999

THE PRACTITIONERS OF RECORD HAVE BEEN CHANGED TO CUSTOMER #  20999

ON 03/19/01 THE ADDRESS OF RECORD FOR CUSTOMER NUMBER  20999 IS:

FROMMER LAWRENCE & HAUG
745 FIFTH AVENUE
NEW YORK NY 10151

AND THE PRACTITIONERS OF RECORD FOR CUSTOMER NUMBER  20999 ARE:

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 21002 | 25456 | 25506 | 27413 | 28029 | 29309 | 30800 | 31086 | 31223 | 32147 |
| 33943 | 34930 | 35582 | 37274 | 37514 | 37870 | 37937 | 38511 | 38580 | 39440 |
| 40352 | 41205 | 41531 | 43228 | 44071 | | | | | |

PTO INSTRUCTIONS: PLEASE TAKE THE FOLLOWING ACTION WHEN THE
CORRESPONDENCE ADDRESS HAS BEEN CHANGED TO CUSTOMER NUMBER:
RECORD, ON THE NEXT AVAILABLE CONTENTS LINE OF THE FILE JACKET,
'ADDRESS CHANGE TO CUSTOMER NUMBER'.  LINE THROUGH THE OLD
ADDRESS ON THE FILE JACKET LABEL AND ENTER ONLY THE 'CUSTOMER
NUMBER' AS THE NEW ADDRESS.  FILE THIS LETTER IN THE FILE JACKET.
WHEN ABOVE CHANGES ARE ONLY TO FEE ADDRESS AND/OR PRACTITIONERS
OF RECORD, FILE LETTER IN THE FILE JACKET.
THIS FILE IS ASSIGNED TO GAU 1648.

PTO-FMD
TALBOT  1/97

INT0021974



**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address:    COMMISSIONER OF PATENTS AND TRADEMARKS
            Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 09/082,558 | 05/21/98 | ALLAN                    G | 454313-2180 |

020999
FROMMER LAWRENCE & HAUG          HM22/0705
745 FIFTH AVENUE
NEW YORK NY 10151

| EXAMINER |
|---|
| FOLEY,S |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1648 | 26 |

**DATE MAILED:**
07/05/01


**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

INT0021975

Application/Control Number: 09/082,558                                    Page 2
Art Unit: 1648

## DETAILED ACTION

### *Claim Objections*

The numbering of claims is not in accordance with 37 CFR 1.126 which requires the original numbering of the claims to be preserved throughout the prosecution. When claims are canceled, the remaining claims must not be renumbered. When new claims are presented, they must be numbered consecutively beginning with the number next following the highest numbered claims previously presented (whether entered or not).

Misnumbered claims 92-99 been renumbered 91-98.

### *Election/Restriction*

Newly submitted claims 92, 96, 97, 98 and ((93-95), to the extent that they read upon the polypeptide) directed to an invention that is independent or distinct from the invention originally claimed for the following reasons: the newly added claims are directed to a polypeptide or a protein. Claims directed to DNA molecules comprising specific sequences were originally presented and prosecuted. As noted in paper no. 20, a search for polypeptides and methods of provoking a protective immune response are not searched in the same manner and presents a search burden on the Office.

Since applicant has received an action on the merits for the originally presented invention, this invention has been constructively elected by original presentation for prosecution on the merits. Accordingly, claims 92, 96, 97, 98 (and 93-95 to the extent that they read upon a polypeptide) are withdrawn from consideration as being directed to a non-elected invention. See 37 CFR 1.142(b) and MPEP § 821.03.

Application/Control Number: 09/082,558                          Page 3
Art Unit: 1648

### *Claim Rejections - 35 USC § 102*

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the

basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless –

(b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

Claims 91 is rejected under 35 U.S.C. 102(b) as being anticipated by Tischer et al.

The claims are drawn to an isolated nucleic acid encoding a PCV-2 epitope.

Tischer et al. isolates PCV DNA expressed from PK-15 cells and characterizes the DNA

by isolating and characterizing it by transfection experiments, see page 65.

### *Claim Rejections - 35 USC § 103*

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

(a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

Claims 93-95 are rejected under 35 U.S.C. 103(a) as being unpatentable over Tischer et

al.

The claims are drawn to a nucleic acid encoding a PCV-2 epitope in a vector that is

expressed *in vitro* and *in vivo*.

Tischer et al. does not teach these the DNA expressed in a vector.  However, one of

ordinary skill in the art at the time the invention was made would have been motivated to put this

in an expression vector in order to perform functional recombinant assays *in vitro* or to elicit

controlled expression *in vivo*. Therefore, based on the teachings of the reference, the invention as

INT0021977

Application/Control Number: 09/082,558                                    Page 4
Art Unit: 1648

whole is prima facie obvious to one of ordinary skill in the art the time the invention was made,

absent unexpected results.

### *Allowable Subject Matter*

Claims 38-59, 61-65, and 87-90 are allowable.

### *Conclusion*

Applicant's amendment necessitated the new ground(s) of rejection presented in this

Office action. Accordingly, **THIS ACTION IS MADE FINAL**. See MPEP § 706.07(a).

Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action. In the event a first reply is filed within TWO

MONTHS of the mailing date of this final action and the advisory action is not mailed until after

the end of the THREE-MONTH shortened statutory period, then the shortened statutory period

will expire on the date the advisory action is mailed, and any extension fee pursuant to 37

CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event,

however, will the statutory period for reply expire later than SIX MONTHS from the date of this

final action.

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Shanon A. Foley whose telephone number is (703) 308-3983.

The examiner can normally be reached on 7:30-4:30 M-F.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, James Housel can be reached on (703) 308-4027. The fax phone numbers for the

INT0021978

Application/Control Number: 09/082,558                                    Page 5
Art Unit: 1648

organization where this application or proceeding is assigned are (703) 308-4242 for regular

communications and (703) 308-4426 for After Final communications.

    Any inquiry of a general nature or relating to the status of this application or proceeding

should be directed to the receptionist whose telephone number is (703) 308-0196.

Shanon Foley
July 2, 2001

JAMES HOUSEL  7/2/01
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 1600

INT0021979

| *Office Action Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 09/082,558 | ALLAN ET AL. |
| | Examiner | Art Unit | |
| | Shanon A. Foley | 1648 | |

-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136 (a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>19 March 2001</u> .

2a) ☒ This action is **FINAL**.    2b) ☐ This action is non-final.

3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) <u>38-69 and 87-98</u> is/are pending in the application.

    4a) Of the above claim(s) <u>92 and 96-98</u> is/are withdrawn from consideration.

5) ☒ Claim(s) <u>38-59,61-65 and 87-90</u> is/are allowed.

6) ☒ Claim(s) <u>91, 93-95</u> is/are rejected.

7) ☒ Claim(s) <u>91-98</u> is/are objected to.

8) ☐ Claims _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.

10) ☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

11) ☐ The proposed drawing correction filed on _____ is:  a) ☐ approved  b) ☐ disapproved.

12) ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

13) ☒ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a) ☒ All  b) ☐ Some * c) ☐ None of:

        1. ☒ Certified copies of the priority documents have been received.

        2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

        3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

14) ☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

INT0021980

**Attachment(s)**

15) ☒ Notice of References Cited (PTO-892)

16) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

17) ☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____ .

18) ☐ Interview Summary (PTO-413) Paper No(s). _____ .

19) ☐ Notice of Informal Patent Application (PTO-152)

20) ☒ Other: *Misc. lttr*

| | | | | |
|---|---|---|---|---|
| ***Notice of References Cited*** | Application/Control No.<br>09/082,558 | | Applicant(s)/Patent Under Reexamination<br>ALLAN ET AL. | |
| | Examiner<br>Shanon A. Foley | | Art Unit<br>1648 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| | A | US- | | | |
| | B | US- | | | |
| | C | US- | | | |
| | D | US- | | | |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | - - | | | | |
| | O | - - | | | | |
| | P | - - | | | | |
| | Q | - - | | | | |
| | R | - - | | | | |
| | S | - - | | | | |
| | T | - - | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | Tischer et al. 1982. A very small porcine virus with circular single-stranded DNA. Nature. Vol. 295, pages 64-66. |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

INT0021981

*Nature* Vol. 295  7 January 1982





Fig. 2 Serial paraffin sections from a 7-week-old human embryo. *a*, Haematoxylin–eosin stain of a rib and adjacent intercostal nerve (arrow), ×100. *b*, Immunoperozidase reaction for S-100 protein, ×100. Reaction product is present in chondrocytes of rib and Schwann cells of intercostal nerve. The adjacent fibrous connective tissue and skeletal muscle are unstained.

S-100 (isolated as described previously[7,23]), mixed with complete Freund's adjuvant. As control sera we used anti-S-100 antiserum absorbed with S-100 until it no longer reacted with human brain, and serum from a rabbit which had been immunized with complete Freund's adjuvant alone. The anti-S-100 antiserum and the control sera were used at dilutions containing the same concentration of immunoglobulins. Tissues studied were from human fetuses of various ages and included cranium, larynx, trachea, vertebrae, ribs and lower and upper extremities. Xiphoid processes and laryngeal cartilage of adults were also examined. All tissues were fixed in formalin, embedded in paraffin and cut into 6-µm sections.

Chondrocytes in all tissues examined were stained with anti-S-100 antiserum. Staining was both cytoplasmic and nuclear; the extracellular matrix was unstained. Control sera did not stain any of the tissues (Figs 1, 2).

Chondrocytes which form the fetal skull as well as the visceral cartilage are said to be of neural crest origin[1] and those found elsewhere are considered to be derived from mesoderm[2,3]. Nevertheless, it is accepted that tissues of neuroectodermal origin can exert a considerable influence on differentiation of mesodermal chondrocytes[3]. Extirpation of the neural tube from chick embryos inhibits formation of axial cartilage, and grafting of spinal cord with or without notochord and neural crest into any region of the somite of tail-bud embryos results in formation of a complete secondary vertebral column[2]. The standard interpretation of these phenomena has been that the spinal cord induces formation of cartilage in the somites[3].

Type II collagen was originally thought to be unique to cartilage but recently it has been demonstrated that neural

0028-0836/82/010064–03$01.00

retina[6] and probably spinal cord[5] of chick embryos also produce type II collagen. In addition, nerve growth factor inhibits chondromucoprotein synthesis by cartilage of pelvic rudiments from chick emf ryos[4]. Mesodermal chondrocytes are the only cells known to respond to nerve growth factor but not thought to be of neuroectodermal origin.

We have shown that S-100 is present in both mesodermal and neural crest chondrocytes of man. The presence of S-100 in chondrocytes of skull, larynx, larynx and trachea is perhaps not unexpected, but the fact that we have found S-100 in chondrocytes of vertebrae, ribs, xiphoid processes and extremities suggests that mesodermal chondrocytes may be developmentally closer to neuroectoderm than was previously believed.

*Note added in proof:* The S-100 protein has recently also been identified in melanocytes and Langerhans cells of normal human skin by D. Cocchia, F. Michetti and R. Donato (*Nature* **294**, 85–87 (1981)).

Received 20 August; accepted 5 November 1981.

1.  LeLivre, C. *J. embryol. exp. Morph.* **31**, 453–477 (1974).
2.  Holzer, H. & Detwiler, S. R. *J. exp. Zool.* **123**, 335–366 (1953).
3.  Hall, B. K. *Adv. Anat. Embryol. Cell Biol.* **53**, 1–49 (1978).
4.  Eisenbarth, G. S., Drezner, M. K. & Lebovitz, H. E. *J. Pharmac. exp. Ther.* **192**, 630–634 (1975).
5.  Trelstad, R. L., Kang, A. H., Cohen, A. M. & Hay, E. D. *Science* **179**, 295–297 (1973).
6.  Smith, G. N., Leisenmayer, T. F. & Newsome, D. A. *Proc. nam. Acad. Sci. U.S.A.* **73**, 4420–4423 (1976).
7.  Moore, B. W. & Perez, V. J. in *Physiological and Biochemical Aspects of Nervous Integration* (ed. Carlson, F. D.) 343–368 (Prentice-Hall, Englewood Cliffs, New Jersey, 1968).
8.  Moore, B. W. *Biochem. biophys. Res. Commun.* **19**, 739–744 (1965); *Int. Rev. Neurobiol.* **15**, 215–255 (1972).
9.  Dannies, P. S. & Levine, L. *J. biol. Chem.* **246**, 6376–6283 (1971).
10. Donato, R. & Michetti, F. *Experientia* **30**, 511–512 (1974).
11. Miani, N., Michette, F., DeRenzi, G. & Ganiglia, A. *Experientia* **29**, 1499–1501 (1973).
12. Hyden, H., Lange, P. W. & Larson, S. *J. neurol. Sci.* **45**, 303–316 (1980).
13. Miani, N., DeRenzi, G., Michette, F., Sangiacomo, C. O. & Ganiglia, A. *J. Neurochem.* **19**, 1367–1394 (1972).
14. Zuckerman, J. E., Herschmann, H. R. & Levine, L. *J. Neurochem.* **17**, 247–251 (1970).
15. Perez, V. J., Olney, J. W., Cicero, T. J., Moore, B. W. & Bahn, B. A. *J. Neurochem.* **17**, 511–519 (1970).
16. Ludwin, S. K., Kosek, J. C. & Eng, L. F. *J. comp. Neurol.* **165**, 197–208 (1976).
17. Matus, A. & Mughah, S. *Nature* **258**, 746–748 (1975).
18. Svisdov, S. M., Korochkini, L. I., Ivanov, V. N., Meletskaya, E. I. & Bakhtina, T. K. *J. Neurochem.* **19**, 713–718 (1972).
19. Hanson, H. A., Persson, L., Rönnbäck, L. & Haglid, K. G. *Cytobios* **15**, 45–48 (1976).
20. Hyden, H. & McEwen, B. S. *Proc. nam. Acad. Sci. U.S.A.* **55**, 354–358 (1966).
21. Stefansson, K., Wollman, R. & Moore, B. W. *Brain Res.* (in the press).
22. Stefansson, K. & Wollmann, R. L. *Acta neuropath.* **52**, 135–140 (1980).
23. Levine, L. & Moore, B. W. *Neurosci. Res. Prog. Bull.* **3**, 18–22 (1965).

## A very small porcine virus with circular single-stranded DNA

I. Tischer, H. Gelderblom, W. Vettermann & M. A. Koch

Robert Koch-Institute of the Federal Health Office, Nordufer 20, 1000 Berlin 65, FRG

It was reported previously that cultures of the porcine PK-15 cell line (ATCC-CCL31) were chronically infected with a small virus, supposedly containing RNA[1]. No gross cytopathic effect was seen in these cultures. During the search for an *in vitro* model of persistent virus infections the agent was studied in more detail. These studies showed the virus to have a diameter of 17 nm, and to contain a covalently closed circular single-stranded DNA with a molecular weight of $0.58 \times 10^6$ and a main capsid polypeptide with a molecular weight of 36,000. Of the animals tested, only pigs were found to have antibodies. On the basis of these properties the virus appears to be a member of a family of animal viruses so far not encountered. We have named the virus porcine circovirus (PCV).

The virus was obtained from PK-15 cells. It can be propagated in selected PK-15 clones which are free of porcine parvovirus, porcine papovavirus, mycoplasmas and of PCV. Virus was concentrated by ultracentrifugation of Freon-treated cells and supernatants and then purified by two cycles of CsCl-gradient centrifugation. Sucrose gradient centrifugation yielded a sedimentation coefficient for the virion of 52S. On isopycnic centrifugation in CsCl virus particles banded exclusively at a density of 1.37 g cm$^{-3}$. Electron micrographs (Fig. 1) confirmed that the

© 1982 Macmillan Journals Ltd



**Fig. 1**   Electron micrograph of purified PCV particles negatively stained with 1% aqueous uranyl acetate. Scale bar, 100 nm.

virus is an isometric particle with a diameter of $17 \pm 1.3$ nm. No stain-filled particles were observed.

Purified [3H]-leucine-labelled virus was disrupted at 100 °C for 1 min with SDS (1%) and mercaptoethanol and the protein moiety was analysed by polyacrylamide gel electrophoresis[2]. Only a single band containing radioactivity was found. Its position corresponded to that of a polypeptide of molecular weight $36,000 \pm 2,300$, using bovine serum albumin, ovalbumin and chymotrypsinogen as references.

For isolation and characterization of the nucleic acid, [Me-3H]thymidine-labelled virus was lysed with SDS (0.5%) and sodium N-lauroyl sarcosinate (1%) for 15 min at room temperature, followed by a digestion with proteinase K ($500 \mu g\ ml^{-1}$) for 4 h at 37 °C. Nucleic acid was purified by centrifugation in a neutral sucrose gradient (5–20% wt/wt; rotor SW 40; 33,000 r.p.m.: 7.5 h; 20 °C), and by precipitation

with two parts of ice cold ethanol containing 0.4 M lithium chloride. The pellet was washed with 75% ethanol and then resuspended in 0.1×SSC. The incorporation of 3H via [Me-3H]thymidine, the buoyant densities and the alkali stability demonstrated that the nucleic acid of PCV is DNA. The buoyant densities were found to be 1.718 g cm⁻³ in CsCl using adeno 2 14C-DNA (1.715 g cm⁻³) and DNA from *Micrococcus lysodeikticus* (1.731 g cm⁻³) as markers, and in $Cs_2SO_4$ to be 1.45 g cm⁻³. Purified tritium-labelled PCV DNA was kept in 0.3 M NaOH for 20 h at room temperature[3]. The radioactivity in trichloroacetic acid precipitates of treated and untreated nucleic acids was than assayed. While an untreated control yielded of the order of 5,500 c.p.m. the treated sample contained 5,750 c.p.m. The efficacy of this treatment on RNA was tested using 16S and 23S ribosomal RNA.

In transfection experiments[4] native PCV DNA purified as above was shown to be infective ($\sim 0.04 \mu g$ PCV DNA per $1.5 \times 10^6$ cells). This infectivity was abolished completely by DNase 1—that is, using DNase-treated PCV DNA for transfection, cells producing virus, as revealed by staining with fluorescein-labelled specific antibodies, were not detectable even after two passages of the cells. In control experiments with untreated PCV DNA, more than 1,000 specifically stained cells per 1.5-cm diameter coverslips with about $2.5 \times 10^5$ cells were seen.

The sedimentation behaviour of native PCV DNA and of heat- or alkali-treated PCV DNA in neutral sucrose gradients as well as in alkaline gradients (Fig. 2) revealed that the DNA is single stranded[5]. The degradation of PCV DNA by the single-strand-specific nuclease S₁ confirmed this conclusion (Fig. 3). The sedimentation coefficient of PCV DNA determined in 1 M NaCl at pH 7.2 was 12.7S, and about 9S at pH 12.7. In 1.5% agarose gels the PCV DNA migrated about 2.3 times further than $\Phi X174$ virion DNA.

When PCV DNA was examined by electron microscopy more than 85% of the molecules seen were circular (Fig. 4). To determine the size of the circular DNA, contour length measurements were performed using $\Phi X174$-am-3 virion DNA[6] as an internal marker. From the data for $\Phi X174$



**Fig. 2** Sedimentation profiles of [Me-3H]thymidine-labelled native, heated and alkali treated PCV DNA in sucrose gradients (5–20% wt/wt). a, Native DNA; b, heated DNA (10 min; 100 °C) c, alkali treated (0.1 M NaOH; 5 min; 22 °C) and subsequently neutralized (with 0.1 M HCl) DNA in neutral gradients (1 M NaCl; 0.01 M Tris; 0.001 M EDTA; pH 7.2); d, alkali-treated DNA in an alkaline gradient (0.9 M NaCl; 0.1 M NaOH; 0.001 M EDTA; pH 12.7). Beckman rotor SW 40; 33,000 r.p.m.; 7.5 h; 20 °C. The sedimentation coefficients of PCV DNA were determined on the basis of the sedimentation of the markers (RNA) in the neutral gradient. For comparison virion fd-DNA was included.



**Fig. 3** Degradation of PCV DNA by single-strand-specific nuclease S₁. PCV DNA was treated with nuclease S₁ (buffer: 0.1 M Na-acetate; 0.1 mM ZnSO₄; pH 4.5) in parallel with the double-stranded 14C-adeno 2-DNA and 3H-Celo-DNA as well as with the single-stranded 3H-DNA from porcine parvovirus (PPV) and denatured (95 °C, 10 min) 3H-Celo DNA. DNA was incubated with nuclease S₁ for 30 min at 37 °C and DNA was precipitated with trichloroacetic acid at a final concentration of 5% in the presence of 100 μg carrier RNA. Degradation is expressed as the relative loss of acid-precipitable radioactivity by increasing amounts of enzyme.

Nature Vol. 295 7 January 1982



Fig. 4  Electron micrograph of PCV DNA (top) and ΦX174 virion DNA (bottom). A mixture of both species was spread from a hyperphase (carbonate buffer pH 10, 0.01% cytochrome $c$, 40% formamide) at room temperature. The specimen was rotary shadowed with Pt/Pd. Scale bar, 1 μm.

($n = 198$, $1.94 \pm 0.12$ μm) and for PCV ($n = 212$, $0.633 \pm 0.05$ μm) a genome size of 1.76 kilobases, corresponding to a molecular weight of $0.58 \times 10^6$, was calculated for PCV.

The sedimentation behaviour described above (Fig. 2) shows that the configuration of the molecule is unaffected by denaturing conditions, that is, after renaturation molecules of multiple unit length were never detected. This indicates that PCV DNA is a covalently closed circular molecule rather than a closed circle due to self-complementing cohesive ends. This interpretation is supported by the fact that no linearization of PCV DNA was detected when DNA was spread under heat denaturation. As internal controls HindII, HindIII restriction fragments of fd-DNA carrying the transposon Tn5 (ref. 7) were included. These

Received 11 September; accepted 12 November 1981.

1. Tischer, I., Rasch, R. & Tochtermann, G. Zbl. Bakt. Hyg., I. Abt. Orig. A226, 153–167 (1974).
2. Laemmli, U.K. Nature 227, 680–685 (1970).
3. Munro, H. N. Meth. biochem. Anal. 14, 113–176 (1966).
4. Graham, F. L. & Van der Eb, A. J. Virology 52, 456–467 (1973).
5. Studier, F. W. J. molec. Biol. 11, 373–390 (1965).

restriction fragments consist of DNA molecules which are circular due to self-complementary ends of 190 and 340 bases respectively which readily opened in the conditions used.

Purified virus was used to raise specific antibodies in rabbits. Such antibodies aggregated PCV, neutralized infectivity and, using indirect immunofluorescence, detected virus producing cells. It was found that in chronically infected cultures only a small, but varying proportion of cells expressed virus antigens. PCV antisera did not inhibit agglutination of human red blood cells by porcine parvovirus. Attempts to demonstrate agglutination by PCV or RBC from man, rhesus monkey, pig, rabbit, guinea pig, mouse and chicken were unsuccessful.

Most probably the agent has its origin in pigs. A serological survey showed that 20 out of 22 randomly collected pig sera contained specific antibodies. Sera from rabbits, mice, calves and man, including sera from laboratory staff working with the agent, were negative. The physicochemical properties of this agent set it apart from all known animal viruses[8]. Similarities exist only with several plant pathogens comprising the group of geminiviruses[9,10].

We thank Renate Rasch, Doris Peters, S. Pociuli, H. Reupke and D. Elsen for technical assistance. Helpful suggestions were made by Professor H. Ludwig, Professor H. Köhler, and Drs Giovanna Morelli, G. Pauli, E. Werner and especially by Professor H. Schaller who also donated the fd derivative fd Km-30 and its restriction fragments.

6. Sanger, F. et al. Nature 265, 687–696 (1977).
7. Herrmann, R., Neugebauer, K., Zentgraf, H. & Schaller, H. Molec. gen. Genet. 159, 171–178 (1978).
8. Classification and Nomenclature of Viruses: 3rd Report Int. Committee on Taxonomy of Viruses (ed. Matthews, R. E. F.) (Karger, Basle, 1979).
9. Goodman, R. M. Virology 83, 171–179 (1977).
10. Harrison, B. D., Barker, H., Bock, K. R., Guthrie, E. J. & Meredith, G. Nature 270, 760–762 (1977).

# A monoclonal antibody against human T suppressor lymphocytes binds specifically to the surface of cultured oligodendrocytes

Joel Oger

INSERM U-49, 35043 Rennes, France

Sara Szuchet, Jack Antel & Barry G. W. Arnason

Department of Neurology and the Brain Research Institute, University of Chicago, Chicago, Illinois 60637, USA

The cardinal pathological feature of multiple sclerosis (MS) is the presence within brain and spinal cord of regions called plaques, from which myelin has been lost[1]. It has been proposed that autoimmunity may be involved in MS and that oligodendrocytes, the cells responsible for the formation and maintenance of central nervous system myelin, may provide a target for immune attack in this disease. The fact that oligodendrocytes are reduced in number in MS plaques[2] is consistent with this hypothesis. MS is characterized by attacks and remissions. During attacks, a subset of T lymphocytes, known as T suppressor cells, is depleted from the circulation[3–5]. The reason for this depletion is unknown, but the suppressor cells could be destroyed, sequestered, for example in brain, or modulated so that they are no longer detectable by the assays which enumerate them or which measure their functional capacities. Were suppressor cells and oligodendrocytes to share a determinant relevant to MS, both cell types could be targets for immune-mediated killing by the same autoimmune response. Recently, monoclonal antibodies which recognize human monocytes, T lymphocytes and T-cell subsets have become available. We have tested cultured ovine oligodendrocytes with a battery of monoclonal antibodies directed against human lymphocyte and monocyte antigens, seeking evidence for shared determinants, and present here data suggesting that shared determinants exist.

All antibody clones were produced by hybridization of spleen cells from mice sensitized to human T lymphocytes with P3 mouse myeloma. Antibodies were generated by intraperitoneal passage of cloned hybrid cells in mice[6]. Oligodendrocytes were isolated from the white matter of 4–6-month-old lambs as described previously[7,8]. Trypsin was used in the isolation procedure. Cells were plated on glass chamber slides and maintained in culture for up to 40 days (for details see Fig. 1 legend); medium was changed twice weekly. Cultured cells were identified as oligodendrocytes by ultrastructural, biochemical and immunological criteria[9]. Cultured oligodendrocytes were washed free of medium and re-reacted with normal sheep serum (NSS) as a source of excess sheep IgG. All monoclonal antibodies were screened at a concentration of 5 μg IgG per ml, the cultures were washed, and binding of the monoclonal antibodies was assessed by adding goat anti-mouse IgG labelled with fluorescein isothiocyanate (FITC).

As shown in Fig. 1, cultured oligodendrocytes pretreated with 1:500 NSS, exposed to OKT8 and then to 1:10 goat anti-mouse IgG–FITC, gave distinct membrane-bound fluorescence with scattered irregular dots outlining the cell cytoplasm and processes. This pattern of fluorescence resembles that seen when human suppressor lymphocytes are reacted with OKT8. A similar fluorescence pattern was obtained with OKT3 and OKM1. In contrast, OKT4, OKT5, OKT6, OKT10 or OKI1 showed no fluorescence. Control cultures incubated with goat anti-mouse IgG–FITC alone were negative, as was ascitic fluid (produced by injecting P3 mouse myeloma cells into mice), even at 2 mg ml⁻¹ IgG. In dilution experiments, using the same 1:10 dilution of goat anti-mouse FITC, OKT3 became negative at concentrations below 2.5 μg ml⁻¹ IgG, but OKT8 and OKM1 remained positive at 1.25 μg ml⁻¹ IgG. Table 1 gives the IgG subclasses of the monoclonal antibodies used, their specificities for human cell types, and summarizes the data on membrane-bound fluorescence.

As immunoglobulins can bind nonspecifically to Fc receptors on cells or specifically through their Fab portion, it was possible that monoclonal antibody binding was occurring through the Fc

0028-0836/82/010066—03$01.00

© 1982 Macmillan Journals Ltd

INT0021984



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

DEA/FCE-1994

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 09/083,558 | 5/21/98 | ALLAN | 454313-2180 |

| EXAMINER |  |
|---|---|
| S Foley |  |
| ART UNIT | PAPER NUMBER |
| 1648 | 26 |

DATE MAILED:

```
Please find below a communication from the EXAMINER in charge of this
application
```

Commissioner of Patents

### Inventorship

In view of the papers filed May 22, 2000, it has been found that this nonprovisional application, as filed, through error and without deceptive intent, improperly set forth the inventorship, and accordingly, this application has been corrected in compliance with 37 CFR 1.48(a).  The inventorship of this application has been changed by addition of Francis McNeilly.

The application will be forwarded to the Office of Initial Patent Examination (OIPE) for issuance of a corrected filing receipt, and correction of the file jacket and PTO PALM data to reflect the inventorship as corrected.

January 25, 2001

MARY E. MOSHER
PRIMARY EXAMINER
GROUP 1800
1600

INT0021985

PATENT
454313-2180

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Applicant(s) | : | Allan et al. |
| Serial No. | : | 09/082,558 |
| For | : | NEW PORCINE CIRCOVIRUSES, VACCINES AND DIAGNOSTIC REAGENTS |
| Filed | : | May 21, 1998 |
| Examiner | : | Shanon A. Foley |
| Art Unit | : | 1631 |

**FAX RECEIVED**

SEP 27 2001

**GROUP 1600**

745 Fifth Avenue,
New York, NY 10151
*EXPEDITED PROCEDURE*
*RESPONSE AFTER FINAL*
*UNDER 37 C.F.R. § 1.116*

FACSIMILE

I hereby certify that this paper is being facsimile transmitted
to the Patent and Trademark Office on the date shown below.

Thomas J. Kowalski, Reg. No. 32,147.

Type or print name of
person signing certification

Signature

September 26, 2001

Date of Signature

## AMENDMENT WITH REQUEST FOR INTERVIEW

Assistant Commissioner for Patents
Washington, D.C. 20231
*BOX AF*

Dear Sir:

This is in response to the Office Action mailed on July 5, 2001, setting a three-month term for reply. Kindly amend the application without prejudice, without admission, without surrender of subject matter and without any intention of creating any estoppel as to equivalents. Any fee occasioned by this paper may be charged, or overpayment credited to, Deposit Account No. 50-0320.

1

00029391

INT0021986

PATENT
454313-2180

## AMENDMENT

Kindly amend the application, without prejudice, without admission, without surrender of subject matter, and without any intention of creating any estoppel as to equivalents as follows:

### IN THE CLAIMS:

Please cancel claims 92 and 96-98 (previously numbered 93 and 97-99) without prejudice, without admission, without surrender of subject matter and without any intention of creating any estoppel as to equivalents.

Please amend claims 91 and 93 without prejudice, without admission, without surrender of subject matter and without any intention of creating any estoppel as to equivalents, to read as follows:

91.   (Amended)      An isolated DNA molecule comprising a nucleotide sequence encoding an epitope which is specific to PCV-2.

93.   (Amended)      A vector comprising an isolated DNA molecule as claimed in claim 91.

2

00026391

INT0021987

PATENT
454313-2180

## REMARKS

Reconsideration and withdrawal of the rejections of and objections to the application are respectfully requested in view of the amendments and remarks herewith which place the application in condition for allowance. The Examiner is also thanked for renumbering the misnumbered claims; and the undersigned apologizes for the typographical error.

The Examiner is thanked for considering claims 38-59, 61-65 and 87-90 to be allowable.

I.    **STATUS OF CLAIMS AND FORMAL MATTERS**

Claims 38-59, 61-65, 87-91, 93-95 and 99 are pending. Claims 91 and 93 are amended, and claims 92 and 96-98 cancelled, without prejudice, without admission, without surrender of subject matter, and without any intention of creating any estoppel as to equivalents.

No new matter is added.

It is submitted that the claims, herewith and as originally presented, are patentably distinct over the prior art cited by the Examiner, and that these claims are in full compliance with the requirements of 35 U.S.C. §112. The amendments of the claims, as presented herein, are not made for purposes of patentability within the meaning of 35 U.S.C. §§ 101, 102, 103 or 112. Rather, these amendments are made simply for clarification and to round out the scope of protection to which Applicants are entitled. Support for the amended recitations is found throughout the specification.

II.    **THE ART REJECTIONS UNDER §102 AND §103 ARE OVERCOME**

Claim 91 is rejected under 35 U.S.C. §102(b) as allegedly anticipated by Tischer et al.; and claims 93-95 are rejected under 35 U.S.C. §103(a) as allegedly unpatentable over Tischer et al. The rejections will be addressed collectively and are respectfully traversed.

Claims 91 and 93-95 pertain to PCV-2. Specifically, claims 91 and 93 are directed to, *inter alia*, an isolated DNA molecule comprising a nucleotide sequence encoding an epitope which is specific to PCV-2; and a vector comprising an isolated DNA molecule comprising a nucleotide sequence encoding an epitope which is specific to PCV-2. Nowhere in Tischer et al. is the subject matter of claims 91 and 93 disclosed or suggested.

3

00024391

INT0021988

PATENT
454313-2180

Specifically, Tischer et al. relates to type 1 porcine circovirus isolated from PK-15 cells. Type 1 PCV is not the same as PCV-2, and as such, Tischer et al. does not speak to or suggest the instant invention.

The Examiner is respectfully reminded of the case law which states that a two-prong inquiry must be satisfied in order for a Section 102 rejection to stand. First, the prior art reference must contain all of the elements of the claimed invention. *See Lewmar Marine Inc. v. Barient Inc.*, 3 U.S.P.Q.2d 1766 (Fed. Cir. 1987). Second, the prior art must contain an enabling disclosure. *See Chester v. Miller*, 15 U.S.P.Q.2d 1333, 1336 (Fed. Cir. 1990). A reference contains an enabling disclosure if a person of ordinary skill in the art could have combined the description of the invention in the prior art reference with his own knowledge of the art to have placed himself in possession of the invention. *See In re Donohue*, 226, U.S.P.Q. 619, 621 (Fed. Cir. 1985). Tischer et al. fails this inquiry.

To wit, and applying the law to the instant facts, it is readily apparent that Tischer et al. is an inappropriate anticipatory reference. Firstly, Tischer et al. does not disclose each and every claimed element of the instant invention, as Tischer et al. relates to type 1 PCV. Secondly, Tischer et al. does not enable an isolated DNA molecule comprising a nucleotide sequence encoding an epitope which is specific to PCV-2 or a vector comprising an isolated DNA molecule comprising a nucleotide sequence encoding an epitope which is specific to PCV-2.

Consequently, it is respectfully submitted that the Section 102 rejection simply cannot stand. It is respectfully requested that the Section 102(b) rejection be reconsidered and withdrawn.

The Section 103 rejection is equally inappropriate. Tischer et al. does not disclose, suggest, or motivate a skilled artisan to practice the presently claimed invention, the claims of which are directed to PCV-2. For an obviousness rejection, there must be some teaching which would have provided the necessary incentive or motivation for modifying the reference's teaching. *In re Laskowski*, 12 U.S.P.Q. 2d 1397, 1399 (Fed. Cir. 1989); *In re Ohukowitz*, 27 U.S.P.Q. 2d 1063 (B.P.A.I. 1993). Further, "obvious to try" is not the standard under 35 U.S.C. §103. *In re Fine*, 5 U.S.P.Q. 2d 1596, 1599 (Fed. Cir. 1988). And, as stated by the Court in *In re Fritch*, 23 U.S.P.Q. 2d 1780, 1783-1784 (Fed. Cir. 1992): "The mere fact that the prior art may be modified in the manner suggested by the Examiner does not make the modification obvious unless the prior art suggests the desirability of the modification." Also, the Examiner is

4

0002'3301

PATENT
454313-2180

respectfully reminded that for the Section 103 rejection to be proper, both the suggestion of the claimed invention and the expectation of success must be founded in the prior art, and not Applicants' disclosure. *In re Dow*, 5 U.S.P.Q.2d 1529, 1531 (Fed. Cir. 1988).

Tischer et al. is distinguishable from the instant invention because, *inter alia*, and as noted above, the document does not teach, suggest, disclose or motivate a skilled artisan to practice, *inter alia*, an isolated DNA molecule comprising a nucleotide sequence encoding an epitope which is specific to PCV-2 or a vector comprising an isolated DNA molecule comprising a nucleotide sequence encoding an epitope which is specific to PCV-2. Therefore, it is respectfully submitted that the Section 103 rejection simply cannot stand.

Consequently, reconsideration and withdrawal of the art rejections (the rejections under Section 102(b) and 103(a)) of the application are respectfully requested.

## REQUEST FOR INTERVIEW

If any issue remains as an impediment to allowance, an interview with the Examiner, the Primary Examiner, and their supervisor, and their Group Director if necessary, is respectfully requested, prior to issuance of any paper other than a Notice of Allowance; and, the Examiner is respectfully requested to contact the undersigned to arrange a mutually convenient time and manner for such an interview.

5

00025391

INT0021990

PATENT
454313.2180

## CONCLUSION

In view of the amendments and remarks herewith, the application is in condition for allowance.

As this Amendment is being filed within the term set by the Office Action, no fee is believed to be due. In the event that any fee is occasioned by this paper, the fee may be charged or overpayment credited to, Deposit Account No. 50-0320.

Favorable reconsideration of the application and prompt issuance of a Notice of Allowance, or an interview at a very early date with supervisory review if necessary, with a view to placing the application in condition for allowance, are earnestly solicited. The undersigned looks forward to hearing favorably from the Examiner at an early date.

Respectfully submitted,

FROMMER LAWRENCE & HAUG LLP

By: *Thomas J. Kowalski*

THOMAS J. KOWALSKI
Reg. No. 32,147
SAMUEL H. MEGERDITCHIAN
Reg. No. 45,678
Tel (212) 588-0800
Fax (212) 588-0500

6

00025391

INT0021991

SEP-26-01 WED 11:58 AM                    FAX NO.                    P. 01

---

# FROMMER LAWRENCE & HAUG LLP

### 745 Fifth Avenue
### New York, New York 10151
### Telephone: (212) 588-0800
### Facsimile: (212) 588-0500
### E-mail: Firm@flhlaw.com

GROUP 1600

FAX RECEIVED
SEP 27 2001

## FACSIMILE COVER LETTER

| | |
|---|---|
| **To:** | Shannon Foley |
| **Firm:** | United States Patent and Trademark Office |
| **Facsimile No.:** | 703 308 4426 |
| **From:** | Thomas J. Kowalski |
| **Date:** | 09/26/01 |
| **Re:** | U.S. Application Serial No. 09/082,558 |
| **No. of Pages:** (including cover page) | 8 |

If you do not receive all pages or are unable to read the transmission, please call and ask for Angela Nigro (Ext. 2198).

**CONFIDENTIALITY NOTICE**

The documents accompanying this transmission contain confidential information intended for a specific individual and purpose. The information is private, and is legally protected by law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this facsimile is strictly prohibited.

00030020

INT0021992



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:    COMMISSIONER OF PATENTS AND TRADEMARKS
            Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 09/082,558 | 05/21/98 | ALLAN                          G | 454313-2180 |

| | EXAMINER |
|---|---|
| 020999 | FOLEY, S |
| FROMMER LAWRENCE & HAUG    HM22/1010 | |
| 745 FIFTH AVENUE- 10TH FL. | |
| NEW YORK NY 10151 | |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1648 | 28 |

DATE MAILED:        10/10/01

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/95)

*U.S. GPO: 2000-473-000/44602

1- File Copy

INT0021993

Continuation of 5. With respect to claim 91, the isolated PCV nucleic acid sequence of Tischer et al. is anticipitory since 44 and 42 nucleotides, respectively, share 100% sequence identity with that which is instantly taught. See figures 5b and 5c of Allan et al. (US Patent 6,217,883). It is additionally noted that an epitope is considered to possess approximately 9 amino acids.

Continuation of 10. Please note the 892 attachment and the reference accompanying this action. It is noted in applicant's response in the first sentence under the status of claims section on page 3 that applicant states that claim 99 is pending. Misnumbered claims 92-99 were renumbered 91-98 in the previous Office action (paper no. 26). Therefore, claim 99 does not exist and is not pending. The Examiner would just like to make sure that applicant has made note of the change.

2

INT0021994

| *Advisory Action* | Application No. | Applicant(s) |
| --- | --- | --- |
| | 09/082,558 | ALLAN ET AL. |
| | Examiner | Art Unit | |
| | Shanon A. Foley | 1648 | |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

THE REPLY FILED 26 September 2001  FAILS TO PLACE THIS APPLICATION IN CONDITION FOR ALLOWANCE. Therefore, further action by the applicant is required to avoid abandonment of this application.  A proper reply to a final rejection under 37 CFR 1.113 may <u>only</u> be either: (1) a timely filed amendment which places the application in condition for allowance; (2) a timely filed Notice of Appeal (with appeal fee); or (3) a timely filed Request for Continued Examination (RCE) in compliance with 37 CFR 1.114.

<u>PERIOD FOR REPLY</u> [check either a) or b)]

  a) ☐  The period for reply expires _____months from the mailing date of the final rejection.

  b) ☒  The period for reply expires on: (1) the mailing date of this Advisory Action, or (2) the date set forth in the final rejection, whichever is later.  In no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of the final rejection. ONLY CHECK THIS BOX WHEN THE FIRST REPLY WAS FILED WITHIN TWO MONTHS OF THE FINAL REJECTION.  See MPEP 706.07(f).

Extensions of time may be obtained under 37 CFR 1.136(a).  The date on which the petition under 37 CFR 1.136(a) and the appropriate extension fee have been filed is the date for purposes of determining the period of extension and the corresponding amount of the fee.  The appropriate extension fee under 37 CFR 1.17(a) is calculated from: (1) the expiration date of the shortened statutory period for reply originally set in the final Office action; or (2) as set forth in (b) above, if checked.  Any reply received by the Office later than three months after the mailing date of the final rejection, even if timely filed, may reduce any earned patent term adjustment.  See 37 CFR 1.704(b).

1. ☐  A Notice of Appeal was filed on _____.  Appellant's Brief must be filed within the period set forth in 37 CFR 1.192(a), or any extension thereof (37 CFR 1.191(d)), to avoid dismissal of the appeal.

2. ☐  The proposed amendment(s) will not be entered because:

    (a) ☐  they raise new issues that would require further consideration and/or search (see NOTE below);

    (b) ☐  they raise the issue of new matter (see Note below);

    (c) ☐  they are not deemed to place the application in better form for appeal by materially reducing or simplifying  the issues for appeal; and/or

    (d) ☐  they present additional claims without canceling a corresponding number of finally rejected claims.

        NOTE: _____.

3. ☐  Applicant's reply has overcome the following rejection(s): _____.

4. ☐  Newly proposed or amended claim(s) _____ would be allowable if submitted in a separate, timely filed amendment canceling the non-allowable claim(s).

5. ☒  The a)☐ affidavit, b)☐ exhibit, or c)☒ request for reconsideration has been considered but does NOT place the application in condition for allowance because: <u>See Continuation Sheet</u>.

6. ☐  The affidavit or exhibit will NOT be considered because it is not directed SOLELY to issues which were newly raised by the Examiner in the final rejection.

7. ☒  For purposes of Appeal, the proposed amendment(s) a)☐ will not be entered or b)☒ will be entered and an explanation of how the new or amended claims would be rejected is provided below or appended.

    The status of the claim(s) is (or will be) as follows:

    Claim(s) allowed: <u>38-59,61-65 and 87-90</u>.

    Claim(s) objected to: _____.

    Claim(s) rejected: <u>91 and 93-95</u>.

    Claim(s) withdrawn from consideration: _____.

8. ☐  The proposed drawing correction filed on _____ is a)☐ approved or b)☐ disapproved by the Examiner.

9. ☐  Note the attached Information Disclosure Statement(s)( PTO-1449) Paper No(s). _____.

10. ☒  Other: <u>See Continuation sheet.</u>

LAURIE SCHEINER
PRIMARY EXAMINER

INT0021995

| | | | | | |
|---|---|---|---|---|---|
| **Notice of References Cited** | | Application/Control No.<br>09/082,558 | | Applicant(s)/Patent Under Reexamination<br>ALLAN ET AL. | |
| | | Examiner<br>Shanon A. Foley | | Art Unit<br>1648 | Page 1 of 1 |

### U.S. PATENT DOCUMENTS

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | Classification | |
|---|---|---|---|---|---|---|
| | A | US-6,217,883 | 04-2001 | Allan et al. | 424 | 201.1 |
| | B | US- | | | | |
| | C | US- | | | | |
| | D | US- | | | | |
| | E | US- | | | | |
| | F | US- | | | | |
| | G | US- | | | | |
| | H | US- | | | | |
| | I | US- | | | | |
| | J | US- | | | | |
| | K | US- | | | | |
| | L | US- | | | | |
| | M | US- | | | | |

### FOREIGN PATENT DOCUMENTS

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

### NON-PATENT DOCUMENTS

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                    **Notice of References Cited**                    Part of Paper No. 28

INT0021996

PATENT
454313-2186

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant(s):  Allan et al.

Serial No.:  09/082,558

For:  NEW PORCINE CIRCOVIRUSES, VACCINES AND DIAGNOSTIC REAGENTS

Filed:  May 21, 1998

Examiner:  Shanon A. Foley

Art Unit:  1631

745 Fifth Avenue, New York, NY 10151
*EXPEDITED PROCEDURE*
*RESPONSE AFTER FINAL*
*UNDER 37 C.F.R. § 1.116*

#### FACSIMILE

I hereby certify that this paper is being facsimile transmitted
to the Patent and Trademark Office on the date shown below.

Thomas J. Kowalski, Reg. No. 32,147

Type or print name of person signing certification

Signature

October 19, 2001

Date of Signature

### SECOND AMENDMENT AFTER FINAL ACTION
### WITH REQUESTS FOR EXTENSION OF TIME AND INTERVIEW

Commissioner for Patents
Washington, D.C. 20231
*BOX AF*
Dear Sir:

This is in further response to the July 5, 2001 Final Office Action, with an Amendment After Final Action facsimile-filed September 26, 2001 and entered (according to the October 10, 2001 Advisory Action), and with the term for reply to the July 5, 2001 Final Office Action herein extended one month; and, this is in reply to the matters discussed with the Examiner on October 17, 2001, for which she is thanked for the courtesies extended, and this is also responsive to the October 10, 2001 Advisory Action. Any fee occasioned by this paper may be charged, or overpayment credited to, Deposit Account No. 50-0320.

#### REQUEST FOR EXTENSION OF TIME

Pursuant to 37 C.F.R. §§1.136(a) and 1.17(a), and any other Rules, it is hereby requested that the term for reply to the July 5, 2001 Final Office Action be extended one (1) month, i.e., to up to and including November 5, 2001; and, the Commissioner is hereby authorized to charge the fee therefor or credit any overpayment in fees to Deposit Account No. 50-0320.

1

00033564

10/22/2001 CTHOMAS2 00000003 500320 09082558

01 FC:115    110.00 CH

INT0022026

PATENT
454313-2186

## AMENDMENT

Kindly amend the application, without prejudice, without admission, without surrender of subject matter, and without any intention of creating any estoppel as to equivalents as follows:

### IN THE CLAIMS:

Please amend claim 91 without prejudice, without admission, without surrender of subject matter and without any intention of creating any estoppel as to equivalents, to read as follows (and as shown in the accompanying Appendix that provides a marked up version of claim 91 to show the changes made):

91.    (Twice Amended)    An isolated DNA molecule comprising a nucleotide sequence encoding an epitope which is specific to PCV-2 and not specific to PCV-1.

2

00033964

PATENT
454313-2186

## REMARKS

Reconsideration and withdrawal of the rejections of and/or objections to the application are respectfully requested in view of the amendments and remarks herewith, and the matters discussed with the Examiner on October 17, 2001, for which she is thanked for the courtesies extended, placing the application in condition for allowance.

The Examiner is thanked for indicating that claims 38-59, 61-65 and 87-90 are allowed; and, for telephonically indicating that this paper will place claims 91 and 93-95 into condition for allowance, and ergo the application in condition for allowance.

Claim 91 is amended only for clarity and there is no change in its scope. Simply, the term "specific to PCV-2" is clarified; and, there is no change in the scope of claim 91 by the herewith amendment.

The herewith amendment to claim 91 is based on the application and claims as originally filed, for instance, the specification at page 2, 2nd full paragraph; page 3, 1st full paragraph; page 6, 4th, 5th and 6th paragraphs, e.g., sequences that "belong to group II"; page 9, 1st paragraph, e.g., "select fragments ... exhibiting little or no homology with the corresponding PK/15 circovirus"; pages 11-12, paragraph spanning these pages; and page 12, 1st, 2nd paragraph.

Thus, no new matter is added by the herewith amendment; and, it is also clear from the foregoing citations that the amendment herewith is merely to clarify the phrase "specific to PCV-2" and is not meant to limit or narrow claim 91.

Accordingly, it is submitted that the claims, herewith and as originally presented, are patentably distinct over the prior art cited by the Examiner, and that these claims are in full compliance with the requirements of 35 U.S.C. §112. The amendment of the claims, as presented herein, is not made for purposes of patentability within the meaning of 35 U.S.C. §§ 101, 102, 103 or 112. Rather, these amendments are made simply for clarification and to round out the scope of protection to which Applicants are entitled.

Furthermore, it is explicitly stated that the herewith amendment should not give rise to any estoppel, as the herewith amendment is not a narrowing amendment.

In view of the foregoing, the application is in condition for allowance, as discussed with the Examiner.

Consequently, reconsideration and withdrawal of the rejections of and/or objections to the application are respectfully requested.

00033764

INT0022028

PATENT
454313-2186

If any issue remains as an impediment to allowance, another interview with the Examiner is respectfully requested, prior to issuance of any paper other than a Notice of Allowance; and, the Examiner is respectfully requested to contact the undersigned to arrange a mutually convenient time and manner for such an interview.  And again, the Examiner is thanked for the courtesies extended during the October 17, 2001 telephonic interview.

Favorable reconsideration of the application and prompt issuance of a Notice of Allowance, or an interview at a very early date, with a view to placing the application in condition for allowance, are earnestly solicited.  Thus, the undersigned looks forward to hearing favorably from the Examiner at an early date.

Respectfully submitted,

FROMMER LAWRENCE & HAUG LLP
Attorneys for Applicants

By:

THOMAS J. KOWALSKI
Reg. No. 32,147
Tel (212) 588-0800
Fax (212) 588 0500

4

INT0022029

PATENT
454313-2180

## APPENDIX: VERSION WITH MARKINGS TO SHOW CHANGES MADE IN THE CLAIMS:

Please amend claim 91 without prejudice, without admission, without surrender of subject matter and without any intention of creating any estoppel as to equivalents, to read as follows:

91.    (Twice Amended)    An isolated DNA molecule comprising a nucleotide sequence encoding an epitope which is specific to PCV-2 and not specific to PCV-1.

5

00033054

INT0022030

# FROMMER LAWRENCE & HAUG LLP

**745 Fifth Avenue**
**New York, New York 10151**
**Telephone: (212) 588-0800**
**Facsimile: (212) 588-0500**
**E-mail: Firm@flhlaw.com**

## FACSIMILE COVER LETTER

| | |
|---|---|
| **To:** | EXAMINER SHANON A. FOLEY |
| **Firm:** | PTO |
| **Facsimile No.:** | 703-308-4426 |
| **From:** | Thomas J. Kowalski |
| **Date:** | October 19, 2001 |
| **Re:** | USSN 09/082,558 |
| | **OUR REF:** 4544313-2180 |
| **No. of Pages:** | 6 |

*(including cover page)*

If you do not receive all pages or are unable to read the transmission, please call and ask for **SUSAN LEE** (Ext. **2012**).

**CONFIDENTIALITY NOTICE**

The documents accompanying this transmission contain confidential information intended for a specific individual and purpose. The information is private, and is legally protected by law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this facsimile is strictly prohibited.

Document2

INT0022031