IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:06-cv-00658(HHK/JMF) |
| ) | |
| v. ) | |
| ) | |
| MERIAL LIMITED AND MERIAL SAS, ) | |
| ) | |
| Defendants. ) | |

### INTERVET'S MOTION TO ENLARGE THE NUMBER OF DEPOSITIONS TO EIGHTEEN

Pursuant to Federal Rule 30(a)(2)(A), Plaintiff Intervet Inc. ("Intervet") hereby requests that the Court enlarge the number of fact depositions permitted in the above-captioned matter from the currently allotted fifteen to eighteen. As set forth in the accompanying memorandum, Intervet's motion complies with the principles outlined in Rule 26(b)(2) and should therefore be granted. On March 28, 2008, Merial Limited and Merial SAS ("Merial") supplemented its Rule 26 disclosures. For the first time, Merial disclosed three individuals and two third-party corporate entities that had not been identified during almost two years of discovery. Because of the timing of this disclosure, Intervet has not had the opportunity to obtain discovery from the newly-identified Merial employees and corporate entities. Merial has indicated that it will oppose any attempt by Intervet to exceed the current limit of fifteen depositions. In light of Merial's unwillingness to grant Intervet additional depositions, Intervet is prejudiced by Merial's

eleventh-hour disclosure.  Accordingly, Intervet respectfully requests that the Court enlarge the number of permitted depositions to eighteen.

As required under LCvR 7(m), the parties have met and conferred regarding this matter, and Merial has indicated that it will oppose this motion.

Dated: April 22, 2008                           /s/  Yariv Waks
KENYON & KENYON LLP
John R. Hutchins (DC Bar No. 456749)
William G. James (DC Bar No. 503162)
Yariv Waks (DC Bar No. 491729)
1500 K Street, N.W., Suite 700
Washington, DC 20005
Phone: 202-220-4200
Fax: 202-220-4201

Richard L. DeLucia
Michael D. Loughnane
Patrice P. Jean, Ph.D. (DC Bar No. 482968)
Kenyon & Kenyon LLP
One Broadway
New York, NY 10004

*Counsel for Intervet Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| INTERVET INC., | ) |
| Plaintiff, | ) ) ) Civil Action No. 1:06-cv-00658(HHK/JMF) |
| v. | ) ) |
| MERIAL LIMITED AND MERIAL SAS, | ) ) |
| Defendants. | ) ) |

# MEMORANDUM OF LAW IN SUPPORT OF INTERVET'S MOTION TO ENLARGE THE NUMBER OF DEPOSITIONS TO EIGHTEEN

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................... 1

BACKGROUND ............................................................................................................................. 2

ARGUMENT .................................................................................................................................. 3

CONCLUSION ................................................................................................................................ 6

## TABLE OF AUTHORITIES

**Cases**

*Gross v. Bare Escentuals, Inc.*, No. 03 Civ. 3089 (RLC), 2006 U.S. Dist. LEXIS 79320 (S.D.N.Y. Oct. 30, 2006) .................................................................................................. 4, 5

*Official Comm. of Unsecured Creditors of Hechinger Inv. Co. of Del., Inc. v. Friedman (In re Friedman)*, 350 F.3d 65 (2d Cir. 2003) .................................................................................. 5

**Rules**

Fed. R. Civ. P. 26(b)(2) ................................................................................................................... 4

Fed. R. Civ. P. 26(b)(2)(C) .............................................................................................................. 5

Fed. R. Civ. P. 30(a)(2) .................................................................................................................... 3

**INTRODUCTION**

Intervet Inc. ("Intervet") filed the present action against Merial Limited and Merial SAS ("Merial") seeking a declaratory judgment that Intervet's porcine circovirus vaccine does not infringe the asserted claims of U.S. Patent No. 6,368,601 (the "'601 patent"), and that the asserted claims of the '601 patent are invalid and unenforceable. Pursuant to Fed. R. Civ. P. 30(a)(2)(A) and by agreement of the parties, each side is currently permitted to take up to fifteen fact depositions in this matter. (D.I. 24.) In its initial Rule 26 disclosures, Merial identified fourteen Merial-affiliated individuals with knowledge of facts relevant to this case. Discovery has been ongoing for nearly two years, yet on March 28, 2008, just two weeks before the then-scheduled close of fact discovery (now extended to May 23, 2008), Merial supplemented its Rule 26 disclosures to add three Merial employees and two third-party corporate entities as having information relevant to this case, and who may appear at trial to testify.

Based in part on Merial's initial disclosures, however, Intervet has already taken twelve depositions, and allotted its remaining three days of deposition time to covering numerous pending topics directed at Merial as a corporate entity under Rule 30(b)(6). Intervet still intends (and needs) to devote its remaining three days to cover the outstanding 30(b)(6) topics in this case, and therefore is unable to complete discovery of Merial's three newly identified fact witnesses without exceeding the limit of fifteen depositions.[1] Despite Merial's belated supplementation of its Rule 26 disclosures, Merial has stated that it will oppose any attempt by Intervet to exceed fifteen depositions. In light of Merial's unreasonable refusal to grant Intervet three additional depositions, Intervet is prejudiced by Merial's eleventh-hour disclosure. Intervet

---

[1] With respect to third parties Boehringer Ingelheim and Wyeth, also included in Merial's recently supplemented Rule 26 disclosures, Intervet is pursuing discovery of these parties through third-party subpoenas that do not count against Intervet's allotment of 15 depositions.

1

therefore respectfully requests that the Court enlarge the number of permitted depositions by three, to eighteen, so that Intervet can depose Merial's newly identified fact witnesses. As a matter of fairness, Merial should not be allowed to sandbag Intervet by adding these individuals and parties as a last minute afterthought and then preclude Intervet from the opportunity to take discovery.

**BACKGROUND**

On July 20, 2006, the parties filed a report pursuant to LCvR 16.3(d) that, among other things, memorialized the parties' agreement to permit each side to take up to fifteen depositions of fact witnesses. (D.I. 24.) Shortly after this filing, the Court ordered that discovery would end on August 24, 2007. (D.I. 35.) Since this original order, the parties have jointly agreed to further extensions of the discovery schedule, and fact discovery is currently scheduled to close on May 23, 2008. (*See* Minute Orders of 8/22/07, 10/25/07, 12/13/07, 2/2/08 and 4/8/08.)

At present, Intervet has taken twelve of its allotted fifteen depositions.[2] The majority of these depositions—nine in total—were used for named inventors of the '601 patent.[3] Three additional depositions were used to depose individuals that Merial has indicated in its initial Rule 26 disclosures have knowledge relevant to the issues of this case. Intervet intends to use its remaining three days of deposition time to complete corporate discovery of Merial pursuant to Rule 30(b)(6).

---

[2] In recent correspondence, Merial indicated that it believed that Intervet has already used thirteen of its allotted depositions. (Ex. G: Letter dated 4/15/2008 from Patrick Elsevier to Yariv Waks.) ("Ex. __" refers to the exhibits attached to the Declaration of Christopher Nodes filed along with and in support of this motion.) This representation is erroneous.

[3] One of the named inventors of the '601 patent, Gilles Chappuis, a resident of France, has not been willing to come to the U.S. for a deposition in this matter.

2

On March 28, 2008, just two weeks before the then-scheduled April 11, 2008 end of fact discovery, Merial supplemented its Rule 26 disclosures. In supplementing its disclosures for the first time, after almost two years and four extensions of fact discovery, Merial added three additional Merial employees (Noel Janney, Amanda Parrish, and Leszlie Woodyard) said to have information relevant to the case, in particular, information relevant to the testing of Intervet's product. (Ex. A: Defendants Merial Limited and Merial SAS' Supplemental Rule 26(a)(1) Disclosures.) Yet, because of the timing of Merial's supplemental Rule 26 disclosure, Intervet will not have the opportunity to obtain discovery from the newly-identified Merial employees under the current allotment of depositions.

Following Merial's supplementation, Intervet expressed its concerns to Merial about the late disclosures and sought an agreement with Merial that would allow Intervet to depose the newly-added individuals.[4] On April 8, 2008, Merial informed Intervet that "it would likely oppose any request by Intervet to exceed the 15 deposition limit." (Ex. F.) Thus, Intervet and Merial have been unable to resolve this matter without the Court's assistance.

**ARGUMENT**

Regarding the taking of depositions, Rule 30(a)(2) provides that "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 30(a)(2). Courts generally grant such a request if it is "consistent with the principles

---

[4] Alternatively, Intervet requested that Merial provide assurances that these newly identified individuals would not testify at trial. Merial would not provide such assurances. *See generally* Ex. B: Letter dated 4/1/2008 from Yariv Waks to Frank Smith; Ex. C: Letter dated 4/3/2008 from Yariv Waks to Frank Smith; Ex. D: Letter dated 4/6/2008 from Frank Smith to Yariv Waks; Ex. E: Email dated 4/7/2008 from Yariv Waks to Frank Smith and Patrick Elsevier; and Ex. F: Email dated 4/8/2008 from Patrick Elsevier to Yariv Waks.

3

stated in Rule 26(b)(2)." *See, e.g., Gross v. Bare Escentuals, Inc.*, No. 03 Civ. 3089 (RLC), 2006 U.S. Dist. LEXIS 79320, at *4 n.3 (S.D.N.Y. Oct. 30, 2006).

>Rule 26(b)(2) provides, in pertinent part:
>
>(2) *Limitations on Frequency and Extent*.
>
>(A) *When Permitted*. By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36.
>
>\*          \*          \*
>
>(C) *When Required*. On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
>(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
>(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
>(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2). Intervet's request to enlarge the number of depositions to eighteen accords with Rule 26(b)(2).

The discovery that Intervet seeks is not cumulative and it cannot be obtained from another source. The information possessed by these three Merial employees is uniquely within the purview and control of Merial. Further, Intervet has not had the opportunity to obtain discovery from Merial's belatedly-added Rule 26 additions. Indeed, Intervet was unaware that Merial might potentially call them to testify at trial until they recently appeared in Merial's Rule 26 supplement.

Additionally, the burden and expense of the proposed discovery do not outweigh the potential benefit. The "importance of the discovery" related to these three newly identified

4

individuals cannot be understated.  In its supplemental Rule 26 disclosures, Merial indicated that these recently identified employees possess discoverable information related to "Merial's testing of the accused products."  (Ex. A.)  This information is crucial to the instant case because it is directly relevant to primary issues in this case—whether Intervet's accused product infringes the claims of the patent in suit and Merial's basis for such an assertion.  Information regarding Merial's testing of Intervet's product is potentially of vital importance, and Merial's refusal to allow Intervet to completely explore the facts and circumstances surrounding such testing is highly prejudicial to Intervet.  This information is not available through other avenues; the sought-after discovery consists of the facts, circumstances, understanding and conclusions of Merial employees engaged to test Intervet's product.  Any potential burden that Merial might raise regarding these three additional depositions is far outweighed by the potential importance of the discovery sought.  In addition, the cost of these three additional depositions is minimal when compared to the damages (not to mention injunction) that Merial is seeking in this action.  Accordingly, Intervet's request is "consistent with the principles stated in Rule 26(b)(2)."  *See Bare Escentuals, Inc.*, 2006 U.S. Dist. LEXIS 79320, at *4 n.3.  Fed. R. Civ. P. 26(b)(2)(C).

In light of the addition of these three employees, enlarging the deposition allotment by three, from fifteen to eighteen, is entirely reasonable—especially considering the complexity of the issues relevant to this case.  Indeed, requests such as Intervet's are generally granted unless "the facts and circumstances are such that it creates an inappropriate burden or hardship." *Official Comm. of Unsecured Creditors of Hechinger Inv. Co. of Del., Inc. v. Friedman (In re Friedman)*, 350 F.3d 65, 70 (2d Cir. 2003).  Here, there is simply no reasonable argument that Intervet's request creates an inappropriate burden or hardship.  Furthermore, any alleged burden is of Merial's own making, as it chose—for reasons known only to Merial—to withhold

5

identification of these three new individuals until the eve of the close of discovery. Whatever the reason for Merial's last minute additions, Merial should not be allowed to call the late-added individuals and entities to testify at trial if Intervet is precluded from taking discovery of them.

**CONCLUSION**

As set forth herein, Intervet's request for three additional depositions comports with Rule 26(b)(2) and basic notions of fairness. Accordingly, Intervet respectfully requests that its motion be granted.

Dated: April 22, 2008                           /s/  Yariv Waks
                                                KENYON & KENYON LLP
                                                John R. Hutchins (DC Bar No. 456749)
                                                William G. James (DC Bar No. 503162)
                                                Yariv Waks (DC Bar No. 491729)
                                                1500 K Street, N.W., Suite 700
                                                Washington, DC 20005
                                                Phone: 202-220-4200
                                                Fax: 202-220-4201

                                                Richard L. DeLucia
                                                Michael D. Loughnane
                                                Patrice P. Jean, Ph.D. (DC Bar No. 482968)
                                                Kenyon & Kenyon LLP
                                                One Broadway
                                                New York, NY 10004

                                                *Counsel for Intervet Inc.*

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>MERIAL LIMITED and MERIAL SAS,<br><br>*Defendants.* | Civil Action No. 1:06-cv-00658(HHK-JMF) |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of April, 2008, I electronically filed *Intervet's Motion To Enlarge the Number of Depositions to Eighteen,* Intervet's memorandum in support thereof, and the Declaration of Christopher Nodes (and attached exhibits) in support thereof with the Clerk of the Court in the CM/ECF system which will automatically e-mail notice of this filing to the following attorneys of record:

Judy Jarecki-Black, Ph.D.
MERIAL LIMITED
3239 Satellite Blvd.
Duluth, GA 30096-4640
Tel: (678) 638-3805
Fax: (678) 638-3350

Thomas J. Kowalski, Esq.
Vicki Franks, Esq.
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue, NY 10151
Tel: (212) 588-0800
Fax: (212) 588-0500

Timothy A. Ngau, Esq.
ALSTON & BIRD LLP
950 F. Street, NW
Washington, DC 20004
Tel: (202) 756-3300
Fax: (202) 756-3333

Patrick J. Elsevier, Ph.D.
Kristen Melton, Esq.
Frank G. Smith III, Esq.
Jessica Jacob, Esq.
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Tel: (404) 881-7000
Fax: (404) 881-7777

_____
Edith Meyers
Kenyon & Kenyon LLP
1500 K Street, NW
Washington, DC 20005-1257
(202) 220-4200