# Exhibit E

Case 1:06-cv-00658-HHK-JMF    Document 142-7    Filed 04/22/2008    Page 1 of 3

**From:** Waks, Yariv
**Sent:** Monday, April 07, 2008 6:26 PM
**To:** Smith, Frank; 'Elsevier, Patrick'
**Cc:** Loughnane, Michael; James, William
**Subject:** Intervet v. Merial

Frank and Patrick,

We write to summarize last week's meet and confer regarding discovery issues. Here are the positions of the parties:

**Fact discovery extension**

Both parties agreed that an extension to the fact discovery deadline was in order, and a joint motion was filed earlier today.

**Merial's responses to Intervet's discovery issues**

1) In Merial's March 28, 2008, supplemental Rule 26 disclosures, Merial identified representatives from Wyeth, Ft. Dodge and Boehringer Ingelheim as potential witnesses for Merial at trial. Merial stated that they will not, however, assist in obtaining the voluntary appearance of these third party individuals who will testify for deposition in this matter.
2) In Merial's March 28, 2008, supplemental Rule 26 disclosures, Merial identified three additional Merial employees – Woodyard, Parrish and Janney – as potential witnesses. Merial would not assure Intervet these individuals would not be called to testify at trial or that their test work would not otherwise be relied upon.
3) Merial will oppose any request by Intervet to depose more than the 15 allotted depositions in order to depose the individuals that Merial added to its March 28 supplemental Rule 26 disclosures.
4) Merial will not be providing Dr. Milward for any additional time on the 30(b)(6) topics for which he had been designated, unless Intervet provides Ms. Drexler for a deposition and Dr. Hesse for additional deposition time.
5) Merial will provide Mr. Kowalski for an additional 3.5 hours of deposition time to testify on Intervet 30(b)(6) topics 2, 7 and 38.
6) Merial will not be designating a witness with respect to Intervet's March 5 30(b)(6) notice. Instead, Merial has chosen to respond to interrogatories that it has characterized as encompassing the 30(b)(6) topics. Intervet disagrees with Merial's unilateral action.

**Intervet's responses to Merial's discovery issues**

1) Intervet expressed its belief that Merial's February 11 supplemental 30(b)(6) notice is unduly burdensome, and noted that Merial is demanding a witness on these topics while at the same time refusing to designate a witness with respect to Intervet's March 5 supplemental 30(b)(6) notice. Nevertheless, we are working with our client to see whether the company has any knowledge relevant to the documents identified in Merial's 30(b)(6) topic.
2) Intervet will be responding shortly to Ms. Jacob's 3/25 letter.
3) Intervet is working to provide dates for the depositions of Mr. Layfield and Ms. Smarte. Intervet understands that Merial wants any documents Intervet produces in response to Ms. Jacob's 3/25 letter prior to these depositions.

4/8/2008

Best regards,

Reeve

**Yariv Waks**
**Kenyon & Kenyon LLP**
1500 K Street, NW | Washington, DC 20005-1257
202.220.4322 Phone | 202.220.4201 Fax
ywaks@kenyon.com | www.kenyon.com

---

This message, including any attachments, may contain confidential, attorney-client privileged, attorney work product, or business confidential information, and is only for the use of the intended recipient(s). Any review, use or distribution by others is prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

4/8/2008