# Exhibit G

# ALSTON&BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424

404-881-7000
Fax: 404-881-7777
www.alston.com

J. Patrick Elsevier                  Direct Dial: 404-881-7683              E-mail: patrick.elsevier@alston.com

April 15, 2008

*VIA Electronic Mail*

Mr. Yariv Waks
Kenyon & Kenyon LLP
1500 K Street, NW
Washington, DC 20005-1257

      Re:    *Intervet v. Merial, et al.,* Civil Action No. 1:06-cv-00658 (HHK-JMF)
              United States District Court for the District of Columbia

Dear Reeve:

      I write in response to your April 11, 2008 letter requesting dates for the continuation of the deposition of Tom Kowalski as well as dates for the deposition of Noel Janney, Amanda Parrish, and Lezlie Woodyard. Your letter ignores the substance of the call that we had with you on Thursday, April 3rd, as well as the parties' subsequent communications on the issues that were discussed on that call. *See, e.g.*, my email to you dated April 4, 2008. In particular, there are a number of outstanding issues that need to be resolved before we can respond to the request in your April 11th letter, including the following:

    1. **Intervet's attempt to improperly exceed the deposition limits in this case.** As you know, the number of depositions that a party may take in this case is limited to fifteen. Intervet has already taken thirteen depositions. Accordingly, Intervet is only permitted two more depositions. In addition to the above witnesses, Intervet has also indicated its desire to take other depositions. Because, absent court order, Intervet is not permitted to exceed the deposition limits in this case, please specify, as we previously requested, which two witnesses Intervet wishes to take, before we look into scheduling such depositions.

    2. **Intervet's Request for Additional Deposition Time with Mr. Kowalski.** Intervet is not entitled to any more time with Mr. Kowalski under the Federal and Local Rules. However, as previously stated, Merial, as a compromise and providing that Intervet does not move for further time, has stated that it would agree to make Mr. Kowalski available for 3.5 more

April 15, 2008
Page 2

>  hours of deposition time to testify solely on 30(b)(6) topics 2, 7 and 38. Please let us know if Intervet agrees to this compromise proposal.

3. **Intervet's Failure to Provide Dates for the Depositions of Mr. Layfield and Ms. Smarte.** Despite our prior requests, Intervet has failed to provide dates for the depositions of Mr. Layfield and Ms. Smarte. Nor has Intervet provided us with an estimate of when Intervet plans to produce the documents identified in Ms. Jacob's letter, even though Merial made clear that it needed, and Intervet agreed to provide, these documents sufficiently in advance of the depositions of Mr. Layfield and Ms. Smarte. As you know, unlike Intervet, Merial is not approaching the fifteen deposition limit, and we requested dates for these witnesses well before Intervet asked for dates for the additional witnesses it is requesting. Accordingly, we need for you to provide us with dates for these witnesses as well as the requested documents without delay.

4. **Intervet's Failure to Reimburse Merial for Intervet's Share of the Brian Meehan's Deposition Expenses.** Intervet has yet to reimburse Merial in the amount of $8,795.85, Intervet's share of the travel and related expenses for Brian Meehan's trip to the U.S. for the deposition that Intervet took of him. As you know, Intervet took Dr. Meehan's deposition on October 17, 2007 and we first wrote to you on November 14, 2007 requesting reimbursement for Intervet's share of his expenses pursuant to the parties' agreement. Despite your subsequent assurances that Intervet would pay for its share, Merial has yet to receive such payment. Please let us know when we will receive this payment.

We look forward to hearing from you.

Sincerely,

J. Patrick Elsevier

cc:   All counsel of record via email

LEGAL02/30774956v1