UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET INC.,<br><br>  *Plaintiff*,<br><br>  v.<br><br>MERIAL LIMITED and MERIAL SAS,<br><br>  *Defendants.* | Civil Action No. 1:06-cv-00658 (HHK/JMF) |

**PLAINTIFF INTERVET'S MEMORANDUM IN OPPOSITION TO MERIAL LIMITED AND MERIAL SAS' MOTION TO COMPEL DESIGNATION OF 30(b)(6) DEPONENT**

Plaintiff Intervet Inc. ("Intervet") hereby submits this memorandum in opposition to Defendants Merial Limited's and Merial SAS's (collectively "Merial") *Motion To Compel Designation of 30(b)(6) Deponent* ("Motion"). (D.I. 140.) Merial's motion is premature and unnecessary, and should be denied in its entirety.

## TABLE OF CONTENTS

                                                                                                                                       **Page**

INTRODUCTION ................................................................................................................. 1

STATEMENT OF FACTS .................................................................................................... 1

ARGUMENT ......................................................................................................................... 2

        I.        Merial's Motion Is Premature and Should Be Rejected Because Intervet
                    Has Never Refused to Provide a 30(b)(6) Witness ............................................... 2

        II.       Intervet Is In the Process of Designating a Witness in Response to
                    Merial's Supplemental 30(b)(6) Notice ................................................................ 3

        III.      Intervet Has No Affirmative Duty to Contact Former Employees ........................ 4

        IV.      Merial's Request For Sanctions Is Specious ......................................................... 5

CONCLUSION ...................................................................................................................... 5

## TABLE OF AUTHORITIES

**Cases**

*Banks v. Office of the Senate Sergeant-at-Arms*, 241 F.R.D. 370 (D.D.C. 2007) ...................... 4, 5

*Berwind Prop. Group Inc. v. Envh. Mgmt. Group*, 233 F.R.D. 62 (D. Mass. 2005)...................... 4

*Cupp v. Edward D. Jones & Co. L.P.*, No. 06-CV-145-GKF-SAJ, 2007 U.S. Dist. LEXIS 23817
    (N.D. Okla. Mar. 29, 2007)................................................................................................ 5

*Dravo Corp. v. Liberty Mut. Ins. Co.*, 164 F.R.D. 70 (D. Neb. 1995)........................................... 5

*Myrdal v. District of Columbia*, No. 05-2351, 2008 WL 495606 (D.D.C. Feb. 25, 2008) ............ 3

*United States v. Mass. Indus. Fin. Agency*, 162 F.R.D. 410 (D. Mass. 1992)................................ 5

## INTRODUCTION

The two topics contained in Merial's supplemental 30(b)(6) notice of February 11, 2008 ("Merial's supplemental Rule 30(b)(6) notice") are burdensome and require an extensive investigation of highly technical minutiae—in many instances almost a decade old—related to numerous DNA sequences. While Intervet has objected numerous times to the vast breadth and overly burdensome nature of these topics, Intervet has never refused to provide a witness and has been diligently working to gather whatever information it has related to the subject. Accordingly, Merial's Motion should be rejected in its entirety.

## STATEMENT OF FACTS

While Merial paraphrases its supplemental 30(b)(6) notice in its Motion to make the topics contained therein appear less onerous (D.I. 140 at 3), a review of the entirety of this 30(b)(6) notice paints a far different picture:

> 32.     The facts and circumstances surrounding any sequence alignments conducted by you or on your behalf of any PCV sequences, whether DNA, RNA, or amino acid sequences, including, but not limited to, any sequence alignments of any sequences found in the Accused Product and/or used in the production of the Accused Product and/or any sequences of any PCV virus from which the Accused Product was derived with any published PCV sequences, including, but not limited to, any sequences disclosed in the '601 patent, including with respect to each such sequence alignment: (i) the identification of the person(s) who conducted the sequence alignment, (ii) the reasons why the sequence alignment was conducted, (iii) the identification of the sequences used in the alignment, (iv) the reasons for selecting the particular sequences for alignment, (v) the results of the sequence alignment, (vi) any conclusions reached as a result of the alignment, and (vii) the identification of all persons to whom the results of the alignment and/or conclusions reached as a result of the alignment were communicated. With respect to the subject matter of this topic, Intervet's representative should be prepared to testify regarding this topic with respect to at least the sequence alignments set forth in the following documents: INT0000618-INT0000621, INT0000750-INT0000758, INT0000776-INT0000789, INT0000794-INT0000796, INT0000922-INT0000925, INT0003633, INT0003634-INT0003635, INT0003636-INT0003637, INT0010089-INT0010092, INT0010207-INT0010208, INT0010209, INT0010210, INT0010211, INT0010505-INT0010509, INT0010505-INT0010512, INT0014367-INT0014369,

1

INT0014379-INT0014380, INT0014449-INT0014451, INT0014452-INT0014454, INT0014455-INT0014458, INT0014479-INT0014480, INT0014537-INT0014542, INT0014548-INT0014551, INT0014555-INT0014557, INT0014558-INT0014560, INT0014561-INT0014563, INT0014564-INT0014567, INT0044145-INT0044151, INT0055062-INT0055087, INT0056174-INT0056185, INT0063411-INT0063455, INT0063449-INT0063453, INT0063454-INT0063456, INT0066147-INT0066153, INT0066818-INT0066820, INT0066821-INT0066825, INT0066826-INT0066830.

33.     The authenticity of the documents listed in paragraph 32 above.

(Ex. A.)[1]

This notice seeks extensive, highly specific details related to over 200 pages of technical documents. Further, many of the documents contained in these topics are nearly a decade old and bear no indication of source or authorship, which makes uncovering the detailed information sought by Merial significantly more burdensome. Based in part on the clear overbreadth and undue burden imposed by these topics, Intervet objected to Merial's supplemental 30(b)(6) notice. (Ex. B.) Despite the undue burden imposed by Merial with respect to these topics, however, Intervet is in the process of gathering whatever information it has related to them. As soon as that process is completed, Intervet would be prepared to provide a witness to testify as to the corporate knowledge regarding these topics.

## ARGUMENT

**I.    Merial's Motion Is Premature and Should Be Rejected Because Intervet Has Never Refused to Provide a 30(b)(6) Witness**

Merial argues that "it is inappropriate for a corporation to refuse to designate a witness for a properly noticed Rule 30(b)(6) deposition." (D.I. 140 at 7.) Tellingly, however, Merial never once claims that Intervet has refused to designate a witness. Despite representations by Intervet to the contrary, Merial distorts Intervet's actions to make it appear as though Intervet has

---

[1] "Ex. __" refers to the declaration of Yariv Waks submitted herewith and in support of this opposition.

2

refused to respond. In fact, Intervet is in the process of working to collect the information it has available related to Merial's supplemental notice; the fact that the process is taking longer than Merial would prefer is not a proper basis for bothering the Court with a motion to compel.

Immediately after Merial filed this Motion, Intervet informed Merial that the Motion was premature and requested that Merial withdraw it so as not to further trouble the Court. (Ex. C.) Merial, however, refused Intervet's request. (Ex. D.) Intervet has subsequently reiterated its request and informed Merial that it will be designating a witness, but Merial has refused to withdraw its ill-timed motion. (Ex. E.) Merial's Motion is unnecessary because Intervet has never refused to—and, in fact, has specifically agreed to—provide Merial with the relief that it seeks from the Court. Intervet will be designating a witness in response to Merial's supplemental 30(b)(6) notice. Thus, the Court should deny Merial's Motion.

## II. Intervet Is In the Process of Designating a Witness in Response to Merial's Supplemental 30(b)(6) Notice

Intervet has been diligently working to gather the information that it currently has available to it related to Merial's topics. Given the obvious overbreadth and burdensome nature of Merial's supplemental topics, Intervet's need for time sufficient to fully investigate and collect information that it has available in order to adequately prepare a witness to testify is entirely understandable—as Intervet has made clear to Merial on a number of occasions. (Exs. C and E.)

Thus, Intervet is meeting its obligation under the Federal Rules as it is in the process of obtaining the information on these topics that is clearly known to the organization. *Myrdal v. District of Columbia*, No. 05-2351, 2008 WL 495606, at *2 (D.D.C. Feb. 25, 2008). This Court has held that, under Rule 30(b)(6), a corporation is required to uncover "what is reasonably known to the company," and that, with respect to this requirement, "[o]bviously a rule of reason applies." *Banks v. Office of the Senate Sergeant-at-Arms*, 241 F.R.D. 370, 373-75 (D.D.C. 2007)

3

(internal citation omitted). As indicated above, most of the documents identified in topic 32 of Merial's notice are old and they very likely involve work by employees that are no longer with Intervet . The process of collecting information that is reasonably known to Intervet with respect to these dated and highly technical documents, particularly to collect the amount of detail that Merial seeks, is a laborious and time-consuming one.

### III.     Intervet Has No Affirmative Duty to Contact Former Employees

Merial also argues that Intervet has an affirmative duty to contact Mr. Atchison, a former employee now employed by the United States Department of Agriculture, with respect to Merial's supplemental Rule 30(b)(6) notice. (D.I. 140 at 9-11.) Merial is wrong. First, this argument is largely a red herring because Mr. Atchison has already been deposed for a full day in this matter, and he provided his recollection with respect to a number of the documents listed by Merial. Not surprisingly, his recollection of documents created ten years ago was limited.[2] Second, Merial's interpretation of the cases on which it relies to support its argument that Intervet must contact former employees is incorrect. In particular, *Berwind Prop. Group Inc. v. Envh. Mgmt. Group*, 233 F.R.D. 62 (D. Mass. 2005), does not support Merial's argument. As another district court has specifically noted, in *Berwind* "the corporation **was not** required to contact its former employee in preparation of the Rule 30(b)(6) deposition." *Cupp v. Edward D. Jones & Co. L.P.*, No. 06-CV-145-GKF-SAJ, 2007 U.S. Dist. LEXIS 23817, at *4 (N.D. Okla. Mar. 29, 2007) (emphasis added). In another case that Merial cites, *Dravo Corp. v. Liberty Mut.*

---

[2]     Merial complains that its examination of Mr. Atchison was thwarted by Intervet's counsel. (D.I. 140 at 5-6.) This allegation is untrue. Intervet's counsel asked that Merial's counsel adhere to Paragraph 7(j) of the Protective Order in place in this matter. The documents in question were produced as Attorneys' Eyes Only documents under the Protective Order. Pursuant to the Protective Order, Intervet's counsel permitted Merial to show Mr. Atchison any sequence alignment in order to establish whether he authored, sent or received, or remembers having access to the alignment in question. If Merial could not establish that Mr. Atchison authored, sent, received or had access to these documents, then Intervet's counsel did not permit Mr. Atchison any further access to the document in question—as the Protective Order compels.

4

*Ins. Co.*, 164 F.R.D. 70 (D. Neb. 1995), the court stated that "[i]f no current employee has sufficient knowledge to provide the requested information, the party is obligated to prepare [one or more witnesses] so that they may give complete, knowledgeable and binding answers on behalf of the corporation." *Id.* at 75 (internal quotations and citations omitted). However, the *Dravo* court *never* held that a company must contact former employees. The *Dravo* court simply held that, in the absence of a current employee with all requisite knowledge, the company must go to enough sources to fully prepare a witness that can give a complete account of the company's knowledge. *Id.* This is precisely what Intervet is doing in this matter.[3]

### IV. Merial's Request For Sanctions Is Specious

Finally, Merial argues that Intervet's conduct with respect to Merial's supplemental 30(b)(6) topic should be sanctioned and Merial should be awarded the costs of its Motion. (D.I. 140 at 11-12.) Merial's request for sanctions should be rejected. As set forth herein, Intervet has acted properly and in accordance with the Federal Rules and the case law in responding to Merial's burdensome supplemental notice. As Intervet is in the process of gathering information and has agreed to provide a witness on these topics, Merial's request for sanctions is improper and should be denied. *Banks*, 241 F.R.D. at 375-76.

### CONCLUSION

For the aforementioned reasons, the Court should deny Merial's Motion in its entirety.

---

[3] The final case that Merial cites in support of this argument, *United States v. Mass. Indus. Fin. Agency*, 162 F.R.D. 410 (D. Mass. 1992), also fails to bolster Merial's argument. In that case, the request for a 30(b)(6) designee to set straight contradictory accounts by five former employees was *rejected* by the court. *Id.* at 412. Merial's attempt to spin this decision into a duty of a corporation to contact former employees is simply incorrect.

5

Dated: April 30, 2008                                        Respectfully Submitted,


          /s/  Yariv Waks
KENYON & KENYON LLP
John R. Hutchins (DC Bar No. 456749)
William G. James (DC Bar No. 503162)
Yariv Waks (DC Bar No. 491729)
1500 K Street, N.W., Suite 700
Washington, DC 20005
Phone: 202-220-4200
Fax: 202-220-4201

Richard L. DeLucia
Michael D. Loughnane
Patrice P. Jean, Ph.D. (DC Bar No. 482968)
Kenyon & Kenyon LLP
One Broadway
New York, NY 10004

*Counsel for Intervet Inc.*

6

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET INC., <br><br> *Plaintiff,* <br><br> v. <br><br> MERIAL LIMITED and MERIAL SAS, <br><br> *Defendants.* | Civil Action No. 1:06-cv-00658(HHK-JMF) |

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of April, 2008, I caused copies of the following documents to be served via email and ECF:

1. *Plaintiff Intervet's Memorandum in Opposition to Merial Limited and Merial SAS' Motion to Compel Designation of 30(b)(6) Deponent.*

2. The *Declaration of Yariv Waks in Support of Plaintiff Intervet's Memorandum in Opposition to Merial Limited and Merial SAS' Motion to Compel Designation of 30(b)(6) Deponent*, and the exhibits cited therein.

To the following attorneys of record:

Judy Jarecki-Black, Ph.D.
MERIAL LIMITED
3239 Satellite Blvd.
Duluth, GA 30096-4640
Tel: (678) 638-3805
Fax: (678) 638-3350

Thomas J. Kowalski, Esq.
Vicki Franks, Esq.
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue, NY NY 10151
Tel: (212) 588-0800
Fax: (212) 588-0500


Timothy A. Ngau, Esq.
ALSTON & BIRD LLP
950 F. Street, NW
Washington, DC 20004
Tel: (202) 756-3300
Fax: (202) 756-3333


Frank G. Smith III, Esq.
Patrick J. Elsevier, Ph.D.
Kristen Melton, Esq.
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Tel: (404) 881-7000
Fax: (404) 881-7777


*/s/ Peter Benson*
Peter Benson, Litigation Paralegal
Kenyon & Kenyon LLP
1500 K Street, NW
Washington, DC 20005-1257
(202) 220-4200

2