# Exhibit A

Case 1:06-cv-00658-HHK-JMF   Document 143-3   Filed 04/30/2008   Page 1 of 7

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET, INC., <br><br> Plaintiff, <br><br> v. <br><br> MERIAL LIMITED AND MERIAL SAS, <br><br> Defendants. | Civil Action No. 1:06-cv-00658 (HHK-JMF) |

**SUPPLEMENTAL NOTICE OF RULE 30(b)(6) DEPOSITION
OF INTERVET, INC. (LIABILITY)**

Please take notice that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and D.C. Local Rule LCvR 30.1, Defendants Merial Limited and Merial SAS (collectively "Merial") will take the deposition on oral examination of Intervet, Inc. ("Intervet"). Intervet is directed to designate one or more officers, directors, managing agents, or such other persons who consent to testify on behalf of Intervet with respect to the matters listed in Schedule A attached hereto. Intervet is requested to provide Merial's counsel with written notice, at least ten business days in advance of the deposition, of the name and employment position of each designee who consents to testify on behalf of Intervet, and the subject matter categories as to which each such designee has agreed to testify.

The deposition will take place on March 28, 2008, at 9:00 a.m. at the law offices of Kenyon & Kenyon, LLP, 1500 K Street, NW, Suite 700, Washington, DC 20005 or at such other time and place as may be agreed on by counsel and will continue from day-to-day until completed. The deposition will be taken before a notary public (or another officer duly authorized to administer oaths) and will be recorded by stenographic, audio and/or videographic means.

30511135_1.DOC

Respectfully submitted, this 11th day of February, 2008.

        /s/ Patrick Elsevier
ALSTON & BIRD, LLP
Timothy Ngau
DC Bar No. 339333
950 F Street, NW
Washington, DC 20004
Phone: 202-756-3300
Fax: 202-756-3333

Judy Jarecki-Black, Ph.D.
Merial Limited
3239 Satellite Blvd.
Duluth, GA 30096-4640
Tel.: (678) 638-3805
Fax: (678) 638-3350

Thomas J. Kowalski
Steven M. Amundson
DC Bar No. 412196
Vicki Franks
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, New York 10151
Tel.: (212) 588-0800
Fax: (212) 588-0500

Frank G. Smith, III
J. Patrick Elsevier, Ph.D.
Kristen Melton
Elizabeth K. Haynes
Jessica Jacob
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel.: (404) 881-7000
Fax: (404) 881-7777

*Counsel for Merial Limited
and Merial SAS*

## SCHEDULE A

### DEFINITIONS

The following definitions are to be used in understanding the topics for examination set forth below.

1. **Accused Product.** The term "Accused Product" means Intervet's Porcine Circovirus Vaccine, Type 2, Killed Baculovirus Vector and all other PCV-2 vaccines created, made, used, sold and/or offered for sale by Intervet in the United States.

2. **Communication.** The term "communication" means any transmission of information, including orally, in writing, or electronically.

3. **Concerning.** The term "concerning" means relating to, referring to, describing, evidencing, supporting, or constituting.

4. **Document.** The term "document" is defined to be synonymous in meaning and equal in scope with the broadest usage of this term in Federal Rule of Civil Procedure 34, and specifically includes electronic data. A draft or non-identical copy is a separate document within the meaning of this term.

5. **Gender.** The terms "he," "his," or "him" are generic terms that mean any person as defined herein, whether natural or otherwise, and whether masculine, feminine, or neuter.

6. **Merial.** The term "Merial" means Merial Limited and Merial SAS and their officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors and agents.

7. **Number.** The use of the singular form of any word includes the plural and vice versa.

-2-

8. **The '601 Patent.** The term "the '601 patent" means United States Patent No. 6,368,601.

9. **Patent-in-suit.** The term "patent-in-suit" shall refer to the '601 patent.

10. **PCV.** "PCV" means porcine circovirus.

11. **PCV-1.** "PCV-1" means "Porcine Circovirus Type I", "Porcine Circovirus Type 1", "PCV I", "PCV-I", "PCV1" and/or "PCV-1", which is defined as a non-pathogenic porcine circovirus that was originally isolated from PK/15 cells as disclosed in B.M. Meehan et al., J. Gen. Virol 1997 (78) 221-227.

12. **PCV-2.** "PCV-2" means "Porcine Circovirus Type II", "Porcine Circovirus Type 2", "PCV II", "PCV-II", "PCV2" and/or "PCV-2", which includes all types of PCV other than those which are considered to be PCV-1.

13. **Person.** The term "person" means any natural person, corporation, partnership, joint venture, association or any other business, legal, or governmental entity, and any functional division thereof.

14. **You or Your.** The term "you" and "your" means Intervet, Inc. as well its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, attorneys and agents of the foregoing.

## TOPICS FOR EXAMINATION

32. The facts and circumstances surrounding any sequence alignments conducted by you or on your behalf of any PCV sequences, whether DNA, RNA, or amino acid sequences, including, but not limited to, any sequence alignments of any sequences found in the Accused Product and/or used in the production of the Accused Product and/or any sequences of any PCV virus from which the Accused Product was derived with any published PCV sequences,

including, but not limited to, any sequences disclosed in the '601 patent, including with respect to each such sequence alignment: (i) the identification of the person(s) who conducted the sequence alignment; (ii) the reasons why the sequence alignment was conducted, (iii) the identification of the sequences used in the alignment, (iv) the reasons for selecting the particular sequences for alignment, (v) the results of the sequence alignment, (vi) any conclusions reached as a result of the alignment, and (vii) the identification of all persons to whom the results of the alignment and/or conclusions reached as a result of the alignment were communicated. With respect to the subject matter of this topic, Intervet's representative should be prepared to testify regarding this topic with respect to at least the sequence alignments set forth in the following documents: INT0000618-INT0000621, INT0000750-INT0000758, INT0000776-INT0000789, INT0000794-INT0000796, INT0000922-INT0000925, INT0003633, INT0003634-INT0003635, INT0003636-INT0003637, INT0010089-INT0010092, INT0010207-INT0010208, INT0010209, INT0010210, INT0010211, INT0010505-INT0010509, INT0010505-INT0010512, INT0014367-INT0014369, INT0014379-INT0014380, INT0014449-INT0014451, INT0014452-INT0014454, INT0014455-INT0014458, INT0014479-INT0014480, INT0014537-INT0014542, INT0014548-INT0014551, INT0014555-INT0014557, INT0014558-INT0014560, INT0014561-INT0014563, INT0014564-INT0014567, INT0044145-INT0044151, INT0055062-INT0055087, INT0056174-INT0056185, INT0063411-INT0063455, INT0063449-INT0063453, INT0063454-INT0063456, INT0066147-INT0066153, INT0066818-INT0066820, INT0066821-INT0066825, INT0066826-INT0066830

33. The authenticity of the documents listed in paragraph 32 above.

LEGAL02/30696926v1

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2008, I caused to be served a copy of the foregoing **NOTICE OF RULE 30(b)(6) DEPOSITION OF INTERVET, INC. (LIABIILTY)** on the following person(s) in the manner indicated below at the following address(es):

| | |
|---|---|
| All counsel of Record | Via electronic mail |

_____
J. Patrick Elsevier, Ph.D.

LEGAL02/30696926v1