# Exhibit B

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET INC., | |
| *Plaintiff*, | |
| v. | Civil Action No. 1:06-cv-00658 (HHK/JMF) |
| MERIAL LIMITED and MERIAL SAS | |
| *Defendants.* | |

**INTERVET'S OBJECTIONS AND RESPONSES TO MERIAL'S SUPPLEMENTAL
NOTICE OF RULE 30(b)(6) DEPOSITION OF INTERVET, INC. (LIABILITY)**

Plaintiff Intervet Inc. ("Intervet") hereby makes the following objections and responses to the Supplemental Notice of Rule 30(b)(6) Deposition of Intervet, Inc. (Liability) ("Merial's 30(b)(6) on Liability"), served by defendants Merial Limited and Merial SAS ("Merial") on February 11, 2008.

## **<u>GENERAL OBJECTIONS</u>**

Intervet incorporates by reference the General Objections set forth in *Intervet's Objections and Responses to Merial's Notice of Rule 30(b)(6) Deposition of Intervet, Inc. (Liability)*.

## SPECIFIC OBJECTIONS AND RESPONSES

**TOPIC OF EXAMINATION NO. 32**

The facts and circumstances surrounding any sequence alignments conducted by you or on your behalf of any PCV sequences, whether DNA, RNA, or amino acid sequences, including, but not limited to, any sequence alignments of any sequences found in the Accused Product and/or used in the production of the Accused Product and/or any sequences of any PCV virus from which the Accused Product was derived with any published PCV sequences, including, but not limited to, any sequences disclosed in the '601 patent, including with respect to each such sequence alignment: (i) the identification of the person(s) who conducted the sequence alignment, (ii) the reasons why the sequence alignment was conducted, (iii) the identification of the sequences used in the alignment, (iv) the reasons for selecting the particular sequences for alignment, (v) the results of the sequence alignment, (vi) any conclusions reached as a result of the alignment, and (vii) the identification of all persons to whom the results of the alignment and/or conclusions reached as a result of the alignment were communicated.  With respect to the subject matter of this topic, Intervet's representative should be prepared to testify regarding this topic with respect to at least the sequence alignments set forth in the following documents: INT0000618-INT0000621, INT0000750-INT0000758, INT0000776-INT0000789, INT0000794-INT0000796, INT0000922-INT0000925, INT0003633, INT0003634-INT0003635, INT0003636-INT0003637, INT0010089-INT0010092, INT0010207-INT0010208, INT0010209, INT0010210, INT0010211, INT0010505-INT0010509, INT0010505-INT0010512, INT0014367-INT0014369, INT0014379-INT0014380, INT0014449-INT0014451, INT0014452-INT0014454, INT0014455-INT0014458, INT0014479-INT0014480, INT0014537-INT0014542, INT0014548-INT0014551, INT0014555-INT0014557, INT0014558-INT0014560, INT0014561-

INT0014563, INT0014564-INT0014567, INT0044145-INT0044151, INT0055062-INT0055087,

INT0056174-INT0056185, INT0063411-INT0063455, INT0063449-INT0063453, INT0063454-

INT0063456, INT0066147-INT0066153, INT0066818-INT0066820, INT0066821-INT0066825,

INT0066826-INT0066830.

## RESPONSE TO TOPIC OF EXAMINATION NO. 32

In addition to Intervet's General Objections, Intervet objects to this topic as overly broad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence. Intervet objects to this topic as vague and ambiguous, particularly insofar as it uses the

words "sequence(s)" and "derived" and to the extent understood, overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Intervet further objects to this topic as vague and ambiguous, particularly insofar as it uses the

words "any sequence alignments," "any published PCV sequences," "any sequences," "any

conclusions," "reasons for selecting" and "all person(s)," and to the extent understood, overly

broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence. Intervet further objects to this topic to the extent that it seeks testimony or evidence

protected by the attorney client privilege, work product doctrine or any other applicable

privilege. Intervet further objects to this topic to the extent that it seeks expert testimony or

evidence prior to the expert discovery period. Intervet further objects to this topic to the extent

that it is duplicative of the information already produced during depositions in this matter.


## TOPIC OF EXAMINATION NO. 33

The authenticity of the documents listed in paragraph 32 above.

## RESPONSE TO TOPIC OF EXAMINATION NO. 33

In addition to Intervet's General Objections, Intervet objects to this topic as vague and ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.


This 1st day of April, 2008:                    /s/  Yariv Waks
                                               John R. Hutchins (D.C. Bar # 456749)
                                               William G. James, II (D.C. Bar # 503162)
                                               Yariv Waks (D.C. Bar # 491729)
                                               KENYON & KENYON LLP
                                               1500 K Street, N.W.
                                               Washington, DC 20005-1257


                                               Richard L. DeLucia
                                               Michael D. Loughnane
                                               Patrice P. Jean, Ph.D. (D.C. Bar # 482968)
                                               KENYON & KENYON LLP
                                               One Broadway
                                               New York, NY 10004
                                               *Counsel for Intervet Inc.*

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| INTERVET INC., | |
| *Plaintiff,* | |
| v. | Civil Action No. 1:06-cv-00658(HHK-JMF) |
| MERIAL LIMITED and MERIAL SAS, | |
| *Defendants.* | |

# CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of April, 2008, I electronically served *Intervet's Objections and Responses to Merial's Supplemental Notice of Rule 30(b)(6) Deposition of Intervet, Inc. (Liability)* to the following attorneys of record:

Thomas J. Kowalski, Esq.
Vicki Franks, Esq.
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue, NY NY 10151
Tel: (212) 588-0800
Fax: (212) 588-0500

Timothy A. Ngau, Esq.
ALSTON & BIRD LLP
950 F. Street, NW
Washington, DC 20004
Tel: (202) 756-3300
Fax: (202) 756-3333

Patrick J. Elsevier, Ph.D.
Frank G. Smith III, Esq.
Kristen Melton, Esq.

ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Tel: (404) 881-7000
Fax: (404) 881-7777


Peter Benson
Litigation Paralegal
Kenyon & Kenyon LLP
1500 K Street, NW
Washington, DC 20005-1257
(202) 220-4200

7