UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET INC., *Plaintiff*, v. MERIAL LIMITED and MERIAL SAS *Defendants.* | Civil Action No. 1:06-cv-00658 (HHK/JMF) |

**INTERVET INC.'S REPLY BRIEF IN SUPPORT OF ITS
MOTION TO COMPEL DEFENDANTS MERIAL LIMITED AND MERIAL SAS TO
MAKE 30(B)(6) WITNESSES AVAILABLE FOR DEPOSITION**

**TABLE OF CONTENTS**

I.  STATEMENT OF FACTS ................................................................................................. 1

II.   ARGUMENT ................................................................................................................... 3

    A.   Intervet Should Be Allowed Additional Time to Question Dr. Milward Due To The Large Number of 30(b)(6) Topics For Which He Was Designated ................ 3

        1.   The Topics That Intervet Seeks Additional Time With Dr. Milward Are Highly Relevant ........................................................................................ 4

        2.   Merial's "Offer" To Conserve Deposition Time Was Entirely Self-Serving ................................................................................................................. 5

    B.   Merial's "Responses" to Topics 34 and 35 Are Inadequate and Merial Should be Compelled To Provide A Witness Prepared To Testify On These Topics ............. 6

    C.   Merial Should Be Compelled To Produce A 30(b)(6) Witness For Topics 43-48 . 7

III.   CONCLUSION ................................................................................................................ 8

## TABLE OF AUTHORITIES

**Cases**

*Canal Barge Co. v. Commonwealth Edison Co.*, No. 98 C 0509, 2001 U.S. Dist. LEXIS 10097
      (N.D.Ill. July 18, 2001) .................................................................................................. 5

*eBay, Inc. v. Mercexchange, LLC*, 547 U.S. 388 (2006) ............................................................... 4

*Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152 (6th Cir. 1978) ..................... 4, 6

*Strauss v. Rent-A-Center, Inc.*, No. 6:04-cv-1133, 2007 WL 2010780 (M.D. Fla. July 6, 2007) .. 8

*U.S. ex rel Fago v. M & T Mortgage Corp.*, 235 F.R.D. 11 (D.D.C. 2006) .................................. 8

In opposition to Intervet's motion to compel 30(b)(6) witnesses (D.I. 146, hereinafter Intervet's Motion to Compel), Merial offers little of substance. Rather, Merial simply makes conclusory assertions that Intervet failed to effectively use its time, or has served 30(b)(6) topics that have "little or no relevance to this litigation," or is intentionally "running the clock" to waste time at the depositions of Merial's 30(b)(6) designees. The assertion that Intervet is intentionally wasting time on irrelevant matters so it can ask the Court for more time is specious. Merial gropes for these arguments instead of addressing the reality at hand—that there are numerous 30(b)(6) topics that Merial has refused to substantively address, either through overloading its witnesses, failing to prepare them, or unilaterally choosing to sidestep crucial 30(b)(6) topics by relying on deficient interrogatory responses.

## I. STATEMENT OF FACTS

The "factual" assertions in Merial's *Opposition to Intervet's Motion to Compel Defendant's Merial Limited and Merial SAS To Make 30(b)(6) Witnesses Available For Deposition* (D.I. 149) warrant response. Most notably, Merial counts the one hour and fifteen minute deposition of Steven Berger as one entire day-long deposition. (D.I. 149 at 2). This assertion is wrong and is in direct contradiction to the agreement between the parties that 30(b)(6) witness time is cumulative and that seven hours of 30(b)(6) time was to be counted as one deposition. In fact, in correspondence related to another Merial 30(b)(6) designee, Mr. Kowalski, Merial acknowledged that it was improper to count partial 30(b)(6) deposition days as an entire deposition.[1] (*See* Exs. A & B,[2] 5/8/08 email from Waks to Smith; 5/9/08 email from Smith to Waks.)

---

[1] Since Merial's filing, Mr. Kowalski's additional deposition has been taken on 30(b)(6) topics 2, 7 and 38. He was, however, unprepared to testify on these topics.

[2] "Ex. ___" refers to the Declaration of Yariv Waks submitted herewith.

1

Additionally, Merial asserts that "conception" and "diligence" are legal terms and therefore contention interrogatories that should not be addressed by a 30(b)(6) witness. Merial is incorrect again. Intervet requested all facts and circumstances related to conception—when the inventors conceived of the invention, what work they did to reduce the invention to practice, etc. This is basic factual information to which Intervet is entitled. Simply asserting that Intervet is actually trying to get legal contentions is not grounds to deny Intervet factual discovery on these topics. Intervet is entitled to defend itself from allegations of infringement by proving that the '601 patent is invalid. To do so, Intervet is entitled to learn of the facts surrounding the invention. Merely providing a written response with open-ended, moving target dates rather than firm dates, as well as general references to voluminous documents rather than definite activities, is inadequate and permit Merial to continue to change the factual basis for the alleged invention. This sort of gamesmanship is precisely what discovery is meant to prevent. Merial cannot unilaterally choose to rely on insufficient interrogatory responses in lieu of designating a 30(b)(6) witness, especially when those 30(b)(6) topics were served in a direct attempt to shore up the holes in Merial's interrogatory responses.

Merial also relies in its Opposition on the fact that Intervet has noticed depositions of three additional fact witnesses. (D.I. 146 at 3). However, as more fully set forth in Intervet's briefs on the issue, Intervet was forced to notice those witnesses as the result of Merial's eleventh-hour identification of three Merial employees. (*See* D.I. 142, 151). Intervet has requested in a separate motion to have additional depositions allotted to deal with those specific individuals, and Merial's efforts to confuse the present Motion with that one should be rejected. These motions are separate, and address different issues.

Finally, Merial makes two additional factual statements that do not pass scrutiny. First, Merial repeatedly states that Intervet was permitted to question Dr. Milward "well beyond" the seven hours allotted for a single deposition. (*See, e.g.*, D.I. 149 at 4). In fact, Intervet questioned Dr. Milward for only twenty minutes over the seven-hour period. Also, Merial states that Intervet never asserted that Dr. Milward was not prepared for all of his topics at the time of the deposition. *Id*. Merial's argument misses the point: Intervet was denied the opportunity to question Dr. Milward on many 30(b)(6) topics.

**II.   ARGUMENT**

**A.   Intervet Should Be Allowed Additional Time to Question Dr. Milward Due To The Large Number of 30(b)(6) Topics For Which He Was Designated**

Merial's argument that Intervet failed to adequately plan for discovery despite its awareness of the numerous topics for which Dr. Milward was designated is specious. Under Merial's interpretation of the Federal Rules, a party would be able to designate one witness for all 30(b)(6) topics, limit that deposition to seven hours, and then blame the opposition for not using "its time efficiently or effectively." Similarly, Merial's attempts to blame Intervet for not completing the 30(b)(6) topics in one seven-hour deposition by arguing that "[i]t was Intervet, however, not Merial, that initiated these multiple allegedly 'vast' and 'complex' 30(b)(6) topics on Merial" is equally unavailing. (D.I. 149 at 5). This litigation involves complex technical issues, such as virus isolation, sequencing, identification, etc. As such, it is inevitable that much of the information sought by both parties is highly technical, including numerous 30(b)(6) topics that Merial has requested of Intervet. *See, e.g.,* Ex. C, *Merial SAS and Merial Limited's Second Set of Interrogatories to Plaintiff Intervet, Inc.* Nos. 16-21 (requesting much of the same technical information of Intervet for which Dr. Milward was designated to testify on behalf of Merial). In an effort to obtain this discovery on multiple topics from the one witness, Dr.

3

Milward, Intervet was faced with the practical dilemma of trying to cover as many topics as possible with one designated witness in one seven-hour deposition. The practical result is that certain topics were covered and others were not, and Intervet's failure to get to certain topics was in no way meant to forfeit responses to which Intervet is entitled.[3]

### 1. The Topics On Which Intervet Seeks Additional Time With Dr. Milward Are Highly Relevant

Merial asserts that several of the topics that Intervet was unable to cover with Dr. Milward are irrelevant because all that matters are the claims of the patent and whether they cover Intervet's product, and some of those topics relate to Merial's vaccine. This argument is legally incorrect and unfounded. While it is true that an allegedly infringing product should be compared to the claims of a patent *when determining the issue of infringement*, there are other issues in this case for which those topics are highly relevant. For example, Merial has requested a permanent injunction in this matter. The Supreme Court has held that, among other things, one factor in determining whether to grant injunctive relief is whether "the public interest would not be disserved by a permanent injunction." *eBay, Inc. v. Mercexchange, LLC*, 547 U.S. 388, 391 (2006). The performance of Merial's vaccine product, which would take on added importance to the public if Intervet's vaccine was taken off the market, is highly relevant to the public's interest in this case. Additionally, to the extent that Merial is seeking lost profit damages, whether or not Merial's product will be on the market to fulfill the public's demand is a critical consideration in determining whether such damages are appropriate. *See Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1157 (6th Cir. 1978). Therefore, the 30(b)(6) topics that Merial

---

[3] Merial further argues that Intervet wasted its time with Dr. Milward by asking him questions about his educational and professional background. However, as stated earlier, the 30(b)(6) topics for which he was designated to testify were very technically complicated, and Intervet needed to determine whether Dr. Milward possessed the expertise to do so effectively. This hardly constitutes deliberately "running out the clock."

characterizes as "irrelevant or of minor importance" are, in fact, of substantial significance for at least the damages portion of the case.

### 2. Merial's "Offer" To Conserve Deposition Time Was Entirely Self-Serving

Merial argues that it attempted to alleviate the time constraints on Intervet by offering to have Intervet identify the relevant documents prior to Milward's deposition. This offer, however, was hardly a genuine offer to help. Rather, Merial likely sought an identification of the documents that Intervet planned to use—just as any deponent would—so that Dr. Milward could review them, likely with counsel present, to prepare for the deposition. Intervet's offer to identify specific documents after the deposition for the purposes of the continuation deposition was done in an attempt to avoid the present motion so as not to further burden the Court. Merial rejected Intervet's offer and Intervet's efforts to compromise should not now be turned against it. Merial's attempts to use Intervet's post-deposition identification of documents as an argument in its favor—*i.e.*, that Intervet should have also done this before the deposition—should be rejected.

In making this argument, Merial also attempts to distinguish *Canal Barge Co. v. Commonwealth Edison Co.*, No. 98 C 0509, 2001 U.S. Dist. LEXIS 10097 (N.D. Ill. July 18, 2001), by arguing that the parties in that case "brought their dispute over the number of 30(b)(6) topics to the court in advance of taking the depositions at issue." (D.I. 149 at 10). This argument fails for several reasons. First, it is highly impractical for the parties to trouble the Court before a deposition is taken and the issue is ripe. Second, in *Canal Barge* it was the *deponent's* counsel that brought the motion to limit the number of hours to seven *prior* to the deposition. In other words, if Merial believed that all of these topics should have been covered in seven hours, it was incumbent upon *Merial* to ask the Court to limit the number of hours to seven, rather than unilaterally limiting Intervet's deposition time. It was unreasonable for Merial

5

to expect Intervet to be able to fully examine one witness on numerous technical topics within seven hours. Third, Merial argues that the Court in *Canal Barge* did limit the deposition time to three seven hours days, rather than the six requested by the deposing party in its cross motion on the issue. However, the deposing party was attempting to take six 30(b)(6) depositions by serving six different notices on their opponent. That is why the court compromised by limiting the deposition to three days, thereby eliminating any gamesmanship advantage to either side. Intervet, on the other hand, merely seeks enough time to complete its properly noticed topics.

> **B.    Merial's "Responses" to Topics 34 and 35 Are Inadequate and Merial Should be Compelled To Provide A Witness Prepared To Testify On These Topics**

During the Parker deposition, Merial stated that Mr. Kowalski would testify with respect to at least portions of topics 34 and 35. (*See* D.I. 146 at 4-5 and accompanying exhibits). At Mr. Kowalski's deposition, however, Merial claimed that Mr. Parker had already addressed these topics. Merial makes much of the fact that Mr. Kowalski subsequently agreed to testify for an additional 3.5 hours. However, the agreed upon 30(b)(6) topics did not include topics 34 and 35. Merial argues in its brief that it was Intervet who failed to ask questions on these topics at Mr. Parker's deposition, as opposed to a clear bait and switch on Merial's part. Intervet has yet to receive testimony regarding the terms and conditions of the licenses that Merial has issued to Fort Dodge and Boehringer-Ingleheim. This information is critical in a case such as this when Merial does not have a vaccine on the U.S. market, and thus a reasonable royalty would be the measure of damages in this case, should infringement be found. *See, e.g., Panduit Corp.*, 575 F.2d at 1157. The issues addressed by topics 34 and 35 are highly relevant on this issue and Merial should not be permitted to avoid discovery on this issue by playing games with witness switching. Accordingly, Intervet respectfully requests that the Court compel Merial to designate a fully prepared 30(b)(6) witness on these topics.

6

### C. Merial Should Be Compelled To Produce A 30(b)(6) Witness For Topics 43-48

As discussed above, Merial's argument that "conception" and "diligence" are legal terms requiring response by contention interrogatories is wrong. Intervet served these 30(b)(6) topics, which requested all facts and circumstances related to the conception and development of Merial's patent, specifically because much of the factual support for Merial's contention interrogatory responses was inadequate. Merial's response, therefore, of simply referring back to its interrogatory responses is clearly insufficient. The information sought in these topics are basic and fundamental factual questions to which Intervet is entitled a response. Merial seeks to leave its interrogatory responses vague enough so that it can move these dates at will to potentially overcome any prior art. For example, by stating that conception occurred "on or before" certain dates, Merial is free to always change its date down the road in order to pre-date or swear behind any challenge.

Moreover, Intervet is also challenging the inventorship on the patent, a valid defense to patent infringement. As part of its defense, Intervet requested a 30(b)(6) deponent to provide an understanding of what each inventor's contribution was to each claim of the patent. Merial did not address this topic in its written responses, merely stating that Intervet had deposed nine of the ten inventors who would be in a better position to provide that information. Intervet, however, did attempt to explore these matters with the inventors that were deposed, but was obstructed by similar challenges by Merial's counsel that such questioning called for legal conclusions.

Intervet is entitled to information on what each inventor did exactly, not general references to voluminous documents and deposition transcripts. Merial itself has previously argued that "it is inappropriate for corporations to refuse to designate a witness for properly noticed 30(b)(6) deposition." (D.I. 140 at 7, citing *Strauss v. Rent-A-Center, Inc.*, No. 6:04-cv-

7

1133, 2007 WL 2010780, at *1 (M.D. Fla. July 6, 2007)). In that brief, Merial went on to argue that "[i]t is also inappropriate for a corporation to refuse to designate a witness based on any alleged duplicity between the subject matter of noticed topics and already produced documents. The availability of an informative document is not the equivalent of corporate testimony regarding the subject matter of that document." (D.I. 140 at 8 citing *U.S. ex rel Fago v. M & T Mortgage Corp.*, 235 F.R.D. 11, 24 (D.D.C. 2006)). The inconsistencies between Merial's two positions are striking, and Merial's about-face argument that written responses are sufficient to respond to a 30(b)(6) notice should be rejected.

### III. CONCLUSION

For all of the reasons stated above, in addition to those set out in Intervet's *Memorandum In Support Of Intervet Inc.'s Motion To Compel Defendants Merial Limited and Merial SAS To Make 30(b)(6) Witnessess Available for Deposition* (D.I. 146), Intervet's Motion should be granted in its entirety.

8

This 10th day of June, 2008:                      /s/  Yariv Waks
                                                  KENYON & KENYON LLP
John R. Hutchins (DC Bar No. 456749)
William G. James (DC Bar No. 503162)
Yariv Waks (DC Bar No. 491729)
1500 K Street, N.W., Suite 700
Washington, DC 20005
Phone: 202-220-4200
Fax: 202-220-4201

Richard L. DeLucia
Michael D. Loughnane
Patrice P. Jean, Ph.D. (DC Bar No. 482968)
Kenyon & Kenyon LLP
One Broadway
New York, NY 10004

*Counsel for Intervet Inc.*

9

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET INC.,<br><br>    *Plaintiff,*<br><br>v.<br><br>MERIAL LIMITED and MERIAL SAS,<br><br>    *Defendants.* | Civil Action No. 1:06-cv-00658(HHK-JMF) |

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of June, 2008, I caused copies of the following documents to be served via email and ECF:

1.    *Intervet Inc.'s Reply Brief in Support of its Motion to Compel Defendants Merial Limited and Merial SAS to Make 30(b)(6) Witnesses Available for Deposition.*

2.    The *Declaration of Yariv Waks in Support of Intervet Inc.'s Reply Brief in Support of its Motion to Compel Defendants Merial Limited and Merial SAS to Make 30(b)(6) Witnesses Available for Deposition*, and the exhibits cited therein.

To the following attorneys of record:

    Judy Jarecki-Black, Ph.D.
    MERIAL LIMITED
    3239 Satellite Blvd.
    Duluth, GA 30096-4640
    Tel: (678) 638-3805
    Fax: (678) 638-3350

Thomas J. Kowalski, Esq.
Vicki Franks, Esq.
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue, NY NY 10151
Tel: (212) 588-0800
Fax: (212) 588-0500


Timothy A. Ngau, Esq.
ALSTON & BIRD LLP
950 F. Street, NW
Washington, DC 20004
Tel: (202) 756-3300
Fax: (202) 756-3333


Frank G. Smith III, Esq.
Patrick J. Elsevier, Ph.D.
Kristen L. Melton, Esq.
Elizabeth K. Haynes, Esq.
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Tel: (404) 881-7000
Fax: (404) 881-7777


_/s/ Peter Benson_
Peter Benson, Litigation Paralegal
Kenyon & Kenyon LLP
1500 K Street, NW
Washington, DC 20005-1257
(202) 220-4200