# Exhibit B

**From:** Smith, Frank [mailto:Frank.Smith@alston.com]
**Sent:** Friday, May 09, 2008 10:15 AM
**To:** Waks, Yariv
**Cc:** Elsevier, Patrick; Kowalski, Thomas; Jarecki-Black, Judy; Melton, Kristen; Jacob, Jessica; vfranks@flhlaw.com; Ngau, Timothy; Loughnane, Michael; James, William
**Subject:** RE: Intervet v. Merial

Reeve:

1. kowalski: your understanding is correct re how we have been counting 30b6 testimony. your earlier reference to a "half day" deposition was unclear, though in retrospect something i should have understood.

2. athens employees: we will confirm the availabilities (time and place) of woodyard and parrish depositions in light of your explanation. their depositions in their individual capacities will constitute intervet's 14th and 15th depositions.

3. smarte/layfield depositions: they will proceed as noticed on 5/15 in your wdc office. merial reserves all rights pending review of the documents that intervet will produce today as well as its right to move to compel related documents, per prior correspondence, that intervet has indicated it will not produce.

4. meehan reimbursement: thank you.

frank smith.

---

**From:** Waks, Yariv [mailto:YWaks@kenyon.com]
**Sent:** Thursday, May 08, 2008 5:57 PM
**To:** Smith, Frank
**Cc:** Elsevier, Patrick; Kowalski, Thomas; Jarecki-Black, Judy; Melton, Kristen; Jacob, Jessica; vfranks@flhlaw.com; Ngau, Timothy; Loughnane, Michael; James, William
**Subject:** RE: Intervet v. Merial

Frank,

We respond to your issues as follows:

**Kowalski:** 3.5 hours with Mr. Kowalski is just that, not a full day, as per our agreement on 30(b)(6) time. If you want it to count as a full day, then Intervet must be allotted 7 hours without restriction as to what topics may be covered.

**Newly Disclosed Athens Employees:** We will agree to only take the depositions of Dr. Woodyard and Ms. Parrish, but reserve the right to depose Mr. Janney depending on how the Court rules on our motion regarding the deposition limit.

**Documents re Smarte/Layfield Depositions:** These documents will be produced by tomorrow.

**Meehan Compensation:** Our records show that this check has already been sent, and that you have already cashed it.

Reeve

**Yariv Waks**
**Kenyon & Kenyon LLP**
1500 K Street, NW | Washington, DC 20005-1257
202.220.4322 Phone | 202.220.4201 Fax
ywaks@kenyon.com | www.kenyon.com

This message, including any attachments, may contain confidential, attorney-client privileged, attorney work product, or business confidential information, and is only for the use of the intended recipient(s). Any review, use or distribution by others is prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

**From:** Smith, Frank [mailto:Frank.Smith@alston.com]
**Sent:** Tuesday, May 06, 2008 6:12 PM
**To:** Waks, Yariv
**Cc:** Elsevier, Patrick; Kowalski, Thomas; Jarecki-Black, Judy; Melton, Kristen; Jacob, Jessica; vfranks@flhlaw.com; Ngau, Timothy; Loughnane, Michael; James, William
**Subject:** RE: Intervet v. Merial

Reeve:

merial understands that intervet has agreed to proceed with the deposition of mr. kowalski in his representative capacity as described in my email below, with the exception of the designation of the examining attorney. while merial believes that this violates the "single counsel rule" for examining witnesses, merial is willing to proceed without inforcing that rule in this instance. merial does not understand your reference to the deposition counting as a "half day deposition." neither the rules nor the court's orders provide for depositions counting for a half day. rather, they provide for each party taking up to 15 depositions which may last up to 7 hours. thus, absent further explanation or agreement, mr. kowalski's deposition in his representative capacity will count as one of intervet's 15 alloted depositions.

there are several other issues that need to be addressed promptly, but which so far inrtervet has largely ignored. they include:

1. will intervet meet and confer re its derposition notices of the three merial "athens employees?" these depositions exceed the number authorized by the court, and if intervet will not promptly meet and confer (or in the alternative withdraw the notices), merial will need to move for a protective order and for an order holding intervet in contempt of the court's orders.

2. intervet has agreed to produce certain documents prior to the smarte/layfield depositions on 5/15 but has not responded to merial's request to produce the documents by 5/9 so that they may be reviewed in advance of the depositions. when will we get intervet's response and when will we get the documents intervet has agreed to produce?

3. intervet needs to reimburse merial, as intervet agreed to do, for 1/2 of brian meehan's expenses in connection with his travel to this country for his deposition. when can we expect intervet's check?

frank smith.

**From:** Waks, Yariv [mailto:YWaks@kenyon.com]
**Sent:** Monday, May 05, 2008 10:21 PM
**To:** Smith, Frank
**Cc:** Elsevier, Patrick; Kowalski, Thomas; Jarecki-Black, Judy; Melton, Kristen; Jacob, Jessica; vfranks@flhlaw.com; Ngau, Timothy; Loughnane, Michael; James, William
**Subject:** RE: Intervet v. Merial

Frank,

We have your two e-mails of earlier today regarding the availability of Mr. Kowalski on May 21 for a 30(b)(6) deposition in Atlanta. We will proceed with the 3.5 hour deposition and agree that it will count as a half-day deposition. As for the attorney taking the deposition, we will decide who will be taking the deposition on these 30(b)(6) topics.

Best regards,

Reeve

**Yariv Waks**
**Kenyon & Kenyon LLP**
1500 K Street, NW | Washington, DC 20005-1257
202.220.4322 Phone | 202.220.4201 Fax
ywaks@kenyon.com | www.kenyon.com

This message, including any attachments, may contain confidential, attorney-client privileged, attorney work product, or business confidential information, and is only for the use of the intended recipient(s). Any review, use or distribution by others is prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

**From:** Smith, Frank [mailto:Frank.Smith@alston.com]
**Sent:** Monday, May 05, 2008 12:30 PM
**To:** Waks, Yariv
**Cc:** Elsevier, Patrick; Kowalski, Thomas; Jarecki-Black, Judy; Melton, Kristen; Jacob, Jessica; vfranks@flhlaw.com; Ngau, Timothy; Loughnane, Michael; James, William
**Subject:** RE: Intervet v. Merial

merial does not believe that intervet is entitled to any additional deposition time w/ mr. kowalski. his prior deposition was in both his individual and representative capacities and exceeded 7 hours. while merial and mr. kowalski reserve their rights to object to any further examination of mr. kowalski, merial and mr. kowalski are prepared to make the following compromise:

mr. kowalski will be made available on 5/21 for a deposition not to exceed a maximum of 3.5 hours at alston and bird's atlanta office. questioning will be strictly limited to these 3 topics of intervet's rule 30b6 notices. since mike began the examination and asked mr. kowalski questions in both his representative and individual capacities, merial will expect mike to ask intervet's remaining questions, as limited by the above.

frank smith.

**From:** Waks, Yariv [mailto:YWaks@kenyon.com]
**Sent:** Friday, May 02, 2008 1:42 PM
**To:** Smith, Frank
**Cc:** Elsevier, Patrick; Kowalski, Thomas; Jarecki-Black, Judy; Melton, Kristen; Jacob, Jessica; vfranks@flhlaw.com; Ngau, Timothy; Loughnane, Michael; James, William
**Subject:** Intervet v. Merial

Frank,

Pursuant to our earlier conversations, please provide us with a date for the continuation of Mr. Kowalski's deposition with respect to Intervet 30(b)(6) topics 2, 7 and 38.

Best regards,

Reeve

**Yariv Waks**

**Kenyon & Kenyon LLP**
1500 K Street, NW | Washington, DC 20005-1257
202.220.4322 Phone | 202.220.4201 Fax
ywaks@kenyon.com | www.kenyon.com

This message, including any attachments, may contain confidential, attorney-client privileged, attorney work product, or business confidential information, and is only for the use of the intended recipient(s). Any review, use or distribution by others is prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

```
***********************************************************
IRS Circular 230 disclosure:  To ensure compliance with requirements imposed by the
IRS and other taxing authorities, we inform you that any tax advice contained in
this communication (including any attachments) is not intended or written to be
used, and cannot be used, for the purpose of (i) avoiding penalties that may be
imposed on any taxpayer or (ii) promoting, marketing or recommending to another
party any transaction or matter addressed herein.


NOTICE:  This e-mail message and all attachments transmitted with it
may contain legally privileged and confidential information intended
solely for the use of the addressee.  If the reader of this message is not
the intended recipient, you are hereby notified that any reading,
dissemination, distribution, copying, or other use of this message or its
attachments is strictly prohibited.  If you have received this message in
error, please notify the sender immediately by telephone
(404-881-7000) or by electronic mail (postmaster@alston.com), and
delete this message and all copies and backups thereof.  Thank you.


***********************************************************
IRS Circular 230 disclosure:  To ensure compliance with requirements imposed by the
IRS and other taxing authorities, we inform you that any tax advice contained in
this communication (including any attachments) is not intended or written to be
used, and cannot be used, for the purpose of (i) avoiding penalties that may be
imposed on any taxpayer or (ii) promoting, marketing or recommending to another
party any transaction or matter addressed herein.


NOTICE:  This e-mail message and all attachments transmitted with it
may contain legally privileged and confidential information intended
solely for the use of the addressee.  If the reader of this message is not
the intended recipient, you are hereby notified that any reading,
dissemination, distribution, copying, or other use of this message or its
attachments is strictly prohibited.  If you have received this message in
error, please notify the sender immediately by telephone
(404-881-7000) or by electronic mail (postmaster@alston.com), and
delete this message and all copies and backups thereof.  Thank you.


***********************************************************
IRS Circular 230 disclosure:  To ensure compliance with requirements imposed by the
IRS and other taxing authorities, we inform you that any tax advice contained in
this communication (including any attachments) is not intended or written to be
used, and cannot be used, for the purpose of (i) avoiding penalties that may be
```

imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone (404-881-7000) or by electronic mail (postmaster@alston.com), and delete this message and all copies and backups thereof. Thank you.

---