UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **INTERVET INC.,** <br><br> **Plaintiff,** <br><br> v. <br><br> **MERIAL LIMITED; MERIAL SAS; THE QUEEN'S UNIVERSITY OF BELFAST; and UNIVERSITY OF SASKATCHEWAN,** <br><br> **Defendants.** | Civ. No. 06-658 (HHK/JMF) |

**MEMORANDUM OPINION**

Before the Court is plaintiff's Motion to Defer Discovery of Attorney-Client Privileged Information Until After Dispositive Motions (the "Motion") [#129].

**I.   Background**

This is a patent action dealing with allegedly competing vaccines used to combat a progressive disease among piglets.[1]  Intervet Inc. ("Intervet") seeks a declaratory judgment that the sale of its vaccine did not infringe a patent, referred to as the "601 patent," belonging to the defendant, Merial SAS and Merial Limited ("Merial").  Merial, in turn, has filed a counterclaim alleging that Intervet infringed its "601 patent," and that the infringement was deliberate and willful.

The present dispute involves Intervet's desire to defer the discovery of any privileged communications between itself and its counsel until after the resolution of the dispositive motion it intends to file.

---

[1]   For a detailed explanation of the controversy, see Merial Ltd. v. Intervet Inc., 430 F. Supp. 2d 1357 (N.D. Ga. 2006).

**II.     The Motion**

Intervet's argument for bifurcation begins with the proposition that it is likely to succeed on summary judgment in light of the Federal Circuit's recent decision in In re Seagate Technology, LLC, 497 F.3d 1360 (Fed. Cir. 2007).  In Seagate, the Federal Circuit held that a patentee claiming willful infringement "must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement."  Id. at 1371 (replacing the previous standard of "due care").  Intervet argues that this new objective standard must be met by Merial before Intervet's communications with its counsel become relevant, which it argues will never occur because its dispositive motion "at a minimum will demonstrate that Defendants could never establish that there was 'an objectively high likelihood' that infringement existed, thus defeating any claim of willfulness as a matter of law under the heightened Seagate standard."  Memorandum of Points and Authorities in Support of Plaintiff Intervet's Motion to Defer Discovery of Attorney-Client Privileged Information Until After Dispositive Motions ("Memo") at 5.

With such a likelihood of success, Intervet argues, it would be imprudent to "rush headlong into a new round of discovery about privileged communications between Intervet and its counsel – communications that can only be relevant to an issue [willfulness] that likely soon will be moot."  Id.  It stresses the sensitivity of the attorney-client privilege, and how some courts have bifurcated proceedings between liability (as to which the opinions of counsel are irrelevant) and "willifullness/damages (where an opinion of counsel may be used as a defense)."  Id. at 6 (citing Quantum Corp v. Tandom Corp, 940 F.2d 642, 643-644 (Fed. Cir. 1991)).  To avoid the risk of unnecessary

disclosure of attorney-client communications and to preserve resources, Intervet proposes that discovery pertaining to advice, if any, it received from its counsel be permitted only if its prospective motion for summary judgment is denied. Id. at 7.

### III. Discussion

As an initial matter, this Court agrees with two recent opinions that have held that nothing in Seagate "requires a plaintiff to obtain a ruling that the defendant's conduct was objectively reckless before engaging in discovery with respect to the defendant's subjective knowledge." Convolve, Inc v. Compaq Computer Corp., No. 00-cv-5141, 2007 WL 4205868, at *5 (S.D.N.Y. Nov. 26, 2007). See also V. Mane Fils S.A. v. Int'l Flavors and Fragrances, Inc., No. 06-cv-2304, 2008 WL 619207, at *5 (D.N.J. Mar. 4, 2008) ("[T]here is nothing in Seagate that requires the Court to bifurcate discovery.").

The Court could of course order bifurcation even though not required by Seagate, but Intervet fails to provide any convincing reason to stray from the usual course. The Court will certainly not accept Intervet's glowing assessment of its own dispositive motion – which, by the way, has not yet been filed – as a reason to bifurcate. Moreover, the underlying issue – the unnecessary disclosure of privileged communications – only becomes relevant if Intervet asserts an "opinion of counsel" defense, which it has not done. See Memo at 7 ("Intervet has not yet determined whether it intends to waive the attorney-client privilege in order to assert an 'opinion of counsel' defense to Defendants' charge of willfulness, or, if Intervet does waive privilege, whether it will ask the Court to bifurcate the issues of liability and willfulness at trial.") (footnote omitted). Compare with Convolve, 2007 WL 4205868, at *1 ("advice of counsel" defense raised); V. Mane,

- 3 -

2008 WL 619207, at *1-3 (same).  At best, then, the Motion is premature.  Cf. Los Angeles v. Lyons, 461 U.S. 95 (1983).

### IV.     Conclusion

For the reasons stated above, the Motion will be denied.  An Order accompanies this Memorandum Opinion.


Dated:  June 11, 2008                             _____/S/_____
                                                                      JOHN M. FACCIOLA
                                                                      UNITED STATES MAGISTRATE JUDGE