UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET INC.,<br><br>   *Plaintiff,*<br><br>   v.<br><br>MERIAL LIMITED and MERIAL SAS,<br><br>   *Defendants.* | Civil Action No. 1:06-cv-00658 (HHK/JMF) |

**BRIEF IN OPPOSITION TO PLAINTIFF INTERVET'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER DENYING INTERVET'S MOTION TO DEFER DISCOVERY OF ATTORNEY-CLIENT PRIVILEGED INFORMATION UNTIL <u>AFTER DISPOSITIVE MOTIONS</u>**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

INTRODUCTION ........................................................................................................................ 1

BACKGROUND .......................................................................................................................... 2

    I.      Procedural Background........................................................................................... 2

    II.     Factual Background ............................................................................................... 3

ARGUMENTS AND AUTHORITIES......................................................................................... 5

    I.      Intervet Ignores the "Clearly Erroneous or Contrary to Law" Standard for
           Objecting to the Rulings of Magistrate Judges, as Set Forth in
           D.C. Dist. Ct. R. 72.2............................................................................................. 5

    II.     Magistrate Judge's Facciola's Order was, as Acknowledged by Intervet, Within
           His Discretion and Thus Not Clearly Erroneous or Contrary to Law..................... 6

CONCLUSION............................................................................................................................. 9

# TABLE OF AUTHORITIES

**Cases**

*Boca Investerings P'ship v. United States*,
   31 F. Supp. 2d 9 (D.D.C. 1998) .................................................................................. 5
*Chambers v. NASCO, Inc.*
   501 U.S. 32 (1991) ...................................................................................................... 2
*Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*,
   201 F.R.D. 1 (D.D.C. 2001) ........................................................................................ 7
*Computer Assocs. Int'l, Inc. v. Simple.com, Inc.*,
   247 F.R.D. 63 (E.D.N.Y. 2007) ........................................................................... 5, 8, 9
*Hutto v. Finney*,
   437 U.S. 678 (1978) .................................................................................................... 2
*In re EchoStar Commc'ns Corp.*,
   448 F.3d 1294 (Fed. Cir. 2006) ................................................................................... 8
*In re Papst Licensing GMBH & Co. KG Litig.*,
   No. 07-cv-493, 2008 WL 1953523 (D.D.C. May 6, 2008) ................................. 1, 2, 6
*In re Seagate Tech., LLC*,
   497 F.3d 1360 (Fed. Cir. 2007) ................................................................................... 8
*Neuder v. Batelle Pac. Nw. Nat'l Lab.*,
   194 F.R.D. 289 (D.D.C. 2000) ................................................................................ 1, 5
*People with AIDS Health Group v. Burroughs Wellcome Co.*,
   No. 91-0574, 1991 WL 221179 (D.D.C. Oct. 11, 1991) ............................................. 8
*Quantum Corp. v. Tandon Corp.*,
   940 F.2d 642 (Fed. Cir. 1991) ..................................................................................... 8
*Shepherd v. American Broadcasting Companies, Inc.*,
   62 F.3d 1469 (D.C. Cir. 1995) .................................................................................... 2
*THK Am., Inc. v. NSK Co. Ltd.*,
   151 F.R.D. 625 (N.D.Ill. 1993) ................................................................................... 8
*United States ex rel. Purcell v. MWI Corp.*,
   238 F.R.D. 321 (D.D.C. 2006) ................................................................................ 5, 6
*Williams Enters., Inc. v. Sherman R. Smoot Co.*,
   938 F.2d 230 (D.C. Cir. 1991) .................................................................................... 2
*Williams v. Johanns*, No. 03-cv-2245,
   2008 WL 2174435 (D.D.C. May 27, 2008) .......................................................... 1, 2, 6

**Statutes**

28 U.S.C. § 1927 ................................................................................................................ 2
D.C. Dist. Ct. R. 72.2(b) ................................................................................................ 5, 6
D.C. Dist. Ct. R. 72.2(c) ....................................................................................... 1, 3, 5, 6
Fed. R. Civ. P. 1 ................................................................................................................. 7
Fed. R. Civ. P. 72(a) .......................................................................................................... 6

## INTRODUCTION

Intervet Inc. ("Intervet"), in its Objections to the Magistrate Judge's Order Denying Intervet's Motion to Defer Discovery of Attorney-Client Privileged Information Until After Dispositive Motions ("Intervet's Objections"), makes a critical mistake that renders the arguments found within its supporting brief inappropriate and irrelevant. That is, Intervet ignores entirely the "clearly erroneous or contrary to law" standard that this Court must apply in reviewing a discretionary ruling by a magistrate judge, in accordance with D.C. Dist. Ct. R. 72.2(c). Intervet's Objections at 2 and 9; *see Williams v. Johanns*, No. 03-cv-2245, 2008 WL 2174435, at *1, *5 (D.D.C. May 27, 2008) (objections overruled because Magistrate Judge Facciola's Order was not clearly erroneous or contrary to law); *In re Papst Licensing GMBH & Co. KG Litig.*, No. 07-cv-493, 2008 WL 1953523, at *1, *6 (D.D.C. May 6, 2008) (objections regarding sanction of waiver of attorney-client privilege in patent case overruled where magistrate judge's decision not clearly erroneous or contrary to law); *see also Neuder v. Batelle Pac. Nw. Nat'l Lab.*, 194 F.R.D. 289, 292 (D.D.C. 2000) (objections overruled only when, on the entire evidence, a court is left with the definite and firm conviction that a mistake has been committed).

Intervet never argues in its Objections that the Magistrate Judge Facciola's ruling was clearly erroneous or contrary to law or even that he abused his discretion. Rather, Intervet's Objections simply re-hash the very same unavailing arguments that Intervet made to the Magistrate Judge which he, in his discretion and within the bounds of the law, rejected. Further, Intervet acknowledges that "[t]he Court *clearly has discretion to grant the requested relief*" and that Magistrate Judge Facciola "correctly recognized" this discretion. Intervet's Objections at 2, 9. Seemingly then, Intervet now wants this Court to overturn Magistrate Judge Facciola's

admittedly *discretionary* decision, without any mention or suggestion of if, or how, that ruling was clearly erroneous or contrary to law and thus subject to reversal.

Because of Intervet's failure to cite, and rely on, the proper standard, Intervet's Objections should be summarily rejected. *See Williams*, 2008 WL 2174435, at *1, *5; *In re Papst* 2008 WL 1953523, at *1, *6. Moreover, even under the appropriate standard, it is clear that this decision was — as Intervet acknowledges — well within the Magistrate's discretion and thus not "clearly erroneous or contrary to law." Given these facts and Intervet's total disregard for the controlling legal principles and Local Rules, which this Court must apply on review, one can only conclude that Intervet's Objections were filed for no purpose other than delay.[1]

## BACKGROUND

**I.     Procedural Background**

On February 4, 2008, seeking to delay discovery of, and documents relating to, its three opinions of counsel regarding infringement of the patent-in-suit, Merial's U.S. Patent No. 6,368,601 (the "'601 patent"), Intervet filed a Motion to Defer Discovery of Attorney-Client Privileged Information Until After Dispositive Motions (D.I. 129) (Intervet's "Motion to Defer Discovery"). On June 12, 2008, Magistrate Judge Facciola, after a review of the arguments set forth in the briefs filed by Intervet and Merial, issued an Order and accompanying Memorandum and Opinion Denying Intervet's Motion (D.I. 173-174) (the "June 12 Order"). Intervet then

---

[1] Intervet's failure to cite and apply controlling legal principles is becoming all too common. *See, e.g.,* Merial's Opposition to Intervet's Motion to Vitiate Privilege (D.I. 170), especially at pages 1-3, 12, and footnote 1 (failing to cite the relevant standard under *Spaulding*) *see also* D.I. 129 and 136 (cited at page 12 of Merial's Opposition to Intervet's Motion to Vitiate Privilege) as other instances of Intervet misstating longstanding black letter law and/or ignoring clear and unambiguous standards. Raising arguments wholly without merit constitutes grounds for sanctioning counsel under 28 U.S.C. § 1927. *See Williams Enters., Inc. v. Sherman R. Smoot Co.*, 938 F.2d 230, 237 (D.C. Cir. 1991). A court may also assess attorneys' fees and expenses against a party for abuses of its processes or abusive litigation practices in the exercise of its inherent authority. *Chambers v. NASCO, Inc.* 501 U.S. 32, 43-46 (1991); *see also Shepherd v. Am. Broad. Cos., Inc.*, 62 F.3d 1469, 1472 (D.C. Cir. 1995); *Hutto v. Finney*, 437 U.S. 678, 689 n. 14 (1978) ("[a]n equity court has the unquestioned power to award attorney's fees against a party who shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order.") It is respectfully requested this Court caution Intervet and its counsel against continuing such conduct.

appealed the June 12 Order denying the Motion to Defer Discovery (D.I. 180). Despite the clear standard on appeal set forth in D.C. Dist. Ct. R. 72.2(c), Intervet — evidencing its willingness to ignore the Local Rules — did not once use the word "contrary" and only once used "erroneous," or any similar word (and that in an unrelated context)[2] in its appeal of the Magistrate's discretionary ruling.

## II.     Factual Background

Intervet commenced this declaratory judgment action to resolve its patent infringement dispute regarding the '601 patent on April 11, 2006 (D.I. 1). Intervet cited Merial Limited's December 15, 2005, complaint for infringement of the '601 patent against Intervet, filed in the United States District Court for the Northern District of Georgia, as a basis for the existence of an actual controversy (D.I. 1 at ¶15). The December 15, 2005 complaint alleged, *inter alia*, that Intervet's infringement of the '601 patent was "deliberate and willful" (February 15, 2008 Declaration of Timothy Ngau in Support of Opposition (D.I. 136) ("Feb. 15 Ngau Dec."), Ex. 1 at ¶14). In responding to Intervet's declaratory judgment complaint, Merial re-asserted that Intervet's porcine circovirus type 2, or "PCV-2," vaccine products, including Circumvent™ PCV, infringed the '601 patent and that Intervet's infringement was "deliberate and willful" (D.I. 7 & 8 at ¶15). Merial responded to Intervet's declaratory judgment complaint on May 22, 2006 (D.I. 7 & 8). The parties commenced discovery over a year and a half ago on all issues relevant to the subject matter of this case, including, but not limited to, Merial's willful infringement allegations and Intervet's defenses thereto. Thus, Intervet has known of Merial's allegations of willful infringement for over two-and-a-half years, *i.e.*, since at least December 15, 2005.

---

[2] Intervet refers to Merial's briefing as "erroneously" downplaying any purported prejudice to Intervet. However, (i) this statement has nothing to do with the June 12 Order; and (ii) Magistrate Judge Facciola, in denying Intervet's Motion to Defer Discovery, implicitly rejected this argument.

3

It has been over two years since Merial lodged its willful infringement allegations, and this Court has *not* bifurcated the issue of willful infringement for the purposes of discovery or trial, nor was it requested to do so until Intervet filed its motion to defer discovery on February 4, 2008 (D.I. 129).  To be clear, Intervet seeks to "defer" discovery regarding its opinions of counsel (and, according to its draft order, discovery of any privileged information whether or not related to the issue of willfulness (D.I. 129-2 at 1)) until this Court resolves motions of indeterminate scope that have been neither filed nor even prepared but that may relate to "infringement and willfulness" (D.I. 129 at 10).

There are *no* dispositive (or even issue limiting) motions before this Court at this time.  It is worth noting, however, that Intervet's likelihood of success on summary judgment appears low; Intervet's vague and unsupported noninfringement-related discovery responses suggest no substantive basis for any likelihood of success on summary judgment (D.I. 127-128).

In addition to mischaracterizing the nature and scope of discovery to date, as well as the likelihood of success of its indefinite, un-filed "dispositive" motion(s), Intervet misstated the impact of its motion to defer.  Deferring discovery on Intervet's advice of counsel defense will be fundamentally unfair to Merial both as a practical matter and substantively.  As stated below, in the event Intervet chooses to rely on one or more of its opinions of counsel, Merial is entitled to discovery regarding other communications, documents, and information within the scope of the same subject matter addressed in all of the opinions.  Despite Intervet's unsupported assertions to the contrary (D.I. 129 at 11-13), Merial is entitled to rely on this additional discovery to support its affirmative case on infringement and willfulness or any other matter within the scope of the subject matters addressed by the opinions.  *See Computer Assocs. Int'l,*

*Inc. v. Simple.com, Inc.,* 247 F.R.D. 63, 67 (E.D.N.Y. 2007).[3] Thus, Intervet's refusal to decide whether it will rely on the advice of its counsel is highly prejudicial to Merial, particularly in light of the fact that Intervet proposes to file dispositive motions on infringement and willfulness (D.I. 129 at 10).

## ARGUMENTS AND AUTHORITIES

I. **Intervet Ignores the "Clearly Erroneous or Contrary to Law" Standard for Objecting to the Rulings of Magistrate Judges, as Set Forth in D.C. Dist. Ct. R. 72.2.**

D.C. Dist. Ct. R. 72.2(b) and (c) lay out the process for "Objections to Magistrate Judge's Ruling" and "Determination of Objections." D.C. Dist. Ct. R. 72.2(c) explicitly states, in relevant portion, that

> [u]pon consideration of objections filed in accordance with this Rule, a district judge may modify or set aside any portion of a magistrate judge's order under this Rule *found to be clearly erroneous or contrary to law*.

(emphasis added). "In view of this standard, the court will affirm the magistrate judge's determination unless 'on the entire evidence' the court 'is left with the definite and firm conviction that a mistake has been committed.'" *Neuder*, 194 F.R.D. at 292.

As this Court noted, the purpose behind creating magistrate judges is "frustrated through ubiquitous review." *United States ex rel. Purcell v. MWI Corp.*, 238 F.R.D. 321, 328 (D.D.C. 2006). "Indeed, it is for this reason that 'the magistrate judge's decision is entitled to great deference' and will not be disturbed 'unless found to be clearly erroneous or contrary to the law.' The court will scrupulously adhere to this principle." *Id.* (quoting *Boca Investerings P'ship v. United States*, 31 F. Supp. 2d 9, 11 (D.D.C. 1998)). Further, this Court cautioned against the "dangerous trend" of challenging magistrate judges' rulings in order to "provide their client with a second bite at the juridicial apple." *U.S. ex. Rel. Purcell*, 238 F.R.D. at 328. Parties may

---

[3] A more detailed discussion regarding the "interdependence" of willfulness and infringement may be found on page eight of this brief.

object to magistrate judges' orders "only after painstaking deliberation and measured apprehension." *See id.* This Court also warned that it will consider sanctioning attorneys who ignore this standard. *See id.*

Despite the clarity of D.C. Dist. Ct. R. 72.2(c), Intervet inexplicably fails to mention the correct "clearly erroneous or contrary to law" standard even once. Tellingly, Intervet's Objections as much as acknowledge this failure, stating in the first line of the introduction that Intervet submitted its Objections "[p]ursuant to Fed. R. Civ. P. 72(a) and D.C. Dist. Ct. R. 72.2(b)." Similarly, Intervet only once uses "erroneous," or any similar word. This lone occurrence refers to Merial's briefing, and *not* Magistrate Judge Facciola's Order. Because Intervet's Objections provide no analysis of Magistrate Judge Facciola's Order under the appropriate "clearly erroneous" standard, those Objections should be summarily rejected. *See Williams*, 2008 WL 2174435, at *1, *5; *In re Papst* 2008 WL 1953523, at *1, *6.

**II.     Magistrate Judge's Facciola's Order was, as Acknowledged by Intervet, Within His Discretion and Thus Not Clearly Erroneous or Contrary to Law.**

Even if Intervet cited the correct standard, and provided analysis under that standard, its arguments would fail because Magistrate Judge Facciola, as acknowledged by Intervet, was well within his discretion when ruling on Intervet's Motion to Defer Discovery.[4] Intervet acknowledges that "[t]he Court *clearly has discretion to grant the requested relief*" and that the Magistrate Judge "correctly recognized" this discretion. Intervet's Objections at 2, 9. Seemingly then, Intervet now wants this Court to overturn Magistrate Judge Facciola's admittedly *discretionary* decision, without any mention or suggestion of if, or how, it was clearly erroneous or contrary to law, or even that that he somehow abused his discretion.

---

[4] Magistrate Judge Facciola's Order was not only within his discretion, it was also the correct ruling.

6

As discussed in Merial's Opposition Brief to Intervet's Motion to Defer Discovery (D.I. 136), the practical consequences of granting Intervet's Motion to Defer Discovery are unduly burdensome, prejudicial, and wasteful. Thus, as discussed in more detail below and as acknowledged by Intervet, the June 12, 2008, Order was well within Magistrate Judge Facciola's discretion and was not clearly erroneous, nor contrary to law.

There are many reasons, aside from those acknowledged in the June 12, 2008, Order, that provide a basis for denying Intervet's Motion to Defer Discovery. First, Intervet's proposed deferral would significantly impede the "just, speedy, and inexpensive determination" promised by Fed. R. Civ. P. 1. Merial would not have access to evidence regarding issues of infringement and willfulness, of which Intervet's opinions of counsel surely relate, until *after* dispositive motions on infringement and willfulness. Accordingly, the deferral would necessitate a whole new round of expert discovery and dispositive motions and consequently prejudice Merial.

Second, Intervet only cited for support cases that involved a motion to stay discovery until the resolution of *pending* dispositive motions and did not cite to a single case showing deferral of discovery prior to dispositive motions. Nor did Intervet set forth a credible argument that attenuated the relevance between the discovery at issue and its relevance to dispositive motions on infringement, willfulness, or any other subject matter within the scope of Intervet's waiver. *See Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 3 (D.D.C. 2001) (a court "should not stay discovery which is necessary to gather facts in order to defend against a [pending] motion" and "discovery should *precede* consideration of dispositive motions when the facts sought to be discovered are relevant to consideration of the particular motion at hand" (emphasis added)). As set forth by this Court, the burden is on the party seeking a stay of discovery to show a plainly adequate reason for the order. *People with AIDS Health Group v. Burroughs Wellcome Co.,* No. 91-0574, 1991 WL 221179, at *1 (D.D.C. Oct. 11,

7

1991). Even "a *pending* motion to dismiss is *not* ordinarily a situation that in and of itself would warrant a stay of discovery." *Id.* (emphasis added).

Third, Intervet misconstrued *Quantum* and attempted to twist dicta relating to the trial court's decision to bifurcate issues *at trial* into a holding in favor of bifurcating *discovery*. *Quantum Corp. v. Tandon Corp.*, 940 F.2d 642, 643-44 (Fed. Cir. 1991). Intervet also ignored the "broad scope" of discovery allowed under *Seagate* that applies to "all other communications relating to the same subject matter." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1372 (Fed. Cir. 2007). Indeed, any discovery relating to issues of willfulness may be used to support other contentions by the party seeking discovery because the attorney client privilege cannot be simultaneously used as both a "sword and a shield." *Id.* (citing *In re EchoStar Commc'ns Corp.*, 448 F.3d 1294, 1301 (Fed. Cir. 2006)).

Fourth, although *Seagate* changed the willfulness standard, post-*Seagate* decisions illustrate that infringement and willfulness remain inextricably linked despite the change in the willfulness standard. *See*, *e.g.*, *Computer Assocs. Int'l, Inc. v. Simple.com, Inc.*, 247 F.R.D. 63, 67 (E.D.N.Y. 2007) ("the overlap of evidence on the issues of liability and willfulness . . . heavily disfavors [the accused infringer's] proposed bifurcation".) That Court recognized that "[a]lthough the standard [for willful infringement] has changed, the interdependence of willfulness and infringement *has not* given that the 'objectively defined risk' is 'determined by the record developed in the infringement proceeding.'" *Id.* (emphasis added) Therefore, "'a willfulness determination . . . is [still] a finding of fact *inextricably bound* to the facts underlying the alleged infringement.'" *Id.* (quoting *THK Am., Inc. v. NSK Co. Ltd.*, 151 F.R.D. 625, 629 (N.D. Ill. 1993) (emphasis added)).

Finally, despite Intervet's contentions otherwise, the *Computer Associates* Court also found that because *Seagate* limited the scope of the accused infringer's waiver to avoid

8

impinging on attorney-client communications with, and work product of, litigation counsel, "it is unlikely [the accused infringer] will suffer prejudice in the absence of bifurcation." 247 F.R.D. at 67. Therefore, there is no reason to defer discovery as Intervet has requested. But, there is every reason to call upon Intervet to now declare whether it will, or will not, rely on its previous opinions allegedly of counsel so that if Intervet is relying on these opinions they may be produced, along with underlying documents, for use now in deposing Intervet's experts on infringement and damages.

## CONCLUSION

On the authorities cited and for the reasons stated herein, Intervet's Objections should be overruled.

Date: July 10, 2008

Respectfully submitted,

*/s/ Timothy A. Ngau*
ALSTON & BIRD, LLP
Timothy A. Ngau
DC Bar No. 339333
950 F Street, NW
Washington, DC  20004
Phone: 202-756-3300
Fax: 202-756-3333

Judy Jarecki-Black, Ph.D.
Merial Limited
3239 Satellite Blvd.
Duluth, GA  30096-4640
Tel.: (678) 638-3805
Fax: (678) 638-3350

Thomas J. Kowalski
Steve Amundson
DC Bar No. 412196
Vicki Franks
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, New York 10151
Tel.: (212) 588-0800
Fax: (212) 588-0500

9

Frank G. Smith, III
J. Patrick Elsevier, Ph.D.
Kristen L. Melton
Elizabeth K. Haynes
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel.: (404) 881-7000
Fax: (404) 881-7777

*Counsel for Merial Limited and Merial SAS.*

10