**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| INTERVET INC., | |
| *Plaintiff*, | |
| v. | Civil Action No. 1:06-cv-00658 (HHK/JMF) |
| MERIAL LIMITED and MERIAL SAS | |
| *Defendants.* | |

**REPLY BRIEF IN SUPPORT OF OBJECTIONS TO THE ORDER DENYING
PLAINTIFF INTERVET'S MOTION TO DEFER DISCOVERY OF ATTORNEY-
CLIENT PRIVILEGED INFORMATION UNTIL AFTER DISPOSITIVE
MOTIONS**

**TABLE OF AUTHORITIES**

**Cases**

*GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284 (S.D. Cal. 2000)...................................... 2

*In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007) (*en banc*) ............................................ 2

Plaintiff Intervet Inc. ("Intervet") respectfully submits this reply memorandum in support of its objections to the Magistrate Judge's June 12, 2008, Opinion (D.I. 174) and Order (D.I. 173) denying its *Motion to Defer Discovery of Attorney-Client Privileged Information Until After Dispositive Motions* ("Motion," D.I. 129). Merial is wrong when it argues that Intervet has provided no reason for overturning the Magistrate Judge's ruling under the appropriate "clearly erroneous and contrary to law" standard. Intervet recognizes, of course, that the relief it is requesting is discretionary. That, however, does not mean that the Magistrate Judge properly exercised its discretion in denying Intervet's motion.

To the contrary, as explained at pages 9-11 of Intervet's opening brief (D.I. 180), the Magistrate Judge incorrectly based its ruling on the mistaken belief that the motion was not ripe, citing the fact that Intervet had not yet decided whether to waive privilege. (D.I. 173 at 3-4). Since the very relief Intervet is requesting is the ability to forestall that decision until after dispositive motions have been filed, the present motion is plainly ripe for decision. The Magistrate Judge's ruling with respect to ripeness is clearly erroneous, since it misses the point of the relief being requested. Moreover, Merial does not even attempt to support the Magistrate Judge's ruling with respect to ripeness, in effect conceding this point. This error by the Magistrate Judge, alone, justifies this Court's review of the decision.

The only other possible basis for the Magistrate Judge's denial was its statement that it could not determine that Intervet would be successful on summary judgment. (D.I. 173 at 3). While this statement is true, Intervet's opening brief, at pages 11-12, explains why this is not an appropriate basis for denying the present motion. First, it is not necessary for Intervet to demonstrate that it will actually win on summary judgment in order to be entitled to the relief it is requesting. *See GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 286-87 (S.D. Cal.

2000) (denial of motion to stay discovery pending summary judgment motions was clear error

because magistrate judge improperly focused on whether movant was "immediately certain" to

win on summary judgment). To the extent that the Magistrate Judge concluded otherwise, that,

also, was clearly erroneous. *Id.* Intervet's papers, both to the Magistrate Judge and this Court,

demonstrate that, in light of (1) Intervet's having prevailed in the *Markman* hearing, and (2) the

new law controlling willfulness, it has a reasonable likelihood of prevailing on summary

judgment of either no infringement or no willful infringement.

Moreover, the Magistrate Judge did not address at all the lack of prejudice to granting the

motion, and its opinion provides no evidence that the Magistrate Judge undertook any weighing

of this whatsoever.[1] This, too, was clear error. *Id.* at 289-90 ("the Court should inevitably

balance the harm of staying discovery with the benefit of allowing discovery to continue."). As

noted in Intervet's opening brief, at pages 12-13, Merial simply argues that it will be prejudiced

by deferral of this discovery because, once Intervet waives privilege and allows discovery into

the opinions of its counsel, Merial can possibly use that discovery to support its infringement and

willful infringement case. This makes no sense. None of the otherwise privileged discovery

relating to Intervet's opinions of counsel (which goes to its good faith) will make it more or less

likely that Intervet's commercial product actually meets the claim limitations at issue. Anything

that possibly could go to that issue has already been the subject of extensive discovery. As far as

willfulness goes, under the new *Seagate* standard, the *prima facie* case of willfulness that Merial

must prove does not depend upon the subjective good faith of Intervet, and the otherwise

privileged discovery related to its opinions of counsel are not relevant to whether Merial can

make out its *prima facie* case. *See In re Seagate Tech., LLC,* 497 F.3d 1360, 1371 (Fed. Cir.

---

[1]     This is not surprising because the Magistrate Judge ruled (incorrectly) that the motion was not ripe.

2007) (*en banc*). Thus, there is no prejudice to having Merial wait to undertake discovery into

Intervet's privileged opinions of counsel until after the Court has determined that Merial's claims

of infringement and willful infringement can withstand summary judgment.

Given the sensitivity of the attorney-client privilege, and the total lack of prejudice if the

present motion is granted (an issue not addressed by the Magistrate Judge), the present motion

should have been granted and the Magistrate Judge's failure to do so (largely on grounds of

ripeness) should be overturned by this Court as being clearly erroneous or contrary to law.

# CONCLUSION

For the above reasons, Intervet respectfully requests that the Court grant its Motion and

defer discovery of materials protected by the attorney-client privilege until the Court has at least

resolved any motions for summary judgment the parties may file.

Dated: July 17, 2008                                      Respectfully Submitted,


      /s/ Yariv Waks
John R. Hutchins (D.C. Bar # 456749)
William G. James, II (D.C. Bar # 503162)
Yariv Waks (D.C. Bar # 491729)
KENYON & KENYON LLP
1500 K Street N.W., Suite 700
Washington, DC 20005
(202) 220-4200 (telephone)
(202) 220-4201 (facsimile)

Richard L. DeLucia
Michael D. Loughnane
Patrice P. Jean, Ph.D. (D.C. Bar # 482968)
KENYON & KENYON LLP
One Broadway
New York, NY 10004
(212) 425-7200 (telephone)
(212) 425-5288 (facsimile)

Attorneys for Plaintiff Intervet Inc.

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

INTERVET INC.,

        *Plaintiff,*

    v.

MERIAL LIMITED and MERIAL SAS,

        *Defendants.*

Civil Action No. 1:06-cv-00658(HHK/JMF)

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of July, 2008, I electronically filed the *Reply Brief in Support of Objections to the Order Denying Plaintiff Intervet's Motion to Defer Discovery of Attorney-Client Privileged Information Until After Dispositive Motions* with the Clerk of the Court in the CM/ECF system which will automatically email notice of this filing to the following attorneys of record:

Judy Jarecki-Black, Ph.D.
MERIAL LIMITED
3239 Satellite Blvd.
Duluth, GA 30096-4640
Tel: (678) 638-3805
Fax: (678) 638-3350

Thomas J. Kowalski, Esq.
Vicki Franks, Esq.
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue, NY NY 10151
Tel: (212) 588-0800
Fax: (212) 588-0500

Timothy A. Ngau, Esq.
ALSTON & BIRD LLP
950 F. Street, NW
Washington, DC 20004
Tel: (202) 756-3300
Fax: (202) 756-3333

Patrick J. Elsevier, Ph.D.
Frank G. Smith III, Esq.
Kristen L. Melton, Esq.
Elizabeth Haynes, Esq.
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Tel: (404) 881-7000
Fax: (404) 881-7777


Peter Benson
Litigation Paralegal
Kenyon & Kenyon LLP
1500 K Street, NW
Washington, DC 20005-1257
(202) 220-4200