UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET INC., <br><br> *Plaintiff*, <br><br> v. <br><br> MERIAL LIMITED and MERIAL SAS <br><br> *Defendants*. | Civil Action No. 1:06-cv-00658 (HHK/JMF) |

**PLAINTIFF INTERVET INC.'S MOTION FOR A PROTECTIVE ORDER TO PRECLUDE CHRISTOPHER CHASE FROM HAVING ACCESS TO INTERVET CONFIDENTIAL INFORMATION**

Plaintiff Intervet Inc. ("Intervet") hereby moves for a protective order to preclude Dr. Christopher Chase from accessing any materials or information designated by Intervet as Confidential or Attorneys' Eyes Only under the Protective Order in this matter (D.I. 87). The reasons for granting this Motion are set forth in the accompanying memorandum of law.

Pursuant to LCvR 7(m), counsel for Intervet has met and conferred in good faith. It is Intervet's understanding that Merial will oppose this motion.

Dated: July 30, 2008:                          Respectfully submitted,


                                                  /s/  Yariv Waks
KENYON & KENYON LLP
John R. Hutchins (DC Bar No. 456749)
William G. James (DC Bar No. 503162)
Yariv Waks (DC Bar No. 491729)
1500 K Street, N.W., Suite 700
Washington, DC 20005
Phone: 202-220-4200
Fax: 202-220-4201

Richard L. DeLucia
Michael D. Loughnane
Patrice P. Jean, Ph.D. (DC Bar No. 482968)
Kenyon & Kenyon LLP
One Broadway
New York, NY 10004

*Counsel for Intervet Inc.*

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET INC., <br><br> *Plaintiff*, <br><br> v. <br><br> MERIAL LIMITED and MERIAL SAS <br><br> *Defendants*. | Civil Action No. 1:06-cv-00658 (HHK/JMF) |

**PLAINTIFF INTERVET INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO PRECLUDE CHRISTOPHER CHASE FROM HAVING ACCESS TO <u>INTERVET CONFIDENTIAL INFORMATION</u>**

## TABLE OF CONTENTS

STATEMENT OF THE FACTS ................................................................................................ 2

ARGUMENT ................................................................................................................................ 4

CONCLUSION ............................................................................................................................. 6

## TABLE OF AUTHORITIES

**Cases**

*Greater Rockford Energy & Tech. Corp. v. Shell Oil Co.*, 138 F.R.D. 530 (C.D. Ill. 1991) ......... 4

**Rules**

Fed. R. Civ. P. 26(c) ................................................................................................................. 3

Defendants Merial Limited and Merial SAS ("Merial") seek to have Dr. Christopher Chase rebut Plaintiff Intervet Inc.'s ("Intervet") expert report on the issue of patent invalidity. As part of this effort, Merial seeks to grant Dr. Chase access to all materials in this case that Intervet has designated Confidential or Attorneys' Eyes Only under the Protective Order (hereinafter "Intervet's confidential materials"). There is no justification for Dr. Chase to have such broad access to Intervet's confidential materials, and Merial has yet to point to any particular confidential material that it needs to show Dr. Chase to enable him to prepare a rebuttal report. Rather, Merial simply seeks unfettered access for Dr. Chase to Intervet's confidential research, marketing, manufacturing and financial information. Intervet, however, would be prejudiced if Dr. Chase is granted access to all of Intervet's confidential information. First, a conflict of interest exists because Dr. Chase has a consulting relationship with Intervet's parent company, Schering-Plough Corp. ("Schering"). Second, Dr. Chase is the president of Rural Technologies, Inc. ("Rural"), a company that competes with, and conducts research in the same fields as Intervet—including the area of porcine circoviruses.

This threat to Intervet is unnecessary. Dr. Chase does not need access to any, let alone all of Intervet's confidential technical information to respond to Intervet's invalidity report. Intervet's expert report was based almost entirely on publicly available materials, namely the patent-in-suit and its prosecution history, as well as *Merial's* confidential information. Only a miniscule amount of Intervet confidential information was referred to in Intervet's invalidity report—the sum of which totaled less than five lines out of a 46-page report. In order to rebut this report, there is no need to prejudice Intervet by granting Dr. Chase unfettered access to *all* of Intervet's confidential information, which totals over 100,000 documents, as Merial now seeks to do. Merial has not provided any reasons for having Dr. Chase access all of Intervet's

1

confidential information to perform his purported function as Merial's rebuttal expert on patent invalidity, and thus Merial will not be prejudiced in any way if he is not granted sweeping access to Intervet's confidential information.

As the parties previously did with respect to Intervet's own expert, Dr. Rowland, Intervet has offered to compromise on a limited amount of material that may be shown to Dr. Chase. While Merial has not yet indicated whether it will agree to this proposal, Intervet remains willing to do so. Nevertheless, until Merial shows some willingness to compromise, Intervet is required under the Protective Order to guard its interests by respectfully requesting that the Court issue a protective order precluding Dr. Chase from accessing materials and information designated by Intervet to be Confidential or Attorneys' Eyes Only. Should Merial decide to negotiate and the parties reach agreement, Intervet will withdraw the present Motion.

## STATEMENT OF THE FACTS

Intervet became aware of Merial's desire to show Dr. Chase Intervet's confidential information on July 9, 2008, when Merial furnished Intervet with a copy of Dr. Chase's *curriculum vitae* and a signed Notice of Adherence to the Protective Order. (Ex. A,[1] Chase C.V.; Ex. B, Notice of Adherence.) As Dr. Chase's *curriculum vitae* made clear, Dr. Chase has done extensive work for Schering, Intervet's parent company. This includes work in 2006, as well as numerous other studies and presentations for Schering for which he received compensation—some as recently as earlier this year. (*See, e.g.*, Ex. A, Chase C.V. at ¶¶ L.51, L.58, L.99, and AB.) Additionally, Dr. Chase has done consulting work for other companies active in the vaccine market for porcine circoviruses, the technology at issue in this litigation. (*See, e.g.*, Ex.

---

[1] "Ex. ___" refers to the declaration of Yariv Waks, attached hereto.

2

A, Chase C.V. at ¶ AB.)  Dr. Chase is also the president of Rural, a company that engages in contract research in animal health, particularly in the bovine and porcine fields, areas in which Intervet also researches and sells products.  (Ex. F, Rural website at http://www.ruraltechinc.com/studies.html.)  In fact, Rural offers antibody products relating to porcine circoviruses, the virus at issue in this litigation.  (Ex. G at p.2, Rural website at http://www.ruraltechinc.com/mono.html.)  Rural also provides research services to Intervet's competitors on similar products in the competitive field of animal health products.

In light of these conflicts, Intervet originally objected, pursuant to paragraph 7(e)(ii) of the Protective Order, to Dr. Chase being qualified under the Protective Order.  (Ex. C, 7/16/08 Letter from Waks to Elsevier.)  Despite its objection, Intervet also made clear that it was willing to further investigate his conflicts in this matter and, in turn, made a request under paragraph 7(e)(i) of the Protective Order for additional information.  (Ex. C, 7/16/08 Letter from Waks to Elsevier.)  In spite of the fact that Merial previously made seemingly identical requests of Intervet and its invalidity expert, Dr. Rowland, Merial refused to provide the requested information on the grounds that it was "not reasonable" and "unwarranted."[2]  (Ex. D, 7/22/08 Letter from Elsevier to Waks; *see also* Ex. H, 4/14/08 Letter from Elsevier to Waks making similar requests of Intervet's expert.)  On July 25, 2008, Merial disclosed Dr. Christopher Chase as its expert to rebut Intervet and Dr. Rowland's expert report on the issue of the invalidity of the patent-in-suit, U.S. Patent No. 6,368,601 ("the '601 patent").

As recently as today, Intervet attempted to settle this matter without this Court's intervention by asking Merial to identify which particular Intervet confidential materials it seeks to disclose to Dr. Chase.  (Ex. E, 7/30/08 Letter from Waks to Elsevier.)  Intervet has yet to

---

[2] In contrast to Merial's present efforts, Intervet provided Merial with the materials it requested related to Dr. Rowland.

3

receive a response from Merial, necessitating the filing of this Motion. Despite the filing of this Motion, Intervet remains willing to negotiate with Merial to resolve this matter, should Merial identify for Intervet's approval the specific Intervet materials that it seeks to disclose to Dr. Chase. As mentioned above, the parties resolved a similar dispute with respect to Intervet's invalidity expert in precisely this manner (*i.e.*, production of requested materials and disclosure of information to the other side for clearance prior to disclosure to the expert). Merial should be required to do the same, or justify why Dr. Chase should have unfettered access to all of Intervet's confidential information.

## ARGUMENT

Courts may issue a protective order for good cause. Fed. R. Civ. P. 26(c). For example, courts may "requir[e] that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." *Id.* Intervet moves for the issuance of a protective order to preclude Dr. Chase from having access to any material or documents designated by Intervet as Confidential or Attorneys' Eyes Only. Intervet's materials have been so marked because they were deemed by Intervet to contain trade secrets and information necessary to remain competitive in the porcine vaccine market. The designated materials include, for example, information on the development, composition, and manufacture of its products, results of testing, customer information, and confidential sales information. The confidentiality of the information must be maintained to prevent competitors from, for example, copying products or methods of manufacture, contacting customers, or anticipating upcoming business decisions.

Merial has not even attempted to explain its need to grant Dr. Chase unfettered access to all of these materials. Moreover, Merial simply cannot make such a showing because of Dr. Chase's limited role in this case—rebutting Dr. Rowland's report on the issue of patent invalidity. Intervet's confidential materials—which focus on the development of Intervet's accused vaccine—have nothing to do with the issue of whether the patent-in-suit is valid. Only Merial's documents (*e.g.*, the laboratory notebooks and correspondence of the named inventors) shed light on these issues because it was *Merial's* work, *not Intervet's*, that formed the basis of the patent-in-suit. Thus, while Dr. Rowland necessarily had to review and refer to documents Merial designated as Confidential or Attorneys' Eyes Only in order to assess the validity of the patent (*e.g.*, Merial's inventor laboratory notebooks, inventor depositions), there is no reciprocal need for Dr. Chase to have access to Intervet's confidential materials. Quite simply, Intervet's confidential materials have nothing to do with the issue of whether a patent that arose out of Merial's work is valid or not.

The fact that Intervet's confidential materials are largely irrelevant to the issue of patent invalidity is demonstrated by the fact that Dr. Rowland's expert report relies almost exclusively on public and Merial information. Consequently, for Dr. Chase to rebut Dr. Rowland's report on the issue of patent validity, Dr. Chase need not access any Intervet confidential information, let alone every piece of confidential information produced in this litigation. Intervet's confidential information has no bearing on the validity of Merial's patent. *See Greater Rockford Energy & Tech. Corp. v. Shell Oil Co.*, 138 F.R.D. 530, 534 (C.D. Ill. 1991) (stating, in a case involving a subpoena to a non-party, that the defendant's need for the confidential information must be weighed in balancing the interests involved).

## CONCLUSION

For the reasons set forth herein, Intervet respectfully requests this Court to grant its Motion and issue a protective order restricting Dr. Chase from having access to materials that Intervet has designated Confidential or Attorneys' Eyes Only in this matter.

Dated: July 30, 2008:                               Respectfully submitted,


      /s/  Yariv Waks
KENYON & KENYON LLP
John R. Hutchins (DC Bar No. 456749)
William G. James (DC Bar No. 503162)
Yariv Waks (DC Bar No. 491729)
1500 K Street, N.W., Suite 700
Washington, DC 20005
Phone: 202-220-4200
Fax: 202-220-4201

Richard L. DeLucia
Michael D. Loughnane
Patrice P. Jean, Ph.D. (DC Bar No. 482968)
Kenyon & Kenyon LLP
One Broadway
New York, NY 10004

*Counsel for Intervet Inc.*

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET INC., *Plaintiff,* v. MERIAL LIMITED and MERIAL SAS, *Defendants.* | Civil Action No. 1:06-cv-00658 (HHK-JMF) |

# CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of July, 2008, I electronically filed *Plaintiff Intervet's Motion for a Protective Order Precluding Christopher Chase from having Access to Intervet Confidential Information with Memorandum of Law in Support*, and the *Declaration of Yari Waks in Support of the Memorandum in Support of Plaintiff Intervet's Motion for a Protective Order Precluding Christopher Chase from having Access to Intervet Confidential Information*, and the exhibits cited therein with the Clerk of the Court in the CM/ECF system which will automatically email notice of this filing to the following attorneys of record:

        Judy Jarecki-Black, Ph.D.
        MERIAL LIMITED
        3239 Satellite Blvd.
        Duluth, GA 30096-4640
        Tel: (678) 638-3805
        Fax: (678) 638-3350

        Thomas J. Kowalski, Esq.
        Vicki Franks, Esq.

Tel: (212) 588-0800
Fax: (212) 588-0500

Timothy A. Ngau, Esq.
ALSTON & BIRD LLP
950 F. Street, NW
Washington, DC 20004
Tel: (202) 756-3300
Fax: (202) 756-3333

Patrick J. Elsevier, Ph.D.
Frank G. Smith III, Esq.
Kristen L. Melton, Esq.
Elizabeth Haynes, Esq.
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Tel: (404) 881-7000
Fax: (404) 881-7777

_____
Daria A. DeLizio
Litigation Paralegal Supervisor
Kenyon & Kenyon LLP
1500 K Street, NW
Washington, DC 20005-1257
(202) 220-4200