# Exhibit D

# ALSTON&BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424

404-881-7000
Fax: 404-881-7777
www.alston.com

J. Patrick Elsevier                Direct Dial: 404-881-7683                E-mail: patrick.elsevier@alston.com

July 22, 2008

*VIA E-MAIL and UPS OVERNIGHT*

Yariv Waks, Esq.
Kenyon & Kenyon LLP
1500 K Street, NW
Washington, DC 20005-1257

    Re:    *Intervet v. Merial* (Our File No. 047041/304818)

Dear Reeve:

    This responds to your July 16, 2008 letter in which Intervet objects to Dr. Chris Chase having access in this case to Attorneys' Eyes Only information as a non-party expert pursuant to paragraph 7(e) of the protective order. As an initial matter, your assertion that Dr. Chase is presently a consultant to Schering-Plough is not true. As Dr. Chase's CV makes clear, although Dr. Chase provided consulting services to Schering-Plough in 2006, he is not presently a consultant to Schering-Plough. Accordingly, there is no conflict with Dr. Chase serving as a consultant to Merial in this case. We also note that it is disingenuous for Intervet to assert that there is a conflict as a result of work Dr. Chase performed for Intervet's indirect parent, Schering-Plough, while at the same time arguing in the related '594 patent litigation that the relationship between Intervet and its direct parent, Intervet International, is not sufficient to subject Intervet International to the jurisdiction of this Court.

    With respect to the excessively large number of requests as detailed on pages 1-5 of your letter for additional information and things from Dr. Chase, we note that paragraph 7(e)(i) of the protective order only provides that the party proposing an expert "shall respond within five (5) business days ... to any *reasonable* request for additional information regarding the employment or consulting relationships or other professional activities of the proposed expert or consultant." (emphasis added). The requests in your letter, however, are not reasonable and are unwarranted. Rather, it is apparent that Intervet's excessive requests are an attempt by Intervet to impose undue burdens on Dr. Chase and Merial, when Intervet has no intention on withdrawing its objections to Dr. Chase pursuant to paragraph 7(e) of the protective order.

---

Atlanta • Charlotte • Dallas • New York • Research Triangle • Washington, D.C.

Yariv Waks, Esq.
July 22, 2008
Page 2

Nonetheless, in a good faith effort to address the requests in your letter, we respond as follows:

- **Request nos. 1-11**. With respect to request nos. 1-11 of your letter, Dr. Chase has not performed any consulting work for Merial, Schering-Plough, Ft. Dodge Animal Health, or Boehringer-Ingelheim with respect to porcine circoviruses, PMWS, or PCVAD. In light of this fact, Intervet's requests nos. 1-11 are irrelevant and unwarranted.

- **Request no. 12**. Request no. 12 of your letter, which relates to the "PCV2 monoclonal antibody" that Rural Technologies sells, is also irrelevant and unwarranted. If you disagree, please explain why Intervet believes it needs information about and samples of an antibody in order to evaluate whether Dr. Chase should be permitted access to Attorneys' Eyes Only information.

- **Request no. 13**. With respect to the numerous items listed in request no. 13 of your letter, we note that the vast majority of these items do not pertain to porcine circoviruses, PMWS, or PCVAD, and are, therefore, irrelevant and unwarranted. However, pursuant to your request, we have enclosed those few items that may arguably pertain to these topics. To avoid any confusion, we note that items 46-48 refer to a single presentation that was given on three different occasions.

- **Request no. 14**. Finally, with respect to Intervet's request no. 14, there are no such patent applications.

In light of the above, we ask that Intervet immediately withdraw its objection to Dr. Chase.

Sincerely,

J. Patrick Elsevier

Enclosures

cc:   All Counsel of Record

LEGAL02/30887274v1