# Exhibit E



**KENYON & KENYON LLP**
Intellectual Property Law

Yariv Waks
Direct 202.220.4200
ywaks@kenyon.com

1500 K Street, NW
Washington, DC 20005-1257
202.220.4200
Fax 202.220.4201

July 30, 2008

<u>**Via E-Mail**</u>

J. Patrick Elsevier, Esq.
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424

      Re:    *Intervet Inc. v. Merial, et al.*; C.A. No. 1:06-cv-00658, United
              States District Court for the District of Columbia (HHK/JMF)

Dear Patrick:

      I write in response to your July 22, 2008, email regarding Intervet's objection to Dr.
Chase. Intervet has conducted an investigation of Dr. Chase's conflicts in this case. Because of
Dr. Chase's relationships with Schering-Plough, the parent company of Intervet Inc., and
because of Dr. Chase's position at Rural Technologies, Inc., which provides services to
Intervet's competitors, a potential conflict exists in Merial's retaining Dr. Chase as a rebuttal
expert. Moreover, Intervet does not believe Dr. Chase will need to see any of Intervet's
confidential material to prepare his rebuttal expert report on invalidity. Thus, the prejudice that
Intervet would suffer from Merial's retaining a conflicted expert is unnecessary and completely
avoidable.

      In an attempt to resolve this matter, Intervet requests that Merial identify the specific
Intervet confidential material that Merial intends to show Dr. Chase. Intervet will promptly
review the material and advise Merial if it will permit Dr. Chase access to such material. If
Merial refuses to do so, Intervet will move to preclude his access to Intervet confidential
information.

                                Very truly yours,

                                KENYON & KENYON LLP

                                Yariv Waks

cc: all counsel of record